# **<u>Exhibit B</u>**

**FOLEY & LARDNER LLP**
Jeffrey R. Blease (CA Bar. No. 134933)
Tel: (617) 226-3155; jblease@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
Tel: (415) 438-6404; smoses@foley.com
Emil P. Khatchatourian (CA Bar No. 265290)
Tel: (312) 832-5156; ekhatchatourian@foley.com
Ann Marie Uetz (pro hac vice application pending)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (pro hac vice application pending)
Tel: (608) 258-4203; mdlee@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520

*Proposed Counsel for the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523<br><br>Chapter 11<br><br>**[PROPOSED] FINAL ORDER APPROVING DEBTOR'S MOTION FOR AN ORDER AUTHORIZING AND APPROVING SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES**<br><br>Judge: Hon. William J. Lafferty<br><br>Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>1300 Clay Street<br>Courtroom 220<br>Oakland, CA 94612 |

Upon the *Debtor's Motion For an Order Authorizing and Approving Special Noticing and Confidentiality Procedures*, dated May 8, 2023 (the "Notice and Confidentiality Motion"),[1] filed by the Roman Catholic Bishop of Oakland, a California corporation sole, and the debtor and debtor in possession (the "Debtor" or "RCBO") in the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case") for entry of interim and final orders (i) requiring all schedules, statements of financial affairs, creditor matrices, motions, pleadings, and any other entry into the record to be filed under seal or redacted to the extent they contain (a) non-public names of abuse claimants, potential abuse claimants, or those accused of committing or covering up abuse, (b) the private contact information of the Debtor's current or former employees, or (c) personally identifying information of workers' compensation claimants or minors, and (ii) limiting notice to a specific list of recipients on all but certain discrete matters identified in the Notice and Confidentiality Motion; the Court having reviewed and considered the Notice and Confidentiality Motion, the First Day Declaration, all other filings in support of any opposition to the Notice and Confidentiality Motion, and the arguments made at the interim and final hearings on the Notice and Confidentiality Motion; the Court finding that it has jurisdiction over this matter, that venue in this Court is proper, and that notice of the Notice and Confidentiality Motion and the interim and final hearings thereon was reasonable and sufficient under the circumstances for the granting of interim and final relief; the Court finding that there is good cause for entry of an immediate interim order pursuant to Fed. R. Bankr. P. 6003; and the Court further finding that the relief requested in the Notice and Confidentiality Motion is in the best interests of the Debtor, its creditors, and other parties in interest; and after due deliberation and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. The Notice and Confidentiality Motion is GRANTED on a final basis as set forth herein.

2. All parties-in-interest shall redact or file under seal those portions of any document that contain any of the following : (a) non-public names of abuse claimants, potential abuse claimants, or those accused of committing or covering up abuse, (b) the personal contact information of any current or former

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Notice and Confidentiality Motion.

employee of the Debtor, or (c) personally identifying information of workers' compensation claimants or minors. No further order of the Court shall be required to seal or redact the aforementioned information.

3. The Debtor shall establish and file the Core Service List that shall initially include the following parties-in-interest: (i) the Office of the United States Trustee for Region 17; (ii) the Debtor; (iii) the attorneys for the Debtor; (iv) the attorneys for the unsecured creditors' committee (the "<u>Creditors' Committee</u>") once that committee has been appointed; (v) the Debtor's twenty (20) largest unsecured creditors via their attorneys, until such time as the Creditors' Committee is appointed; (vi) those persons who have formally appeared by filing a Notice of Appearance, a Request for Notice, or a similar document and requested notice in this case under Bankruptcy Rule 2002; (vii) the California Attorney General's Office; and (viii) RCC or its counsel.

4. Any party-in-interest wishing to be included on the Core Service List shall file a notice of such request with the Court (by CM/ECF for those who are authorized users or, for those who are not authorized CM/ECF users, by submitting a paper copy, by mail or in person, to the Clerk of the Court, at the following address: The Clerk of the United States Bankruptcy Court for the Northern District of California, Oakland Division, 1300 Clay Street, Suite 300, Oakland, CA, 94612) and serve a written copy of such request to the Debtor's bankruptcy counsel at the following address: Ann Marie Uetz, Foley & Lardner LLP, 500 Woodward Avenue, Suite 2700, Detroit, MI 48226-3489, auetz@foley.com.

5. The Debtor will update the Core Service List to include those persons or parties who have made a written request to be included on the Core Limited Service List: (i) every seven (7) days during the first thirty (30) calendar days of this case; and (ii) monthly thereafter throughout the pendency of this case. The Debtor will file a notice of each updated Core Service List if it includes changes from the last Core Service List filed with the Court.

6. The Core Service List shall clearly identify interested parties and their counsel who participate in the CM/ECF system.

7. Any person filing a pleading or a paper in this case shall serve such pleading or paper on (a) all parties-in-interest listed on the most recent Core Service List, and (b) any creditor or other party-in-interest whose interests are likely to be affected directly by the pleading or proceeding. The serving

FINAL ORDER APPROVING NOTICING AND CONFIDENTIALITY PROCEDURES
-3-

4879-6409-7890.1

party shall file with the Court an affidavit or certificate of service and an attached list of parties receiving notice within three (3) business days of service. The affidavit or certificate of service can state that all parties on the Core Service List were served in lieu of individually identifying each party on the Core Service List, in which case, it shall indicate the date of the Core Service List used.

8. The electronic service by email which includes as a PDF attachment the documents served by any person who participates in the ECF system or provides an email address on a request for notice constitutes service of the pleading or paper and no conventional hard copy service on such interested party shall be required, *provided however*, that notices required by Bankruptcy Rule 2002(a)(1), (4), (5), and (7) and (b)(1) and (2) shall be served by mail in hard copy.

9. Notwithstanding the foregoing, the following shall be provided to all known creditors and other parties-in-interest, at their last address known to the Debtor, unless otherwise ordered by the Court: (i) notice of the first meeting of creditors pursuant to section 341 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"); (ii) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) notice of the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement or confirmation of a plan of reorganization; (iv) notice and transmittal of ballots for accepting or rejecting a plan of reorganization; (v) notice of time fixed to accept or reject a proposed modification of a chapter 11 plan; and (vi) notice of any hearing on a motion to dismiss the Bankruptcy Case or to convert the Bankruptcy Case to chapter 7.

10. The Debtor is directed to serve a copy of this Order on all creditors on the Creditor Matrix along with a simple form to submit to request notice in the form substantially the same as that attached to the Motion within five (5) business days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

11. Notices under Bankruptcy Rules 2002(a)(2), 2002(a)(3) and 2002(a)(6) shall be served on all parties identified in Rule 2002(a) until the U.S. Trustee appoints an official committee on unsecured creditors. After such appointment, notices under Bankruptcy Rules 2002(a)(2), 2002(a)(3) and 2002(a)(6) may be served on the Core Service List only. Notice for the matters specified in Bankruptcy Rules 2002(a)(4) and 2002(a)(5) shall be served on all parties identified in Rule 2002(a).

12. Complaints, summons, and contested matters shall be served on parties directly affected by the pleading or proceeding in the manner prescribed by Federal Bankruptcy Rules 7004 and 9014(b), unless such party expressly consents to electronic service.

13. This Order shall be immediately effective and enforceable upon entry.

14. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of or interpretation of this Order.

**\*\*END OF ORDER\*\***