**FOLEY & LARDNER LLP**
Jeffrey R. Blease (CA Bar. No. 134933)
Tel: (617) 226-3155; jblease@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
Tel: (415) 438-6404; smoses@foley.com
Emil P. Khatchatourian (CA Bar No. 265290)
Tel: (312) 832-5156; ekhatchatourian@foley.com
Ann Marie Uetz (pro hac vice application pending)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (pro hac vice application pending)
Tel: (608) 258-4203; mdlee@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520

*Proposed Counsel for the Debtor*
*and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 23-40523 |
| THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole, | Chapter 11 |
| Debtor. | **DECLARATION OF ROBERT JORDAN IN SUPPORT OF THE DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT, AND (II) GRANTING RELATED RELIEF** |
| | Judge:   Hon. William J. Lafferty |
| | Date:    TBD |
| | Time:    TBD |
| | Place:   United States Bankruptcy Court |
| | 1300 Clay Street |
| | Courtroom 220 |
| | Oakland, CA 94612 |

1.      I am a Senior Managing Director of Corporate Restructuring Services for Kurtzman Carson Consultants LLC ("KCC"), whose offices are located at 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, California 90245.  Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.      This declaration (this "Declaration") is made in support of the *Debtor's Application for Entry of an Order (I) Authorizing and Approving the Appointment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent, and (II) Granting Related Relief.*[2]

3.      KCC is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  KCC's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases.  KCC has acted as official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide.  KCC's cases in this district and others include: *In re Mariner Health Central, Inc., et al.*, Case No. 4:22-bk-41079-WJL (Bankr. N.D. Cal. Sept. 20, 2022); *In re Borrego Community Health Foundation*, Case No. 22-02384-11 (Bankr. S.D. Cal. Sep. 27, 2022); *In re Verity Health Systems of California, Inc., et al.*, Case No. 2:18-bk-20151-ER (Bankr. C.D. Cal. Sep. 10, 2018);  *In re Standayne LLC, et al.*, Case No. 23-10207 (JTD) (Bankr. D. Del. Feb. 22, 2023); *In re Tricida, Inc.*, Case No. 23-10024 (JTD) (Bankr. D. Del. Jan. 13, 2023); *In re Carestream Health, Inc., et al.*, Case No. 22-10778 (JKS) (Bankr. D. Del. Aug. 26, 2022); *In re First Guaranty Mortgage Corp., et al.*, Case No. 22-

---

[2]   Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Application.

4855-6564-3871.5

10584 (CTG) (Bankr. D. Del. Jul. 1, 2022); *In re Zosano Pharma Corp.,* Case No. 22-10506 (JKS) (Bankr. D. Del. Jun. 6, 2022).

4.      As agent and custodian of the Court records pursuant to 28 U.S.C. § 156(c), KCC will perform at the request of the Clerk's office the noticing and claims related services specified in the Application.  In addition, at the Debtor's request, KCC will perform such other noticing, claims, technical, administrative, and support services specified in the Application, subject to 28 U.S.C. § 156(c).

5.      KCC represents, among other things, the following:

(a)      KCC is not a creditor of the Debtor;

(b)      KCC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code;

(c)      KCC will not consider itself employed by the United States government and will not seek any compensation from the United States government in its capacity as the claims and noticing agent in this Chapter 11 Case;

(d)      by accepting employment in this Chapter 11 Case, KCC waives any rights to receive compensation from the United States government as claims and noticing agent;

(e)      in its capacity as the claims and noticing agent in this Chapter 11 Case, KCC will not be an agent of the United States and will not act on behalf of the United States;

4855-6564-3871.5

(f)     KCC will not employ any past or present employees of the Debtor in connection with its work as the claims and noticing agent in this Chapter 11 Case;

(g)     in its capacity as claims and noticing agent in this Chapter 11 Case, KCC will not intentionally misrepresent any fact to any person;

(h)     KCC will be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i)     KCC will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j)     none of the services provided by KCC as claims and noticing agent will be at the expense of the Clerk's office.

6.     Although the Debtor does not propose to retain KCC under section 327 of the Bankruptcy Code pursuant to the Application, I caused to be submitted for review by our conflicts system the names of all known potential parties in interest (the "Potential Parties in Interest") in this Chapter 11 Case. The list of Potential Parties in Interest was provided by the Debtor and included, among other things, the Debtor, non Debtor affiliates, the Debtor's current and former managers and officials, secured creditors, vendors, and other parties. The results of the conflict check were compiled and reviewed by KCC professionals under my supervision. At this time, and as set forth in further detail herein, KCC is not aware of any relationship that would present a disqualifying conflict of interest. Should KCC discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, KCC will use reasonable efforts to promptly file a supplemental declaration.

4855-6564-3871.5

7. To the best of my knowledge, and based solely upon information provided to me by the Debtor, and except as provided herein, neither KCC, nor any of its professionals, has any materially adverse connection to the Debtor, their creditors or other relevant parties. KCC may have relationships with certain of the Debtor's creditors as vendors or in connection with cases in which KCC serves or has served in a neutral capacity as claims and noticing agent or administrative advisor for another chapter 11 debtor.

8. On May 1, 2023, KCC was acquired by GCP Capital Partners ("GCP"), a leading middle market private equity firm. The Potential Parties in Interest list was compared to an internal database that includes, among others, KCC's parent entities, affiliates, and subsidiaries. KCC's internal database also includes GCP, its funds, and GCP's portfolio companies. Based on this review, KCC is not aware of any connection that would present a disqualifying conflict of interest. To the extent KCC learns of any material connections between GCP's funds or investments and the Debtor, KCC will promptly file a supplemental disclosure. KCC may have had, may currently have, or may in the future have business relationships unrelated to the Debtor with one or more GCP entities including, among others, portfolio companies of GCP.

9. KCC has and will continue to represent clients in matters unrelated to this Chapter 11 Case. In addition, KCC and its personnel have and will continue to have relationships in the ordinary course of its business with certain vendors, professionals and other parties in interest that may be involved in the Debtor's chapter 11 cases. KCC may also provide professional services to entities or persons that may be creditors or parties in interest in this Chapter 11 Case, which services do not directly relate to, or have any direct connection with, this Chapter 11 Case or the Debtor.

4855-6564-3871.5

10.     To the best of my knowledge, neither KCC nor any of its employees represent any interest materially adverse to the Debtor's estate with respect to any matter upon which KCC is to be engaged.  Based on the foregoing, I believe that KCC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: May 8, 2023                                         Respectfully submitted,

/s/ *Robert Jordan*
Robert Jordan
Senior Managing Director
Kurtzman Carson Consultants LLC
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, California 90245
Telephone: (310) 823-9000

4855-6564-3871.5