GREGORY S. POWELL, State Bar No. 182199
Assistant United States Trustee
JASON BLUMBERG (CA SBN 330150)
Trial Attorney
TREVOR R. FEHR (CA SBN 316699)
Trial Attorney
PHILLIP J. SHINE (CA SBN 318840)
Trial Attorney
Office of the United States Trustee
450 Golden Gate Avenue, Room 05-0153
San Francisco, California 94102
Phone: (415) 705-3333
Facsimile: (415) 705-3379
Email: jason.blumberg@usdoj.gov

Attorneys for Tracy Hope Davis,
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Bankruptcy Case No. 23-40523 WJL<br><br>Chapter 11<br><br>Date: May 23, 2023<br>Time: 1:30 p.m.<br>Place: 1300 Clay Street, Ctrm 220<br>Oakland, CA<br>[In Person or via Zoom] |

**OBJECTION OF THE UNITED STATES TRUSTEE TO FINAL APPROVAL OF DEBTOR'S MOTION FOR APPROVAL OF CONFIDENTIALITY PROCEDURES [ECF No. 6]**

Tracy Hope Davis, United States Trustee for Region 17 (the "UST"), hereby files this objection to final approval of the *Debtor's Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* (ECF No. 6) (the "Motion"). In support of her Objection, the UST respectfully states as follow:

## I. INTRODUCTION

1. The Debtor seeks a standing Order requiring all parties to file under seal (or in redacted form) any document that contains, *inter alia*, the non-public names of abuse claimants, potential abuse claimants, or those accused of committing or covering up abuse.

2. The UST does not oppose the Debtor's request that it be permitted to file under the seal documents containing the names of survivors or the names of those accused of *committing* abuse. However, the Debtor has not met its burden of demonstrating that an exception to the general right of public access embodied in 11 U.S.C. § 107(a) applies to the names of those accused of *covering up* abuse.

3. Moreover, if the Court determines to enter a standing Order on a final basis, the Order should expressly preserve parties' rights to seek to unseal documents pursuant to Federal Bankruptcy Rule 9018.

## II. STATEMENT OF FACTS

**General Case Background**

4. On May 8, 2023 (the "Petition Date"), the Debtor commenced the above-captioned case under Chapter 11 of the Bankruptcy Code. *See* ECF No. 1. The Debtor is currently a debtor in possession under Sections 1107 and 1108 of the Bankruptcy Code.

5. On the Petition Date, the Debtor filed its list of 20 largest unsecured creditors. *See* ECF No. 1

6. The Debtor has not yet filed the required Schedules and Statements, including Schedule A/B, Schedule D, Schedule E/F, and the Statement of Financial Affairs. *See* Bankruptcy Docket, *generally*.

7. The UST is soliciting creditors to form an official committee of unsecured creditors.

8. The meeting of creditors under 11 U.S.C. § 341(a) is scheduled for June 21, 2023. *See* unnumbered docket entry dated May 11, 2023.

9. According to the first day declaration of Charles Moore (ECF No. 19) (the "First Day Declaration"), the Debtor was established "in 1962 from the eastern territory of the Archdiocese of San Francisco. The territory of the diocese spans roughly 1,467 square miles and encompasses two counties, Alameda and Contra Costa." *See* First Day Declaration, at ¶ 13. There are 82 parish churches within the diocese. *Id.*, at ¶ 22. The parish churches are not separately incorporated under California law. *Id.*, at ¶ 19.

10. According to the First Day Declaration, as of May 4, 2023, there were "approximately 332 separate, active lawsuits or mediation demands pending against the Debtor filed by plaintiffs alleging sexual abuse by clergy or others associated with the Debtor." *See* First Day Declaration, at ¶ 84.

**The Motion**

11. As part of the Motion, the Debtor seeks entry of a standing Order requiring all parties (not just the Debtor) to file under seal or in redacted form any document containing, *inter alia*, "non-public names of abuse claimants, potential abuse claimants, or those accused of committing or *covering up abuse*." *See* Motion, at ¶¶ 1, 26, 41 (emphasis added).

12. On May 9, 2023, the UST filed her Omnibus Objection to Debtor's First Day Motions and Reservation of Rights. *See* ECF No. 30. In the Omnibus Objection, the UST sought compliance with 11 U.S.C. § 107 with respect to the Debtor's sealing request.

3

13. On May 11, 2023, the Court approved the Motion on an interim basis. *See* ECF No. 35 (the "Interim Order"). The sealing and redaction requirements in the Interim Order "shall not apply to any notices of appointment of an official committee under 11 U.S.C. § 1102 or any amendments to such notices filed by the United States Trustee." *See* Interim Order, at ¶ 2.

### III. OBJECTION

**A.  The Debtor's Request to Seal the Names of Persons Alleged to have *Covered Up Abuse* Should be denied.**

14. Bankruptcy Code Section 107(a) "evidences congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." *See In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994); *see also In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 429 (9th Cir. 2011) (Section 107(a) "establishes a general right of public access to bankruptcy filings.").

15. As a watchdog of the bankruptcy system, it is a core mission of the UST to enforce the transparency required by statute. *Cf. In re Motors Liquidation Co.*, 561 B.R. 36, 38 n.1 (Bankr. S.D.N.Y. 2016) ("[P]rivate parties rarely if ever object to another party's sealing motion. The Court and the United States Trustee have generally been vigilant in protecting the public interest in public access to court records."); *see also In re Castillo,* 297 F.3d 940, 950 (9th Cir. 2002) (the United States Trustee is the "watchdog" of the bankruptcy system).

16. The right of public access is subject to only three exceptions, which are set forth in 11 U.S.C. §§ 107(b)(1), 107(b)(2), and 107(c)(1). *See In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d at 430. These exceptions are construed "narrowly." *See In re Khan*, 2013 WL 6645436, at *3 (B.A.P. 9th Cir. Dec. 17, 2013).

17. The burden is on the moving party to show that a request to place documents under seal falls within the parameters of one of these exceptions. *See In re Dreier LLP*, 485 B.R.

821, 823 (Bankr. S.D.N.Y. 2013); *In re Borders Grp., Inc.*, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011).

18. Under the circumstances of this case, the UST does not oppose the Debtor's request that it be permitted to file under the seal documents containing the names of survivors or the names of those accused of committing abuse. *Cf., In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d at 433 ("Under the common usage of the word, allegations that a priest has sexually abused children are most assuredly 'scandalous' because they bring discredit onto the alleged perpetrators. In light of the mandatory language of § 107(b), the bankruptcy court erred in not granting Fathers M and D's motion to strike the punitive damage estimation memorandum and its attachments.").

19. However, the UST opposes the Debtor's request to seal and/or redact the names of persons alleged to have *covered up abuse*. The Debtor has not provided the Court with factual and legal authority demonstrating that this information is confidential or scandalous within the meaning of Section 107(b). *Cf. In re Anthracite Cap., Inc.*, 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013) ("Inherent in the language of § 107(b) is the requirement that the party requesting the extraordinary relief provide the court with *specific factual and legal authority* demonstrating that a particular document at issue is properly classified as 'confidential' or 'scandalous.'") (emphasis added).[1]

**B.**     **The Final Order Should Preserve Parties' Rights to Seek to Unseal Documents.**

20. Federal Bankruptcy Rule 9018 provides, in relevant part, that "[i]f an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify

---

[1] As noted above, the Ninth Circuit has held that allegations of child sexual abuse are scandalous within the meaning of Section 107(b). *See In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d at 433. But the Ninth Circuit's decision did not address whether *covering up abuse* is also scandalous.

the order, and after a hearing on notice the court shall determine the motion." *See* Fed. R. Bankr. P. 9018.

21. Thus, if the Court determines to enter a standing sealing Order on a final basis, the Order should preserve parties' rights to seek to unseal documents under Federal Bankruptcy Rule 9018. *Cf. In re Chitwood*, 2015 WL 7180624, at *1 (Bankr. M.D. Fla. July 23, 2015) ("Federal Rule of Bankruptcy Procedure 9018 permits the Court to seal a document without notice. If the Court does so, however, 'any entity affected thereby' may move to vacate the order sealing the document."); *In re Robert Landau Assocs., Inc.*, 50 B.R. 670, 674 (Bankr. S.D.N.Y. 1985) ("Although it is the debtors who seek a vacatur of the Confidentiality Order, since the order was entered *ex parte,* the trustee bears the burden of demonstrating the appropriateness of its enforcement and continuation.").

### IV. CONCLUSION

**WHEREFORE**, based on the foregoing, the UST respectfully requests that the Court (i) sustain the Objection and (ii) deny the Motion unless modified to address the concerns set forth herein.

Dated: May 22, 2023

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:/s/ Jason Blumberg
Jason Blumberg
Trial Attorney for the United States Trustee

6

Case: 23-40523   Doc# 53   Filed: 05/22/23   Entered: 05/22/23 12:05:13   Page 6 of 6