**LOWENSTEIN SANDLER LLP**
JEFFREY D. PROL (*pro hac vice*)
jprol@lowenstein.com
BRENT WEISENBERG (*pro hac vice*)
bweisenberg@lowenstein.com
COLLEEN M. RESTEL (*pro hac vice*)
crestel@lowenstein.com
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
tkeller@kbkllp.com
JANE KIM (Cal. Bar No. 298192)
jkim@kbkllp.com
GABRIELLE L. ALBERT (Cal. Bar No. 190895)
galbert@kbkllp.com
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Proposed Counsel for the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| *In re:* <br><br> THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole, <br><br> Debtor. | Case No. 23-40523 WJL <br><br> Chapter 11 <br><br> **OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FINAL APPROVAL OF DEBTOR'S MOTION FOR APPROVAL OF CONFIDENTIALITY PROCEDURES** <br><br> Judge: Hon. William J. Lafferty <br><br> Date: June 20, 2023 <br> Time: 9:00 a.m. (Pacific Time) <br> Place: United States Bankruptcy Court <br> 1300 Clay Street, Courtroom 220 <br> Oakland, CA 94612 <br> In Person or Zoom Videoconference |

The Official Committee of Unsecured Creditors (the "Committee") of the Roman Catholic Bishop of Oakland ("RCBO") files this limited objection (this "Objection") to final approval of the *Debtor's Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. 6] (the "Motion"). In support of this Objection, the Committee states as follows:

**PRELIMINARY STATEMENT**

1. This is not a typical Chapter 11 case: the primary creditors are survivors of childhood sexual abuse whose trust was violated by an institution they were taught to revere. While that void of trust cannot be fully repaired, transparency is crucial for any hope of a consensual resolution between RCBO and creditors. Secrecy, not transparency, is the goal of the Motion, and the relief requested is not only ill-advised and unproductive, but unnecessary at this juncture.

2. Among other relief sought in the Motion, RCBO seeks to unconditionally seal the names of three distinct categories of individuals: (i) the brave survivors who have come forward with claims of sexual abuse against priests and employees affiliated with RCBO, (ii) the individuals accused of abusing children, and (iii) the individuals accused of covering up the abuse.

3. The Committee agrees with RCBO that the names of survivors should remain private. However, the Committee disagrees that there is any basis to keep confidential the names of individuals who caused harm by either sexually abusing children or covering up that abuse (together referred to herein as "Accused Individuals").[1]

4. The Motion falls short of the required showing and evidentiary support to be afforded the extraordinary relief provided by Section 107 of the Bankruptcy Code. Instead, RCBO effectively asks for this Court to issue an advisory opinion regarding the hypothetical identification of the names of Accused Individuals at some point during this Chapter 11 Case, without considering the factual circumstances of such potential future disclosure. For example, the blanket protection is without regard to: (i) whether the identities of any of the Accused Individuals have already been made public; (ii) whether the accusations are corroborated, (iii) the number of claims

---

[1] The Committee does not oppose the remainder of the relief sought in the Motion.

Case: 23-40523    Doc# 132    Filed: 06/13/23    Entered: 06/13/23 13:48:48    Page 2 of 6

1 asserted against the Accused Individual, (iv) whether the Accused Individual is still affiliated with RCBO, and (v) whether the Accused Individual is still alive.

5. The Court should decline to grant a pre-emptive decision with respect to confidentiality of the names of Accused Individuals, and instead require RCBO to follow this Court's Procedures for protecting information it believes to be confidential.[2]

**BACKGROUND**

6. On May 8, 2023 (the "Petition Date"), RCBO commenced a voluntary case (this "Chapter 11 Case") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

7. On the Petition Date, RCBO filed the Motion which, among other things, sought blanket protection to keep the identities of accused predators, and those accused of covering up the abusers' heinous actions, permanently out of the public eye.

8. The Motion does not contain a list of Accused Individuals, but rather seeks to protect every individual who is accused of abuse or being complicit in abuse.

9. On May 9, 2023, the United States Trustee (the "UST") filed the *United States Trustee's Omnibus Objection to Debtor's First Day Motions [ECF Nos. 6, 13, & 16] and Reservation of Rights* [Dkt. 30].

10. On May 11, 2023, this Court entered the *Interim Order Approving Debtor's Motion for an Order Authorizing Special Noticing and Confidentiality Procedures* [Dkt. 35].

11. On May 22, 2023, the UST filed an objection to the Motion.

12. On May 23, 2023, the UST appointed the Committee under Section 1102(a) of the Bankruptcy Code.

13. On May 25, 2023, this Court entered the *Second Interim Order Approving Debtor's Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. 71].

---

[2] Notably, the entry of a protective order would likely moot the contested relief sought in the Motion.

# **LIMITED OBJECTION**

14. Sealing or redacting pleadings is "disfavored under the law and by this Court." *U.S. Bankruptcy Court for the Northern District of California's Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents (Effective February 7, 2022)* (the "<u>Procedures</u>"). As such "any request to file a redacted document or to file a document under seal must satisfactorily explain why the court should disregard well-established law and its long-standing policy of open access to the public record." *Id.*

15. In the Motion, RCBO references the Procedures as a legal basis for relief—conceding the Procedures are relevant and controlling—but does not seek to apply the Procedures or prove compliance with the Procedures.

16. The Procedures set forth separate requirements and procedures relating to (i) highly sensitive material or documents and (ii) confidential material. Because the identification of the names of Accused Individuals indisputably does not fall within the Procedures' narrow definition of highly sensitive materials,[3] RCBO must meet the requirements relating to confidential material or documents. For confidential information, the Procedures indicate the party seeking to protect information must file a motion that is "as narrowly tailored as possible" and "must be supported by a competent declaration that attests to the factual bases for the relief sought." *Id.* RCBO has done neither.

17. The presumption of public access to judicial records is also codified in Section 107 of the Bankruptcy Code. *See* 11 U.S.C. § 107. Section 107(a) of the Bankruptcy Code provides that, unless certain exceptions apply, "a paper filed in a case under this title and the dockets of a bankruptcy court are public record and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a).

---

[3] Highly sensitive materials and documents are defined in the Procedures as "material or documents involving: foreign, sovereign interests; criminal activity related to cybersecurity intellectual property, or trade secrets; terrorism; investigation of public officials; potential negative impact on national security or foreign relations of the United States; and sensitive commercial information likely to be of interest to foreign powers." *Id.*

18. Section 107(b) of the Bankruptcy Code provides for protection of (1) trade secrets or confidential research, development, or commercial information, or (2) scandalous or defamatory matter contained in a pleading. *Id.*

19. Through the Motion, RCBO does not even attempt to meet its burden of showing how the names of Accused Individuals fall within the scope of Section 107(b) nor why the public should not have the right of access to the names.

20. Indeed, although RCBO asserts that "[c]ourts routinely grant similar relief in comparable chapter 11 cases," (Motion ¶ 38), its string citation does not include a single case where Accused Individuals were authorized blanket protection from identification.

21. Notably, the debtor in the pending bankruptcy case of the Roman Catholic Bishop of Santa Rosa did not even seek the scope of relief that RCBO seeks here, and instead sought only to protect the names of survivors. *See generally In re The Roman Cath. Bishop of Santa Rosa*, Case No. 23-10113 (Bankr. N.D. Cal. Mar. 16, 2023) Dkt. 8.

22. Although not referenced in the Motion, the Committee understands that RCBO relies on Section 340.1(l) of the California Code of Civil Procedure for the proposition that the names of any Accused Individual must be kept strictly confidential; however, RCBO misconstrues state law.

23. First, reliance on Section 340.1(l) ignores the procedures in Section 340.1(m) for permission to unseal a document—an opportunity that plaintiffs in state court actions are currently stayed from pursuing. CCP § 340.1.

24. Additionally, Section 340.1(l) is unambiguous in that it only applies to *defendants* in California state court actions and does not otherwise prohibit reference to an individual by name in a complaint where that Accused Individual is not named in the caption of the lawsuit.

25. It is inappropriate to redact the identification of any name that is already lawfully available in the public domain.

26. RCBO, through the Motion, does not show, and at this stage (as all complaints have not been docketed) cannot show, that every name it seeks to seal (a list of which does not exist),

is not already in the public domain. The Court should thus deny the Debtor's request for an advisory opinion.

27. Because the Debtor cannot meet the required standard, or even identify which names it seeks to protect, the Court should review the Debtor's showing on a case-by-case basis through narrowly tailored motions, as set forth in the Procedures and Bankruptcy Code.

28. At a minimum, if this Court is inclined to grant the Motion, the Committee requests that any order maintain the Committee and the UST's right to seek to unseal any document filed with this Court, and that the Debtor be required to meet its burden with respect to the specific sealed information at issue if the Committee or UST files an objection to the same.

**WHEREFORE**, the Committee requests that the Court deny the Motion as set forth herein and grant any other relief as is just and proper.

Dated: June 13, 2023

By: _Gabrielle L. Albert_
Tobias S. Keller (Cal Bar. No. 151445)
Jane Kim (Cal. Bar No. 298192)
Gabrielle L. Albert (Cal. Bar No. 190895)
**KELLER BENVENUTTI KIM LLP**
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

- and –

Jeffrey D. Prol
Brent Weisenberg
Colleen M. Restel
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400