**FOLEY & LARDNER LLP**
Eileen R. Ridley (CA Bar No. 151735)
Tel: (415) 438-6469; eridley@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
Tel: (608) 258-4203; mdlee@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Jeffrey R. Blease (CA Bar. No. 134933)
Tel: (617) 226-3155; jblease@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520

*Counsel for the Debtor
and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO: 23-40523 WJL<br><br>HON. WILLIAM J. LAFFERTY<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT RELIEF** |
| THE ROMAN CATHOLIC BISHOP OF OAKLAND,<br><br>PLAINTIFF,<br><br>v.<br><br>PACIFIC INDEMNITY, a Delaware corporation; INSURANCE COMPANY OF AMERICA, a Delaware corporation; AETNA INSURANCE COMPANY, a Delaware corporation; TRAVELERS INSURANCE COMPANY, a Delaware corporation; CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO SYNDICATES 2623 (AFB) AND 623 (AFB), a foreign organization; INSURANCE | ADVERSARY CASE NO. |

COMPANY OF NORTH AMERICA, a Delaware corporation; ACE LIMITED, a foreign organization; UNITED STATES FIRE INSURANCE, a Delaware corporation; EMPLOYERS REINSURANCE, a Delaware corporation; CNA INSURANCE COMPANY, a Delaware corporation; PACIFIC EMPLOYERS INSURANCE, a Delaware corporation; WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania corporation; and the CALIFORNIA INSURANCE GUARANTEE ASSOCIATION, a state entity,

DEFENDANTS.

Plaintiff THE ROMAN CATHOLIC BISHOP OF OAKLAND, plaintiff in the above-captioned action, for its Complaint for Breach of Contract and Declaratory Judgment Relief against Defendants PACIFIC INDEMNITY, a Delaware corporation; INSURANCE COMPANY OF AMERICA, a Delaware corporation; AETNA INSURANCE COMPANY, a Delaware corporation; TRAVELERS INSURANCE COMPANY, a Delaware corporation; CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO SYNDICATES 2623 (AFB) AND 623 (AFB), a foreign organization; INSURANCE COMPANY OF NORTH AMERICA, a Delaware corporation; ACE LIMITED, foreign organization; UNITED STATES FIRE INSURANCE, a Delaware corporation; EMPLOYERS REINSURANCE, a Delaware corporation; CNA INSURANCE COMPANY, a Delaware corporation; PACIFIC EMPLOYERS INSURANCE, a Delaware corporation; WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania corporation; and the CALIFORNIA INSURANCE GUARANTEE ASSOCIATION, a state entity (collectively, the "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to sections 157 and 1334 of title 28 of the United States Code ("Title 28").

2. This proceeding is a core proceeding pursuant to sections 157(b) of Title 28.

3. Venue in this Court is proper pursuant to sections 1408 and 1409 of Title 28.

## NATURE OF THE ACTION

4. This is an action for breach of contract and declaratory judgment.

## THE PARTIES

5. Plaintiff THE ROMAN CATHOLIC BISHOP OF OAKLAND ("RCBO" or the "Debtor") is a California corporation sole with its principal place of business in Oakland, California.

6. Defendant PACIFIC INDEMNITY (Chubb) is, on information and belief, a Delaware corporation which conducted business in this District and issued written primary policies of insurance to RCBO under Policy No. LAC127792 for the period March 12, 1962 to October 25, 1963 and Policy No. LAC 155598 for the period October 25, 1963 to October 25, 1966 (herein "PACIFIC").

7. Defendant INSURANCE COMPANY OF AMERICA is, on information and belief, a Delaware corporation which conducted business in this District and issued written primary policies of

1

RCBO'S COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF
CASE NO. _____

Case: 23-40523    Doc# 163    Filed: 06/22/23    Entered: 06/22/23 19:18:33    Page 3 of 11
4893-0264-1257.5

insurance to RCBO under Policy No. CP 25231 for the period October 25, 1966 to October 25, 1969 and Policy No. CP267867 for the period October 25, 1969 to October 26, 1970 (herein "ICA").

8. Defendant AETNA INSURANCE COMPANY is, on information and belief, a Delaware corporation which conducted business in this District (herein "AETNA").

9. Defendant TRAVELERS INSURANCE COMPANY is, on information and belief, a Delaware corporation which conducted business in this District (herein "TRAVELERS"). On information and belief RCBO alleges that TRAVELERS acquired AETNA and assumed all obligations under written policies of insurance issued by AETNA. AETNA/TRAVELERS issued written primary policies of insurance to RCBO under Policy No. 05 AL 802025 CMA for the period December 1, 1975 to December 1, 1978; Policy No. 05 SM90296 FCA for the period December 1, 1978 to December 1, 1979; Policy No. 05 SM 99094 FCA for the period December 1, 1979 to December 1, 1980; and Policy No. 05 SM 107459 FCA for the period December 1, 1980 to December 1, 1981 (herein "AETNA/TRAVELERS").

10. On information and belief, Commercial Union/Armour Insurance Company issued written policies of insurance to RCBO under Policy No. EF 9334-001 for the policy period October 25, 1970 to October 26, 1972; Policy No. EF 9334-003 for the policy period October 26, 1972 to October 26, 1973; and Policy No. EF 9334-008 for the policy period October 26, 1973 to December 1, 1975. Commercial Union/Armour Insurance accepted the defense of some of the underlying cases but then reported that they had become insolvent. RCBO is informed and believes and thereon alleges that defendant, the CALIFORNIA INSURANCE GUARANTEE ASSOCIATION ("CIGA"), assumed the responsibilities of Commercial Union/Armour Insurance regarding the above-identified policies.

11. PACIFIC, ICA, CIGA and AETNA/TRAVELERS will collectively be referred to herein as the "PRIMARY INSURER DEFENDANTS."

12. Defendant CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO SYNDICATES 2623 (AFB) AND 623 (AFB) is, on information and belief, a foreign organization which conducted business in this District. On information and belief RCBO alleges that CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO SYNDICATES 2623 (AFB) AND 623 (AFB) issued written excess policies of insurance to RCBO under Policy No. CU 1001 for the

period March 12, 1962 to October 25, 1963 and Policy No. K 78138 for the period October 25, 1963 to October 25, 1966 (herein "LLOYD'S UNDERWRITERS").

13. Defendant INSURANCE COMPANY OF NORTH AMERICA (herein "INA") is, on information and belief, a Delaware corporation which conducted business in this District. On information and belief, RCBO alleges that ACE LIMITED acquired INA and assumed all obligations under written policies of insurance issued by INA. INA/ACE issued a written excess policy of insurance to RCBO under Policy No. XBC 24312 for the period October 25, 1966 to October 25, 1970 (herein "INA/ACE").

14. Defendant UNITED STATES FIRE INSURANCE is, on information and belief, a Delaware corporation which conducted business in this District. On information and belief, RCBO alleges that UNITED STATES FIRE INSURANCE issued a written policy of excess insurance to RCBO under Policy No. DCL 53 9820 for the period October 25, 1970 to October 25, 1971 (herein "US FIRE").

15. Defendant EMPLOYERS REINSURANCE is, on information and belief, a Delaware corporation which conducted business in this District. On information and belief, RCBO alleges that EMPLOYERS REINSURANCE issued a written policy of excess insurance to RCBO under Policy No. U10255 for the period October 26, 1971 to October 26, 1974 (herein "EMPLOYERS RE").

16. Defendant CNA INSURANCE COMPANY is, on information and belief, a Delaware corporation which conducted business in this District. On information and belief, RCBO alleges that CNA INSURANCE COMPANY issued written policies of excess insurance to RCBO under Policy No. RDU 146 74 50 for the period October 26, 1974 to December 1, 1977 and Policy No. UMB 006 46 71 53 for the period December 1, 1977 to December 1, 1980 (herein "CNA").

17. On information and belief, Industrial Indemnity issued a written policy of excess insurance to RCBO under Policy No. JU 8312510 for the period December 1, 1980 to December 1, 1981, and WESTCHESTER FIRE INSURANCE COMPANY assumed all the obligations under said policy (herein "WESTCHESTER").

18. LLOYD'S UNDERWRITERS, INA/ACE, US FIRE, EMPLOYERS RE, CNA, and WESTCHESTER will collectively be referred to herein as the "EXCESS INSURER DEFENDANTS."

19. Defendant LLOYD'S UNDERWRITERS is, on information and belief, a foreign organization which conducted business in this District. On information and belief RCBO alleges that LLOYD'S UNDERWRITERS issued written umbrella policies of insurance to RCBO under Policy No. K 66034 for the period March 12, 1962 to October 25, 1963 and Policy No. CU 3061 for the period October 25, 1963 to October 25, 1966 (herein "LLOYD'S UMBRELLA UNDERWRITERS").

20. Defendant EMPLOYERS RE is, on information and belief, a Delaware corporation which conducted business in this District. On information and belief RCBO alleges that EMPLOYERS RE issued a written umbrella policy of insurance to RCBO under Policy No. PLE20430 for the period October 16, 1974 to October 16, 1977 (herein "EMPLOYERS RE UMBRELLA").

21. Defendants AETNA/TRAVELERS are, on information and belief, Delaware corporations which conducted business in this District. On information and belief RCBO alleges that AETNA/TRAVELERS issued written umbrella polices of insurance to RCBO under Policy No. 05 XN 55 WCA for the period December 1, 1978 to December 1, 1981 and Policy No. 005 FF 1390 BCA for the period December 1, 1981 to December 1, 1987 (herein "AETNA/TRAVELERS UMBRELLA").

22. Defendant PACIFIC EMPLOYERS INSURANCE is, on information and belief, a Delaware corporation which conducted business in this District. On information and belief RCBO alleges that PACIFIC EMPLOYERS INSURANCE issued a written umbrella policy of insurance to RCBO under Policy No. XCC 01 2405 for the period March 13, 1985 to December 1, 1985 (herein "PACIFIC EMPLOYERS UMBRELLA").

23. LLOYD'S UMBRELLA UNDERWRITERS, EMPLOYERS RE UMBRELLA, AETNA/TRAVELERS UMBRELLA, and PACIFIC EMPLOYERS UMBRELLA will collectively be referred to herein as the "UMBRELLA INSURER DEFENDANTS."

## FACTUAL BACKGROUND

24. On May 8, 2023 (the "Petition Date"), the Debtor caused its attorneys to file a voluntary petition for chapter 11 bankruptcy relief under the Bankruptcy Code. The Debtor continues to operate its ministry and manage its properties as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case.

25. On May 23, 2023, the Office of the United States Trustee for Region 17 (the "US

Trustee") appointed an official Committee of Unsecured Creditors (the "Committee") in this Chapter 11 Case.

26. The Debtor is a corporation sole organized under the laws of the State of California. The Debtor conducts its civil affairs under the laws of the State of California and the United States of America and in accordance with the Code of Canon Law, the ecclesiastical law of the Roman Catholic Church. Additional information regarding the Debtor, its mission, ministries, and operations, and the events and circumstances preceding the Petition Date, is set forth in the *Declaration of Charles Moore, Managing Director of Alvarez & Marsal North America, LLC, Proposed Restructuring Advisor to the Roman Catholic Bishop of Oakland, in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 19] (the "First Day Declaration").

27. RCBO has been named in more than 300 complaints primarily filed in the Alameda Superior Court seeking recovery for alleged negligent supervision and hiring of certain clerical and ministerial personnel over a period of decades. These suits have been filed as a result of California's passing of AB 218, which extended the statute of limitations for the filing of similar civil suits. A true and correct list of the pending suits of which RCBO has received notice or service from the courts in which they were filed as of the date of this complaint is attached as Exhibit "A" (the "Suits").

28. Although section 362 of the Bankruptcy Code provides for an automatic stay of the Suits and of additional lawsuits against the Debtor, RCBO is informed, and believes, that additional suits may be filed and/or served after the filing of this proceeding and RCBO will update the list to reflect all such cases as appropriate.

29. RCBO has maintained insurance coverage through a series of primary, excess and umbrella insurers from the early 1960's through the present time as alleged above.

30. RCBO has tendered through its broker both RCBO's defense and indemnity of the Suits under all applicable insurance policies to the associated Defendants that issued those policies and were not insolvent.

31. The PRIMARY INSURER DEFENDANTS received the tender on behalf of RCBO but have improperly denied or failed to confirm coverage and/or provide defense and/or indemnity to RCBO in the Suits.

32. The EXCESS INSURER DEFENDANTS received the tender on behalf of RCBO but have improperly denied or failed to confirm coverage (including, without limitation, failure to provide both defense and/or indemnity) including failure to recognize the exhaustion of underlying insurance through payment, liquidation or other means thereby requiring the excess insurance to drop down and provide defense and indemnity to RCBO for the Suits.

33. The UMBRELLA INSURER DEFENDANTS received the tender on behalf of RCBO but have improperly denied or failed to confirm coverage (including, without limitation, failure to provide both defense and/or indemnity) including failure to recognize the exhaustion of underlying primary and excess insurance through payment, liquidation or other means thereby requiring the umbrella insurance to drop down and provide defense and indemnity to RCBO for the Suits.

34. As a result of the conduct of the PRIMARY INSURER DEFENDANTS, EXCESS INSURER DEFENDANTS and UMBRELLA INSURER DEFENDANTS, RCBO has been harmed in that it has not been provided with the benefits of the insurance it purchased, having complied with all requirements thereunder. RCBO has been forced to defend itself against the Suits without being provided with the appropriate required defense and indemnity that was to be provided by the PRIMARY INSURER DEFENDANTS, EXCESS INSURER DEFENDANTS and UMBRELLA INSURER DEFENDANTS through their respective policies of insurance. Consequently, an actual and justiciable controversy exists between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

## FIRST CAUSE OF ACTION

**(Declaratory Relief)**

35. RCBO realleges and incorporates herein paragraphs 1 through 34 of this complaint as if said paragraphs were set forth in full.

36. An actual and justiciable controversy has arisen and now exists between the parties with respect to whether the Defendants, and each of them, are obligated to provide RCBO with defense and indemnity under their respective insurance policies regarding the Suits.

37. RCBO has fully performed under the Defendants' respective insurance policies.

38. The PRIMARY INSURER DEFENDANTS have received tenders on behalf of RCBO

6
RCBO'S COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF
CASE NO. _____
4893-0264-1257.5

Case: 23-40523    Doc# 163    Filed: 06/22/23    Entered: 06/22/23 19:18:33    Page 8 of 11

regarding the Suits but have improperly denied and/or have failed to confirm coverage for the Suits and have further failed to provide RCBO with either defense and/or indemnity regarding the Suits as required under the respective policies.

39. The EXCESS INSURER DEFENDANTS have received tenders on behalf of RCBO regarding the Suits but have improperly denied and/or have failed to confirm coverage for the Suits and have further failed to confirm that any underlying insurance has been exhausted whether by payment, liquidation or otherwise and contrary to the coverages promised to RCBO and thus have failed to provide RCBO with either defense and/or indemnity regarding the Suits as required under the respective policies.

40. The UMBRELLA INSURER DEFENDANTS have received tenders on behalf of RCBO regarding the Suits but have improperly denied and/or have failed to confirm coverage for the Suits and have further failed to confirm that any underlying insurance has been exhausted whether by payment, liquidation or otherwise and contrary to the coverages promised to RCBO and thus have failed to provide RCBO with either defense and/or indemnity regarding the Suits as required under the respective policies.

41. In the meantime, the Suits are pending, resulting in loss and damages to RCBO including, without limitation, defense fees and costs and indemnity funds (whether via judgment or settlement or other means).

42. RCBO is entitled to a judgment declaring that the Defendants have issued insurance policies to RCBO and that RCBO is entitled to both defense and indemnity regarding Suits under the respective policies of insurance issued by the Defendants including, without limitation, a declaration of exhaustion as to certain underlying policies and the requirement that the EXCESS INSURER DEFENDANTS and/or UMBRELLA INSURER DEFENDANTS drop down to provide defense and indemnity to RCBO regarding the Suits.

## SECOND CAUSE OF ACTION

**(Breach of Contract)**

43. RCBO realleges and incorporates herein paragraphs 1 through 42 of this complaint as if said paragraphs were set forth in full.

44. The Defendants' failure to provide defense and indemnity to RCBO regarding the Suits is contrary to the coverages and benefits promised RCBO under the respective policies and constitutes a breach of those policies.

45. As a result of the Defendants' breaches of their respective insurance policies, RCBO has incurred significant fees and costs in defending itself in the Suits and has not been provided with the required coverage for indemnity (including any settlement amounts), all to the injury and damage of RCBO.

46. RCBO has fully performed under the Defendants' respective insurance policies and the Defendants, and each of them, are not excused from performance.

47. As a direct and proximate result of the Defendants' breaches, RCBO has been damaged according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, RCBO prays for relief as follows:

    a.    For a declaration in RCBO's favor as to the obligation of the Defendants, and each of them, that the Defendants issued effective policies of insurance to RCBO and a further declaration that the Defendants were obligated to provide defense and indemnity to RCBO regarding the claims made in the Suits;

    b.    For an award in RCBO's favor as a result of the Defendants' breach of their respective policies;

    c.    For an order awarding RCBO its costs, expenses, and reasonable attorneys' fees as provided by law; and

    d.    For such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: June 22, 2023 | **FOLEY & LARDNER LLP** |
| 2 | | Eileen R. Ridley |
| 3 | | Ann Marie Uetz |
| | | Thomas F. Carlucci |
| 4 | | Matthew D. Lee |

/S/ Thomas F. Carlucci
THOMAS F. CARLUCCI

Counsel for the Debtor
THE ROMAN CATHOLIC BISHOP OF OAKLAND