**LOWENSTEIN SANDLER LLP**
JEFFREY D. PROL (admitted *pro hac vice*)
jprol@lowenstein.com
BRENT WEISENBERG (admitted *pro hac vice*)
bweisenberg@lowenstein.com
COLLEEN M. RESTEL (admitted *pro hac vice*)
crestel@lowenstein.com
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
tkeller@kbkllp.com
JANE KIM (Cal. Bar No. 298192)
jkim@kbkllp.com
GABRIELLE L. ALBERT (Cal. Bar No. 190895)
galbert@kbkllp.com
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Proposed Counsel for the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523 WJL<br><br>Chapter 11<br><br>**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION OF LOWENSTEIN SANDLER LLP AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE ROMAN CATHOLIC BISHOP OF OAKLAND EFFECTIVE AS OF MAY 30, 2023** |

The Official Committee of Unsecured Creditors of the Roman Catholic Bishop of Oakland (the "Committee") applies (this "Application") for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States (the "Bankruptcy Code") and Rules 2014(a) and 2016

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the retention of Lowenstein Sandler LLP ("Lowenstein") as lead counsel to the Committee in the above-captioned chapter 11 case (the "Chapter 11 Case"), effective as of the May 30, 2023; (ii) directing that all copies of notices, pleadings and other documents filed in this case and any and all adversary proceedings be served upon Lowenstein; and (iii) granting such other relief as this Court deems just and proper. In support of this Application, the Committee files the declarations of Jeffrey D. Prol (the "Prol Declaration"), a partner at Lowenstein, and the Committee Chairperson (the "Chairperson Declaration"), each filed concurrently herewith. In further support of this Application, the Committee represents as follows:

## BACKGROUND

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of this proceeding and this Application in this Court is proper under 28 U.S.C. §§1408 and 1409.

2. The statutory bases for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016.

3. On May 8, 2023 (the "Petition Date"), the Roman Catholic Bishop of Oakland (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On May 23, 2023, the Office of the United States Trustee (the "U.S. Trustee"), pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed nine survivors of sexual abuse holding claims against the Debtor ("Survivors") to serve on the Committee. The Committee is charged with representing the interests of all Survivors in this Chapter 11 Case.

5. Upon formation, the Committee appointed Mr. Steve Woodall as its chairperson, and David Sheltraw as its vice chairperson. On May 30, 2023, the Committee selected Lowenstein as its lead counsel. Subsequently, the Committee selected Keller Benvenutti Kim LLP ("KBK") as local counsel.

**RELIEF REQUESTED**

6. By this Application, the Committee requests that the Court enter an order authorizing the Committee to employ and retain Lowenstein as its counsel in the above-captioned case, effective as of May 30, 2023.

**BASIS FOR RELIEF REQUESTED**

7. In accordance with Bankruptcy Rule 2014(a), this Application, the Prol Declaration and the Chairperson Declaration set forth the specific facts showing the necessity for Lowenstein's employment; the reasons for the Committee's selection of Lowenstein as its counsel in connection with this Chapter 11 Case; the professional services proposed to be provided by Lowenstein; the arrangement between the Committee and Lowenstein with respect to Lowenstein's compensation (as well as the reasonableness thereof); and to the best of the Committee's knowledge, the extent of Lowenstein's connections, if any, to certain parties in interest in this matter.

**A. Lowenstein's Qualifications**

8. After careful and diligent inquiry into the qualifications and connections of Lowenstein, the Committee retained Lowenstein as its lead counsel in this case, subject to the approval of this Court. The attorneys at Lowenstein are admitted to practice before this Court *pro hac vice*, and the Committee has found it to be well-qualified to represent it by reason of its ability, integrity, and professional experience. Lowenstein has served as counsel to debtors, creditors, and creditors' committees in various bankruptcy courts, including the Official Committee of Tort Claimant Creditors in the Diocese of Camden, New Jersey bankruptcy case, and is familiar with virtually all aspects of law that may arise in this Chapter 11 Case. The Committee selected Lowenstein because of its attorneys' experience and knowledge in bankruptcy matters. The Committee believes that Lowenstein is well qualified to provide effective and efficient services in this Chapter 11 Case.

**B. Services to be Provided**

9. The Committee anticipates that Lowenstein will render legal services to the Committee as needed throughout the course of this Chapter 11 Case. The professional services that Lowenstein will provide to the Committee include, but are not limited to:

(a) advise the Committee with respect to its rights, duties, and powers in this Chapter 11 Case;

(b) assist and advise the Committee in its consultations and communications with the Debtor concerning administration of this Chapter 11 Case;

(c) assist the Committee in analyzing the claims of the Debtor's creditors, including negotiating and mediating issues relating to the value and payment of claims held by the Committee's constituency, which is comprised of Survivors;

(d) assist the Committee in analyzing the Debtor's capital structure;

(e) assist the Committee in its investigation of the acts, conduct, assets liabilities, and financial condition of the Debtor and of the operation of the Debtor;

(f) assist the Committee in its investigation of the liens and claims of the holders of the Debtor's prepetition debt and the prosecution of any claims or causes of action revealed by such investigation;

(g) assist the Committee in its analysis of, and negotiations with, the Debtor or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of nonresidential real property and executory contracts, asset dispositions, financing of other transactions and the terms of any chapter 11 plans for the Debtor and accompanying disclosure statements and related plan documents;

(h) assist the Committee in its analysis of insurance policies procured by the Debtor and negotiations with the underlying insurers concerning all matters related to same;

(i) assist and advise the Committee as to its communications to unsecured creditors regarding significant matters in this Chapter 11 Case;

(j) represent the Committee at hearings and other proceedings;

(k) review and analyze applications, orders, statements of operations, and schedules filed with this Court and advise the Committee as to their propriety;

(l) assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(m) prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing as may be necessary in furtherance of the Committee's interests and objectives in this Chapter 11 Case, including without limitation, the preparation of retention applications and fee applications for the Committee's professionals, including Lowenstein Sandler; and

(n) performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

10. The Committee requested that Lowenstein commence work in this Chapter 11 Case immediately upon its selection. Accordingly, the Committee seeks approval of Lowenstein's retention effective as of May 30, 2023, the first date on which Lowenstein performed services for the Committee.

**C. Compensation and Fee Applications**

11. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees effective February 19, 2014 (the "<u>Local Guidelines</u>") and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "<u>Fee Guidelines</u>") issued by the Office of the U.S. Trustee, Lowenstein will charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect as of January 1, 2023, as revised from time to time. Lowenstein's hourly fees are comparable to those charged by attorneys of similar experience for engagements of scope and complexity similar to this Chapter 11 Case, including that of counsel to the Debtor in this Chapter 11 Case. Lowenstein will also seek reimbursement of actual and necessary out-of-pocket expenses in accordance with regular Lowenstein policies. Lowenstein Sandler's disbursement policies pass through all out-of-pocket expenses at actual cost, or at estimated actual cost when the actual cost is difficult to determine. These expenses include photocopying, express or overnight delivery charges, facsimiles, toll calls, overtime meals, computerized research, deliveries, court costs, transcript fees, travel, clerk fees, certain secretarial and other overtime expenses, and other expenses.

12. Lowenstein's customary hourly rates are as follows:

- Partners: $690–$1,835
- Of Counsel: $810–$1,475
- Senior Counsel and Counsel (generally twelve or more years of experience): $630–$1,410
- Counsel (generally seven or more years of experience): $575–$1,070
- Associates (generally fewer than seven years of experience): $475–$965
- Paralegals, Practice Support and Assistants: $240–$425

13. Listed below are the attorneys and legal professionals who Lowenstein anticipates will spend meaningful time on this matter and their current hourly rates:

| Name of Professional | Title | Hourly Rate |
| --- | --- | --- |
| Jeffrey D. Prol | Partner/Bankruptcy | $1,155 |
| Lynda A. Bennett | Partner/Litigation | $1,120 |
| Michael A. Kaplan | Partner/Litigation | $955 |
| Brent Weisenberg | Senior Counsel/Bankruptcy | $975 |
| Colleen M. Restel | Counsel/Bankruptcy | $895 |
| Erica G. Mannix | Associate/Bankruptcy | $820 |
| Brittany Clark | Associate/Bankruptcy | $545 |
| Diane Claussen | Paralegal/Bankruptcy | $340 |

14. Lowenstein will maintain detailed, contemporaneous time records in six-minute intervals and apply to this Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Local Guidelines, the Fee Guidelines, and any additional procedures that may be established by the Court in this Chapter 11 Case. Lowenstein has agreed to accept as compensation and reimbursement such sums as may be allowed by the Court. Lowenstein understands that interim and final fee awards are subject to approval by this Court.

15. Lowenstein has agreed to reduce its hourly rates for the benefit of the Committee's constituency (i.e., holders of sexual abuse claims against the Debtor). In order to assure that any price reduction inures solely to the benefit of the Committee's constituency, Lowenstein will hold ten percent of all fees received in this Chapter 11 Case in a trust account to benefit sexual abuse claimants. The funds will be held until a trust is established through a plan of reorganization. If no such trust is created, the funds will be donated to a child advocacy organization to be selected by the Committee at the conclusion of the Chapter 11 Case.

### D. No Duplication of Services

16. In addition to this Application, the Committee has filed, or expects to file shortly, the application to employ KBK as local counsel. The Committee may also file applications to employ additional professionals. The Committee believes that if the Court approves the employment of Lowenstein and KBK, these firms will allocate their delivery of services to the Committee so as to avoid any unnecessary duplication of services. Moreover, the Committee believes that the efficient allocation of responsibility for legal matters in the Chapter 11 Case between Lowenstein and KBK will reduce the cost of administering these proceedings. It is the carefully considered view of the Committee that, considering the size and complexity of the Chapter 11 Case and the various interests involved, representation of the Committee by Lowenstein and KBK is necessary and in the best interests of the Committee.

### E. Disclosures Concerning Disinterestedness

17. The Prol Declaration discloses Lowenstein's connections to the Debtor and parties in interest in this case and is incorporated herein by reference. Based upon the Prol Declaration, Lowenstein has concluded that it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. Lowenstein will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Lowenstein will supplement its disclosure to the Court.

### F. Prepetition Professional Compensation

18. Lowenstein did not provide the Committee or any informal group of creditors of the Debtor with legal services prior to May 30, 2023. Accordingly, Lowenstein has not received any prepetition compensation from the Committee or from any of its members.

**REQUEST FOR *NUNC PRO TUNC* RETENTION**

19. *Nunc pro tunc* retention is appropriate here because this Application was filed shortly after the Committee selected Lowenstein on May 30, 2023, and Lowenstein has (i) provided necessary services to the Committee since May 30, 2023, and (ii) anticipates that it will continue to provide necessary services to the Committee until the date the Court enters an order on this Application, as well as thereafter.

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

20. In accordance with the U.S. Trustee Guidelines, Lowenstein shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Case in compliance with section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Lowenstein Sandler also intends to make every effort to comply with the US. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications to be filed by Lowenstein Sandler in this Chapter 11 Case.[1]

21. As set forth in the Prol Declaration, the following is provided in response to the request for additional information contained in paragraph D.1. of the U.S. Trustee Guidelines:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

---

[1] By their terms, the U.S. Trustee Guidelines "apply to the USTP's review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original Guidelines (the "Appendix A Guidelines") adopted by the EOUST in 1996. The Appendix A Guidelines have been a part of this Court's local procedures for years. In other chapter 11 cases where it has been retained, Lowenstein has filed its fee applications in compliance with the Appendix A Guidelines. Among other things, the U.S. Trustee Guidelines ask attorneys in larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under section 327 and compensation under section 330 of the Bankruptcy Code. As the U.S. Trustee Guidelines themselves acknowledge, "the Guidelines do not supersede local rules, court orders, or other controlling authority".

-8-

Case: 23-40523   Doc# 173   Filed: 06/27/23   Entered: 06/27/23 14:50:42   Page 8 of 10

| | | |
|---|---|---|
| Response: | | Yes. Lowenstein has agreed to reduce its hourly rates for the benefit of the Committee's constituency (i.e., holders of sexual abuse claims against the Debtor). In order to assure that any price reduction inures solely to the benefit of the Committee's constituency, Lowenstein will hold ten percent of all fees received in this Chapter 11 Case in a trust account to benefit sexual abuse claimants. The funds will be held until a trust is established through a plan of reorganization. If no such trust is created, the funds will be donated to a child advocacy organization to be selected by the Committee at the conclusion of the Chapter 11 Case. Additionally, Lowenstein has agreed not to charge the Committee for its travel time. |
| **Question:** | | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | | Lowenstein's professionals included in this engagement have not varied their rate based on the geographic location of the Chapter 11 Case. |
| **Question:** | | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition period. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | | Lowenstein did not represent the Committee prior to the Petition Date. |
| **Question:** | | Has your client approved your prospective budget and staffing plan and, if so, for what budget period? |
| Response: | | The Committee has reviewed and approved Lowenstein's proposed hourly billing rates, budget and staffing plan for the first three months of the case. In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments in the Chapter 11 Case. |

22. Lowenstein has advised the Committee that it intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines both in connection with this Application and the interim and final fee applications to be filed by Lowenstein in the course of its engagement. The Committee understands it is Lowenstein's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the EOUST to adopt the U.S. Trustee Guidelines; however, in doing so, Lowenstein reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines in respect of any application for employment or compensation in this Chapter 11 Case that falls within the ambit of the U.S. Trustee Guidelines.

# NOTICE

23. Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Jason Blumberg, Esq.); (ii) the Debtor; and (iii) those persons who have formally appeared in this Chapter 11 Case and requested service pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that no further notice is required. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee requests that the Court approve Lowenstein's employment under the terms specified herein.

Dated: June 27, 2023

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE ROMAN CATHOLIC BISHOP OF OAKLAND**

By: /s/ Steve Woodall
Steve Woodall, solely in his capacity as the Chairperson of the Official Committee of Unsecured Creditors and not in his personal capacity