**FOLEY & LARDNER LLP**
Jeffrey R. Blease (CA Bar. No. 134933)
Tel: (617) 226-3155; jblease@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
Tel: (415) 438-6404; smoses@foley.com
Emil P. Khatchatourian (CA Bar No. 265290)
Tel: (312) 832-5156; ekhatchatourian@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
Tel: (608) 258-4203; mdlee@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520

*Counsel for the Debtor*
*and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 23-40523 WJL |
| THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole, | Chapter 11 |
| Debtor. | **MOTION OF THE DEBTOR FOR AN ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND GRANTING RELATED RELIEF** |
| | Judge:  Hon. William J. Lafferty |
| | Date:  July 18, 2023 |
| | Time:  9:00 a.m. |
| | Place:  United States Bankruptcy Court |
| | 1300 Clay Street |
| | Courtroom 220 |
| | Oakland, CA 94612 |

The Roman Catholic Bishop of Oakland, a California corporation sole, and the debtor and debtor in possession (the "Debtor" or "RCBO") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case" or the "Bankruptcy Case"), hereby files this motion (the "Motion") for entry of an order (1) establishing and/or ratifying deadlines for the filing of proofs of claim by parties in interest, including governmental parties; and (2) approving procedures related to the filing of proofs of claim, including

Case: 23-40523   Doc# 181   Filed: 06/27/23   Entered: 06/27/23 16:39:09   Page 1 of 23

certain forms for the filing of proofs of claim, procedures to protect the confidentiality of the information contained therein, and notices in connection with the proposed deadlines contained herein.

A proposed order granting the requested relief is attached hereto as **Exhibit 1**.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

By this Motion the Debtor seeks approval of: 1) certain deadlines for the filing of proofs of claim in the Chapter 11 Case by all parties, including governmental entities and other claimants, and 2) procedures related to the filing of proofs of claim, including various forms for filing proofs of claim and notice to be provided to parties in interest, as well as procedures intended to protect the confidentiality of information contained in proofs of claim. Prior to the filing of this Motion, the Debtor engaged the Committee (as defined below) in substantial discussions regarding the proposed Sexual Abuse Proof of Claim Form and General Bar Date (as such terms are defined below). Unfortunately, an agreement could not be reached. However, the Debtor intends to continue these discussions with the Committee, and will update the Court and the parties in interest accordingly. The Debtor believes that the Sexual Abuse Proof of Claim Form, which is similar (but even more narrowly tailored) to forms used in at least two dozen other diocesan and similar cases across the country, is appropriate under the circumstances given the nature of the claims at issue.

Local Rule of Bankruptcy Procedure ("L.B.R.") 3003-1 in the Northern District of California establishes a bar date for proofs of claim at ninety (90) days from the first date set for the section 341 meeting of creditors. Relatedly, the *Notice of Chapter 11 Bankruptcy Case* filed at Docket No. 34 in the Chapter 11 Case (the "341 Notice") set the proof of claim deadline for all creditors (except for governmental units) as September 11, 2023 (the "General Bar Date"). Because that notice (and the deadline contained therein) has already been provided to creditors and parties in interest, the Debtor does not seek to alter that deadline at this time. Rather, the Debtor seeks ratification of that deadline, establishment of a similar deadline for governmental units, and approval of related procedures, all as set

forth in more detail below. The dates, deadlines, and procedures contemplated by this Motion are not intended to prejudice any party in interest but assist the Debtor and other parties in the administration of this Chapter 11 Case, including the claims-reconciliation process, while also protecting confidential and/or sensitive information to the greatest extent possible under the circumstances.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order No. 24 (N.D. Cal.), and L.B.R. 5011-1(a). Venue for this matter is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory bases for this Motion are sections 105(a) and 501 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and L.B.R. 3003-1.

## III.

## BACKGROUND

### A. General Background

On May 8, 2023 (the "Petition Date"), the Debtor caused its attorneys to file a voluntary petition for chapter 11 bankruptcy relief under the Bankruptcy Code. The Debtor continues to operate its ministry and manage its properties as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case.

On May 23, 2023, the Office of the United States Trustee for Region 17 (the "US Trustee") appointed an official Committee of Unsecured Creditors (the "Committee") in this Chapter 11 Case.

The Debtor is a corporation sole organized under the laws of the State of California. The Debtor conducts its civil affairs under the laws of the State of California and the United States of America and in accordance with the Code of Canon Law, the ecclesiastical law of the Roman Catholic Church. Additional information regarding the Debtor, its mission, ministries, and operations, and the events and circumstances preceding the Petition Date, is set forth in the *Declaration of Charles Moore, Managing Director of*

*Alvarez & Marsal North America, LLC, Proposed Restructuring Advisor to the Roman Catholic Bishop of Oakland, in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 19] (the "First Day Declaration"), which is incorporated herein by reference.

## IV.

## **RELIEF REQUESTED**

Pursuant to section 501 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), L.B.R. 3003-1, the Debtor hereby seeks the entry of an order (the "Bar Date Order") substantially in the form attached hereto as **Exhibit 1**:

    (a)    establishing and/or ratifying the General Bar Date by which all entities,[1] except as otherwise provided herein, must file proofs of claim in this Chapter 11 Case asserting a claim against the Debtor that arose prior to the Petition Date, including any claims asserting administrative priority pursuant to section 503(b)(9) of the Bankruptcy Code (any such claim, a "Section 503(b)(9) Claim") that arose prior to the Petition Date and any Sexual Abuse Claim[2] that arose prior to the Petition Date;

    (b)    establishing the date by which governmental units must file proofs of claim in this Chapter 11 Case (the "Governmental Bar Date");

    (c)    establishing the date by which entities must file proofs of claim relating to the Debtor's rejection of executory contracts or unexpired leases in this Chapter 11 Case (the "Rejection Bar Date");

    (d)    establishing the date by which entities must file proofs of claim in this Chapter 11 Case as a result of the Debtor's amendment, if any, of the schedules of assets and

---

[1]    As used herein, the term "entity" has the meaning given to such term in section 101(15) of the Bankruptcy Code and includes, among other things, "persons" as such term is defined in section 101(41) of the Bankruptcy Code.

[2]    For purposes of this Motion, a "Sexual Abuse Claim" means a liquidated or unliquidated Claim that is attributable to, arises from, is based upon, relates to, or results from, in whole or in part, directly, indirectly, or derivatively, Sexual Abuse. For purposes of this Motion, "Sexual Abuse" is defined as an act of sexual contact or sexual penetration between a child under the age of 18 years and an adult. "Sexual contact" means an intentional touching by the victim or actor, either directly or through clothing, of the victim's or actor's intimate parts for the purpose of sexually arousing or sexually gratifying the actor. Sexual contact of the adult with himself must be in view of the victim whom the adult knows to be present. "Sexual penetration" means vaginal intercourse, cunnilingus, fellatio, digital penetration, or anal intercourse between persons or insertion of the hand, finger or object into the anus or vagina either by the adult or upon the adult's instruction. "Intimate parts" means the following body parts: sexual organs, genital area, anal area, inner thigh, groin, buttock or breast of a person. "Injury or illness" includes psychological injury or illness, whether or not accompanied by physical injury or illness.

.

liabilities (the "<u>Schedules</u>") filed in this Chapter 11 Case (the "<u>Amended Schedules Bar Date</u>" and, collectively with the General Bar Date, the Governmental Bar Date, and the Rejection Bar Date, the "<u>Bar Dates</u>");

(e)      approving a protocol for maintaining the confidentiality of certain claims and a proposed form of confidentiality agreement;

(f)      approving the form and manner of notice of the Bar Dates to be delivered to creditors and claimants in this Chapter 11 Case;

(g)      approving the proof of claim forms to be used in this Chapter 11 Case; and,

(h)      granting related relief.

The Debtor's ability to make distributions to creditors and claimants in this Chapter 11 Case (including pursuant to any plan confirmed pursuant to section 1129 of the Bankruptcy Code) is premised on, among other things, complete and accurate information regarding the nature, validity, and amount of claims that will be asserted herein. Consequently, the Debtor requests, pursuant to Bankruptcy Rule 3003(c)(3), that the Court enter the Bar Date Order (a) establishing the Bar Dates and related claims procedures proposed herein and (b) approving the form and manner of notice thereof.

Moreover, establishing the Bar Dates and related procedures will contribute to the Debtor's ability to advance discussions with all stakeholders in this Chapter 11 Case. Setting a bar date is a critical condition precedent to identifying and quantifying the universe of claims asserted against the Debtor. In particular, the amount of such claims—and other details, such as when such claims allege that abuse occurred—will be critical in advancing discussions with various stakeholders towards a global resolution of this Chapter 11 Case. The Debtor filed its schedules and statement of financial affairs early in the Chapter 11 Case to further contribute to this goal and subsequently amended its schedules and statement of financial affairs prior to the section 341 meeting of creditors which was held and concluded on June 21, 2023. Without an ability to identify the universe of claims asserted against it, the Debtor's ability to engage in productive discussions with other stakeholders in this Chapter 11 Case will be limited.

# V.

## ESTABLISHMENT OF THE BAR DATES

### A. The General Bar Date

Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed.[3] Correspondingly, L.B.R. 3003-1 provides that "Unless *otherwise ordered by the Court* … proofs of claim or interest shall be filed pursuant to Bankruptcy Rule 3003 and shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to 11 § 341(a)… ."[4] Additionally, Bankruptcy Rule 2002(a) requires that parties in interest receive at least 21 days' notice of the "time fixed for filing proofs of claim pursuant to Rule 3003(c)."[5]

Shortly after the Chapter 11 Case was filed, the 341 Notice was entered on the docket setting forth the General Bar Date of September 11, 2023 for all creditors other than governmental units. That 341 Notice has now been on the docket for approximately 45 days, and the Debtor does not propose to change the date set forth therein. Rather, the Debtor seeks formal approval of that date as the General Bar Date and, assuming that the proposed Bar Dates are approved and the Bar Date Order entered, the Debtor will serve the Bar Date Notice and the Proof of Claim Forms (as such terms are defined below) upon all known entities currently holding potential prepetition claims and Rejection Damages Claims (as defined below).

The General Bar Date is not only consistent with notice previously provided in this case but also with that automatically set in chapter 11 cases in this District by L.B.R. 3003-1. The Debtor anticipates that this will provide approximately 62 days for creditors to file proofs of claim in this case (such notice being calculated from the date of the anticipated hearing on this Motion, it being understood that notice of the General Bar Date has already been provided in connection with the 341 Notice). Except as otherwise provided herein, the General Bar Date will apply to all entities holding claims of any kind that arose prior

---

[3] FED. R. BANKR. P. 3003(c)(3) ("The court shall fix … the time within which proofs of claim or interest may be filed.").

[4] L.B.R. 3003-1 (emphasis added).

[5] FED. R. BANKR. P. 2002(a)(7).

to the Petition Date (the "General Claim"), whether secured, unsecured priority (including Section 503(b)(9) Claims), or unsecured nonpriority claims. Unless they fall within one of the exceptions described below, all entities holding General Claims (including Sexual Abuse Claims) must file proofs of claim with respect to such General Claims and/or Sexual Abuse Claims by the General Bar Date.

With respect to Section 503(b)(9) Claims, the Debtor proposes that the filing of a proof of claim be deemed to satisfy the procedural requirements for the assertion of such administrative claims. To allow such filings, the Debtor's claims and noticing agent has modified the General Proof of Claim Form (defined below) to allow identification of such claims as being Section 503(b)(9) Claims.

Given that Sexual Abuse Claims differ from other claims to be filed against the Debtor, the Debtor requests that the Court approve a customized and confidential proof of claim form for holders of Sexual Abuse Claims (the "Sexual Abuse Proof of Claim Form") in addition to the General Proof of Claim Form (as defined below). For the avoidance of doubt, holders of Sexual Abuse Claims must fill out and timely file a General Proof of Claim Form **and** a Sexual Abuse Proof of Claim Form. The Debtor is also seeking approval of certain specialized confidentiality procedures for the submission and handling of Sexual Abuse Proofs of Claim, which are described in greater detail herein.

### B. Governmental Bar Date

Pursuant to section 502(b)(9) of the Bankruptcy Code, a proof of claim filed by a governmental unit in this Chapter 11 Case is deemed timely if it is filed within 180 days after the Petition Date, or by **November 6**, **2023**.[6] The Debtor therefore requests that this Court establish **November 6, 2023 at 5:00 p.m.,** prevailing Pacific Time, as the Governmental Bar Date in this Chapter 11 Case. The Governmental Bar Date would apply to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to the Petition Date, including governmental

---

[6] As used in this Motion, the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code. Under Bankruptcy Rule 3002(c)(1), "[a] proof of claim filed by a governmental unit ... is timely filed if it is filed not later than 180 days after the date of the order for relief."

Case: 23-40523   Doc# 181   Filed: 06/27/23   Entered: 06/27/23 16:39:09   Page 7 of 23

units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

## C.    Rejection Bar Date

The Debtor anticipates that certain entities may assert claims in connection with the Debtor's rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code or claims otherwise related to such rejected agreements, including secured claims, unsecured priority claims, and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date (collectively, "Rejection Damages Claims"). The Debtor proposes that the bar date for all Rejection Damages Claims—*i.e.*, the Rejection Bar Date—with respect to executory contracts or unexpired leases rejected pursuant to a Court order (a "Rejection Order") or by operation of section 365(d)(4) of the Bankruptcy Code will be the later of (a) the General Bar Date or the Governmental Bar Date as applicable and (b) 5:00 p.m., prevailing Pacific Time, on the date that is 30 days after service of the Rejection Order. For the avoidance of doubt, all prepetition claims of any kind or nature relating to the rejection of executory contacts or unexpired leases must be filed by the Rejection Bar Date.

## D.    Amended Schedules Bar Date

The Debtor may subsequently amend or supplement the Schedules, including designating any scheduled claim as disputed, contingent, or unliquidated. If the Debtor subsequently amends or supplements the Schedules, the Debtor proposes that it will give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

Specifically, if the Debtor amends or supplements its Schedules to reduce the undisputed, non-contingent, and liquidated amount of a claim against the Debtor, to change the nature or classification of a claim against the Debtor, or to add a new claim to the Schedules, any affected entities that dispute such changes must, by the Amended Schedules Bar Date, file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein.

The Debtor requests that the Amended Schedules Bar Date be established as the later of (a) the General Bar Date or the Governmental Bar Date as applicable and (b) 5:00 p.m., prevailing Pacific Time, on the date that is 30 days after the date that notice of the applicable amendment or supplement to the Schedules is served on the entity. Notwithstanding the foregoing, nothing contained herein shall preclude the Debtor from objecting to any claim, whether scheduled or filed, on any grounds.

## VI.

## WHO MUST FILE PROOFS OF CLAIM

### A. Entities Required to File Proofs of Claim by the General Bar Date

Subject to terms described above for holders of claims subject to the General Bar Date, Governmental Bar Date, Rejection Bar Date, and the Amended Schedules Bar Date, the Debtor proposes that the following entities be required to file proofs of claim on or before the General Bar Date, as applicable:

(a) any entity (i) whose prepetition claim (including any Section 503(b)(9) Claims) against the Debtor is not listed in the Debtor's Schedules or is listed as disputed, contingent, or unliquidated and (ii) that desires to share in any distributions in this Chapter 11 Case; and

(b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against an incorrect Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor different from the classification, amount, or Debtor identified in the Schedules.

### B. Entities Not Required to File Proofs of Claim by the General Bar Date

The Debtor proposes that the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file proofs of claim:

(a) any person or entity that already has filed a proof of claim against the Debtor in a form substantially similar to Official Bankruptcy Form No. 410; provided, however, that any holder of a Sexual Abuse Claim who files a proof of claim on account of a Sexual Abuse Claim using a form substantially similar to Official Bankruptcy Form No. 410 rather than the Sexual Abuse Proof of Claim Form may subsequently be required to complete the Sexual Abuse Proof of Claim Form or otherwise answer additional questions regarding such Sexual Abuse Claim, including the questions set forth in the Sexual Abuse Proof of Claim Form, in connection with the administration of his or her Sexual Abuse Claim;

(b) any person or entity whose claim is listed on the Schedules filed by the Debtor, provided that (i) the claim is not scheduled as "disputed", "contingent", or

"unliquidated" <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

(c)     any holder of a claim that heretofore has been allowed by Order of this Court;

(d)     any person or entity whose claim has been paid in full by the Debtor;

(e)     any holder of a claim for which specific deadlines have previously been fixed by this Court; and

(f)     any officer, director, employee, or independent contractor of the Debtor who held such position as of the Petition Date and has a claim against the Debtor for indemnification, contribution, or reimbursement; provided, however, that any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to indemnification, contribution, or reimbursement will be required to file a proof of claim by the General Bar Date, unless another exception identified in this paragraph applies.

## VII.

## <u>PROPOSED PROOF OF CLAIM FORMS</u>

The Debtor proposes to use different proof of claim forms for (i) general creditors; and (ii) sexual abuse claimants.

### A.     <u>The General Proof of Claim Form</u>

The Debtor proposes that the form of proof of claim appended to this Motion as **Exhibit 2** (the "<u>General Proof of Claim Form</u>") be used by all claimants to provide proof of any claims that are not Sexual Abuse Claims (each, a "<u>General Claim</u>," and each such completed and timely submitted form, a "<u>General Proof of Claim</u>"). The General Proof of Claim Form is a modified version of the Official Bankruptcy Form 410.[7] The Debtor proposes to provide with the Bar Date Notice mailed to each creditor listed on its Schedules (except those listed only as having potential Sexual Abuse Claims) a copy of the General Proof of Claim Form.

The proposed Bar Date Order provides that, in order to be considered valid, each General Proof of Claim submitted in this Chapter 11 Case must: (a) be written in English, (b) be denominated in lawful

---

[7] The General Proof of Claim Form has been modified to provide an additional question as to whether the claim is entitled to administrative priority under Section 503(b)(9) of the Bankruptcy Code.

currency of the United States as of the Petition Date, (c) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected) unless such writings are voluminous or confidential, in which case a summary must be attached or an explanation provided as to why such writings are not available and such writings will be provided to the Debtor and/or Committee upon request, and (d) be actually received by the Debtor's claims and noticing agent, Kurtzman Carson Consultants, LLC ("KCC"), on or before the applicable Bar Date. Proofs of claim may be filed (i) electronically using the interface available on KCC's website at https://www.kccllc.net/rcbo, or (ii) by mail, overnight courier, or hand delivery to KCC's address below:

> RCBO Claims Processing Center
> 222 N. Pacific Coast Highway, Suite 300
> c/o KCC
> El Segundo, CA 90245

In the event that a completed General Proof of Claim Form is mailed to or personally delivered to the Clerk of the Court for the United States Bankruptcy Court for the Northern District of California, the proposed Bar Date Order directs the Clerk of the Court to place the General Proof of Claim Form in a sealed envelope, mark the envelope with the date and time of receipt, and transmit the sealed envelope to KCC at the address for receipt of General Proof of Claim Forms above.

### B. Sexual Abuse Proof of Claim Form

The Debtor proposes that the form of proof of claim appended to this Motion as **Exhibit 3**, defined above as the Sexual Abuse Proof of Claim Form, be used by all claimants to provide proof of any Sexual Abuse Claims (each such completed and timely submitted form, combined with a General Proof of Claim Form as set forth herein, a "Sexual Abuse Proof of Claim").

The Debtor respectfully submits that the uniquely personal and unliquidated nature of Sexual Abuse Claims requires the collection of additional information not normally included on Official Bankruptcy Form 410 in order to properly evaluate such claims, and to determine whether there may be insurance coverage available to satisfy such claims, at least in part. Accordingly, the Debtor proposes that

Case: 23-40523    Doc# 181    Filed: 06/27/23    Entered: 06/27/23 16:39:09    Page 11 of 23

persons wishing to assert a Sexual Abuse Claim (each, a "Sexual Abuse Claimant") utilize the Sexual Abuse Proof of Claim Form which, similar to those employed in other diocesan bankruptcies, has been specifically tailored to ensure that sufficient information is collected to allow a proper assessment of such claims without being so detailed as to have any chilling effect on claimant's willingness to file claims. Because detailed information is needed to process Sexual Abuse Claims, the Debtor proposes that, if a claimant submits a proof of claim asserting a Sexual Abuse Claim using *only* the General Proof of Claim Form, on or before the applicable Bar Date, such claim will be treated as timely filed only if such claimant submits a completed Sexual Abuse Proof of Claim Form prior to the earlier of the applicable Bar Date and the date which is thirty (30) days following receipt of written notice from the Debtor of the need to complete and submit a Sexual Abuse Proof of Claim Form.

The Debtor submits that the information requested in the Sexual Abuse Proof of Claim Form is necessary and appropriate in order to assist the Debtor, the Committee, and potential insurance companies in evaluating Sexual Abuse Claims asserted against the Debtor's estate. Moreover, the Debtor submits that the Sexual Abuse Proof of Claim Form and the information requested therein is similar to what has been approved in other diocesan bankruptcies. The specific form proposed by the Debtor was derived from that proposed by the Official Committee of Unsecured Creditors and approved by the Bankruptcy Court in *In re The Diocese of Camden, New Jersey*, *see* Case No. 20-21257 (Bankr. D.N.J Feb. 11, 2021) [ECF 409] (approving form for sexual abuse proof of claim), which was itself similar to the form approved and used previously in *In re The Roman Catholic Church of the Archdiocese of New Orleans*, *see* Case No. 20-10846 (Bankr. E.D. La. Oct. 1, 2020) [ECF 461], and later in *In re The Norwich Roman Catholic Diocesan Corporation*, *see* Case No. 21-20687 (Bankr. D. Conn. Nov. 19, 2021) [ECF 386]. This form differs from the form used in those cases in that the Debtor has taken steps to tailor the information sought even more narrowly so as to reduce the burden on Sexual Abuse Claimants. Because such information is sensitive in nature, and consistent with the Court's *Order Authorizing the Debtor to File Portions of Schedule F and The Master Creditor Mailing Matrix, Under Seal* [ECF 54], the Debtor requests that Sexual Abuse Proof of Claim Forms (and General Proof of Claim Forms that assert or appear to assert a

Sexual Abuse Claim) be sealed and kept confidential, and dissemination of the information therein be limited as set forth herein.

The Debtor respectfully submits that the proposed Sexual Abuse Proof of Claim Form and the confidentiality procedures proposed in connection therewith are appropriate to protect the privacy of abuse victims and to ensure that sufficient information regarding their claims can be collected and analyzed as the Debtor attempts to formulate a chapter 11 plan. In addition to the *Camden* court approving the form upon which the Sexual Abuse Proof of Claim Form was based, other courts have approved similar alterations to the official proof of claim form in order to collect additional necessary information under appropriate circumstances. *See In re A.H. Robins Co.*, 862 F.2d 1092 (4th Cir. 1988); *In re I.G. Servs., Ltd.*, 244 B.R. 377, 383-84 (Bankr. W.D. Tex. 2000) (citing *In re A.H. Robins Co.*, 862 F.2d at 1092) (noting that "[p]rocedures and forms for claiming against a bankruptcy estate may be established by the court in special circumstances."). Further, in *A.H. Robins*, the court recognized that substantial alteration to Official Proof of Claim Form 410 may be necessary when dealing with tort claims. *See In re A.H. Robins*, 862 F.2d at 1092.

Other similar diocesan bankruptcy cases across the country have approved forms similar to this one in connection with the assertion of abuse claims. *See, e.g., In re Roman Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345 (Bankr. S.D.N.Y. Jan. 27, 2021) [ECF 333]; *In re The Roman Catholic Diocese of Syracuse*, Case No. 20-30663 (Bankr. N.D.N.Y. Nov. 6, 2020) [ECF 214]; *In re The Diocese of St. Cloud*, Case No. 20-60337 (D. Minn. July 2, 2020) [ECF 46]; *In re The Roman Catholic Diocese of Harrisburg*, Case No. 20-00599 (Bankr. M.D. Pa. May 6, 2020) [ECF 291]; *In re The Diocese of Rochester*, Case No. 19-20905 (Bankr. W.D.N.Y., Feb. 25, 2020) [ECF 425]; *In re Roman Catholic Church of the Archdiocese of Santa Fe*, Case No. 18-13027 (Bankr. D. N.M., March 19, 2019) [ECF 130] (order entered after effective date of revised Bankruptcy Rule 9009); *In re The Diocese of Winona-Rochester*, Case No. 18-33707 (Bankr. D. Minn. Dec. 7, 2018) [ECF 51]; *In re The Diocese of New Ulm*, Case No. 17-30601 (Bankr. D. Minn. Mar. 8, 2017) [ECF 33]; *In re Roman Catholic Bishop of Great Falls, Montana*, Case No. 17-60271 (Bankr. D. Mont., June 7, 2017) [ECF 121]; *In re The Diocese of*

*Duluth*, Case No. 15-50792 (Bankr. D. Minn. Jan. 7, 2016) [ECF 35]; *In re The Archdiocese of Saint Paul and Minneapolis*, Case No. 15-40125 (Bankr. D. Minn. Apr. 17, 2015) [ECF 188]; *In re Diocese of Helena*, Case No. 14-60074 (Bankr. D. Mont., May 6, 2014) [ECF 242]; *In re Roman Catholic Church of the Diocese of Gallup*, Case No. 13-13676 (Bankr. D.N.M., April 10, 2014) [ECF 218]; *In re Catholic Diocese of Wilmington, Inc.*, Case No. 09-13560 (Bankr. D. Del., Feb. 2, 2010) [ECF 308]; *In re Roman Catholic Church of the Diocese of Tucson*, Case No. 04-0721 (Bankr. D. Ariz., Nov. 5, 2005) [ECF 118]; *In re Catholic Bishop of Northern Alaska*, Case No. 08-00110 (Bankr. D. Alaska, May 29, 2014) [ECF 174]; *In re Diocese of Davenport*, Case No. 06-02229 (Bankr. S.D. Iowa, Mar. 16, 2007) [ECF 97]; *In re Roman Catholic Bishop of San Diego*, Case No. 07-00939 (Bankr. S.D. Cal., Aug. 20, 2007) [ECF 1061]; and *In re The Catholic Bishop of Spokane a/k/a The Catholic Diocese of Spokane*, Case No. 04-08822 (Bankr. E.D. Wa. Dec. 1, 2005) [ECF 883], as amended [ECF 1114].

Bankruptcy Rule 9009 was amended effective December 1, 2017 to provide that "[t]he Official Forms prescribed by the Judicial Conference of the United States shall be used without alteration, *except as otherwise provided in these rules, in a particular Official Form, or in the national instructions for a particular Official Form."* Fed. R. Bankr. P. 9009(a) (emphasis added). However, with respect to proofs of claim, Bankruptcy Rule 3001(a) requires only that such proof of claim "conform substantially to the appropriate Official Form."

The Debtor respectfully submits that the proposed Sexual Abuse Proof of Claim Form conforms substantially with Official Bankruptcy Form 410 because it requires claimants to provide the same substantive information required by the Official Form, while also soliciting additional information needed to properly assess the Sexual Abuse Claims. Accordingly, the Debtor respectfully submits that this Court may authorize the use of the Sexual Abuse Proof of Claim Form for the submission of Sexual Abuse Claims pursuant to Bankruptcy Rule 3001(a) and its inherent equitable authority under section 105 of the Bankruptcy Code to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *In re Caesars Entertainment Operating Co., Inc.*, 808 F.3d 1186, 1188 (7th Cir. 2015) ("Though section 105(a) does not give the bankruptcy court carte blanche—the court

cannot, for example, take an action prohibited by another provision of the Bankruptcy Code—it grants the extensive equitable powers that bankruptcy courts need in order to be able to perform their statutory duties.") (internal citations omitted).

The proposed Bar Date Order provides that, in order to be considered valid, each Sexual Abuse Proof of Claim must: (a) be written in English or include a translation to English, (b) contain responses to all requests for information set forth therein to the best of the Sexual Abuse Claimant's knowledge at the time the form is signed, (c) be signed by the Sexual Abuse Claimant (or if such Sexual Abuse Claimant is a minor, legally incapacitated, or deceased, by such Sexual Abuse Claimant's parent, legal guardian or executor), and (d) be actually received by the Debtor's claims and noticing agent, KCC, on or before the applicable Bar Date. Proofs of claim may be filed (i) electronically using the interface available on KCC's website at https://www.kccllc.net/rcbo, or (ii) by mail, overnight courier, or hand delivery to KCC's address below:

> RCBO Claims Processing Center
> 222 N. Pacific Coast Highway, Suite 300
> c/o KCC
> El Segundo, CA 90245

In the event that a completed Sexual Abuse Proof of Claim Form is mailed to or personally delivered to the Clerk of the Court for the United States Bankruptcy Court for the Northern District of California, the proposed Bar Date Order directs the Clerk of the Court to place the Sexual Abuse Proof of Claim Form in a sealed envelope, mark the envelope with the date and time of receipt, and transmit the sealed envelope to KCC at the address for receipt of Sexual Abuse Proof of Claim Forms above.

## VIII.

## CONFIDENTIALITY PROTOCOL FOR SEXUAL ABUSE CLAIMS

Due to the sensitive nature of the information requested in the Sexual Abuse Proof of Claim Form, the Debtor seeks approval of the following confidentiality protocol (the "Confidentiality Protocol") to apply to all Proof of Claim Forms submitted by Sexual Abuse Claimants:

(a)     All claimants asserting a Sexual Abuse Claim are directed to submit such claims directly to KCC, the claims and noticing agent. Such claims should not be filed with the Court.

MOTION ESTABLISHING DEADLINE TO FILE PROOFS OF CLAIM
-15-

(b)   Sexual Abuse Claims received by KCC will be treated as confidential and will be made available only to Authorized Parties (as defined below) pending further order of the Court.

(c)   Sexual Abuse Claims received by KCC shall be held and treated as confidential by KCC, and copies thereof shall be provided or made available only to the following parties (the "Authorized Parties"):

(i)    The officers of the Debtor, and such other employees or representatives of the Debtor who are necessary to assist the Debtor in reviewing and analyzing the Sexual Abuse Proofs of Claim.

(ii)   Any counsel to the Debtor or the Committee retained pursuant to an order of the Bankruptcy Court;

(iii)  Members of the Committee and their counsel (after the Proof of Claim Forms have been redacted to remove the claimant's name, address, and other information identified in Part 2(a) of the Sexual Abuse Proof of Claim Form, the signature block and any other information which could reasonably be used to personally identify a Sexual Abuse Claimant);

(iv)   Any insurance company that provided insurance that may cover the claims described in any Sexual Abuse Proof of Claim, together with their respective successors, reinsurers, administrators, and counsel;

(v)    Any person appointed pursuant to an order of the Court to serve as a mediator, as a representative for unknown or future claimants, or as a special arbitrator/claims reviewer appointed to review and resolve Sexual Abuse Claims;

(vi)   Any trustee, or functional equivalent thereof, appointed to administer payments to Sexual Abuse Claimants, including pursuant to a plan of reorganization or a proposed plan of reorganization;

(vii)  Authorized representatives of a department of corrections, if a Sexual Abuse Claimant is incarcerated, but only with respect to any Proof of Claim Form filed by such claimant and only to the extent disclosure is required under applicable non-bankruptcy law;

(viii) Upon consent of the Debtor and the Committee, and upon 10 business days' notice to the Sexual Abuse Claimant and his or her counsel of record, any person identified in a Sexual Abuse Proof of Claim who is alleged to have witnessed, committed, or otherwise had knowledge of, any act of abuse against the claimant;

(ix)   Any person who is alleged by the Sexual Abuse Claimant to be responsible, financially or otherwise, whether in the Sexual Abuse Proof of Claim or in any complaint or other filings in any lawsuit, for the consequences of any such act of sexual abuse, and any such person's counsel of record;

(x)    Any person with the express written consent of the Debtor and the Committee, upon 10 business days' notice to the affected claimants and their counsel of record; and

(xi)    Such other persons as the Court may, pursuant to subsequent order, authorize to access to the Proof of Claim Forms; provided, however, that any such determination shall be made on no less than 10 business days' notice to the affected claimant(s) and their counsel of record.

(d)    Notwithstanding the designation of Authorized Parties above, no person or entity may obtain copies of any Proof of Claim Forms submitted by a Sexual Abuse Claimant prior to the execution of a confidentiality agreement substantially in the form attached to this Motion as **Exhibit 4** (the "Confidentiality Agreement"). Counsel to the Debtor, its insurers, and the Committee shall only be required to execute a single Confidentiality Agreement on behalf of those entities and their respective clients, which shall be deemed binding on their entire firm and their respective clients. Access to the Proof of Claim Forms submitted by Sexual Abuse Claimants for all other Authorized Parties shall be restricted to the natural person who executes a Confidentiality Agreement, and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Proof of Claim Forms submitted by Sexual Abuse Claimants on behalf of an Authorized Party.

(e)    Authorized Parties in possession of any Proof of Claim Forms submitted by Sexual Abuse Claimants shall keep the Proof of Claim Forms confidential and shall not use or disclose any information provided in any Proof of Claim Forms submitted by Sexual Abuse Claimants except in accordance with the terms of the Confidentiality Agreement or pursuant to an order of this Court, unless the claimant has elected to make his or her Proof of Claim Forms public by indicating such consent in Part 1 of the Sexual Abuse Proof of Claim Form.

(f)    KCC shall assign to each claimant asserting a Sexual Abuse Claim a unique identifier code and shall maintain a confidential list of the identities of the Sexual Abuse Claimants, their corresponding identifier code, and their respective Proof of Claim Forms.

(g)    In addition, information in Sexual Abuse Proofs of Claim may be required to be disclosed to governmental authorities under mandatory reporting laws in many jurisdictions. If any such disclosures to governmental authorities are required to be made under this paragraph (g), Sexual Abuse Claimants will be notified at the time of such disclosure.

The Debtor respectfully submits that the proposed Confidentiality Protocol is both necessary and appropriate under the circumstances of this Chapter 11 Case. The Debtor is sensitive to the privacy and other concerns which might otherwise impede a Sexual Abuse Claimant's willingness to assert a claim against the Debtor's estate and believes that the Confidentiality Protocol appropriately addresses those issues. Through the Confidentiality Protocol and the Sexual Abuse Proof of Claim Form, the Debtor is attempting to obtain the information that it needs in order to evaluate the Sexual Abuse Claims and the

availability of insurance, while at the same time providing a claim submission process that will not discourage Sexual Abuse Claimants from coming forward and asserting their claims.

## IX.

## PROCEDURES FOR PROVIDING NOTICE OF AND FILING PROOFS OF CLAIM

The Debtor proposes the following procedures for providing notice of the Bar Dates and for filing proofs of claim with respect to General Claims (including Sexual Abuse Claims). The Debtor proposes to serve on all known entities holding potential prepetition General Claims (including Sexual Abuse Claims) and Rejection Damages Claims: (a) a notice of the Bar Dates substantially in the form of the notice attached to this Motion as **Exhibit 5** and incorporated herein by reference (the "Bar Date Notice"); (b) for parties filing proofs of claim with respect to General Claims (other than Sexual Abuse Claims), Amended Schedule Claims, and Rejection Damages Claims, a proof of claim form substantially in the form attached thereto as **Exhibit 2** (defined above as the General Proof of Claim Form); and (c) for parties filing proofs of claim with respect to Sexual Abuse Claims, both the General Proof of Claim Firm and a proof of claim form substantially in the form attached thereto as **Exhibit 3** (defined above as the Sexual Abuse Proof of Claim Form and, collectively with the General Proof of Claim Form, the "Proof of Claim Forms").[8]

In coordination with KCC, the Debtor will direct that the Bar Dates Notice Package be mailed by first-class United States mail, postage prepaid (or equivalent service), to: (a) all known potential claimants, including all entities listed in the Schedules as potentially holding claims; (b) the US Trustee; (c) counsel to the Committee; (d) all parties that have requested notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002; (e) all counterparties to executory contracts and unexpired leases of the Debtor listed in the Schedules or their designated representatives (including all parties to rejected executory contracts and unexpired leases); (f) all parties to pending litigation with the Debtor and their counsel, subject to the confidentiality restrictions proposed by the Debtor in this Chapter 11 Case; (g) the Internal Revenue Service for this District; (h) the attorney general for the State of California; (i) all other entities

---

[8]     The Bar Date Notice and the Proof of Claim Forms, the "Bar Dates Notice Package".

listed on the Debtor's matrix of creditors; and (j) all parties that have filed proofs of claim in this Chapter 11 Case as of the date of entry of the Bar Date Order.

The Debtor respectfully submits that the general public is already aware of the fact that this Chapter 11 Case has been filed as it has been widely publicized in both the local and national news media. The Debtor offered abuse victims counseling and monetary payments through internal programs. Moreover, the passage of the Child Victims Act (AB-218) and the window of time it provided to assert Sexual Abuse Claims has been the subject of a number of advertising campaigns by attorneys soliciting clients. In addition, on or before the service of the Bar Dates Notice Package, the Debtor shall cause the Bar Date Notice, the General Proof of Claim Form and the Sexual Abuse Proof of Claim Form to be posted on the case website established by KCC. As a result of these procedures and efforts, as well as the Debtor's prepetition programs offering counseling and support to victims, claimants will have or should have the information necessary to be able to file claims in this Chapter 11 Case. However, in order to further publicize the Bar Date Order, the Debtor proposes that KCC shall also mail a copy of the Bar Date Notice to the following parties, with a request from the Debtor that the party post the Bar Date Notice in a prominent place until the expiration of the Bar Date: (a) the Attorney General of the State of California, and (b) for each of the counties of Alameda and Contra Costa, the district attorney's office, the sheriff's office, any county government center, at least one public health agency (if any), and at least one substance abuse agency or hospital (if any). Under the circumstances, the Debtor submits that any additional publication notice to potential claimants is unnecessary, particularly in light of the revival window under AB-218 and the fact that such window closed prior to the Petition Date.

The General Proof of Claim Form will state, along with the claimant's name: (a) whether the claimant's claim is listed in the Schedules; (b) whether the claimant's claim is listed as disputed, contingent, or unliquidated; and (c) whether the claimant's claim is listed as secured, unsecured, or priority. If a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the dollar amount of the claim (as listed in the Schedules) also will be identified on the General Proof of Claim

Form. Any entity that relies on the information in the Schedules will bear responsibility for determining that its claim is accurately listed therein.

For any claim to be validly and properly filed, a claimant must deliver a completed, signed original of the General Proof of Claim Form and in the event the claimant is filing a Sexual Abuse Claim, the Sexual Abuse Proof of Claim Form, as applicable, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), to KCC at the address identified on the Bar Date Notice so as to be received no later than 5:00 p.m., prevailing Pacific Time, on the applicable Bar Date. All such filed General Proof of Claim Forms and Sexual Abuse Proof of Claim Forms must: (a) be written in English; (b) set forth with specificity the legal and factual basis for the alleged claim; and (c) conform substantially with the General Proof of Claim Form and/or the Sexual Abuse Proof of Claim Form, as applicable.

The Debtor proposes that claimants be permitted to submit General Proof of Claim Forms and Sexual Abuse Proof of Claim Forms in person or by courier service, hand delivery, or mail. Additionally, General Proof of Claim Forms and Sexual Abuse Proof of Claim Forms may be delivered electronically using the interface available on KCC's website at https://www.kccllc.net/rcbo (the "Electronic Filing System"). *GENERAL PROOF OF CLAIM FORMS AND/OR SEXUAL ABUSE PROOF OF CLAIM FORMS SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.* General Proof of Claim Forms and/or Sexual Abuse Proof of Claim Forms will be deemed filed when actually received by KCC. If a claimant wishes to receive acknowledgement of KCC's receipt of a General Proof of Claim Form and/or a Sexual Abuse Proof of Claim Form, the claimant also must submit to KCC by the applicable Bar Date and concurrently with submitting its original General Proof of Claim Form and/or Sexual Abuse Proof of Claim Form, as applicable, (a) a copy of the original General Proof of Claim Form, and/or Sexual Abuse Proof of Claim Form, as applicable and (b) a self-addressed, postage prepaid return envelope. Claimants who submit General Proof of Claim Forms and/or Sexual Abuse Proof of Claim Forms through KCC's Electronic Filing System will receive an email confirmation of such submissions. Claimants submitting confidential Proof of Claim Forms are directed to submit such Proof of Claim Forms by mail

or electronically via the Electronic Filing System listed above in order to maintain the confidentiality of such Proof of Claim Forms.

The timing of the General Bar Date will ensure that potential creditors known to the Debtor will have received approximately 62 days' notice by mail of the General Bar Date (which such notice was already provided to certain parties in interest, such notice being calculated off the date of the hearing on this Motion), which exceeds the minimum 21-day notice period required by Bankruptcy Rule 2002(a)(7)[9] and satisfies the minimum 30-day notice period for foreign creditors provided by Bankruptcy Rule 2002(p).[10] In addition, for orders approving the rejection of executory contracts or unexpired leases entered after the date that the Bar Date Order is entered, the Debtor will include a description of the Rejection Bar Date in the text thereof, thus providing at least 30 days' notice of the Rejection Bar Date. Similarly, the Debtor will provide parties with at least 30 days' notice of the Amended Schedules Bar Date.

## X.

## EFFECT OF FAILURE TO FILE A PROOF OF CLAIM FORM

The Debtor proposes that, pursuant to sections 105(a) and 503(a) of the Bankruptcy Code[11] and Bankruptcy Rule 3003(c)(2),[12] any entity that is required to file a proof of claim in this Chapter 11 Case

---

[9]      Bankruptcy Rule 2002(a)(7) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of ... the time fixed for filing proofs of claim pursuant to [Bankruptcy] Rule 3003(c) ...." FED. R. BANKR. P. 2002(a)(7).

[10]      Bankruptcy Rule 2002(p) states that, unless the court "for cause orders otherwise, a creditor with a foreign address to which notices under this rule are mailed shall be given at least 30 days' notice of the time fixed for filing a proof of claim under [Bankruptcy] Rule 3002(c) or [Bankruptcy] Rule 3003(c) ...." FED. R. BANKR. P. 2002(p).

[11]      Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense ...." 11 U.S.C. § 503(a). Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title ...." 11 U.S.C. § 105(a).

[12]      Bankruptcy Rule 3003(c)(2) provides that "[a]ny creditor ... whose claim ... is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim ... within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." FED. R. BANKR. P. 3003(c)(2).

Case: 23-40523   Doc# 181   Filed: 06/27/23   Entered: 06/27/23 16:39:09   Page 21 of 23

pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order sought herein with respect to a particular claim against the Debtor, but that fails to do so by the applicable Bar Date, should be forever barred, estopped, and enjoined from: (a) asserting any such claim against the Debtor or its estate or property that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, non-contingent, and liquidated or (ii) is of a different nature, classification, or priority than any such claim identified in the Schedules on behalf of such entity (any such claim under this subsection (a), an "Unscheduled Claim"); or (b) voting on, or receiving distributions under, any chapter 11 plan in this Chapter 11 Case in respect of an Unscheduled Claim. For the avoidance of doubt, nothing contained herein shall preclude a claimant from seeking relief from the Court to file a late-filed claim in accordance with Bankruptcy Rule 9006.

## XI.

## NOTICE

Notice of this Motion is being provided to the Core Service List pursuant to the Court's *Third Interim Order Approving Debtor's Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Docket No. 121] (the "Noticing Order"), pursuant to which no further notice is required. L.B.R. 2015-2(e) requires that any application to modify the reporting requirements be served on all parties "upon whom the monthly report is required to be served." L.B.R. 2015-2(e). L.B.R. 2015-2(c) provides for notice to the US Trustee, the Committee, and such other persons as required by the Court. Pursuant to the Noticing Order, these parties are included on the Core Service List, and therefore no additional notice is required.

## XII.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter the proposed Bar Date Order and grant such other and further relief as may be just and proper.

//

//

//

MOTION ESTABLISHING DEADLINE TO FILE PROOFS OF CLAIM
-22-

DATED: June 27, 2023

**FOLEY & LARDNER LLP**

Jeffrey R. Blease
Thomas F. Carlucci
Shane J. Moses
Emil P. Khatchatourian
Ann Marie Uetz
Matthew D. Lee

*/s/ Shane J. Moses*

SHANE J. MOSES

*Counsel for the Debtor
and Debtor in Possession*