# **Exhibit 1**

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | **FOLEY & LARDNER LLP**<br>Jeffrey R. Blease (CA Bar. No. 134933)<br>Tel: (617) 226-3155; jblease@foley.com<br>Thomas F. Carlucci (CA Bar No. 135767)<br>Tel: (415) 984-9824; tcarlucci@foley.com<br>Shane J. Moses (CA Bar No. 250533)<br>Tel: (415) 438-6404; smoses@foley.com<br>Emil P. Khatchatourian (CA Bar No. 265290)<br>Tel: (312) 832-5156; ekhatchatourian@foley.com<br>Ann Marie Uetz (admitted *pro hac vice*)<br>Tel: (313) 234-7114; auetz@foley.com<br>Matthew D. Lee (admitted *pro hac vice*)<br>Tel: (608) 258-4203; mdlee@foley.com<br>555 California Street, Suite 1700<br>San Francisco, CA 94104-1520<br><br>*Counsel for the Debtor*<br>*and Debtor in Possession* |

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523 WJL<br><br>Chapter 11<br><br>**[PROPOSED] ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**<br><br>Judge: Hon. William J. Lafferty |

Upon the *Motion of the Debtor for an Order Establishing Deadlines for Filing Proofs of Claim and Granting Related Relief* (the "Motion")[1] of The Roman Catholic Bishop of Oakland, a California corporation sole, and the debtor and debtor in possession (the "Debtor" or "RCBO") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case" or the "Bankruptcy Case"), pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline and establishing

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

-1-

procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, its estate, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of the Chapter 11 petition on May 8, 2023 (the "Petition Date"), shall file a proof of such claim in writing or electronically in accordance with the procedures below so that it is received on or before **September 11, 2023 at 5:00 p.m. (prevailing Pacific Time)** (the "General Bar Date").

2. Notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed before **November 6, 2023 at 5:00 p.m. (prevailing Pacific Time)** (the "Governmental Bar Date").

3. Notwithstanding any other provision hereof, claimants must file proofs of claim with respect to amendments or supplements to the Debtor's schedules of assets and liabilities on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable and (ii) 5:00 p.m. (prevailing Pacific Time) on the date that is thirty (30) days from the date on which the Debtor provides notice of previously unfiled schedules of assets and liabilities or an amendment or supplement to the schedules of assets and liabilities (the "Amended Schedules Bar Date").

4. Notwithstanding any other provision hereof, any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (prevailing Pacific Time) on the date that is thirty (30) days after entry of the order authorizing such rejection (the "Rejection Bar Date"). For the avoidance of doubt, a counterparty to an executory contract or unexpired lease is permitted to file a single proof of claim on account of its

claims arising under the applicable contract or unexpired lease agreement (including claims for prepetition defaults and rejection damages) by the Rejection Bar Date.

5. The forms of the Bar Date Notice, attached to the Motion as **Exhibit 5;** the General Proof of Claim Form, attached to the Motion as **Exhibit 2;** the Sexual Abuse Proof of Claim Form, attached to the Motion as **Exhibit 3;** the Confidentiality Agreement, attached to the Motion as **Exhibit 4;** and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects.

6. The following procedures for the filing of proofs of claim shall apply:

(a) General Proofs of Claim must conform substantially to the General Proof of Claim Form attached to the Motion as **Exhibit 2;**

(b) Sexual Abuse Proofs of Claim must conform substantially to **both** the General Proof of Claim Form attached to the Motion as **Exhibit 2 AND** the Sexual Abuse Proof of Claim Form attached to the Motion as **Exhibit 3.** For the avoidance of doubt, parties asserting Sexual Abuse Claims must submit both forms**;**

(c) Proofs of claim must be submitted (i) electronically through Kurtzman Carson's (the "Claims Agent") website for this case at https://www.kccllc.net/rcbo by following instructions for filing proofs of claim electronically; or (ii) by delivering the original proof of claim either by U.S. Postal Service mail to RCBO Claims Processing Center, 222 N. Pacific Coast Highway, Suite 300, c/o KCC, El Segundo, CA 90245;

(d) Proofs of claim will be deemed filed only when received by the Claims Agent on or before the applicable Bar Date;

(e) Proofs of claim must (i) be signed, (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; and (iii) be in the English language; and

(f) Proofs of claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted.

7. The following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a) any person or entity that already has filed a proof of claim against the Debtor in a form substantially similar to the General Proof of Claim Form; provided, however, that any holder of a Sexual Abuse Claim who files a proof of claim on account of a Sexual Abuse Claim using a form substantially similar to the General Proof of Claim Form may subsequently be required to complete the Sexual Abuse Proof of Claim Form or otherwise answer additional questions regarding such Sexual Abuse Claim, including the questions set forth in the Sexual Abuse Proof of Claim Form, in connection with the administration of his or her Sexual Abuse Claim;

(b) any person or entity whose claim is listed on the Schedules filed by the Debtor, provided that (i) the claim is not scheduled as "disputed", "contingent", or "unliquidated" and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

(c) any holder of a claim that heretofore has been allowed by Order of this Court;

(d) any person or entity whose claim has been paid in full by the Debtor;

(e) any holder of a claim for which specific deadlines have previously been fixed by this Court; and

(f) any officer, director, employee, or independent contractor of the Debtor who held such position as of the Petition Date and has a claim against the Debtor for indemnification, contribution, or reimbursement; provided, however, that any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to indemnification, contribution, or reimbursement will be required to file a proof of claim by the General Bar Date, unless another exception identified in this paragraph 7 applies.

8. Nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

9. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution. For the avoidance of doubt, nothing contained in this Order shall preclude a claimant from seeking relief from the Court to file a late-filed claim in accordance with Bankruptcy Rule 9006.

10. Parties asserting General Claims against the Debtor that arose before the Petition Date must use the General Proof of Claim Form substantially in the form attached to the Motion as **Exhibit 2**.

11. Parties asserting Sexual Abuse Claims that arose before the Petition Date must use the General Proof of Claim Form substantially in the form attached to the Motion as **Exhibit 2 AND** the Sexual Abuse Proof of Claim Form substantially in the form attached to the Motion as **Exhibit 3**.

12. If a claimant submits a proof of claim asserting a Sexual Abuse Claim using *only* the General Proof of Claim Form, on or before the General Bar Date, such claim will be treated as timely filed only if such claimant also submits a completed Sexual Abuse Proof of Claim Form prior to the earlier of the General Bar Date and the date which is thirty (30) days following receipt of written notice from the Debtor of the need to complete and submit a Sexual Abuse Proof of Claim Form.

13. Due to the sensitive nature of the information requested in the Sexual Abuse Proof of Claim Form, the following confidentiality protocol (the "Confidentiality Protocol") shall apply to all Proof of Claim Forms submitted by holders of Sexual Abuse Claims (the "Sexual Abuse Claimants"):

(a) All claimants asserting a Sexual Abuse Claim are directed to submit such claims directly to Kurtzman Carson Consultants, LLC ("KCC," or the "Claims Agent"), the claims and noticing agent. Such claims should not be filed with the Court.

(b) Sexual Abuse Claims received by the Claims Agent will be treated as confidential and will be made available only to Authorized Parties (as defined below). The Confidentiality Protocol is for the benefit of the Sexual Abuse Claimants and other parties whose information is contained therein.

(c) Sexual Abuse Claims received by the Claims Agent shall be held and treated as confidential by the Claims Agent, and copies thereof shall be provided or made available only to the following parties (the "Authorized Parties"):

   i) The officers of the Debtor, and such other employees or representatives of the Debtor who are necessary to assist the Debtor in reviewing and analyzing the Sexual Abuse Proofs of Claim.

   ii) Any counsel to the Debtor or the Unsecured Creditors' Committee (the "Committee") retained pursuant to an order of the Bankruptcy Court;

   iii) Members of the Committee and their counsel (after the Proof of Claim Forms have been redacted to remove the claimant's name, address, and other information identified in Part 2(a) of the Sexual Abuse Proof of Claim Form, the signature block and any other information which could reasonably be used to personally identify a Sexual Abuse Claimant);

   iv) Any insurance company that provided insurance that may cover the claims described in any Sexual Abuse Proof of Claim, together with their respective successors, reinsurers, administrators, and counsel;

   v) Any person appointed pursuant to an order of the Court to serve as a mediator, as a representative for unknown or future claimants, or as a special arbitrator/claims reviewer appointed to review and resolve Sexual Abuse Claims;

   vi) Any trustee, or functional equivalent thereof, appointed to administer payments to Sexual Abuse Claimants, including pursuant to a plan of reorganization or a proposed plan of reorganization;

   vii) Authorized representatives of a department of corrections, if a Sexual Abuse Claimant is incarcerated, but only with respect to any Proof of Claim Form filed by such claimant and only to the extent disclosure is required under applicable non-bankruptcy law;

ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM
-5-

Case: 23-40523   Doc# 181-1   Filed: 06/27/23   Entered: 06/27/23 16:39:09   Page 6 of 9

viii) Upon consent of the Debtor and the Committee, and upon 10 business days' notice to the Sexual Abuse Claimant and his or her counsel of record, any person identified in a Sexual Abuse Proof of Claim who is alleged to have witnessed, committed, or otherwise had knowledge of, any act of abuse against the claimant;

ix) Any person who is alleged by the Sexual Abuse Claimant to be responsible, financially or otherwise, whether in the Sexual Abuse Proof of Claim or in any complaint or other filings in any lawsuit, for the consequences of any such act of sexual abuse, and any such person's counsel of record;

x) Any person with the express written consent of the Debtor and the Committee, upon 10 business days' notice to the affected claimants and their counsel of record; and

xi) Such other persons as the Court may, pursuant to subsequent order, authorize to access to the Proof of Claim Forms; provided, however, that any such determination shall be made on no less than 10 business days' notice to the affected claimant(s) and their counsel of record.

(d) Notwithstanding the designation of Authorized Parties above, no person or entity may obtain copies of any Proof of Claim Forms submitted by a Sexual Abuse Claimant prior to the execution of a confidentiality agreement substantially in the form attached to the Bar Date Order as **Exhibit 4** (the "Confidentiality Agreement"). Counsel to the Debtor, its insurers, and the Committee shall only be required to execute a single Confidentiality Agreement on behalf of those entities and their respective clients, which shall be deemed binding on their entire firm and their respective clients. Access to the Proof of Claim Forms submitted by Sexual Abuse Claimants for all other Authorized Parties shall be restricted to the natural person who executes a Confidentiality Agreement and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Proof of Claim Forms submitted by Sexual Abuse Claimants on behalf of an Authorized Party.

(e) Authorized Parties in possession of any Proof of Claim Forms submitted by Sexual Abuse Claimants shall keep the Proof of Claim Forms confidential and shall not use or disclose any information provided in any Proof of Claim Forms submitted by Sexual Abuse Claimants except in accordance with the terms of the Confidentiality Agreement or pursuant to an order of this Court, unless the claimant has elected to make his or her Proof of Claim Forms public by indicating such consent in Part 1 of the Sexual Abuse Proof of Claim Form.

(f) In addition, information in Sexual Abuse Proofs of Claim may be required to be disclosed to governmental authorities under mandatory reporting laws in many jurisdictions. If any such disclosures to governmental authorities are required to be made under this paragraph (f), Sexual Abuse Claimants will be notified at the time of such disclosure.

14. The Claims Agent shall assign to each claimant asserting a Sexual Abuse Claim a unique identifier code and shall maintain a confidential list of the identities of the Sexual Abuse Claimants, their corresponding identifier code, and their respective Proof of Claim Forms.

15. A copy of the Bar Dates Notice Package, including a copy of the Bar Date Notice, the General Proof of Claim Form, and the Sexual Abuse Proof of Claim Form, substantially in the forms attached to the Motion as **Exhibit 2**, **Exhibit 3**, and **Exhibit 5**, is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the Bar Date on:

   (a) the United States Trustee;

   (b) counsel to each official committee;

   (c) all persons or entities that have requested notice of the proceedings in this Chapter 11 Case;

   (d) all persons or entities that have filed claims;

   (e) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

   (f) all parties to executory contracts and unexpired leases of the Debtor;

   (g) all parties to litigation with the Debtor;

   (h) the Internal Revenue Service for the district in which the case is pending; and

   (i) such additional persons and entities as deemed appropriate by the Debtor.

16. The Debtor shall cause the Bar Date Notice, the General Proof of Claim Form, and the Sexual Abuse Proof of Claim Form to be posted on the website established by the Claims Agent for this Chapter 11 Case.

17. Service of the Bar Dates Notice Package in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Dates to all known claimants.

18. KCC shall also mail a copy of the Bar Date Notice to the following, with a request from the Debtor that the party post the Bar Date Notice in a prominent place until the expiration of the Bar Date: (a) the Attorney General of the State of California, and (b) for each of the counties of Alameda and Contra Costa, the district attorney's office, the sheriff's office, any county government center, at least one public health agency (if any), and at least one substance abuse agency or hospital (if any).

19. The Debtor and the Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

20. The entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file proofs of claim or be barred from doing so.

21. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**END OF ORDER**