# **Exhibit 4**

**FOLEY & LARDNER LLP**
Jeffrey R. Blease (CA Bar. No. 134933)
Tel: (617) 226-3155; jblease@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
Tel: (415) 438-6404; smoses@foley.com
Emil P. Khatchatourian (CA Bar No. 265290)
Tel: (312) 832-5156; ekhatchatourian@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
Tel: (608) 258-4203; mdlee@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520

*Counsel for the Debtor
and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523 WJL<br><br>Chapter 11<br><br>**AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT**<br><br>Judge:   Hon. William J. Lafferty |

This Confidentiality Agreement (this "Agreement") is entered into as of [●], 2023.

By [●] (the "Recipient"), an Authorized Party pursuant to paragraph 15(c) of the *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order") [Docket No. ●] entered by the United States Bankruptcy Court for the Northern District of California, Oakland Division (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [●], 2023.

WHEREAS, the Recipient will be granted access to Sexual Abuse Proofs of Claim filed by Sexual Abuse Claimants in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order;

WHEREAS, Recipient acknowledges that the Sexual Abuse Proofs of Claim filed by Sexual Abuse Claimants contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of the parties identified in paragraph 15(d) of the Bar Date Order, access to the Sexual Abuse Proofs of Claim extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Sexual Abuse Proofs of Claim on behalf of an Authorized or Permitted Party.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1. Recipient agrees that the Sexual Abuse Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2. For purposes of this Agreement, the term "Confidential Information" means each Sexual Abuse Proof of Claim itself, and any information contained in a Sexual Abuse Proof of Claim, except to the extent such information (i) was known to the Recipient prior to being disclosed in a Sexual Abuse Proof of Claim, (ii) is or becomes generally available to the public through no act or failure on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality, or (iv) is developed by the Recipient independently without reference to any Sexual Abuse Proof of Claim;

3. Recipient agrees to not to use or distribute any Sexual Abuse Proof of Claim Forms or Confidential Information in violation of this Agreement;

4. Recipient may use Sexual Abuse Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Sexual Abuse Proofs of Claim in the Debtor's Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use");

5. Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court following notice and a hearing;

6. Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, conditions or alleged violations of this Agreement or the Bar Date Order;

7. Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtor and the Creditors' Committee and the Sexual Abuse Claimant and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure;

8. Nothing in this Agreement precludes Recipient from petitioning the Bankruptcy Court in the Chapter 11 Case seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in the Sexual Abuse Proofs of Claim; provided, however, that Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Bankruptcy Court and any other necessary parties and made under seal; and

9. This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Committee.

Dated: _____, 2023     By: _____
                                            Signature

                                        _____
                                        Print Name

AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT