**FOLEY & LARDNER LLP**
Jeffrey R. Blease (CA Bar. No. 134933)
Tel: (617) 226-3155; jblease@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
Tel: (415) 438-6404; smoses@foley.com
Emil P. Khatchatourian (CA Bar No. 265290)
Tel: (312) 832-5156; ekhatchatourian@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
Tel: (608) 258-4203; mdlee@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520

*Counsel for the Debtor
and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523<br><br>Chapter 11<br><br>**STATUS CONFERENCE STATEMENT FOR BANKRUPTCY CASE**<br><br>Judge: Hon. William J. Lafferty<br><br>**Status Conference:**<br>Date: July 12, 2023[1]<br>Time: 10:30 a.m.<br>Place: United States Bankruptcy Court<br>1300 Clay Street<br>Courtroom 220<br>Oakland, CA 94612 |

**TO THE HONORABLE WILLIAM J. LAFFERTY, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES AND/OR THEIR COUNSEL OF RECORD:**

---

[1] The Debtor has discussed with the Court on the record rescheduling the status conference due to the Debtor's scheduling conflict with the July 12th date and is requesting a new date from Ms. Fan. Accordingly, the Debtor believes the status conference will be scheduled for a later date TBD. Because that new date has not yet been set, the Debtor submits this status conference statement in contemplation of a new date for the status conference, and will update this status conference statement accordingly.

The Roman Catholic Bishop of Oakland, a California corporation sole, and the debtor and debtor in possession (the "Debtor" or "RCBO") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case" or the "Bankruptcy Case"), hereby submits its status conference statement for the July 12, 2023 status conference (the "Status Conference").

**1. The factors (business, financial, operational and any other problems) leading to this bankruptcy filing, the Debtor's objectives in this Chapter 11 Case, and the means proposed to achieve those objectives.**

On October 13, 2019, Governor Gavin Newsom signed into law California Assembly Bill No. 218 ("AB 218"). AB 218 revived the statute of limitations for individuals to file civil lawsuits for childhood sexual abuse. The passage of AB 218 allowed certain individuals to bring what had been time-barred claims against individuals and entities for such claims through and including December 31, 2022. As of May 4, 2023, there were approximately 332 separate, active lawsuits or mediation demands pending against the Debtor filed by plaintiffs alleging sexual abuse by clergy or others associated with the Debtor.

The Debtor has neither the financial means nor the practical ability to litigate all of the abuse claims in state court. This Chapter 11 Case will allow all of the claims to be filed and decided in a single forum – the Bankruptcy Court – and will ensure that all meritorious abuse claims be paid on a fair and equitable basis pursuant to an approved plan.

In this Chapter 11 Case, the Debtor will pursue a plan of reorganization that will fairly and equitably compensate abuse survivors and will also enable the Debtor to continue its mission to serve the needs of the faithful within the diocese, and to continue to provide social services to numerous underserved people and groups in the East Bay, regardless of their religious faith. The Debtor will take responsibility for the suffering of abuse survivors and ensure that credible claims of abuse are compensated through an expedited, uniform claims process. The Debtor will also endeavor to move through the Chapter 11 Case quickly in order to preserve assets and to hasten the payment of compensation to abuse survivors. One of the Debtor's most significant assets is its portfolio of insurance policies from which it is pursuing coverage to help pay abuse claims, through a declaratory judgment adversary proceeding filed in this Court.

**2. A proposed schedule for filing a plan and disclosure statement, and for confirmation of the proposed plan.**

The schedule for this remains to be determined.

**3.     An outline of the proposed plan;**

The outline of the proposed plan remains to be determined.

**4.     The type, status and adequacy of insurance coverage of the Debtor's assets;**

The Debtor maintains a comprehensive insurance program as part of the ordinary course of its operations. This program includes more than twenty insurance policies issued by a number of carriers (the "<u>Program Policies</u>") and a self-insurance program covering losses within the deductible and self-insured retention amounts of the policies (the "<u>Self-Insured Coverages</u>"). Collectively, these Program Policies and Self-Insured Coverages (together, the "<u>Insurance Program</u>") provide coverages for, among other things, real property, general and specialized liability, equipment, cyber and privacy, and excess lines related to the foregoing. The Debtor is in the process of renewals for the Insurance Program. *See generally*, DKT. 0015, Debtor's Motion For Interim And Final Orders Authorizing The Debtor To (I) Continue Existing Insurance Coverage And Satisfy Obligations Related Thereto, And (II) Renew, Amend, Supplement, Extend Or Purchase Insurance Policies In The Ordinary Course Of Business

In addition, the Debtor has worked to identify and preserve insurance policies in effect when clergy sexual abuse allegedly occurred, including, at various points, primary and excess insurance policies. The Debtor has made substantial effort to pull together insurance policies and secondary evidence of insurance coverage from the early 1960's to the present. Due to the passage of time and the ordinary course of the Debtor's business, some documents regarding insurance coverage could not be located, and in some cases, evidence of insurance policies were pulled together from various documents. The Debtor has maintained insurance coverage through a series of primary, excess and umbrella insurers from the early 1960's through the present. Relevant to coverage of claims for alleged clergy sexual abuse, the Debtor has investigated and continues to investigate available insurance policies in existence since the Debtor's inception. See generally, *Roman Catholic Bishop of Oakland v. Pacific Indemnity, et. al.*, Adversary Proceeding No. 23-04028, *First Amended Complaint for Breach of Contract and Declaratory Judgment Relief* [Dkt. No. 2] (the "<u>Insurance Adversary Proceeding</u>").

STATUS CONFERENCE STATEMENT FOR BANKRUPTCY CASE

Case: 23-40523   Doc# 192   Filed: 07/05/23   Entered: 07/05/23 19:04:41   Page 3 of 6

4885-9974-6413.4

**5. Whether the Debtor has met the requirements for retaining professionals in the case, and the estate's need for retaining any additional professionals (e.g., attorneys, accountants, brokers, etc.).**

Thus far, this Court has entered orders approving the Debtor's retention of: Foley & Lardner LLP, Kurtzman Carson Consultants, LLC, and Alvarez & Marsal North America, LLC.

In addition, the Debtor filed its *Motion for an Order (i) Authorizing the Retention and Payment, Effective as of the Petition Date, of Professionals Utilized by the Debtor in the Ordinary Course of Business and (ii) Granting Related Relief* [Dkt. No. 178]. Currently this matter is set for hearing on July 18, 2023. After discussions with counsel for the Official Committee of Unsecured Creditors (the "Committee"), counsel has indicated that the Committee does not object to this Motion.

**6. The Debtor's post-petition operations, revenue and financial results.**

The Debtor timely filed its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs on May 22, 2023 [Dkt. No. 82]. The Debtor also filed Amended Schedules on June 8, 2023 [Dkt. 137], and further Amended Schedules on June 21, 2023 [Dkt. 169].

On June 22, 2023, the Court entered its *Order (1) Pursuant to L.B.R. 2015-2(e) Extending Time to File Monthly Operating Reports, and (2) Modifying Order for Payment of State and Federal Taxes* [Dkt. No. 165]. The Debtor shall timely comply with the schedule set forth in that order.

**7. The status of any litigation pending in or outside of this Court.**

As set forth in Section 1, above, as of May 4, 2023, the Debtor was subject to approximately 332 separate claims by plaintiffs alleging sexual abuse by clergy or others associated with the Debtor. The civil lawsuits alleging sexual abuse are coordinated in the California Superior Court for the County of Alameda, in Judicial Council Coordinated Proceeding 5108 ("JCCP 5108"). Promptly following filing of the petition, the Debtor filed notice of the bankruptcy stay in the abuse cases through the JCCP 5108 lead case, which was served on all plaintiffs' counsel firms by electronic service, and in other non-abuse cases not included in the JCCP 5108 process.

In certain pending state court litigation in JCCP 5108 (Cases 22-CV-017872 and 22-CV-023118), certain individual priests employed by the Debtor have retained separate counsel, Dan Webb of Winston

& Strawn LLP, to address potential violations of California privacy law. Mr. Webb is negotiating the matter with counsel for the plaintiffs in those cases.

In addition, the counsel for the Debtor has addressed what it believes to be violations of the automatic stay with two counsel for certain plaintiffs in the state court litigation. Those two issues remain open, the Debtor expects that discussions will continue, and will bring a motion for appropriate relief before this Court only if necessary.

As mentioned above, the Debtor filed the Insurance Adversary Proceeding on June 22, 2023. All of the Defendants have been served, and there is a status conference set for September 6, 2023. The Committee has filed a motion to intervene in the Insurance Adversary proceeding, which is set for hearing on August 9, 2023 [Adversary Proceeding Dkt. No. 16].

**8.    The Debtor's attendance at a meeting of creditors pursuant to 11 U.S.C. § 341(a), and compliance with requests for information from the U.S. Trustee (including but not limited to requests made in the Initial Debtor Interviews).**

The Section 341 Meeting of Creditors was held and concluded on June 21, 2023. Bishop Michael Barber, Paul Bongiovanni (the Debtor's CFO) and Charles Moore (the Debtor's financial consultant) testified at the Meeting. The Debtor believes it has responded to all outstanding requests from the U.S. Trustee, other than as it relates to one bank account, as detailed in No. 9 below.

**9.    The status of monthly operating reports, debtor-in-possession (DIP) accounts and required post-petition payments to taxing authorities.**

On June 22, 2023, the Court entered its *Order (1) Pursuant to L.B.R. 2015-2(e) Extending Time to File Monthly Operating Reports, and (2) Modifying Order for Payment of State and Federal Taxes* [Dkt. No. 165]. The Debtor shall timely comply with the schedule set forth in that order.

The Debtor is still in the process of converting one remaining bank account from Citibank to a debtor-in-possession account at US Bank. The Debtor has informed the U.S. Trustee of this fact and will update when the transfer is complete.

All required tax payments have been made.

**10.    Whether the Debtor has met the requirements for using cash collateral and obtaining credit.**

Case: 23-40523    Doc# 192    Filed: 07/05/23    Entered: 07/05/23 19:04:41    Page 5 of 6
4885-9974-6413.4

Not applicable.

11. **Orders entered in the case granting relief from the automatic stay, extending or refusing to extend the automatic stay or determining there is no automatic stay in effect as to any or all creditors.**

None to date.

12. **Motions to assume or reject any executory contracts or unexpired leases that have been or are expected to be filed.**

None have been filed to date. The Debtor expects to file a motion to reject a contract with Blackbaud, Inc.

13. **Unique issues concerning secured debt, employees, cash collateral, executory contracts, existing management and/or equity owners.**

None to date.

14. **Unusual developments or events that have occurred or are expected to occur in the case, and any other matters that might materially affect the administration of this case.**

None to date.

DATED: July 5, 2023  Respectfully submitted,

**FOLEY & LARDNER LLP**
Jeffrey R. Blease
Thomas F. Carlucci
Shane J. Moses
Ann Marie Uetz
Matthew D. Lee

*/s/ Shane J. Moses*
SHANE J. MOSES

*Counsel for the Debtor
and Debtor in Possession*