Entered on Docket
July 09, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes the order of the Court.
Signed: July 8, 2023

_____
**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

**LOWENSTEIN SANDLER LLP**
JEFFREY D. PROL (admitted *pro hac vice*)
jprol@lowenstein.com
BRENT WEISENBERG (admitted *pro hac vice*)
bweisenberg@lowenstein.com
COLLEEN M. RESTEL (admitted *pro hac vice*)
crestel@lowenstein.com
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
tkeller@kbkllp.com
JANE KIM (Cal. Bar No. 298192)
jkim@kbkllp.com
GABRIELLE L. ALBERT (Cal. Bar No. 190895)
galbert@kbkllp.com
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Proposed Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523 WJL<br><br>Chapter 11<br><br>**ORDER AUTHORIZING RETENTION OF KELLER BENVENUTTI KIM LLP AS LOCAL COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE ROMAN CATHOLIC BISHOP OF OAKLAND EFFECTIVE AS OF JUNE 1, 2023** |

Upon the Application, dated June 27, 2023 (the "Application"), of the Official Committee of Unsecured Creditors of the Roman Catholic Bishop of Oakland (the "Committee") pursuant to section 1103(a) of title 11 of the United States (the "Bankruptcy Code") and Rules 2014(a) and

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authority to retain Keller Benvenutti Kim LLP ("KBK") as local counsel for the Committee in the above-captioned chapter 11 case (the "Chapter 11 Case"), effective as of June 1, 2023 (the "Selection Date"), as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157 (b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other further notice need be provided; and this Court having reviewed the Application, the Keller Declaration, and this Court having found and determined that the relief sought in the Application is in the best interest of the Debtor, its estate, creditors, shareholders, and all parties in interest; and that legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

2. The Committee is authorized, pursuant to section 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, to retain and employ KBK as its local counsel in this Chapter 11 Case, in accordance with KBK's normal hourly rates policies, all as contemplated by the Application, effective as of the Selection Date.

3. KBK is authorized to render the following professional services:

    (a) Providing legal advice to the Committee with respect to its duties and powers in this Chapter 11 Case;

    (b) Consulting with the Committee and the Debtor concerning administration of this Chapter 11 Case;

    (c) Assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor, sales under

section 363 of the Bankruptcy Code, the formulation of a chapter 11 plan, litigation relating to any of the foregoing, and any other matter relevant to this Chapter 11 Case;

    (d)    Assisting the Committee in analyzing the Debtor's capital structure;

    (e)    Assisting the Committee in evaluating claims against the estate, including analysis of and possible objections to the validity, priority, amount, subordination, or avoidance of claims and/or transfers of property in consideration of such claims;

    (f)    Assisting the Committee in participating in the formulation and confirmation of a chapter 11 plan, including the Committee's communications with unsecured creditors concerning such plan;

    (g)    Assisting the Committee with any effort to request the appointment of a trustee or examiner;

    (h)    Advising and representing the Committee in connection with matters generally arising in this Case, including the obtaining of credit, the sale of assets, and the rejection or assumption of executory contracts and unexpired leases;

    (i)    Appearing before this Court, any other federal court, state court or appellate court;

    (j)    Providing traditional services of local co-counsel including, without limitation: monitoring the docket for filings and coordinating with lead counsel in matters that need response; preparing certifications of counsel, and notices of fee applications and hearings; and preparing documents and pleadings for hearings; and

    (k)    Performing such other legal services as may be required and which are in the interests of unsecured creditors or otherwise directed by the Committee.

4. KBK shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and ==shall be subject to sections 330 and 331 of the Bankruptcy Code,== the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any further order of the Court.

5. KBK shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

6. KBK shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in this Chapter 11 Case.

7. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

8. KBK shall provide reasonable notice to the Debtor and the U.S. Trustee of any increase of KBK's hourly rates as set forth in the Keller Declaration.

9. For the avoidance of doubt, KBK shall not withdraw from representation of the Committee in this Chapter 11 Case absent Court approval.

10. To the extent the Application is inconsistent with this Order, the terms of the Order shall govern.

11. Notwithstanding anything to the contrary in this Order or the Application, the Court is not approving terms and conditions of KBK's employment under 11 U.S.C. 328(a).

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

**Service List**

ORDER