**LOWENSTEIN SANDLER LLP**
JEFFREY D. PROL (Admitted Pro Hac Vice)
jprol@lowenstein.com
BRENT WEISENBERG (Admitted Pro Hac Vice)
bweisenberg@lowenstein.com
COLLEEN M. RESTEL (Admitted Pro Hac Vice)
crestel@lowenstein.com
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
tkeller@kbkllp.com
JANE KIM (Cal. Bar No. 298192)
jkim@kbkllp.com
GABRIELLE L. ALBERT (Cal. Bar No. 190895)
galbert@kbkllp.com
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *In re:*<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523 WJL<br><br>Chapter 11<br><br>**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FINAL APPROVAL OF DEBTOR'S AMENDED MOTION FOR APPROVAL OF CONFIDENTIALITY PROCEDURES**<br><br>Judge: Hon. William J. Lafferty<br><br>Date: July 18, 2023<br>Time: 9:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>        1300 Clay Street, Courtroom 220<br>        Oakland, CA 94612 |

The Official Committee of Unsecured Creditors (the "**Committee**") of The Roman Catholic Bishop of Oakland (the "**Debtor**") files this limited objection (this "**Objection**") to final approval of the *Debtor's Amendment to Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. 201] (the "**Amended Motion**").[1] In support of this Objection, the Committee relies on the objection it filed to the prior iteration of the Amended Motion [Dkt. 132], and states as follows:

# I.
# **PRELIMINARY STATEMENT**

1. While the Debtor has withdrawn its request to conceal the names of *all* clergy accused of sexually abusing children within the diocese (or covering up that abuse), the Debtor now seeks an order of this Court prohibiting the filing of documents disclosing the names of ***two priests it currently employs that are alleged to have committed abuse*** (the "**Accused Employees**").[2] The Debtor's Amended Motion should be denied at this time because no party has sought to file a document with this Court containing the names of the Accused Employees. Unless a party does so, ruling on the Amended Motion would constitute an improper advisory opinion.

2. If this Court were nonetheless inclined to address the Amended Motion now, Section 107 of the Bankruptcy Code, and this Court's *Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents* (the "**Sealing Procedures**"), do not permit the names of the Accused Employees to be sealed because:

   (i) The names of the Accused Employees are—lawfully—in the public domain, ***including through a public statement issued by one of the Accused Employees acknowledging the allegations against him.***

   (ii) The Debtor has not complied with the Sealing Procedures by failing to file a declaration attesting to the factual bases for the relief sought. In fact, the Debtor has alleged no harm that would befall the Accused Employees if their names were to be used in a public filing.

---

[1] Capitalized terms not defined in this Objection have the meaning ascribed to them in the Amended Motion.

[2] During the July 21, 2023 Section 341 Meeting of Creditors, the Debtor's representative revealed that two individuals accused of sexually abusing children remain employed by the Debtor.

-2-

3.     While the issue before this Court is narrow, and can easily be decided based on the case law set forth below, the Debtor's efforts to conceal the names of the Accused Employees is particularly troubling given the Debtor's pledge to transparency in this Chapter 11 Case[3] and the compelling public interest in making certain that children under the care of the Debtor are safe.

4.     Under the "*Policy of the Diocese of Oakland Regarding Sexual Misconduct*" attached as **Exhibit A**, the Most Reverend Michael C. Barber, SJ (the "**Bishop**") committed to address "all reported allegations of sexual misconduct by clerics or diocesan employees in a prompt, comprehensive, and pastoral manner."[4] The Committee requested documents confirming that the Bishop took the necessary steps to protect children upon being informed of the allegations made against the Accused Employees.[5] But the Debtor has refused to produce *any* documents in response to that request.[6] Indeed, in response to the Committee's request, and the Committee's insistence that the Debtor honor its commitment to transparency, the Debtor has (i) baselessly alleged that certain state court counsel have violated the automatic stay merely by listing the names of publicly accused priests in state court filings (which are required to be filed under state court orders) and (ii) insinuated—falsely—that counsel for the Committee publicized the names of alleged abusers. The Committee will not address the Debtor's attempts to create red herrings in this Objection and will address the Debtor's refusal to consensually provide the documents requested separately.

---

[3] *See Debtor's Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. 6] ("The Debtor is committed to transparency and openness during the pendency of its Bankruptcy Case.").

[4] To that end, the diocese website sets forth a series of steps the diocese will take when it receives an allegation that a clergy member sexually abused a child, including reporting the allegation to law enforcement. *See Reporting & Victims Assistance*, Diocese of Oakland, https://oakdiocese.org/victims-assistance (last visited July 13, 2023).

[5] Attached as **Exhibit B** is a copy of the June 26, 2023 letter sent on behalf of the Committee to the Debtor requesting such documents.

[6] Attached as **Exhibit C** is a copy of the June 30, 2023 letter sent on behalf of the Debtor in response to the Committee's June 26, 2023 letter. Attached as **Exhibit D** is a copy of the letter from counsel to the Accused Employees responding to the Committee's June 26, 2023 letter.

-3-

## II.
## LIMITED OBJECTION

5. The Committee does not oppose the relief sought in the Amended Motion *other than* the Debtor's request to prophylactically seal the names of the Accused Employees in this Chapter 11 Case. As explained above, this issue is not yet ripe for adjudication and so, a decision by this Court should await an actual judiciable controversy. For this reason, this Court need not address the Ninth Circuit's decision in *Father M. v. Various Tort Claimants (In re Roman Cath. Archbishop of Portland in Or.)*, 661 F.3d 417 (9th Cir. 2011), which was a focus of the prior hearing on this matter and the primary case relied on by the Debtor. *Father M.* was limited to determining whether Section 107 of the Bankruptcy Code permits **the sealing of documents** filed with a bankruptcy court, specifically a memorandum that summarized evidence, including priest files, that could be seen as scandalous, not whether the **use of names** may be used in other contexts, particularly where those names are already properly in the public domain. 661 F.3d at 429–31.

6. Even if this Court were to rule on this matter now, this Court should deny the requested relief because (i) the identities of the Accused Employees are already lawfully in the public domain and (ii) the Debtor has failed to provide this Court with the necessary factual predicate for the relief it seeks, as required by the Sealing Procedures.

**A.  The Identities of the Accused Employees Are Lawfully in the Public Domain.**

7. It is well accepted that Section 107 of the Bankruptcy Code cannot be used to seal public documents or information derived from public documents. While the Debtor appears to concede this point, it then argues that a motion to seal under Section 107 is not moot because information is in the public domain. (*See* Amended Motion, p. 6.) Yet the Debtor fails to cite a single case in which a court sealed publicly available information. Indeed, while the Debtor cites *United States v. Hart (In re Hart)* to prove Section 107 may be used to seal information already in the public domain, the *Hart* court held that where information, such as allegations in a complaint, are already in the public record, both through unrelated court proceedings and media coverage, the

-4-

re-use of the information is not scandalous. *See United States v. Hart (In re Hart)*, 516 B.R. 611, 618 (Bankr. D. Idaho 2014).

8. While the Debtor has repeatedly asserted that the names of the Accused Employees are protected by Section 340.1(l) of the California Code of Civil Procedure, Section 340.1(l) only requires that **a defendant in an action commenced under Section 340.1(l)** be named by a "Doe" designation in any pleadings or papers filed **in the action**. Section 340.1(l) does not otherwise prohibit reference to an individual's name in the body of a complaint or otherwise outside the state court action.

9. One of the Accused Employees is **not** a named defendant in an action commenced under Section 340.1(l) but is lawfully identified in the body of a complaint. Accordingly, **he is not** entitled to the protections of Section 340.1(l). The other Accused Employee **is** a named defendant in an action commenced under Section 340.1(l). While he is named as a "Doe" in that action, he has been lawfully identified in a separate administrative proceeding in the "*Northern California Clergy Cases*," being administered in the Superior Court of the State of California, County of Alameda, Case No. JCCP 5108 (the "**Coordination Proceeding**"). Under the *Case Management Conference Order* entered in the Coordination Proceeding, the parties, "Plaintiffs' Liaison Counsel" and Institutional Defendants' Liaison Counsel, are required to file a monthly *Joint Case Management Conference Statement*, including a matrix listing, among other things, all cases in the Coordination Proceeding. *See* Case Management Order attached as **Exhibit E**. That matrix requires that the parties list each alleged abuser by name. The parties have since filed an updated Matrix as required by the Case Management Conference Order every month, without objection from any attorney in the Coordination Proceeding. The most recent Matrix filed by the parties, which is publicly available, is attached as **Exhibit F**.[7]

10. Neither Accused Employee has sought to take any action for well over six months to assert any right they may have—they have none—to privacy. In fact, **one of the Accused**

---

[7] In an abundance of caution and in accordance with the *Third Interim Order Approving Debtor's Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. 121], the Committee is filing Exhibit F under seal. However, the Committee does not believe there is any basis for sealing Exhibit F.

Case: 23-40523    Doc# 232    Filed: 07/14/23    Entered: 07/14/23 12:34:32    Page 5 of 8

*Employees released his own statement in connection with the allegations, putting his own name further into the public domain*. See **Exhibit G**.[8]

11. Because the identities of the Accused Employees have been lawfully in the public domain for months—the complaints alleging abuse against the Accused Employees were filed on September 14, 2022 and December 5, 2022—there is no justification to seal their names in this Chapter 11 Case.

12. The Debtor's attempt to "reclaim" information already in the public domain will neither undo any alleged harm (of which there has been no evidence presented) nor will it prevent any future harm. *See Garedakis v. Brentwood Union Sch. Dist.*, No. 14-cv-04799-PJH (DMR), 2015 U.S. Dist. LEXIS 54979, at *10 (N.D. Cal. Apr. 27, 2015) ("To the extent that materials are in the public domain, they are already accessible to the public. No interest will be served by prohibiting the public from accessing those materials in this lawsuit. Accordingly, Defendants have not shown good cause for preventing the disclosure of information already in the public domain."). Here, like in *Garedakis*, this Court should not override the presumption of access to information where such information is already readily accessible in the public domain.

**B.    The Debtor Has Not Met Its Burden to Seal the Names of the Accused Employees.**

13. As the party seeking the extraordinary relief of modifying the presumption of public access to judicial records codified in Section 107 of the Bankruptcy Code, the Debtor has the heavy burden of establishing specific prejudice or harm that will result from disclosure of the identities of the Accused Employees. *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014). Indeed, this Court's Sealing Procedures mandate that a motion seeking to seal information be accompanied by a declaration attesting to the factual bases for the relief sought. The Debtor has not done so.[9] ***Indeed, the Debtor has not even alleged prejudice or harm***. Without presenting

---

[8] In an abundance of caution and in accordance with the *Third Interim Order Approving Debtor's Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. 121], the Committee is filing Exhibit G under seal. However, the Committee does not believe there is any basis for sealing Exhibit G.

[9] While the Debtor seemingly relies on the Declaration of Charles Moore (*see* Amended Motion, p. 3) filed in

specific evidence of harm, such as through a declaration of the Accused Employees, the Amended Motion should not be granted. The Sealing Procedures mandate this result.

14. In any event, while the Debtor seeks to rely on *Father M.* because the Ninth Circuit granted two priests' request to seal a punitive damages memorandum and attached documents, including the employment files of the priests accused of having sexually abused children, the facts before this Court are meaningfully distinct, thereby prohibiting the names of the Accused Employees from being sealed. While it is unclear what was contained in the punitive damages memorandum that justified its sealing, the *Father M.* decision indicates that it "'summarize[d] the pattern and practice evidence and the punitive damages evidence in support of the estimation' of five unresolved tort claims. The memorandum included, as attachments, the clergy personnel files of 27 priests (including Father M and Father D), plus deposition excerpts and other documents." 661 F.3d at 422 (alteration in original). For these reasons, the Ninth Circuit's determination that "allegations that a priest has sexually abused children are most assuredly 'scandalous'" was likely informed by the contents of the punitive damages memorandum, and the use of Father M and Father D's name in connection therewith. *Id.* at 433. Here, the Debtor would have this Court hold that the mere allegation of a crime against an individual, without any other facts or evidence in the record, are grounds upon which to seal a name under Section 107, irrespective of whether use of the accused name is permitted under other governing law.[10] This Court should not adopt such a broad rule.

15. Indeed, blindly establishing such a bright line rule would be particularly problematic in a case like this, where California courts have consistently held that records in

---

support of certain first day relief sought by the Debtor [Dkt. 19], Mr. Moore provides no relevant testimony to support the relief the Debtor requests here.

[10] On the contrary, a foundational principle upon which our constitution and legal system is built is the right to public access of information, including access to information arising from criminal proceedings. *See, e.g.*, *Associated Press v. U.S. Dist. Ct. for Cent. Dist. of California*, 705 F.2d 1143, 1145 (9th Cir. 1983) ("We thus find that the public and press have a first amendment right of access to pretrial documents in general," which includes indictments). That right includes a right to know whether an individual has been indicted of a criminal act. *See United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1196 (9th Cir. 2011) ("We hold that the public has a qualified common law right of access to warrant materials after an investigation has been terminated," which includes indictments.).

Case: 23-40523　Doc# 232　Filed: 07/14/23　Entered: 07/14/23 12:34:32　Page 7 of 8

connection with priests accused of sexual molestation cannot be concealed on the basis of individual privacy rights. *See, e.g., Garedakis*, 2015 U.S. Dist. LEXIS 54979, at *13–14 (District Court for the Northern District of California refused to keep confidential the names of administrators in a public school system that were accused of abusing, or having knowledge about the abuse of, children, noting that the public interest in protecting children outweighed any private interests of the administrators.); *In re The Clergy Cases I*, 116 Cal. Rptr. 3d 360, 363 (Cal. Ct. App. 2010) ("We hold that compelling social interests in protecting children from molestation outweigh the Individual Friar's privacy rights . . . ."); *Roman Cath. Archbishop of Los Angeles v. Superior Ct.*, 32 Cal. Rptr. 3d 209 (Cal. Ct. App. 2005).

**WHEREFORE**, the Committee requests that this Court sustain this Objection, deny the Amended Motion as set forth above and grant any other relief to the Committee as is just and proper.

Dated: July 14, 2023

By: *Gabrielle L. Albert*
Tobias S. Keller (Cal. Bar. No. 151445)
Jane Kim (Cal. Bar No. 298192)
Gabrielle L. Albert (Cal. Bar No. 190895)
**KELLER BENVENUTTI KIM LLP**
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

- *and* -

Jeffrey D. Prol (Admitted Pro Hac Vice)
Brent Weisenberg (Admitted Pro Hac Vice)
Colleen M. Restel (Admitted Pro Hac Vice)
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

*Counsel for the Official Committee of Unsecured Creditors*