# EXHIBIT A



24050289

# FILED
ALAMEDA COUNTY

MAR 2 5 2021

CLERK OF THE SUPERIOR COURT

By_____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| Coordinated Proceeding | No. JCCP 5108 |
| Special Title (Rule 3.550) | [PROPOSED] ORDER APPROVING MASTER COMPLAINT AND NOTICE OF ADOPTION FORMS AND REQUIRING USE BY ALL PLAINTIFFS |
| **NORTHERN CALIFORNIA CLERGY CASES** | |
| | Judge: Hon. Winifred Smith |
| |        Coordination Trial Judge |
| | Dept: 21 |

The Court, having reviewed the proposed forms for Master Complaint and Notice of Adoption of Master Complaint, hereby Orders as follows:

1- That the forms for the Master Complaint and Notice of Adoption of Master Complaint, copies of which are attached as Exhibits 1 and 2 respectively to this Order, are approved for use in this Coordination Proceeding. This approval is as to the use of the forms as a procedure, and does not represent a judicial determination or an acknowledgment by Defendants as to the viability or merits of the content, allegations, causes of action and/or remedies pleaded therein. Defendants have reserved their rights to bring challenges to the

-1-

ORDER APPROVING MASTER COMPLAINT

Master Complaint and the Notices of Adoption.

2- That each Plaintiff in any action joined in this Coordination Proceeding as of the date of this Order shall, within 45 days of electronic service of the Order, file and electronically serve upon all Defendants who have appeared in that Plaintiff's case, a completed and signed Notice of Adoption of Master Complaint form. Said Notice and the Master Complaint shall thereafter be deemed the operative pleading in each individual case in which it is filed.

3- Each Plaintiff in any action added on to this Coordination Proceeding after the date of this Order shall, within 45 days of issuance of an Order Adding On that case, file and electronically serve upon all Defendants who have appeared in that Plaintiff's case, a completed and signed Notice of Adoption of Master Complaint form. Said Notice and the Master Complaint shall thereafter be deemed the operative pleading in each individual case in which it is filed.

4- Each Plaintiff subject to this Order shall serve the completed Notice of Adoption of Master Complaint upon any Defendant who is served or appears in that Plaintiff's case after the initial service of the Notice of Adoption.

5- The time periods set forth above may be extended by stipulation of the parties for a time period not to exceed 30 days. Requests or Stipulations for extensions of time in excess of thirty days shall be granted only upon approval of the Court for good cause.

6- This Order does not preclude any further Motions to Amend an operative Master Complaint or Adoption thereof to add a claim for Punitive Damages pursuant to C.C.P. section 425.14, or such other amendments as may be permitted by the Court based upon the stipulation of all parties to that action or further Order of the Court.

7- This Order does not set forth the time period for filing a response pleading by a defendant to the Master Complaint or Notice of Adoption.

-2-

IT IS SO ORDERED.

DATED: March 25, 2021

Hon. Winifred Smith

Coordination Trial Judge

-3-

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| NORTHERN CALIFORNIA CLERGY CASES | Case No.: JCCP 5108<br>Judge: Hon. Winifred Smith<br>Department: 21<br><br>**MASTER COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) INTENTIONAL INFLICTIONOF EMOTIONAL DISTRESS;**<br>**(2) HUMAN TRAFFICKING (*CIVIL CODE* §52.5)**<br>**(3) NEGLIGENCE;**<br>**(4) NEGLIGENT SUPERVISION;**<br>**(5) NEGLIGENT RETENTION/HIRING;**<br>**(6) NEGLIGENT FAILURE TO WARN, TRAIN OR EDUCATE;**<br>**(7) BREACH OF FIDUCIARY DUTY;**<br>**(8) CONSTRUCTIVE FRAUD (*CIVIL CODE* §1573);**<br>**(9) SEXUAL HARASSMENT (*CIVIL CODE* §51.9);**<br>**(10) FRAUDULENT TRANSFER (*CIVIL CODE* §3439, *ET SEQ.*) ;**<br>**(11) SEXUAL BATTERY (*CIVIL CODE* § 1708.5 ;**<br>**(12) SEXUAL ASSAULT**<br>**(13) GENDER VIOLENCE**<br>**(14) VIOLATION OF *PENAL CODE* §288(A) ;**<br>**(15) VIOLATION OF *PENAL CODE* §647.6(A) ;**<br>**(16) VIOLATION OF *PENAL CODE* §265.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW**, the Plaintiffs who hereby complain and allege against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE PERPETRATOR, and DOES 1 through 500, inclusive ("Defendants"), as follows:

**1**

Case: 23-40523    Doc# 235-1    Filed: 07/04/23    Entered: 07/04/23 13:09:06    Page 5 of 48

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

1.     The Plaintiffs, survivors of childhood sexual abuse, bring this action to hold the religious institutions accountable that they and their family entrusted with their safety as minor children; institutions that harbored their perpetrators and failed to protect these minor children with whom the RELIGIOUS ENTITY DEFENDANTS stood *in loco parentis.* This case seeks to vindicate the rights of these survivors who unnecessarily suffered abuse at the hands of trusted religious leaders, to whom they were vulnerable and which they trusted. This Master Complaint has been created and will be adopted by each Plaintiff assigned to the Coordinated Proceeding, *Northern California Clergy Cases*, JCCP Case No. 5108. Hereinafter, the term "Plaintiff" will be utilized, and referring to each Plaintiff that provides an adoption form to this Master Complaint.

## THE PLAINTIFF

2.     The Plaintiff is an adult individual, who is under the age of forty (40) years old. Therefore, the Plaintiff need not file Certificates of Merit, pursuant to *Code of Civil Procedure* §340.1(g) and is permitted to name the Defendants in this action by their true and correct names.

3.     The Plaintiff is an adult individual, who is over the age of forty (40) years old. Therefore, the Plaintiff has filed a declaration from a mental healthcare practitioner, and an attorney declaration for each named defendant in this Action, pursuant to the requirements of *Code of Civil Procedure* §340.1. Moreover, each named defendant in this action shall be named as a "Doe" pursuant to the requirement of *Code of Civil Procedure* §340.1(n), until such time as a declaration of corroborative fact has been approved by the Court.

4.     A declaration of corroborative fact has been filed in this matter and approved by a Court of competent jurisdiction. As such, the Plaintiff, who is over the age of forty (40) years of age, is permitted to name the Defendants by their true and correct names.

5.     The Plaintiff is a minor, thus, the instant Complaint is brought by and through the Plaintiff's Guardian *ad litem*.

6.     The Plaintiff is currently a resident of the State of California.

7.     The Plaintiff was a resident of the State of California, during the time when the childhood sexual abuse, harassment and/or assault occurred.

Case: 23-40523    Doc# 235-1    Filed: 01/04/23    Entered: 01/04/23 13:09:06    Page 6 of 48

8.     The childhood sexual abuse, harassment, and/or assault occurred within the State of California, at least in part.

## DEFENDANTS

### (Defendant, DOE ARCHDIOCESE)

9.     Defendant DOE ARCHDIOCESE is at all times mentioned herein was and is, a corporation sole, having its principal place of business in the County of San Francisco, State of California. Defendant DOE 1 purposely conducts substantial business activities in the State of California, and was the primary entity owning, operating and controlling the activities and behavior of its employees, agents, volunteers, and/or servants, including the DOE PERPETRATOR, as well as DOES 1 through 500 and all other employees, agents, and supervisors of those defendants.

10.     The Plaintiff is informed and believes, and thereon alleges that Defendant DOE ARCHDIOCESE was an entity that supervised priests, supervised children, and understood that children would be in its programs, on its premises, and in the care, custody, and control of Defendant DOE ARCHDIOCESE, including the Plaintiff when they were parishioners, and/or participants in religious, recreational, athletic, and/or social activities, altar servers and/or students.

11.     At all relevant times herein, DOE RELIGIOUS ORDER was required to obtain permission from DOE ARCHDIOCESE, in order for its religious personnel to be assigned within DOE ARCHDIOCESE, and to be in contact with minor children within those institutions. As such, DOE ARCHDIOCESE had a duty to ensure that those DOE RELIGIOUS ORDER personnel were safe to be around minor children and parishioners.

### (Defendant, DOE DIOCESE)

12.     Defendant DOE DIOCESE, at all times mentioned herein, was and is a corporation sole, having its principal place of business in the State of California. Defendant DOE 1 purposely conducts substantial business activities in the State of California, and was the primary entity owning, operating and controlling the activities and behavior of its employees, agents, volunteers and/or servants, including the DOE PERPETRATOR, as well as DOES 1 through 500 and all

Case: 23-40523   Doc# 235-1   Filed: 07/04/23   Entered: 07/04/23 13:09:06   Page 7 of 48
JCCP 5108 MASTER COMPLAINT

other employees, agents, and supervisors of those defendants. The Plaintiff is informed and believes, and thereon alleges that Defendant DOE DIOCESE was an entity that supervised priests, supervised children, and understood that children would be in its programs, on its premises, and in the care, custody, and control of Defendant DOE 1, including the Plaintiffs when they were parishioners, participants in religious, recreational, athletic, and social activities, altar servers and/or students.

13.    At all relevant times herein, DOE RELIGIOUS ORDER was required to obtain permission from DOE DIOCESE, in order for its religious personnel to be assigned within DOE DIOCESE, and to be in contact with minor children within those institutions. As such, DOE DIOCESE had a duty to ensure that those DOE RELIGIOUS ORDER personnel were safe to be around minor children and parishioners.

**(Defendant, DOE PARISH)**

14.    Defendant DOE PARISH, at all times mentioned herein, was and is, a religious corporation, having its principal place of business in the State of California. Defendant DOE PARISH purposely conducts substantial business activities in the State of California, and was the primary entity owning, operating and controlling the activities and behavior of its employees, agents, volunteers, and/or servants including but not limited to the DOE PERPETRATOR, as well as DOES 1 through 500 and all other employees, agents, and supervisors of those defendants. The Plaintiffs are informed and believe, and thereon allege that Defendant DOE 1 was an entity that supervised priests, supervised children, and understood that children would be in its programs, on its premises, and in the care, custody, and control of Defendant DOE 1, including the Plaintiffs when they were parishioners, participants in religious, recreational, athletic, and social activities, altar servers and/or students.

15.    Defendant DOE PARISH was incorporated after the childhood sexual abuse of the Plaintiff, and was incorporated, as an entity wholly owned, controlled, managed, operated, and supervised by DOE ARCHDIOCESE and/or DOE DIOCESE. It is based upon information, and therefore belief, that DOE PARISH was incorporated as a successor-in-interest to and/or *alter ego* of DOE DIOCESE and/or DOE ARCHDIOCESE.

**(Defendant, DOE RELIGIOUS ORDER)**

16.     Defendant DOE RELIGIOUS ORDER is at all times mentioned herein was and is, a religious corporation. Defendant DOE RELIGIOUS ORDER purposely conducts substantial business activities in the State of California, and was the primary entity owning, operating and controlling the activities and behavior of its employees, agents, volunteers, and/or servants, including the DOE PERPETRATOR, as well as DOES 1 through 500 and all other employees, agents, and supervisors of those defendants.

17.     The Plaintiff is informed and believes, and thereon alleges that Defendant DOE RELIGIOUS ORDER was an entity that supervised priests, other religious personnel, supervised children, and understood that children would be in its programs, on its premises, and in the care, custody, and control of Defendant DOE RELIGIOUS ORDER and its agents, including the Plaintiff.

18.     Collectively, the institutions DOE ARCHDIOCESE, DOE DIOCESE, and/or DOE PARISH named in this lawsuit, shall be referred to as: "RELIGIOUS ENTITY DEFENDANTS", hereinafter.

**(Defendant, DOE PERPETRATOR)**

19.     Defendant, DOE PERPETRATOR is an adult individual. The DOE PERPETRATOR was in a position of trust, confidence, and responsibility with the Plaintiff, as a function of the position the DOE PERPETRATOR was with the RELIGIOUS ENTITY DEFENDANTS. Specifically, the DOE PERPETRATOR was placed in contact with minor children, through the DOE PERPETRATOR's role with the RELIGIOUS ENTITY DEFENDANTS, and thus, stood *in loco parentis* with the Plaintiff and the Plaintiff's guardians.

20.     Defendant DOE PERPETRATOR was an agent, servant, employee, volunteer and/or member of the RELIGIOUS ENTITY DEFENDANTS during the time of the Plaintiff's childhood sexual abuse.

21.     Collectively, the DOE PERPETRATOR, DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and/or DOES 1 through 500 are referred to as "Defendants."

Case: 23-40523    Doc# 235-1    Filed: 07/04/23    Entered: 04/14/23 13:09:06    Page 9 of 48

22.     The Plaintiff is informed and believes, and thereupon alleges, that the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 8 through 50, inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when such have been ascertained.  Upon information and belief, each of the said Doe Defendants is responsible in some manner under *Code of Civil Procedure* §§340.1(a)(1),(2),(3), and 340.1 (c) for the occurrences herein alleged, and were a legal cause of the childhood sexual assault which resulted in injury to the Plaintiff as alleged herein.

23.     Plaintiff is informed and believes, and on that basis allege, that at all times mentioned herein, there existed a unity of interest and ownership among Defendants and each of them, such that any individuality and separateness between Defendants, and each of them, ceased to exist.  Defendants and each of them, were the successors-in-interest and/or alter egos of the other Defendants, and each of them, in that they purchased, controlled, dominated and operated each other without any separate identity, observation of formalities, or other manner of division. To continue maintaining the facade of a separate and individual existence between and among Defendants, and each of them, would serve to perpetrate a fraud and an injustice.

24.     Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants and each of them were the agents, representatives and/or employees of each and every other Defendant. In doing the things hereinafter alleged, Defendants and each of them, were acting within the course and scope of said alternative personality, capacity, identity, agency, representation and/or employment and were within the scope of their authority, whether actual or apparent. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants and each of them were the trustees, partners, servants, joint venturers, shareholders, contractors, and/or employees of each and every other Defendant, and the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and with the permission and consent of each and every other Defendant and that said conduct was thereafter ratified by each and every other Defendant, and that each of them is jointly and severally liable to Plaintiff.

## CHILDHOOD SEXUAL ASSAULT, ABUSE AND/OR HARASSMENT SUFFERED BY THE PLAINTIFF.

25. The Plaintiff was subjected to acts of childhood sexual assault, harassment, abuse, and/or molestation by the DOE PERPETRATOR. These acts of childhood sexual assault, harassment, abuse and/or molestation perpetrated upon the Plaintiff, began to occur when the Plaintiff was under the age of 18 years old, and constitute childhood sexual assault within the definition of *Code of Civil Procedure* §340.1(d). These acts of childhood sexual assault, harassment, abuse and/or molestation resulted in the personal physical injury, as well as emotional, psychological and psychiatric injury and damage to the Plaintiff.

26. The Plaintiff was a minor child, under the age of 18, at the time of the sexual assaults, harassment, and/or abuse alleged herein, therefore, the Plaintiff did not, and was unable to, give free or voluntary consent to the sexual acts and assaults committed upon Plaintiff by The DOE PERPETRATOR.

27. The sexual abuse, harassment and/or assaults were committed by the DOE PERPETRATOR for his sexual gratification and was based upon the gender of the Plaintiff.

28. The sexually abusive, harassing and/or assaultive acts by the DOE PERPETRATOR were committed in violation of the California *Penal Code*, which proscribes sexual acts and misconduct against minor children.

## DAMAGES SUFFERED BY THE PLAINTIFF AS A RESULT OF THEIR CHILDHOOD SEXUAL ASSAULT, ABUSE, AND/OR HARASSMENT BY THE DOE PERPETRATOR

29. As a direct and proximate result of the childhood sexual assault, harassment and abuse committed against the Plaintiff by the DOE PERPETRATOR, which was enabled and facilitated by RELIGIOUS ENTITY DEFENDANTS, Plaintiff has suffered personal physical injury of sexual assault, and has and will continue to suffer, psychological, mental and emotional distress. The Plaintiff suffered, and continues to suffer, from, but is not limited to, the following conditions:

    a. Anxiety;

    b. Depression;

    c. Flashbacks and/or reexperiencing;

d. Suicidal ideation or thoughts;

e. Suicide attempts;

f. Anger;

g. Betrayal;

h. Loss of faith;

i. Nervousness;

j. Problems with those in positions of authority;

k. Interpersonal relationship problems with those in positions of confidence or trust;

l. Problems interacting with others, including but not limited to family members;

m. Guilt, shame, and/or humiliation;

30.     As a direct and proximate result of the childhood sexual assault, harassment and abuse committed against the Plaintiff by the DOE PERPETRATOR, which was enabled and facilitated by RELIGIOUS ENTITY DEFENDANTS, Plaintiff has, and will continue to, incur expenses for mental, psychological, psychiatric, and medical care due to the assault, according to proof at trial:

a. Future Medical Expenses, including but not limited psychological and/or psychiatric care;

b. Past Medical Expenses (Past) including but not limited psychological and/or psychiatric care;

31.     As a further direct and proximate result of the DOE PERPETRATOR's sexual assaults, harassment and abuse, which was enabled and facilitated by RELIGIOUS ENTITY DEFENDANTS, Plaintiffs have suffered additional economic injury as follows:

a. Lost earning capacity (Future);

b. Lost income (Past).

32.     These damages were all suffered as to the Plaintiff's general, special and consequential damage in an amount to be proven at trial, but in no event less than the minimum jurisdictional amount of this Court.

///

///

8

**DUTIES OF THE RELIGIOUS ENTITY DEFENDANTS TO PROTECT THE PLAINTIFF AND CONTROL THE DOE PERPETRATOR**

33.     At all times herein, the RELIGIOUS ENTITY DEFENDANTS, and each of them, knew or should have known that the DOE PERPETRATOR was unfit, posed a risk of harm to minor children, and/or posed a risk of childhood sexual assault to minor children in its care, custody and control. Specifically, RELIGIOUS ENTITY DEFENDANTS knew or should have known, or were otherwise on notice, that the DOE PERPETRATOR had engaged in misconduct that created the risk of childhood sexual assault and failed to take reasonable steps or to implement reasonable safeguards to avoid acts of childhood sexual assault by the DOE PERPETRATOR on minors, including Plaintiff.

34.     As a priest, employee, representative, servant, agent, and/or volunteer of RELIGIOUS ENTITY DEFENDANTS, and DOES 1 through 500, the DOE PERPETRATOR was placed into a position of moral, ethical, religious, and legal authority over the Plaintiffs, their parents, and parishioners with whom became into contact. The DOE PERPETRATOR was a confidant to the Plaintiffs and their families, and as a result, there was a special, trusting, confidential and fiduciary relationship between the Plaintiff and the DOE PERPETRATOR, as well as between Defendants DOE 1 and DOES 1-50 and the Plaintiff. Through this relationship with the Plaintiff, Defendants DOE 1 stood *in loco parentis* with the Plaintiff and Plaintiff's family. Specifically, Defendants took the Plaintiff into their custody, care and control, which conferred upon the Plaintiff and their families the reasonable belief that the Plaintiff, a minor children, would be protected and cared for, as if Defendants were the Plaintiffs' own parents.

35.     As a minor at DEFENDANT RELIGIOUS ENTITIES, where the DOE PERPETRATOR was employed, retained, and worked, Plaintiff was under the DOE PERPETRATOR's, as well as DOE 1 and DOES 1-50's direct supervision, care and control, thus creating a special relationship, fiduciary relationship, and/or special care relationship with Defendants, and each of them. Additionally, as minor children under the custody, care and control of Defendants, Defendants stood *in loco parentis* with respect to Plaintiff while Plaintiff was at DOE 1 and DOES 1 through 500. As the responsible parties and/or employers controlling the

Case: 23-40523    Doc# 235-1    Filed: 07/03/23    Entered: 07/03/23 13:09:06    Page 13 of 48

DOE PERPETRATOR, Defendants were also in a special relationship with Plaintiff, and owed special duties to Plaintiff.

36. Defendants also intentionally and willfully implemented various measures intended and designed to, or which effectively, made the DOE PERPETRATOR's s conduct harder to detect including, but not limited to:

a. Assigning and permitting the DOE PERPETRATOR to remain in a position of authority and trust after DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 knew or should have known that was an unfit agent, servant, employee, member and/or volunteer;

b. Assigning and permitting the DOE PERPETRATOR to remain in a position of authority and trust after DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 knew or should have known that was in misconduct that created a risk of childhood sexual assault to be perpetrated by the DOE PERPETRATOR;

b. Placing the DOE PERPETRATOR in a separate and secluded environment, including placing him in charge of children, which allowed the DOE PERPETRATOR to sexually and physically interact with and assault the children, including Plaintiff;

c. Authorizing the DOE PERPETRATOR to come into contact with minors, including Plaintiff, without adequate supervision;

d. Failing to inform, or concealing from Plaintiff's parents and law enforcement officials the fact that Plaintiff and others were or may have been sexually assaulted after Defendants knew or should have known that the DOE PERPETRATOR may have sexually assaulted Plaintiff or others, thereby enabling Plaintiff to continue to be endangered and sexually assaulted, and/or creating the circumstance where the Plaintiff and others were less likely to receive medical/mental health care and treatment, thus exacerbating the harm to Plaintiff;

e. Holding out and affirming the DOE PERPETRATOR to Plaintiff and Plaintiff's parents, other children and their parents, and to the community as being in good standing and trustworthy;

f. Failing to take reasonable steps, and to implement reasonable safeguards to avoid acts of unlawful sexual conduct by the DOE PERPETRATOR with students minor children; and

g. Failing to put in place a system or procedure to supervise or monitor employees, volunteers, representatives or agents to insure that they did not molest or assault minors in Defendants' custody or care, including Plaintiff.

37. By his position within the DEFENDANT RELIGIOUS ENTITIES, Defendants demanded and required that Plaintiff respect the DOE PERPETRATOR in his position of priest,

---

**10**

spiritual advisor, confidant, teacher, and/or mentor at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500.

38.     Plaintiff is informed and believe, and on that basis allege, that Defendants and each of them, were or should have been aware of the DOE PERPETRATOR's wrongful conduct at or about the time it was occurring, and thereafter, but took no action to obstruct, inhibit or stop such continuing conduct, or to help Plaintiff endure the trauma from such conduct. Despite the authority and ability to do so, these Defendants negligently and/or willfully refused to, and/or did not act effectively to stop the sexual assaults on the Plaintiff, to inhibit or obstruct such assault, or to protect the Plaintiff from the results of that trauma.

39.     During the period of assaults perpetrated upon the Plaintiff, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 had the authority and the ability to obstruct or stop the DOE PERPETRATOR's sexual assaults on the Plaintiff, but intentionally, negligently and/or willfully failed to do so, thereby allowing the assault to occur and to continue unabated. This failure was a part of Defendants' intended plan and arrangement to conceal wrongful acts, to avoid and inhibit detection, to block public disclosure, to avoid scandal, to avoid the disclosure of their tolerance of child sexual molestation and assault, to preserve a false appearance of propriety, and to avoid investigation and action by public authority including law enforcement. The Plaintiff is informed and believes, and on that basis alleges, that such actions were motivated by a desire to protect the reputation of Defendants and each of them, and to protect the monetary support of Defendants while fostering an environment where such assault could continue to occur.

**STATUTE OF LIMITATIONS**

40.     Pursuant to *Code of Civil Procedure* §340.1(q) as amended by Assembly Bill 218, effective January 1, 2020 there is a three (3) year window in which all civil claims of childhood sexual assault are revived if they have not been litigated to finality. This provision provides that, "[n]otwithstanding any other provision of law, any claim for damages described in paragraphs (1) through (3), inclusive, of subdivision (a) that has not been litigated to finality and that would otherwise be barred as of January 1, 2020, because the applicable statute of limitations, claim presentation deadline, or any other time limit had expired, is revived, and these claims may be

commenced within three years of January 1, 2020. A plaintiff shall have the later of the three-year time period under this subdivision or the time period under subdivision (a) as amended by the act that added this subdivision." These claims of the Plaintiff have not been previously litigated to finality and have been filed (or are still pending) within the timeframe specified *supra*, thus, it is timely under the revised provisions of *Code of Civil Procedure* §340.1(q).

41. The Plaintiff is under the age of forty (40) years old at the time of filing of the Complaint, therefore, their action is timely pursuant to *Code of Civil Procedure* §340.1(a).

42. The Plaintiff is over the age of forty (40) years old at the time of filing of the Complaint. Since this action is being commenced after the Plaintiff's 40th birthday, and as set forth more fully *supra*, it is upon information, and therefore belief, that the RELIGIOUS ENTITY DEFENDANTS knew or had reason to know, or were otherwise on notice, of misconduct that created a risk of childhood sexual assault by DOE PERPETRATOR

43. Since this action is being commenced after the Plaintiff's 40th birthday, and as set forth more fully *supra*, it is upon information, and therefore belief, that the RELIGIOUS ENTITY DEFENDANTS failed to take reasonable steps, or to implement reasonable safeguards, to avoid acts of childhood sexual assault, including but not limited to preventing or avoiding placement of the DOE PERPETRATOR in a function or environment in which contact with children was an inherent part of that function or environment.

44. Pursuant to *Code of Civil Procedure* §340.1(g)(1), a separate Certificate of Merit was filed by the Plaintiff's attorney for each defendant in this action.

45. Pursuant to *Code of Civil Procedure* §340.1(g)(2), a declaration from a mental healthcare practitioner was filed concurrently with the instant Complaint for the Plaintiff.

**PUNITIVE DAMAGES SOUGHT AGAINST RELIGIOUS ENTITY DEFENDANTS AND RESERVATION OF RIGHTS**

46. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 are, based on information and belief, religious corporations, organized under the laws of California, and therefore, are afforded the protection of *Code of Civil Procedure* §425.14. Upon such time as appropriate, the Plaintiff expressly reserves the right to file a Motion to Amend the instant

Complaint, in order to allege facts sufficient to constitute punitive damages against DEFENDANT RELIGIOUS ENTITIES, in accord with evidence that substantiates a finding of the clear and convincing evidentiary requirement of *Civil Code* §3294.

## FIRST CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

47.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

48.     Defendants' conduct towards the Plaintiff, as described herein, was outrageous and extreme.

49.     A reasonable person would not expect or tolerate the DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 putting the DOE PERPETRATOR in positions of authority at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, which enabled the DOE PERPETRATOR to have access to minor children, including the Plaintiff, so that he could commit wrongful sexual acts with them, including the conduct described herein above. The Plaintiff held great trust, faith and confidence in Defendants, which, by virtue of Defendants' wrongful conduct, turned to fear.

50.     A reasonable person would not expect or tolerate the DEFENDANT RELIGIOUS ENTITIES to be incapable of supervising and preventing employees of Defendants, including the DOE PERPETRATOR, from committing wrongful sexual acts with minor children in their charge, including Plaintiff, or to be incapable of properly supervising the DOE PERPETRATOR to prevent such assault from occurring.

51.     Defendants' conduct described herein was intentional and malicious and done for the purpose of causing, or with reckless disregard of the rights of the Plaintiff, with the substantial certainty that it would cause Plaintiff and the other children who were enrolled in, participated in, or were members and participants in, activities of their parish and of Defendants' religious, educational, recreational, and social programs, to suffer humiliation, mental anguish and emotional and physical distress.

---

52.     As a result of the above-described conduct, Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

53.     As to DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff reserves the right to file a Motion to Amend the complaint, pursuant to *Code of Civil Procedure* §425.14.

**SECOND CAUSE OF ACTION**
**HUMAN TRAFFICKING (*CIVIL CODE* §52.5)**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

54.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

55.     The Plaintiff, who was a minor when the DOE PERPETRATOR took custody of them, was a victim under *Penal Code* §236.1 (specifically, subsection (a)), and is entitled to bring a claim under *Civil Code* §52.5(a).

56.     The Plaintiff is a victim under California *Penal Code* §236.1(a), given the following facts:

a.      The Plaintiff had their personal liberty and/or freedom deprived when, the DOE PERPETRATOR transported them;

b.      The Plaintiff was a minor, therefore was unable to give consent to such acts. Purported consent of a minor, is no basis for a defense under *Penal Code* §236.1(e);

c.      The DOE PERPETRATOR transported the Plaintiff in order to obtain forced, sexual services from the Plaintiff, in a secluded area, which were performed upon the DOE PERPETRATOR;

d.      The Plaintiff, as a minor, did perform forced, sexual services for the DOE PERPETRATOR, after they had been transported. The Plaintiff was a minor at all relevant times and was unable to give valid consent to any of the sex acts that were perpetrated upon them by DOE PERPETRATOR.

14

57. The Defendant RELIGIOUS ENTITY DEFENDANTS, and DOES 1 through 500, having full knowledge of the dangerous and sexually exploitive propensities of the DOE PERPETRATOR, ratified the DOE PERPETRATOR's conduct and are liable pursuant to *C.R. v. Tenet Healthcare Corp.* (2009) 169 Cal.App.4th 1094, 1110 ("…an employer may be liable for an employee's act where the employer either authorized the tortious act or subsequently ratified an originally unauthorized tort. [Citations.] The failure to discharge an employee who has committed misconduct may be evidence of ratification. [Citations.] The theory of ratification is generally applied where an employer fails to investigate or respond to charges that an employee committed an intentional tort, such as assault or battery.") Prior to the Plaintiff's transportation by the DOE PERPETRATOR, the DEFENDANT RELIGIOUS ENTITIES knew, or should have known, that the DOE PERPETRATOR was unfit to be around minor children and posed a danger to those children the DOE PERPETRATOR was assigned to care for, or otherwise supervise.

58. Furthermore, the RELIGIOUS ENTITY DEFENDANTS, and DOES 1 through 500, were made well aware that the DOE PERPETRATOR was transporting minor students in his vehicle, with no other adults present. Despite having this knowledge, the RELIGIOUS ENTITY DEFENDANTS, and DOES 1 through 100, chose not to discipline, remove, sanction, deter, supervise, or restrict the DOE PERPETRATOR's conduct.

59. As a result of the above-described conduct, the Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

60. In subjecting Plaintiff to the wrongful treatment herein described, Defendant DOE PERPETRATOR acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and/or oppression under California *Civil Code* section 3294.

61.     Plaintiff is therefore entitled, upon proper application to the court, to the recovery of punitive damages, in an amount to be determined by the court, the RELIGIOUS ENTITY DEFENDANTS. Plaintiff reserves his right, pursuant to California *Code of Civil Procedure* § 425.14, to seek leave of court to pursue an award of punitive damages against RELIGIOUS ENTITY DEFENDANTS, in a sum to be shown according to proof.

62.     Pursuant to *Civil Code* §52.5(a), the Plaintiff is entitled to recover actual damages, compensatory damages, punitive damages (specified above and in accordance with *Code of Civil Procedure* §425.14), as well as attorneys' fees. Furthermore, pursuant to *Civil Code* §52.5(b), the Plaintiff seeks to recover three (3) times their actual damages against Defendants, and DOES 1 through 500, in addition to the remedies stated in the previous sentence, as their actual damages are far exceed $10,000.00.

### THIRD CAUSE OF ACTION
### NEGLIGENCE
### (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500)

63.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

64.     As more fully set forth above, the conduct and actions of the DEFENDANT RELIGIOUS ENTITIES, and DOES 1 through 500, served to create an environment in which the DOE PERPETRATOR was afforded years of continuous secluded access to minor children including the Plaintiff, a minor child at the time of their sexual assaults by the DOE PERPETRATOR.

65.     As more fully set forth above, Defendants DOE 1, and DOES 1 through 500, inclusive, were aware and/or on notice of the DOE PERPETRATOR's sexual misconduct with minors prior to the first occasion on which Plaintiff was placed in the DOE PERPETRATOR's custody through the acts of Defendants. Accordingly, at the time the DOE PERPETRATOR and Defendants DOE 1, and DOES 1 through 500, inclusive, performed the acts alleged herein, it was or should have been reasonably foreseeable to Defendants that by continuously exposing and making Plaintiff available to the DOE PERPETRATOR, Defendants were placing Plaintiff in

grave risk of being sexually assaulted by the DOE PERPETRATOR. By knowingly subjecting Plaintiff to such foreseeable danger, Defendants DOE 1, and DOES 1 through 500, inclusive, were duty-bound to take reasonable steps and implement reasonable safeguards to protect Plaintiff from the DOE PERPETRATOR. Furthermore, as alleged herein, Defendants DOE 1, and DOES 1 through 500, inclusive, at all times exercised a sufficient degree of control over the DOE PERPETRATOR's personal and business affairs to prevent the acts of assault by keeping the DOE PERPETRATOR away from Plaintiffs. However, Defendants DOE 1, and DOES 1 through 500, inclusive, failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection whatsoever, and continued to make Plaintiff accessible to the DOE PERPETRATOR for the purposes of sexual assault.

## NEGLIGENCE *PER SE—PENAL CODE* MANDATORY CHILD ABUSE REPORTING

66.     Under the Child Abuse and Neglect Reporting Act ("CANRA"), RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, by and through their agents, servants, volunteers, and/or employees, including priests, were child care custodians and were under a statutory duty to report known or suspected incidents of sexual molestation or abuse of minors to a child protective agency, pursuant to California *Penal Code* § 11166, and/or not to impede the filing of any such report. Furthermore, RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500 were under a statutory duty to provide their employees with various acknowledgements of reporting requirements under *Penal Code* §11166.5.

67.     Defendants RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, knew or should have known that their agent, employee, counselor, advisor and mentor, the DOE PERPETRATOR, had sexually molested, abused or caused touching, battery, harm, and other injuries to minors, including Plaintiff, giving rise to a duty to report such conduct under California *Penal Code* §11166.

68.     Defendants RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, knew, or should have known of in the exercise of reasonable diligence, that an undue risk to minors, including the Plaintiff, existed because Defendants DOE 1 did not comply with California's mandatory reporting requirements.

Case: 23-40523    Doc# 235-1    Filed: 07/14/23    Entered: 07/14/23 13:09:06    Page 21 of 48

69.     By failing to report the continuing molestations and assaults, which RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, knew of or should have known of, and by ignoring the fulfillment of the mandated compliance with the reporting requirements provided under California *Penal Code* § 11166, Defendants DOE 1 and DOES 1 through 500, inclusive, created the risk and danger contemplated by CANRA, and as a result, unreasonably and wrongfully exposed Plaintiff and other minors to sexual molestation and abuse.

70.     The Plaintiff was a member of the class of persons for whose protection California *Penal Code* § 11166 was specifically adopted to protect.

71.     Had RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, adequately reported the molestation of Plaintiff and other minors as required by California *Penal Code* § 11166, further harm to Plaintiff and other minors would have been avoided.

72.     As a proximate result of RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500's, inclusive, failure to follow the mandatory reporting requirements of California *Penal Code* § 11166, Defendants DOE 1, and DOES 1 through 500, inclusive, wrongfully denied the Plaintiff and other minors the intervention of child protection services. Such public agencies would have changed the then-existing arrangements and conditions that provided the access and opportunities for the molestation of Plaintiffs by the DOE PERPETRATOR.

73.     The physical, mental, and emotional damages and injuries resulting from the sexual molestation of Plaintiff by the DOE PERPETRATOR, were the type of occurrence and injuries that the CANRA was designed to prevent.

74.     As a result, RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500's, inclusive, failure to comply with the mandatory reporting requirements of California *Penal Code* § 11166 also constituted a *per se* breach of Defendants' DOE 1, and DOES 1 through 500's, inclusive duties to Plaintiff.

75.     As a direct and proximate result of the failure of Defendants DOE 1 and DOES 1 through 500, inclusive, to protect Plaintiff from the acts of childhood sexual assault to which they were subjected to by the DOE PERPETRATOR, Plaintiff has suffered the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress

Case: 23-40523    Doc# 235-1    Filed: 07/14/23    Entered: 07/14/23 13:09:06    Page 22 of 48

including, but not limited to, great pain of mind and body, shock, emotional distress, physical

manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation,

and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will

continue to be prevented from performing daily activities and obtaining the full enjoyment of life;

will sustain loss of earnings and earning capacity, and have incurred and will continue to incur

expenses for medical and psychological treatment, therapy, and counseling; and loss of past and

future earnings and other economic benefits according to proof at the time of trial.

### FOURTH CAUSE OF ACTION
### NEGLIGENT SUPERVISION
### (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500)

76.    Plaintiff repeats, re-alleges and incorporates herein by reference all prior

paragraphs, as though fully set forth herein.

77.    By virtue of Plaintiff's special relationship with DEFENDANT RELIGIOUS

ENTITIES and DOES 1 through 500, inclusive, and DEFENDANT RELIGIOUS ENTITIES and

DOES 1 through 500's, inclusive, relation to the DOE PERPETRATOR, Defendants DOE 1 and

DOES 1 through 500, inclusive, owed Plaintiff a duty to provide reasonable supervision of the

Plaintiff, to provide reasonable supervision of the DOE PERPETRATOR, to use reasonable care

in investigating the DOE PERPETRATOR's background, and to provide adequate warning to the

Plaintiff, their families, and other children, of the DOE PERPETRATOR's dangerous

propensities and unfitness. Said Defendants, and each of them, further owed Plaintiff a duty to

protect against the foreseeable risk of sexual assaults committed upon children, including

Plaintiff, during or arising out of those activities sponsored and controlled by Defendants in

which Plaintiff was a participant.

78.    Plaintiff is informed and believe, and on that basis allege, that DEFENDANT

RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, by and through their respective

agents, servants and employees, knew or should have known of the DOE PERPETRATOR's

dangerous and exploitive propensities and/or that the DOE PERPETRATOR was an unfit agent.

Despite such knowledge, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500,

Case: 23-40523    Doc# 235-1    Filed: 05/04/23    Entered: 05/04/23 13:09:06    Page 23 of 48

inclusive, negligently failed to supervise the DOE PERPETRATOR in his position of trust and authority as an authority figure and supervisor of children, where they were able to commit wrongful acts against the Plaintiff. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, failed to provide reasonable supervision of the DOE PERPETRATOR, failed to use reasonable care in investigating the DOE PERPETRATOR and failed to provide adequate warning to Plaintiff of the DOE PERPETRATOR's dangerous propensities and unfitness. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, further failed to take reasonable measures to prevent sexual assault, harassment, and molestation of children, including Plaintiff.

79. Plaintiff is informed and believe, and on that basis allege, that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were put on notice, and knew or should have known, that the DOE PERPETRATOR had previously engaged and was continuing to engage in unlawful sexual conduct with children and committed other felonies, for his own personal gratification, and that it was, or should have been foreseeable that he was engaging, or would engage in illicit sexual activities with Plaintiff, and others, under the cloak of his authority, confidence, and trust, bestowed upon him through DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, and each of them.

80. Plaintiff is informed and believe, and on that basis alleges, that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were placed on actual or constructive notice that, the DOE PERPETRATOR had assaulted children prior to, and/or during the time he was in contact with the Plaintiffs. Plaintiff is informed, and thereon alleges, that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were informed of sexual assault, harassment and molestations committed by the DOE PERPETRATOR or of conduct that would put a reasonable person on notice of such propensity to assault, harassment and molestation.

81. Even though DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, knew or should have known of these activities by the DOE PERPETRATOR, ///

DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, did nothing to investigate, supervise or monitor the DOE PERPETRATOR to ensure the safety of the guests.

82.     As an institution entrusted with the care of minors, where staff, employees, agents, and management, such as the DOE PERPETRATOR were placed in contact with minors, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's expressly and implicitly represented that these individuals, including the DOE PERPETRATOR, were not a sexual threat to children and others who would fall under the DOE PERPETRATOR 's influence, control, direction, and guidance.

83.     Defendants DOE 1, and DOES 1 through 500, inclusive, negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure, where the DOE PERPETRATOR was able to commit wrongful acts against the Plaintiff. Defendants DOE 1, and DOES 1 through 500, inclusive, failed to provide reasonable supervision of the DOE PERPETRATOR. Defendants DOE 1 and DOES 1 through 500 further failed to take reasonable measures to prevent sexual harassment, molestation and assault of minors, including the Plaintiff.

84.     At no time during the periods of time alleged did DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, have in place a system or procedure to reasonably investigate, supervise and monitor individuals in contact with minor children, including the DOE PERPETRATOR, to prevent pre-sexual grooming and sexual harassment, molestation and assault of children, nor did they implement a system or procedure to oversee or monitor conduct toward minors, students and others in DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's care.

85.     DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were or should have known to be aware and understand how vulnerable children were to sexual harassment, molestation and assault by mentors, advisors, and other persons of authority within DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive.

86.     Defendants DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, conduct was a breach of their duties to the Plaintiff.

Case: 23-40523   Doc# 235-1   Filed: 05/04/23   Entered: 04/24/23 13:09:06   Page 25 of 48

87.     DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, breached their duty to the Plaintiff by, *inter alia*, failing to adequately monitor and supervise the DOE PERPETRATOR and stopping the DOE PERPETRATOR from committing wrongful sexual acts with minors including the Plaintiff. This belief is founded on the fact that employees and staff of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, including had suspected the assault was occurring at the time, and failed to investigate into the matter further. Based on these facts, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, knew or should have known of the DOE PERPETRATOR 's incapacity to supervise and stop employees of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive from committing wrongful sexual acts with minors.

88.     As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, Plaintiff has suffered and will continue to suffer the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

## FIFTH CAUSE OF ACTION
## NEGLIGENT RETENTION/HIRING
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500)**

89.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

90.     By virtue of Plaintiff's special relationship with Defendants, inclusive and each of them, and DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, relation to the DOE PERPETRATOR, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500,

inclusive, owed Plaintiff a duty to not hire and/or retain the DOE PERPETRATOR, given his dangerous and exploitive propensities, which DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, knew or should have known had they engaged in a meaningful and adequate investigation of his background prior to his hiring.

91.     As an institution entrusted with the care of minors, where staff, employees, agents, and management, such as the DOE PERPETRATOR was placed in contact with minors, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, expressly and implicitly represented that these individuals, including the DOE PERPETRATOR, were not a sexual threat to children and others who would fall under the DOE PERPETRATOR 's influence, control, direction, and guidance.

92.     Plaintiff is informed and believe, and on that basis allege, that at no time during the periods of time alleged did DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, have in place a system or procedure to reasonably investigate, supervise and/or monitor those individuals in direct contact with children, including the DOE PERPETRATOR, to prevent pre-sexual grooming and/or sexual harassment, molestation and assault of parishioners, nor did they implement a system or procedure to oversee or monitor conduct toward patrons and others in DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, care.

93.     DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, and each of them were or should have been aware and understood how vulnerable minor children were to sexual assault, harassment and molestation by persons of authority, including the DOE PERPETRATOR, within the control of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive.

94.     Plaintiffs are informed and believe, and on that basis allege, other children and/or employees of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, complained of the DOE PERPETRATOR's sexual improprieties prior to the sexual assault of the Plaintiff. Either DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, knew, or at the very least should have known of the DOE PERPETRATOR's prior history of sexual misconduct with minors prior to Plaintiff's assaults.

95.     Plaintiff is informed, and believes, and on that basis alleges, that the DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were put on notice, and should have known that the DOE PERPETRATOR had previously engaged and continued to engage in unlawful sexual conduct with patrons and other felonies, for his own personal gratification, and that it was, or should have been foreseeable that he was engaging, or would engage in illicit sexual activities with Plaintiff, and others, under the cloak of his authority, confidence, and trust, bestowed upon him through DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive.

96.     Plaintiff is informed and believes, and on that basis alleges that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, were placed on actual and/or constructive notice that the DOE PERPETRATOR had abused, harassed, molested and/or was molesting minor children, both before his sexual assault, molestation and harassment of the Plaintiff, and during that same period. Plaintiff is informed, and thereon alleges, that other third parties, patrons, and/or law enforcement officials informed DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, of inappropriate conduct and molestations committed by the DOE PERPETRATOR.

97.     Even though DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, knew or should have known of these activities by the DOE PERPETRATOR, Plaintiff is informed that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, failed to use reasonable care in investigating the DOE PERPETRATOR and did nothing to investigate, supervise or monitor the DOE PERPETRATOR to ensure the safety of the other minor children in his charge, including the Plaintiff.

98.     DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, conduct was a breach of their duties to the Plaintiff.

99.     As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, Plaintiffs have suffered and will continue to suffer the physical injury of sexual assault, and severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations

Case: 23-40523    Doc# 235-1    Filed: 05/08/23    Entered: 05/08/23 13:09:06    Page 28
of 48

of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

**SIXTH CAUSE OF ACTION**
**NEGLIGENT FAILURE TO TRAIN, WARN OR EDUCATE**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE**
**RELIGIOUS ORDER, and DOES 1 through 500)**

100.    Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

101.    DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive owed Plaintiff a duty to take reasonable protective measures to protect Plaintiff and other minor children in their charge from the risk of sexual assault, harassment and molestation by the DOE PERPETRATOR by properly warning, training or educating the Plaintiff and other minors about how to avoid such a risk.

102.    DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, breached their duty to take reasonable protective measures to protect Plaintiff and other minor children in their charge, from the risk of sexual assault, harassment and molestation by the DOE PERPETRATOR such as the failure to properly warn, train or educate Plaintiff and other minor children in their charge about how to avoid such a risk.

103.    Defendants breached their duty to take reasonable protective measures to protect Plaintiff and other minor children in their charge from the risk of sexual harassment, molestation and assault by the DOE PERPETRATOR, by failing to supervising and/or stop employees of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, including the DOE PERPETRATOR from committing wrongful sexual acts with minor children, including Plaintiff.

104.    As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, Plaintiff has suffered and will continue to suffer

25

severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

**SEVENTH CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTY**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

105.    Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

106.    As set forth more fully above, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, in concert with the DOE PERPETRATOR, recruited, enticed, and encouraged Plaintiff and Plaintiff's family to give their trust and confidence to Defendants and the DOE PERPETRATOR so that Plaintiffs could be taken from their family's care and supervision and placed under the care and supervision of Defendants and the DOE PERPETRATOR. In so doing, Defendants, inclusive, entered into a fiduciary relationship with Plaintiff whereby Defendants owed Plaintiff an *in loco parentis* duty of care to take all reasonable steps and implement all reasonable safeguards to protect Plaintiff while they were in the custody of Defendants and/or the DOE PERPETRATOR.

107.    The Plaintiff and other children involved in activities under the control and supervision of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, agreed to place their trust and confidence in Defendants, inclusive, in the expectation that Defendants would properly supervise Plaintiff and other children similarly placed, regulate their activities and behavior, and ensure their safety. Further, Plaintiff, the Plaintiff's family and other children

///

agreed to this because they believed in the integrity of Defendants, inclusive, and therefore felt comfortable in entrusting the minor Plaintiff to the care and custody of Defendants.

108. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, breached their duty to Plaintiff by failing to take any reasonable steps or implement any reasonable safeguards to protect Plaintiff from the DOE PERPETRATOR and by allowing Plaintiff to be sexually assaulted by the DOE PERPETRATOR.

109. As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff has suffered and will continue to suffer the physical injury of sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

110. As to DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff reserves the right to file a Motion to Amend the complaint, pursuant to *Code of Civil Procedure* §425.14.

**EIGHTH CAUSE OF ACTION**
**CONSTRUCTIVE FRAUD (*CIVIL CODE* §1573)**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

111. Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

112. By holding the DOE PERPETRATOR out as an agent of Defendants, and by allowing him to undertake the educational, religious, and social instruction and accompanying custody and control of minor children such as Plaintiff, Defendants entered into a confidential, fiduciary and special relationship with Plaintiff.

27

Case: 23-40523    Doc# 235-1    Filed: 05/04/23    Entered: 05/04/23 13:09:06    Page 31 of 48

113.    By holding themselves out as qualified institutions for the safety and supervision of children, and by undertaking to provide for the wellness, spiritual guidance and mentorship of Plaintiff and other minors, Defendants entered into a confidential, fiduciary and special relationship with Plaintiff.

114.    Defendants breached their confidential, fiduciary duty and special duties to Plaintiffs by the wrongful and negligent conduct described above and incorporated into this cause of action, and in so doing, gained an advantage over Plaintiffs in matters relating to Plaintiffs' safety, security and health. In breaching such duties as alleged, Defendants were able to sustain their status as institutions of high moral repute, and preserve their reputation, all at the expense of Plaintiffs' further injury and in violation of Defendants' mandatory duties.

115.    By virtue of their confidential, fiduciary and special relationship with Plaintiff, Defendants owed Plaintiff a duty to:

   a.   Investigate or otherwise confirm or deny such claims of sexual assault;

   b.   Reveal such facts to Plaintiff, Plaintiff's families and caretakers, the community at large, and law enforcement agencies;

   c.   Refuse to place the DOE PERPETRATOR and other molesters in positions of trust and authority within Defendants' institutions;

   d.   Refuse to hold out the DOE PERPETRATOR and other molesters to the public, the community, minors, parents and law enforcement agencies as being in good standing and, trustworthy in keeping with his and their position as a teacher, counselor, spiritual advisor, managing administrator and authority figure;

   e.   Refuse to assign the DOE PERPETRATOR and other molesters to positions of power within the Defendants' institutions and over minors; and

   f.   Disclose to Plaintiff, their families, the public, the Defendants' community, minors, and law enforcement agencies the wrongful, tortious, and sexually exploitive acts that DOE PERPETRATOR had engaged in with children;

116.    Defendants' breach of their respective duties included:

   a.   Not making reasonable investigations of the DOE PERPETRATOR;

   b.   Issuing no warnings about the DOE PERPETRATOR;

   c.   Permitting the DOE PERPETRATOR to routinely be alone with and in control of minors, unsupervised;

   d.   Not adopting a policy to prevent the DOE PERPETRATOR from routinely having minors in his unsupervised control;

///

28

e.   Making no reports of any allegations of the DOE PERPETRATOR's assault of minors prior to or during his employment at Defendants; and

f.   Assigning and continuing to assign the DOE PERPETRATOR to duties which placed him in positions of authority and trust over minors, positions in which the DOE PERPETRATOR could easily isolate and sexually assault minors.

117.   At the time that Defendants engaged in such suppression and concealment of acts, such acts were done for the purpose of causing Plaintiff to forbear on their rights.

118.   Defendants' misconduct did reasonably cause Plaintiff to forbear on their rights.

119.   The misrepresentations, suppressions and concealment of facts by Defendants were intended to and were likely to mislead Plaintiff and others to believe that Defendants had no knowledge of any charges against the DOE PERPETRATOR, or that there were no other charges of unlawful or sexual misconduct against the DOE PERPETRATOR or others and that there was no need for them to take further action or precaution.

120.   The misrepresentations, suppressions and concealment of facts by Defendants was likely to mislead Plaintiff and others to believe that Defendants had no knowledge of the fact that the DOE PERPETRATOR was a molester and was known to commit wrongful sexual acts with minors, including Plaintiff.

121.   DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 knew or should have known at the time they suppressed and concealed the true facts regarding others' sexual molestations, that the resulting impressions were misleading.

122.   DEFENDANT RELIGIOUS ENTITIES suppressed and concealed the true facts regarding the DOE PERPETRATOR with the purpose of: preventing Plaintiff, Plaintiff's parents and family, and others, from learning that the DOE PERPETRATOR and others had been and were continuing to sexually harass, molest and assault minors and others under the DOE PERPETRATOR's and Defendants' control, direction, and guidance, with complete impunity; inducing people, including Plaintiff and other benefactors and donors to participate and financially support Defendants' and other enterprises of Defendants; preventing further reports and outside investigations into the DOE PERPETRATOR's and Defendants' conduct; preventing discovery of Defendants' own conduct; avoiding damage to the reputations of Defendants;

1    protecting Defendants' power and status in the community and the academic community;

2    avoiding damage to the reputation of Defendants, or Defendants' institutions; and avoiding the

3    civil and criminal liability of Defendants, of the DOE PERPETRATOR, and of others.

4        123.    At all times mentioned herein, Defendants, and in particular the DOE

5    PERPETRATOR and DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, with

6    knowledge of the tortious nature of their own and the DOE PERPETRATOR's conduct,

7    knowingly conspired and gave each other substantial assistance to perpetrate the

8    misrepresentations, fraud and deceit alleged herein—covering up the past allegations of sexual

9    misconduct lodged against the DOE PERPETRATOR, and allowing the DOE PERPETRATOR

10   to remain in his position as a mentor, spiritual leader, and supervisor of children, so they could

11   maintain their reputations and continue to make a profit.

12       124.    Plaintiff and others were misled by Defendants' suppressions and concealment of

13   facts, and in reliance thereon, were induced to act or induced not to act, exactly as intended by

14   Defendants. Specifically, Plaintiff and Plaintiff's family were induced to believe that there were

15   no allegations of criminal or sexual assault against the DOE PERPETRATOR and that he was

16   safe to be around children. Had Plaintiff and their families, and others, known the true facts about

17   the DOE PERPETRATOR, they would have not participated further in activities of

18   DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, or continued to financially

19   support Defendants' activities. They would have reported the matters to the proper authorities, to

20   other minors and their parents so as to prevent future recurrences; they would not have allowed

21   children, including Plaintiff, to be alone with, or have any relationship with the DOE

22   PERPETRATOR; they would not have allowed children, including Plaintiff, to attend or be under

23   the control of Defendants; they would have undertaken their own investigations which would

24   have led to discovery of the true facts; and they would have sought psychological counseling for

25   Plaintiff, and for other children molested and assaulted by the DOE PERPETRATOR.

26   ///

27   ///

28   ///

Case: 23-40523    Doc# 235-1    Filed: 05/08/23    Entered: 05/08/23 13:09:06    Page 34
of 48

125. By giving the DOE PERPETRATOR the position of spiritual guide, priest, confidant, and trusted individual, Defendants impliedly represented that the DOE PERPETRATOR was safe and morally fit to give children direction and guidance.

126. When Defendants made these affirmative or implied representations and non-disclosures of material facts, Defendants knew or should have known that the facts were otherwise. Defendants knowingly and intentionally suppressed the material facts that the DOE PERPETRATOR had on numerous, prior occasions sexually, physically, and mentally assaulted minors of Defendants, including Plaintiff, and knew of or learned of conduct, or should have known of conduct by the DOE PERPETRATOR which placed Defendants on notice that the DOE PERPETRATOR had previously been suspected of felonies, including unlawful sexual conduct with minors, and was likely abusing children.

127. Because of Plaintiff's young age, and because of the status of the DOE PERPETRATOR as an authority figure to Plaintiff, Plaintiff was vulnerable to the DOE PERPETRATOR. The DOE PERPETRATOR sought Plaintiff out and was empowered by and accepted Plaintiff's vulnerability. Plaintiff's vulnerability also prevented Plaintiff from effectively protecting themselves from the sexual advances of the DOE PERPETRATOR.

128. Defendants had the duty to obtain and disclose information relating to sexual misconduct of the DOE PERPETRATOR.

129. Defendants misrepresented, concealed or failed to disclose information relating to sexual misconduct of the DOE PERPETRATOR.

130. Defendants knew that they had misrepresented, concealed or failed to disclose information related to sexual misconduct of the DOE PERPETRATOR.

131. Plaintiff justifiably relied upon Defendants for information relating to sexual misconduct of the DOE PERPETRATOR.

132. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, and the DOE PERPETRATOR, in concert with each other and with the intent to conceal and defraud, conspired and came to a meeting of the minds whereby they would misrepresent, conceal or fail to disclose information relating to the sexual misconduct of the DOE PERPETRATOR, the inability of

31

Defendants to supervise or stop the DOE PERPETRATOR from sexually harassing, molesting and abusing Plaintiff, and their own failure to properly investigate, supervise and monitor his conduct with minor children.

133. By so concealing, Defendants committed at least one act in furtherance of the conspiracy.

134. As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, Plaintiff has suffered and will continue to suffer the physical injury of sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

135. In addition, when Plaintiff finally discovered the fraud of Defendants, and continuing thereafter, Plaintiff experienced recurrences of the above-described injuries. In addition, when Plaintiff finally discovered the fraud of Defendants, and continuing thereafter, Plaintiff experienced extreme and severe mental anguish and emotional distress that Plaintiff had been the victim of Defendants' fraud; that Plaintiff had not been able to help other minors being molested because of the fraud, and that Plaintiff had not been able because of the fraud to receive timely medical treatment needed to deal with the problems Plaintiff had suffered and continues to suffer as a result of the sexual harassment, molestation and assault.

136. As to DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff reserves the right to file a Motion to Amend the complaint, pursuant to *Code of Civil Procedure* §425.14.

///

///

# NINTH CAUSE OF ACTION
## SEXUAL HARASSMENT (*CIVIL CODE* §51.9)
### (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)

137. Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

138. During Plaintiff's time as a minor at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, the DOE PERPETRATOR intentionally, recklessly and wantonly made sexual advances, solicitations, requests, demands for sexual compliance of a hostile nature based on Plaintiff's gender that were unwelcome, pervasive and severe, including but not limited to the DOE PERPETRATOR, all under the supervision of Defendants, who were acting in the course and scope of their agency with Defendants and each of them. The sexual harassment of each Plaintiff is detailed *supra*.

139. The incidents of assault outlined herein above took place while Plaintiff was under the control of Defendants, as well as the staff of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, in their capacity and position as teachers, spiritual advisors, counselors, mentors, supervisors and administrators at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500and while acting specifically on behalf of Defendants.

140. During Plaintiff's time as a minor at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, the DOE PERPETRATOR intentionally, recklessly and wantonly did acts which resulted in harmful and offensive contact with intimate parts of Plaintiff's persons, including but not limited to, using his position of authority and age to force Plaintiff to give into the DOE PERPETRATOR's sexual suggestions.

141. Because of Plaintiff's relationship with DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, the DOE PERPETRATOR, and Plaintiff's young age as a minor, Plaintiff was unable to easily terminate the relationship held with the Defendants.

142. Because of the DOE PERPETRATOR's age and position of authority, physical seclusion of the Plaintiff, Plaintiff's mental and emotional state, and Plaintiff's young age under the age of consent, Plaintiff weas unable to, and did not, give meaningful consent to such acts.

143.    Even though the Defendants knew or should have known of these activities by the DOE PERPETRATOR, Defendants did nothing to investigate, supervise or monitor the DOE PERPETRATOR to ensure the safety of the minor children.

144.    Because of Plaintiff's relationship with Defendants, as a minor child, parishioner, student and/or altar server with DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, and Plaintiff's young age as a minor child, Plaintiff was unable to easily terminate the priest-parishioner relationship with the DOE PERPETRATOR, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500.

145.    A corporation is a "person" within meaning of *Civil Code* section 51.9, which subjects persons to liability for sexual harassment within a business, service or professional relationship, and such an entity defendant may be held liable under this statute for the acts of its employees. *C.R. v. Tenet Healthcare Corp.*, (2009) 169 Cal.App.4th 1094. Further, principles of ratification apply when the principal ratifies the agent's originally unauthorized harassment, as is alleged to have occurred herein.

146.    DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 ratified the sexual misconduct of the DOE PERPETRATOR.

147.    Defendants' conduct (and the conduct of their agents) was a breach of their duties to Plaintiff.

148.    As a direct and proximate result of the failures of Defendants, inclusive, Plaintiff has suffered and will continue to suffer the physical injury of sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

Case: 23-40523    Doc# 235-1    Filed: 05/08/23    Entered: 05/08/23 13:09:06    Page 38
JCCP 5108 MASTER COMPLAINT
of 48

1    149.    As to DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff

2    reserves the right to file a Motion to Amend the complaint for this cause of action for Punitive

3    Damages, pursuant to *Code of Civil Procedure* §425.14.

4    150.    Plaintiff seeks attorneys' fees pursuant to *Civil Code* §52, with respect to their

5    claim being made under §51.9, as an available remedy.

### TENTH CAUSE OF ACTION
### Fraudulent Transfer
**(Against Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE,**
**Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER,**
**and Defendant DOES 1 through 500)**

9    151.    Plaintiff(s) repeats, re-alleges and incorporates herein by reference all prior

10   paragraphs, as though fully set forth herein.

11   152.    During the period of time when Defendant DOE ARCHDIOCESE, Defendant

12   DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and

13   Defendant DOES 1 through 500, committed acts of misconduct resulting in Defendant

14   PERPETRATOR's childhood sexual assault of Plaintiff(s), Defendant DOE ARCHDIOCESE,

15   Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER,

16   and Defendant DOES 1 through 500, owned, operated and or controlled financial assets.

17   153.    After the period of time when Defendant DOE ARCHDIOCESE, Defendant DOE

18   DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant

19   DOES 1 through 500 committed acts of misconduct resulting in Defendant PERPETRATOR's

20   childhood sexual assault of Plaintiff(s), Defendant DOE ARCHDIOCESE, Defendant DOE

21   DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant

22   DOES 1 through 500, transferred, (in whole and or in part), interests in financial assets ("Transfer

23   of Asset(s)").

24   154.    Plaintiff(s) is informed and believes that Defendant DOE ARCHDIOCESE,

25   Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER,

26   and Defendant DOES 1 through 500, did not receive reasonably equivalent value for the Transfer

27   of Asset(s).

28   ///

---

Case: 23-40523    Doc# 235-1    Filed: 07/24/23    Entered: 07/24/23 13:09:06    Page 39
of 48

155.     At the time of said Transfer of Asset(s), Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500, knew that Plaintiff(s), as a survivor of childhood sexual assault committed by Defendant PERPETRATOR, was and is a creditor.

156.     Notwithstanding this knowledge, Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500 intentionally transferred the interests in financial assets with the actual intent to prevent Plaintiff(s) from collecting from said assets after the Transfer of Asset(s) was complete.

157.     By reason of the foregoing, the Transfer of Asset(s) is voidable pursuant to California *Civil Code* §§ 3439.04(a)(1) and (2) and § 3439.05, and § 3439.07.  Pursuant to California *Civil Code* § 3439.07, Plaintiff(s) request:

     a.  a judgment avoiding the Transfer of Asset(s); and/or

     b.  a money judgment against Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500 for the value of the Transfer of Asset(s).

158.     The recipient(s) of said Transfer of Asset(s), is not yet known by Plaintiff(s). Plaintiff(s) will seek to amend the Complaint to allege their true names and capacities when such have been ascertained.

## ELEVENTH CAUSE OF ACTION
## SEXUAL BATTERY
### (Against Defendant DOE PERPETRATOR only)

159.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

160.     During Plaintiff's time at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, the DOE PERPETRATOR intentionally, recklessly and wantonly did acts which were intended to, and did result in harmful and offensive contact with intimate parts of Plaintiff's person. Plaintiff was subjected to numerous instances of sexual assault by the DOE PERPETRATOR, during Plaintiff's time as a minor with DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500.

161. The DOE PERPETRATOR did the aforementioned acts with the intent to cause a harmful or offensive contact with an intimate part of Plaintiff's person and would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with an intimate part of Plaintiff's person that would offend a reasonable sense of personal dignity.

162. Because of the DOE PERPETRATOR's position of authority over Plaintiff, and Plaintiff's mental and emotional state, and Plaintiff's young age under the age of consent, Plaintiff was unable to, and did not, give meaningful consent to such acts.

163. As a direct, legal, and proximate result of the acts of the DOE PERPETRATOR, Plaintiff sustained serious and permanent injuries to his person, all of his damage in an amount to be shown according to proof and within the jurisdiction of the Court.

164. As a direct result of the sexual battery by the DOE PERPETRATOR, Plaintiff has difficulty in reasonably or meaningfully interacting with others, including those in positions of authority over Plaintiff including teachers, and supervisors, and in intimate, confidential and familial relationships, due to the trauma of childhood sexual assault inflicted upon him by Defendants. This inability to interact creates conflict with Plaintiff's values of trust and confidence in others, and has caused Plaintiff substantial emotional distress, anxiety, nervousness, anger and fear. As a direct result of the molestation by the DOE PERPETRATOR, Plaintiff has had issues with his personal life, such as issues with trust and control. These feelings have caused Plaintiff substantial emotional distress, guilt, anxiety, nervousness and fear.

165. In subjecting the Plaintiff to the wrongful treatment herein described, the DOE PERPETRATOR, acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and oppression under California *Civil Code* section 3294. Plaintiff is therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against the DOE PERPETRATOR, in a sum to be shown according to proof.

///

///

**TWELFTH CAUSE OF ACTION**
**SEXUAL ASSAULT**
**(Against Defendant DOE PERPETRATOR only)**

166. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

167. The DOE PERPETRATOR, in doing the things herein alleged, including intending to subject Plaintiff to numerous instances of sexual abuse and molestation, intended to cause harmful or offensive contact with Plaintiff's person, or intended to put Plaintiff in imminent apprehension of such contact.

168. In doing the things herein alleged, Plaintiff was put in imminent apprehension of a harmful or offensive contact by the DOE PERPETRATOR, and actually believed the DOE PERPETRATOR had the ability to make harmful or offensive contact with Plaintiff's person.

169. Plaintiff did not consent to the DOE PERPETRATOR intended harmful or offensive contact with Plaintiff's person, or intent to put Plaintiff in imminent apprehension of such contact. Additionally, because Plaintiff was a minor during the time herein alleged, they lacked the ability to consent to sexual contact with any person.

170. In doing the things herein alleged, the DOE PERPETRATOR violated Plaintiff's right, pursuant to *Civil Code* section 43, of protection from bodily restraint or harm, and from personal insult. In doing the things herein alleged, the DOE PERPETRATOR violated his duty, pursuant to *Civil Code* section 1708, to abstain from injuring the person of Plaintiff or infringing upon his rights.

171. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

172.     Plaintiff is informed and based thereon alleges that the conduct of the DOE PERPETRATOR was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of others, and were carried out with a conscious disregard of her right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* section 3294, entitling Plaintiff to punitive damages against the DOE PERPETRATOR in an amount appropriate to punish and set an example of the DOE PERPETRATOR.

**THIRTEENTH CAUSE OF ACTION**
**GENDER VIOLENCE (*CIVIL CODE* §52.4)**
**(Against Defendant DOE PERPETRATOR only)**

173.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

174.     The DOE PERPETRATOR's acts committed against Plaintiff, as alleged herein, including the sexual harassment, molestation and assault of the minor Plaintiff constitute gender violence and a form of sex discrimination in that one or more of Defendants' acts would constitute a criminal offense under state law that has an element the use, attempted use, or threatened use of physical force against the person of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or convictions.

175.     The DOE PERPETRATOR acts committed against Plaintiff, as alleged herein, including the sexual harassment, molestation and assault of the minor Plaintiff constitute gender violence and a form of sex discrimination in that the DOE PERPETRATOR conduct caused a physical intrusion or physical invasion of a sexual nature upon Plaintiff under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

176.     As a proximate result of the DOE PERPETRATOR's acts, Plaintiff is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief. Plaintiff is also entitled to an award of attorney's fees and costs pursuant to *Civil Code* § 52.4, against the DOE PERPETRATOR

39

**FOURTEENTH CAUSE OF ACTION**
**VIOLATION OF *PENAL CODE* § 288(a)**
**(Against Defendant DOE PERPETRATOR only)**

177.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

178.     California *Penal Code* § 288(a) provides that "… a person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.."

179.     The DOE PERPETRATOR engaged in lewd and lascivious acts with Plaintiff while Plaintiff was under eighteen years of age, in violation of California *Penal Code* § 288(a).

180.     Under California law, victims of childhood sexual abuse are entitled to bring civil actions for violations of *Penal Code* provisions that prohibit adults from engaging in sexual acts with minors, including *Penal Code* § 286(a)-(b)(1). *See Angie M. v. Superior Court*, (1995) 37 Cal.App.4th 1217, 1224-1225.

181.     The DOE PERPETRATOR's above-noted actions in engaging in lewd and lascivious acts with the minor Plaintiff were the proximate and legal causes of physical, psychological, emotional, and economic damages Plaintiff has suffered and continues to suffer to this day. It also has resulted in Plaintiff incurring, and will require him to incur into the future, expenses for medical and psychological treatment, therapy, and counseling.

182.     The above-described conduct of the DOE PERPETRATOR was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of Plaintiff, and was carried out with a conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* section 3294, entitling Plaintiff to punitive damages against the DOE PERPETRATOR in an amount appropriate to punish and set an example of him.

///

---

**40**

## FIFTEENTH CAUSE OF ACTION
### VIOLATION OF *PENAL CODE* § 647.6(a)(1)
### (Against Defendant DOE PERPETRATOR only)

183.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

184.    California *Penal Code* § 647.6(a)(1) provides that "[e]very person who annoys or molests any child under 18 years of age shall be punished by a fine not exceeding five thousand dollars ($5,000), by imprisonment in a county jail not exceeding one year, or by both the fine and imprisonment."

185.    The DOE PERPETRATOR sexually molested and annoyed the Plaintiff while Plaintiff was under eighteen years of age, in violation of California *Penal Code* § 647.6(a)(1).

186.    Under California law, victims of childhood sexual abuse are entitled to bring civil actions for violations of *Penal Code* provisions that prohibit adults from engaging in sexual acts with minors, including *Penal Code* § 647.6(a)(1). *See Angie M. v. Superior Court*, (1995) 37 Cal.App.4th 1217, 1224-1225.

187.    The DOE PERPETRATOR's above-noted actions in annoying and molesting the minor Plaintiff were the proximate and legal causes of physical, psychological, emotional, and economic damages Plaintiff has suffered and continues to suffer to this day. It also has resulted in Plaintiff incurring, and will require him to incur into the future, expenses for medical and psychological treatment, therapy, and counseling.

188.    The above-described conduct of the DOE PERPETRATOR was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of Plaintiff, and was carried out with a conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* section 3294, entitling Plaintiff to punitive damages against the DOE PERPETRATOR in an amount appropriate to punish and set an example of him.

///

///

///

JCCP 5108 MASTER COMPLAINT
Case: 23-40523    Doc# 235-1    Filed: 05/08/23    Entered: 05/08/23 13:09:06    Page 45 of 48

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for Judgment against Defendants as follows:

1.     For past, present and future general damages in an amount to be determined at trial;

2.     For past, present and future special damages, including but not limited to past, present and future lost earnings, economic damages and others, in an amount to be determined at trial;

3.     Any appropriate statutory damages, including attorneys' fees;

4.     For costs of suit;

5.     For pre- and post-judgment interest as allowed by law;

6.     For attorney's fees pursuant to the aforementioned statutes and otherwise allowable by law:

    a.     California *Code of Civil Procedure* § 1021.5;

    b.     California *Code of Civil Procedure* § 1021.4 as to the DOE PERPETRATOR only;

    c.     California *Civil Code* §52;

///
///
///
///
///
///
///
///
///
///
///
///

---

42

7.  With regard to the Tenth Cause of Action for Fraudulent Transfer, Plaintiff(s) request:

    a.  A judgment declaring that the Transfer of Asset(s) were void and invalid;

    b.  A money judgment against the transferees of the Assets for the value of the Transferred Asset(s);

    c.  Imposition and enforcement of a lien in favor of Plaintiff(s) on the Transfer of Asset(s);

    d.  Other appropriate legal or equitable relief, including an attachment lien or other provisional remedy, an injunction against further disposition of the Transfer of Asset(s) or its proceeds, and/or the appointment of a receiver to take charge of the asset(s) transferred or its proceeds; and/or

    e.  In the alternative, that the Transfer of Asset(s) were void and invalid, a judgment declaring that the purported creation and purpose of the Transfer of Asset(s) was void and invalid, and that all assets held or previously held are subject to the claims of Plaintiff(s).

8.  For such other and further relief as the court may deem proper.

Dated: March __, 2021                    **MANLY, STEWART & FINALDI**


                                 By: _____
                                     VINCE W. FINALDI, Esq.
                                     Plaintiffs' Liaison Counsel ("PLC")


Dated: March __, 2021                    **FURTADO, JASPOVICE & SIMONS**


                                 By: _____
                                     RICK SIMONS, Esq.
                                     Plaintiffs' Liaison Counsel

## DEMAND FOR JURY TRIAL

A trial by jury is hereby demanded by Plaintiff.


Dated: March __, 2021                    **MANLY, STEWART & FINALDI**

                                  By:    _____
                                         VINCE W. FINALDI, Esq.
                                         Plaintiffs' Liaison Counsel


Dated: March __, 2021                    **FURTADO, JASPOVICE & SIMONS**

                                  By:    _____
                                         RICK SIMONS, Esq.
                                         Plaintiffs' Liaison Counsel