**FOLEY & LARDNER LLP**
Jeffrey R. Blease (CA Bar. No. 134933)
Tel: (617) 226-3155; jblease@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
Tel: (415) 438-6404; smoses@foley.com
Emil P. Khatchatourian (CA Bar No. 265290)
Tel: (312) 832-5156; ekhatchatourian@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
Tel: (608) 258-4203; mdlee@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520

*Counsel for the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

In re:

THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,

Debtor.

Case No. 23-40523-WJL

Chapter 11

**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

[No Hearing Requested]

This Confidentiality Agreement and Stipulated Protective Order (this "Order") is entered into by and among: (a) the debtor and debtor in possession in the above captioned chapter 11 case (the "Debtor"); (b) the Official Committee of Unsecured Creditors (the "Committee"); and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of a declaration in the form of **Exhibit A** hereto (a "Declaration"). Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "Party," and, collectively, as the "Parties." The Parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Order pursuant to 11 U.S.C. 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the

1

"Bankruptcy Rules"), and, with respect to any existing or future contested matter or adversary proceeding, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

**Recitals**

WHEREAS, there are, or may be, investigations, or judicial or other proceedings, including but not limited to contested matters, adversary proceedings and other disputes (each a "Dispute" and, collectively, the "Disputes"), arising out of, relating to, or affecting the Debtor's bankruptcy proceedings (the "Chapter 11 Case") commenced by the filing of a voluntary petition under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101–1532 (the "Bankruptcy Code") in this Court;

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another or from third parties with respect to one or more Disputes, including through informal requests, Rule 2004 motions, or service of document requests, interrogatories, depositions, and other discovery requests (collectively, "Discovery Requests") as provided by the Federal Rules, the Bankruptcy Rules, and the Bankruptcy Local Rules of the United States Bankruptcy Court for the Northern District of California (the "Local Rules"); and

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that a Party seeks to maintain as confidential, **IT IS HEREBY STIPULATED, AGREED, AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED** that the following terms will govern any requests for and production of Discovery Material (as defined below) and use thereof:

2

1. The Parties shall submit this Order to the Court for approval. The Parties shall abide by the terms of this Order even if this Order is not entered by the Court for any reason, unless the Court otherwise determines.

2. Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Rule 9006 of the Bankruptcy Rules.

**Scope of Order**

3. This Order applies to all information, documents and things exchanged in or subject to discovery that is produced on or after May 8, 2023, by a Party or a third party (each a "Producing Person"), to any other Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding, that relates to a Dispute and is in response to or in connection with any Discovery Requests, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced (including documents, information and things produced to a Receiving Party for inspection and documents, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

4. Solely with respect to any determination of what material is Confidential or Highly Confidential, -this Order does not affect, amend or modify any existing confidentiality agreements, intercreditor agreements, protective orders applicable to any Producing Person and/or Receiving Party, or any order of this Court.

5. Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that he, she or it may

3

Case: 23-40523    Doc# 236    Filed: 07/14/23    Entered: 07/14/23 13:59:25    Page 3 of 20
4857-7646-4240.1

designate documents or testimony in a Dispute produced pursuant to such subpoena according to the provisions herein upon signing a Declaration and agreeing to be bound by the terms of this Order.

**Designating Discovery Material**

6. Any Producing Person, or Party that is the subject thereof (a "Designating Party") may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

    a. Confidential Material: A Producing Person or Designating Party may designate Discovery Material as "Confidential Material" if such Producing Person believes in good faith (or with respect to documents received from another person or entity, has been reasonably advised by such other person or entity) that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under 11 U.S.C. § 107(b)(1), Bankruptcy Rules 7026 or 9014 9018, or and Federal Rule of Civil Procedure 26(c); (B) constitutes or contains information that the court in this Chapter 11 Case has determined must be protected under 11 U.S.C. § 107(b)(2) or Bankruptcy Rule 9018; (C) is subject by law or by contract to a legally protected right of privacy; or (D) is information that is believed to unreasonably invade the privacy of an individual; or (ii) the Producing Person (A) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential; or (B) has in good faith been requested by a Designating Party to so designate such Discovery Material on the grounds that such other Party considers such Discovery Material to contain information that is confidential or proprietary to such Party.

    b. Highly Confidential Material: A Producing Person or Designating Party may designate Discovery Material as "Highly Confidential Material" if such Producing Person believes in good faith (or with respect to documents received from another person or entity, has been reasonably advised by such other person or entity) that such Discovery Material constitutes or includes highly confidential Discovery Material that is of such a nature that a risk of competitive or other injury would be created if such Discovery Material were disclosed to persons or entities other than those identified in Paragraph 11 of this Order. Any model that has been customized by a testifying expert or is not commercially available and is used by such expert in connection with preparing an opinion, may be produced as "Highly Confidential."

4

c. <u>Undesignated Material:</u> Subject to the rights and obligations of the Parties under Paragraphs 8, 9, 23, and 34 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material (such Discovery Material, "<u>Undesignated Material</u>").

7. <u>Manner Of Designating Discovery Material:</u> Where reasonably practicable, any Designated Material other than oral deposition testimony shall be designated by the Producing Person as such by marking each such page "Confidential" or "Highly Confidential" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such material is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is "Confidential" or "Highly Confidential" or by including such terms in the filename thereof. Discovery Material exchanged or produced prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential Material" or "Highly Confidential Material" shall be treated as "Confidential Material" or "Highly Confidential Material," as applicable, pursuant to this Order notwithstanding such Discovery Material not bearing such markings. A Designating Party may designate Discovery Material by providing written notice to all Parties that such Discovery Material is "Confidential Material" or "Highly Confidential Material." Any designation made by a Producing Person or Designating Party shall apply to all permutations, versions, or copies of such Designated Material, regardless of who possesses, has custody of, or controls such material, and regardless of whether any such version or copy bears a designation. Designation does not mean that the document or information has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

8. <u>Late Designation/Change in Designation of Discovery Material</u>: The failure to designate particular Discovery Material as "Confidential Material" or "Highly Confidential Material" at the time of production shall not operate to waive a Producing Person's or Designating Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("<u>Misdesignated Material</u>"). At such time, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Person or Designating Party, as applicable, of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly designated copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Person or Designating Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the Discovery Material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that wishes to change the designation of the Discovery Material.

**Use and Disclosure of Confidential or Highly Confidential Material**

9. <u>General Limitations On Use And Disclosure Of All Discovery Material</u>: All Discovery Material shall be used by the Receiving Parties solely for the purposes of a Dispute

6

and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial or administrative purpose or function (collectively, the "Permitted Uses").

10. Confidential Material: Confidential Material, and any and all information contained therein, shall be given, shown, made available to or communicated only to the following:

    a. The Debtor and its employees;

    b. The Committee's professionals, members of the Committee, including their respective agents who are assisting with or making decisions with respect to any Dispute, as to each strictly on a need to know basis after they sign a Declaration in the form provided as **Exhibit A** hereto;

    c. The U.S. Trustee;

    d. Any Party, with the consent of the Producing Person, who has signed a Declaration, in the form provided as **Exhibit A** hereto; and

    e. Any other persons specified in Paragraph 11 below, as to each strictly on a need to know basis after they sign a Declaration, in the form provided as **Exhibit A** hereto.

11. Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, shall be given, shown, made available to or communicated only to the following:

    a. Professionals retained by order of the Bankruptcy Court in this Chapter 11 Case, and staff employed by and/or working under the express direction of such counsel, for:

        (i) The Debtor;

        (ii) The Committee; and

        (iii) Any Party, with the consent of the Debtor and the Committee, who has signed a Declaration, in the form provided as **Exhibit A** hereto.

    b. The U.S. Trustee;

    c. Any person who is expressly indicated on the face of a document, or on a correspondence attaching or enclosing such document contemporaneous

7

Case: 23-40523    Doc# 236    Filed: 07/14/23    Entered: 07/14/23 13:59:25    Page 7 of 20
4857-7646-4240.1

with its author date, to have been an author, addressee or copy recipient thereof, or in the case of meeting minutes, an attendee of the meeting at which a document was provided for discussion, but, as to each, only with respect to that document, after they sign a Declaration in the form provided as **Exhibit A** hereto;

    d.    With consent by the Designating Party, after they sign a Declaration in the form provided as **Exhibit A** hereto, any adverse witness during the course of a deposition and with consent provided on the record of the deposition, where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so could not cause competitive or other harm to the Producing Person or Designating Party and could not cause harm to the witness or the witness' employer, for example, by revealing material non-public information, ; provided, however, that the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material;

    e.    For purposes of witness preparation, and upon written consent of the Producing Person and any Designating Party, after they sign a Declaration in the form provided as **Exhibit A** hereto, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Highly Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, and that doing so could not cause competitive harm or other injury, provided, however, that such Highly Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material;

    f.    Outside photocopying, graphic production services, or litigation support services, provided that they are bound to abide by this Order through privity of contract, and only to the extent necessary for a Producing Person or Receiving Party's Permitted Use;

    g.    Court reporters, stenographers, or videographers who record deposition or other testimony;

    h.    The Court, its officers and clerical staff in any judicial proceeding that may result from a Dispute; and

    i.    Any other person or entity with respect to whom the Producing Person and Designating Party may consent in writing, after they sign a Declaration in the form provided as **Exhibit A** hereto.

12. <u>Designated Material To Be Disclosed Only In Accordance With Paragraphs 10 and 11</u>: Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 11 of this Order. For the avoidance of doubt, counsel that is entitled to receive Highly Confidential Material may share summaries, akin to what would be provided on a privilege log under Federal Rule of Civil Procedure 26(b)(5), of any Highly Confidential Material with its clients (meaning, in the case of the Committee, members of the Committee and their individual counsel) to the extent counsel deems reasonably necessary and appropriate to provide legal advice to the client. Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 10 of this Order.

13. <u>Prerequisite To Disclosure Of Designated Material</u>: Before any Receiving Party is given access to Designated Material, such person or entity or their representative shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as **Exhibit A** annexed hereto. Each such Declaration shall be retained in the files of counsel for the Party who signed the Declaration, who shall provide access to copies of such declarations upon request by any Party. Such executed Declarations shall not be subject to disclosure to non-Parties under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders.

14. <u>Sealing of Designated Material Filed With Or Submitted To Court</u>: Unless otherwise agreed by the Producing Person and Designating Party, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules and the Local Rules, by redacting Designated Material

and references thereto in pleadings, briefs, declarations, memoranda, and other filings, and replacing exhibits that constitute Designated Material with a placeholder, and providing unredacted and complete copies of all such submissions to all Parties to this Order and to the Court.

15. <u>Use of Discovery Material In Open Court:</u> The limitations on disclosure in this Order shall apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and where practicable at least 24 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Person and any Designating Party together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact or otherwise protect disclosure of the Designated Material so that the material may be offered or otherwise used by any Party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Designated Material, then the Party seeking to use the Designated Material bears the burden of requesting relief from the Court.

**Depositions**

16. <u>Deposition Testimony - Manner Of Designation:</u> In the case of depositions, if counsel for a Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party, such testimony may be designated as appropriate by:

    a. Stating so orally on the record and requesting that the relevant portion(s) of testimony be so designated; or

b. Providing written notice to the Party that noticed the deposition within seven (7) days of the Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days. Should the hearing be scheduled fewer than three (3) business days after the deposition, the Party must provide written notice at least 24 hours prior to the hearing. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 20 below. Until expiration of the aforesaid period, as applicable, following receipt of the transcript by the Parties, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential unless otherwise designated by agreement of counsel on the record at the deposition.

17. <u>Designated Material Used As Exhibits During Depositions</u>: Nothing in Paragraph 16 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

18. <u>Witness Review Of Deposition Testimony</u>: Nothing in Paragraph 16 shall preclude the witness from reviewing his or her deposition transcript.

19. <u>Presence Of Persons During Deposition Testimony</u>: Anyone who wishes to attend a deposition must become a Party to this Order prior to such deposition. When Designated Material is elicited during a deposition, persons or entities not entitled to receive such information under the terms of this Order, unless the Producing Person and Designating Party consent, shall be excluded from the portion of the deposition so designated.

20. <u>Responsibilities And Obligations Of Court Reporters</u>: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall abide by the terms of this Order, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate. If the deposition is videotaped, the

11

Case: 23-40523 Doc# 236 Filed: 07/14/23 Entered: 07/14/23 13:59:25 Page 11 of 20
4857-7646-4240.1

videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

**General Provisions**

21. Nothing in this Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

22. Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any rights or objections, including but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party any right to object to any discovery request, or any right to object on any ground for any purpose, in whole or in part, to use of Discovery Material in any Dispute, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

23. <u>Unauthorized Disclosure Of Designated Material:</u> In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts (as if the Designated Material was that of the Receiving Party making the unauthorized disclosure) to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Person and any Designating Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use

12

Case: 23-40523    Doc# 236    Filed: 07/14/23    Entered: 07/14/23 13:59:25    Page 12 of 20
4857-7646-4240.1

thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person or entity to such sanctions and remedies as the Court may deem appropriate.

24. <u>Manner Of Objecting To Designated Material:</u> If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Person and any Designating Party in writing and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. The Producing Person or Designating Party may seek relief from the Court if the Receiving Party, on the one hand, and the Producing Person and any Designating Party, on the other hand, cannot resolve the dispute. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated that is subject to the provisions of this Order. In connection with any request for relief concerning the propriety of a "Confidential" or "Highly Confidential" designation, the Producing Person and Designating Party shall bear the burden of proof.

25. <u>Timing Of Objections To Designated Material:</u> A Receiving Party (Designating Party as to misdesignation) shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Person or Designating Party of Discovery Materials as "Confidential Material" or "Highly Confidential Material" during the discovery period shall not be a waiver of that Party's right to object to such designation at trial.

26. <u>Inadvertent Production Of Privileged Discovery Material</u>: This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Inadvertent production of any Discovery Materials which a Party later claims in good faith should not have been produced because of a privilege or other protection from disclosure, including but not limited to the attorney-client privilege, common interest doctrine, or work product doctrine ("Inadvertently Produced Privileged Information"), will not by itself constitute a waiver of any applicable privilege or protection. Within a reasonable period of time after a Producing Person discovers (or upon receipt of notice from another Party or non-Party) that it has produced Inadvertently Produced Privileged Information, the Producing Person shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Materials inadvertently produced and the basis for withholding such Discovery Materials from production. If a Producing Person requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Discovery Materials (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Person (as well as any Party or non-Party that notified the Producing Person) of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Person's notification. The applicable Parties shall thereafter meet and confer regarding the disputed privilege claim. If the applicable Parties cannot resolve their dispute, any such Party may seek a determination from the Court whether the privilege applies. The Producing Person must preserve the Inadvertently Produced Privileged Information and, other than in connection with seeking a determination by the Court, the Receiving Party may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved.

27. <u>Use Of Non-Discovery Material</u>: To the extent that any Party has documents or information that (i) are received or become available to a Party on a non-confidential basis not in knowing violation of an obligation of confidentiality to any other person or entity; (ii) were independently developed by such Party without violating its obligations hereunder or any applicable law; or (iii) are publicly available or become publicly available in a manner that is not knowingly in violation of this Order, or determined to be in violation of any other order of this Court, applicable law, or of any obligation of confidentiality to any other person or entity, including a Party (collectively "<u>Non-Discovery Material</u>"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial or otherwise in connection with any Dispute.

28. <u>Obligations Following Conclusion Of The Disputes</u>: Within 90 days of the later of the conclusion of the relevant Dispute(s) or the Debtor's emergence from bankruptcy, including all appeals as to all Parties, all Parties shall, upon the request of the Producing Person, take all commercially reasonable steps to return to counsel for the respective Producing Person, or to destroy, all Discovery Material, and all copies or notes thereof in the possession of any person or entity, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Discovery Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as provided in this Order. If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Person or Designating Party, verify such destruction in writing to counsel for the Producing Person or

Designating Party, as applicable. Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding.

29. <u>Continuing Applicability Of Confidentiality Agreement And Stipulated Protective Order:</u> The provisions of this Order shall survive the completion or resolution of any and all Disputes, the Debtor's emergence from bankruptcy, and the closure of this Chapter 11 Case, in each case as to any retained Discovery Material. The final termination of the Disputes and/or the Debtor's emergence from bankruptcy shall not relieve counsel or other persons or entities obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

30. <u>Amendment Of Confidentiality Agreement And Stipulated Protective Order:</u> Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time, or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

31. <u>Disclosure Of Discovery Material In Other Proceedings:</u> Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand or request seeking the disclosure of a Producing Person's Discovery Material: (i) shall promptly notify the Producing Person and any applicable Designating Party (unless such notice is prohibited by applicable law) to enable them to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any

16

person or entity to whom such information is so disclosed of the confidential nature of such information.

32. <u>Use Of Discovery Material By Producing Person</u>: Nothing in this Order affects the right of any Producing Person or Designating Party to use or disclose its own Discovery Material in any way. Subject to clause (c) of Paragraph 6 and Paragraph 27, such disclosure will not waive the protections of this Order and will not entitle other Parties or their attorneys to use or disclose such Discovery Material in violation of this Order.

33. <u>Objections To Discovery Requests</u>: Nothing herein shall be deemed (a) to prevent a Party from objecting to Discovery Requests or asserting that information being sought in Discovery Requests is of such a confidential, personal or proprietary nature that discovery should not be afforded, or (b) to preclude a Party from seeking additional or further limitations on the use or disclosure of such information.

34. <u>Investigation Discovery Material</u>: The Committee is conducting an investigation of potentially valuable claims and causes of action belonging to the Debtor's estate (the "<u>Investigation</u>"). In connection with the Investigation, the Committee may seek information from persons or entities (together with the Debtor and the Committee, the "<u>Investigation Parties</u>"), who may also seek information from the Debtor, the Committee, and other Investigation Parties. The Investigation Parties may produce documents and information that are designated as "Confidential Material" or "Highly Confidential Material" ("<u>Investigation Discovery Material</u>"). Notwithstanding anything to the contrary herein, and except as otherwise provided in Paragraphs 31 and 32 hereof or consented to in writing by the Investigation Party who produced the Investigation Discovery Material, Investigation Discovery Material shall not be disclosed by any Investigation Party to a non-Investigation Party. For the avoidance of doubt, a Party's entry into this Order does not entitle such Party to receive Investigation Discovery Material.

35. <u>Obligations Of Parties</u>: Nothing herein shall relieve a party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

36. <u>Advice Of Counsel</u>: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

37. <u>Joint Drafting:</u> This Order is the product of arm's-length negotiations and compromises between the Parties, was drafted jointly thereby, and shall not be construed against any Party by reason of its drafting or preparation. This constitutes the entire agreement and understanding between the Parties respecting the subject matter hereof, subject to any orders in this Chapter 11 Case solely with respect to information that must be kept confidential. Drafts of this Order and modifications reflected in such drafts (including, as to each, communications with respect thereto) shall not be utilized in any manner, dispute, or proceeding, including as evidence of intent in connection with or interpretation of this Order.

38. <u>Enforcement:</u> The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

39. <u>Retained Jurisdiction:</u> The Court shall retain exclusive jurisdiction to hear and determine any matters or disputes arising from or related to this Order.

[*Remainder of Page Intentionally Blank*]

**SO STIPULATED AND AGREED:**

**THE ROMAN CATHOLIC BISHOP OF OAKLAND**

Dated: July 14, 2023

**FOLEY & LARDNER LLP**
Jeffrey R. Blease
Thomas F. Carlucci
Shane J. Moses
Emil P. Khatchatourian
Ann Marie Uetz
Matthew D. Lee

*/s/Shane J. Moses*
Shane J. Moses

*Counsel for the Debtor
and Debtor in Possession*

**SO STIPULATED AND AGREED:**

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Dated: July 14, 2023

**KELLER BENVENUTTI KIM LLP**
Jane Kim
Gabrielle L. Albert

-and-

**LOWENSTEIN SANDLER LLP**
Jeffrey D. Prol
Lynda A. Bennett
Michael A. Kaplan
Brent Weisenberg
Colleen M. Restel

*/s/Michael A. Kaplan*
Michael A. Kaplan

*Counsel for the Official Committee of Unsecured
Creditors of The Roman Catholic Bishop of Oakland*

19

**Exhibit A**

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury (this "Declaration") that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "Order") relating to the Disputes between Debtor and the Committee and other constituents that are signatories to the Order. All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that I will not use Discovery Material for any purpose other than the Disputes and the Chapter 11 Case, and will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Order to receive Discovery Material. I agree to be bound by the terms and conditions of the Order.

5. I understand that I am to retain in confidence from all individuals not expressly permitted to receive Discovery Material, whether at home or at work, all copies of any Discovery Materials, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Discovery Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____     Signature: _____

20