# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT

Northern District of California

Oakland Division

In re THE ROMAN CATHOLIC BISHOP OF OAKLAND,
Debtor

Case No. 23-40523 (WJL)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: The Roman Catholic Bishop of Oakland

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____     /s/ Gabrielle L. Albert
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors, who issues or requests this subpoena, are: Gabrielle L. Albert, Esq., 650 California Street, Suite 1900, San Francisco, California 94108, galbert@kbkllp.com, (415) 496-6723.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)**

# EXHIBIT A

# DEFINITIONS

1. "Chapter 11 Case" means the chapter 11 case filed by the Debtor in the Bankruptcy Court for the Northern District of California, Oakland Division, assigned Case No. 23-40523.

2. "Communication(s)" means any writing or any oral conversation of any kind or character, including, by way of example and without limitation, e-mails, instant messages, text messages, voicemail or messages, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex Communications or transmittals of Documents, and all Documents Concerning such writing or such oral conversation.

3. "Churches" shall have the meaning set forth in the Moore Declaration.

4. "Debtor" or "RCBO" means, The Roman Catholic Bishop of Oakland, and its employees, representatives, agents, advisors, accountants and/or attorneys.

5. "Document(s)" means, without limitation, the original and all copies, prior drafts, and translations of information in any written, typed, printed, recorded or graphic form, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all Electronically Stored Information, correspondence, records, tables, charts, analyses, graphs, schedules, reports, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to, reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other Communications (including, but not limited to, inter- and intra-office Communications), questionnaires, contracts, memoranda or agreements, assignments, licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, microfilm, photographs, motion pictures, videotapes, photographic negatives, phonograph records, tape recordings, wire recordings, voicemail recordings or messages, other mechanical records, transcripts or logs of any such recordings, and all other data compilations from which information can be obtained. The term "Document(s)" is intended

to be at least as broad in meaning and scope as the usage of this term in or pursuant to the Federal Rules of Civil Procedure.

6. "Electronically Stored Information" shall include, without limitation, the following: information that is generated, received, processed, recorded, or accessed by computers and other electronic devices, including but not limited to:

   i. E-mail;
   ii. Internal or external websites;
   iii. Output resulting from the use of any software program; and
   iv. All information stored on cache memories, magnetic disks (such as computer hard drives or floppy drives), optical disks (such as DVDs or CDs), magnetic tapes, microfiche, or on any other media for digital data storage or transmittal (*e.g.*, a smartphone such as an iPhone®, a tablet such as an iPad®, or a personal digital assistant such as a Blackberry®).

7. "Moore Declaration" means the *Declaration of Charles Moore, Managing Director of Alvarez & Marsal North America, LLC, Proposed Restructuring Advisor to the Roman Catholic Bishop of Oakland, in Support of Chapter 11 Petition and First Day Pleadings*, filed on May 8, 2023, at Docket No. 19 in the Chapter 11 Case.

8. "Non-Debtor Catholic Entities" shall have the meaning set forth in the Moore Declaration.

9. "Relating to" or "Related to" means consisting of, reflecting, referring to, regarding, Concerning, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or to rebut) the subject matter designated in any paragraph of these Requests. A request for Documents "Relating to" a specified subject matter shall always include notes and memoranda (whenever prepared) Relating to the subject matter of the Request.

10. "Schools" means the schools affiliated with the Debtor as described in the Moore Declaration.

11. "You" or "Your" shall mean the Debtors.

# INSTRUCTIONS

1. Unless otherwise indicated, the time period applicable to these Requests is the date of the first reported instance of abuse or sexual misconduct by a current or former priest or employee of RCBO, through the present, inclusive of both dates, and includes any Documents created on an earlier date, but in use, modified, accessed, opened, uploaded, or downloaded during the relevant time period.

2. The obligation to produce Documents responsive to these Document Requests shall be continuing in nature, and a producing party is required to promptly produce any Document requested herein that it locates or obtains after responding to these Document Requests, up to the date on which the Chapter 11 Case are closed by an order of the Court.

3. Where an objection is made to any Document Request, the objection shall state with specificity all grounds for an objection.

4. These requests call for the production of responsive Documents in Your possession, custody, or control, regardless of whether the Documents were prepared by You and/or are kept or maintained by You at Your place of business or in any other location, and which includes Documents in the possession, custody or control of Your employees, representatives, agents, independent contractors, consultants, attorneys, accountants, auditors, or any other persons acting or purporting to act on Your behalf. The requests specifically include the desk and personal files, including electronic files, of all such persons.

5. If Your response to a particular request is a statement that You lack the ability to comply with that request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control.

6. Each requested Document should be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other Documents at any time affixed thereto. Documents attached to each other shall not be separated. If a Document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation

stating why production of the remainder is not possible.

7.  Where a claim of privilege is asserted in objecting to the production of any Document and a Document called for by these Document Requests is withheld on the basis of such assertion, the objecting party shall identify the extent and nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state privilege rule being invoked. In addition, the objecting party shall provide the following information with respect to any Document so withheld: (i) the type of Document, *e.g.*, letter or memorandum; (ii) the general subject matter of the Document; (iii) the date of the Document; and (iv) such other information as is sufficient to identify the Document for a subpoena *duces tecum*, including, where appropriate, the author of the Document, the addressees of the Document, and any other recipients shown in the Document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

8.  In the event that a requested Document has been lost, destroyed, discarded, and/or otherwise disposed of; the parties will identify the Document by identifying: (i) its author or preparer; (ii) all Persons to whom the Document was distributed or shown; (iii) date of creation and/or modification; (iv) subject matter; (v) attachments or appendices; (vi) date of, manner of, and reason for destruction or other disposition; (vii) Person authorizing destruction or other disposition; (viii) the Document Request or Requests to which the Document is responsive.

9.  Produce all responsive Documents as they are kept in the usual course of business or organize and label them to correspond with the Document Request to which they are responsive.

10. Electronically Stored Information should be produced in its native format with all metadata preserved and intact.

11. The following rules of construction apply to these Requests:

    i. the terms "all" and "each" shall be construed as encompassing the ordinary definitions of both "all" and "each," conjunctively;
    ii. the connectives, "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside of their scope; and

iii. the use of the singular form of any word shall be construed to include the plural and vice versa.

12. All words, terms, and phrases not defined herein are to be given their normal and customary meaning in the context in which they are used.

13. If You believe that any request, definition, or instruction is ambiguous, in whole or in part, You nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which You construed the request in order to frame Your response.

14. If there are no Documents responsive to a particular request, please provide a written response so stating.

# DOCUMENT REQUESTS

1. All Documents and Communications Relating to the review and investigation of any former or current priest or employee of RCBO, the Churches, the Schools, or the Non-Debtor Catholic Entities that has been named as a defendant in a lawsuit, mediation, arbitration, or demand letter relating to allegations of sexual abuse.

2. Any report or investigation conducted by a third party Relating to allegations of sexual abuse by a current or former priest or employee of RCBO, the Churches, the Schools, or the Non-Debtor Catholic Entities.

3. All Documents and Communications Relating to the personnel file of any current or former priest or employee of RCBO, the Churches, the Schools, or the Non-Debtor Catholic Entities, which has been accused, formally or informally, of sexual abuse, regardless of whether such priest or employee has been determined to be credibly accused. The documents to be produced include files traditionally stored under different names, including, but not limited to, "Secret Archive Files," "Subsecreto Files," "Canon 489 of The Code of Canon Law (1983) Files," "Canon 379 of The Pio Benedictine Code of Canon Law (1917) Files," "Diocesan Files," "Z Files," "Red Files," "Secret Files," "Bishop Files," "Confidential Files," "Active Clergy Files," "The Well," "The Confidential Archive (archivum secretum)," "Inappropriate Behavior Policies/Referrals," and/or "Files of Scandalous Conduct."[1]

4. All Documents and Communications Relating to any notice received by RCBO, the Churches, the Schools, or the Non-Debtor Catholic Entities of the propensity of any current or former priest or employee to commit sexual abuse.

5. All Documents and Communications Relating to any notice received by RCBO, the Churches, the Schools, or the Non-Debtor Catholic entities regarding allegations or suspicions of sexual abuse by any current or former priest or employee.

---

[1] The Debtor shall make available to the Committee information and documents irrespective of what idiosyncratic name or title under which it is stored.

6. All Documents and Communications Relating to any knowledge of or inquiry by RCBO, the Churches, the Schools, or the Non-Debtor Catholic Entities of the risk of any current or former employee to commit sexual abuse at the time he/she was hired.

# TOPICS FOR EXAMINATION

1. The review and investigation of any former or current priest or employee of RCBO, the Churches, the Schools, or the Non-Debtor Catholic Entities that has been accused of sexual abuse as part of a lawsuit, mediation, arbitration, or demand letter relating to allegations of sexual abuse.

2. Transfers or reassignments of any current priest or employee of RCBO, RCBO, the Churches, the Schools, or the Non-Debtor Catholic Entities that has been accused of sexual abuse as part of a lawsuit, mediation, arbitration, or demand letter relating to allegations of sexual abuse.

3. Any report prepared by RCBO or any third party regarding allegations of sexual abuse by a current or former priest or employee of RCBO, the Churches, the Schools, or the Non-Debtor Catholic Entities.

4. Any notice received by RCBO, the Churches, the Schools, or the Non-Debtor Catholic Entities of the propensity of any current or former priest or employee to commit sexual abuse.

5. Any notice received by RCBO, the Churches, the Schools, or the Non-Debtor Catholic entities regarding allegations or suspicions of sexual abuse by any current or former priest or employee.

6. Knowledge of or inquiry by RCBO, the Churches, the Schools, or the Non-Debtor Catholic Entities of the risk of any current or former employee to commit sexual abuse at the time he/she was hired.