# EXHIBIT D

**FOLEY & LARDNER LLP**
Jeffrey R. Blease (CA Bar. No. 134933)
Tel: (617) 226-3155; jblease@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
Tel: (415) 438-6404; smoses@foley.com
Emil P. Khatchatourian (CA Bar No. 265290)
Tel: (312) 832-5156; ekhatchatourian@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
Tel: (608) 258-4203; mdlee@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520

*Counsel for the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523 WJL<br><br>Chapter 11<br><br>**AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT**<br><br>Judge: Hon. William J. Lafferty |

This Confidentiality Agreement (this "**Agreement**") is entered into as of [●], 2023~~.~~ by and among The Roman Catholic Bishop of Oakland, a California corporation sole, the debtor and debtor in possession (the "**Debtor**") in the above captioned case (the "**Chapter 11 Case**"), the Official Committee of Unsecured Creditors (the "**Committee**") and ~~By~~ [●] (the "**Recipient**"), an Authorized Party pursuant to ~~paragraph 15(c) of~~ the *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "**Bar Date Order**") [Docket No. ● ] entered by the United States Bankruptcy Court for the Northern District of California, Oakland Division (the "**Bankruptcy Court**") in the ~~above-captioned chapter 11 bankruptcy case (the "~~Chapter 11 Case~~")~~ on [●], 2023.

**WHEREAS,** the Recipient will be granted access to each Official Proof of Claim Form (defined

-1-

in the Bar Date Order) and the "*Optional Supplement to Official Form 410 for Use by* Sexual Abuse ~~Proofs of Claim~~*Claimants*" (the "**Supplement**") filed by Sexual Abuse Claimants in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

WHEREAS, Recipient acknowledges that the ~~Sexual Abuse Proofs~~Official Proof of Claim Form and/or the Supplement filed by Sexual Abuse Claimants may contain highly sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order, any orders of the Bankruptcy Court and the terms of this Agreement; and

WHEREAS, with the exception of the parties identified in paragraph ~~15~~14(~~d~~iv) of the Bar Date Order, access to ~~the~~Official Proof of Claim Forms and/or the Supplements filed by Sexual Abuse ~~Proofs of Claim~~Claimants extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Official Proof of Claim Form and/or the Supplement filed by Sexual Abuse ~~Proofs of Claim~~Claimants on behalf of an Authorized ~~or Permitted Party.~~ Party. Counsel of record to Authorized Parties may sign one form on behalf of their firm, and the terms of this Agreement and the Bar Date Order shall apply to each member, partner, shareholder, counsel, associate, paraprofessional and employee of the Recipient firm, and all such individuals shall be subject to the terms of this Agreement and the Bar Date Order as though they had signed it on their own behalf.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1. Recipient agrees that ~~the~~Official Proof of Claim Forms and/or the Supplements filed by, or on behalf of, Sexual Abuse ~~Proofs of Claim~~Claimants and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement~~;~~.

2. For purposes of this Agreement and the Bar Date Order, the term "**Confidential Information**" means ~~each Sexual Abuse Proof of Claim itself, and~~ any information contained in a ~~Sexual Abuse~~Official Proof of Claim Form and/or Supplement filed by, or on behalf of, a Sexual Abuse Claimant, except to the extent ~~such information~~ :

|   |   |   |   |
|---|---|---|---|
| 1 | | (i) | The Sexual Abuse Claimant elects to disclose the Confidential Information contained in the Official Proof of Claim Form and/or the Supplement pursuant to the terms of the Bar Date Order; |
| 4 | | (ii) | The information: |
| 5 | | | (a) ~~(i)~~ was known to the Recipient prior to being disclosed in ~~a Sexual Abuse~~an Official Proof of Claim~~,~~ Form and/or Supplement filed by, or on behalf of, a Sexual Abuse Claimant; |
| 8 | | | (b) ~~(ii)~~ is or becomes generally available to the public through no act or failure on the part of the Recipient, |
| 10 | | | (c) ~~(iii)~~ is obtained from a third party under no obligation to maintain its confidentiality, or |
| 12 | | | (d) ~~(iv)~~ is developed by the Recipient independently without reference to any ~~Sexual Abuse~~Official Proof of Claim~~;~~ Form and/or Supplement filed by, or on behalf of, a Sexual Abuse Claimant. |

3. Recipient agrees to not to use or distribute any ~~Sexual Abuse~~Official Proof of Claim ~~Forms~~Form and/or Supplement filed by, or on behalf of, a Sexual Abuse Claimant or Confidential Information in violation of this Agreement~~;~~ or the Bar Date Order.

4. Recipient may use the Official Proof of Claim Form and/or Supplement filed by, or on behalf of, a Sexual Abuse ~~Proofs of Claim~~Claimant, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Official Proof of Claim Form and/or Supplement filed by, or on behalf of, a Sexual Abuse ~~Proofs of Claim~~Claimant in the Debtor's Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "**Permitted Use**"); *provided, however*, that the Committee does not concede that a Recipient is a party in interest in the Chapter 11 Case for purposes of, among other things, having standing to object to Official Proof of Claim Forms and/or Supplements filed

by, or on behalf of, a Sexual Abuse Claimants and the Committee reserves its rights to oppose any Recipient's assertion it is a party in interest in the Chapter 11 Case.

5. Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court following notice and a hearing;

6. . Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, conditions or alleged violations of this Agreement or the Bar Date Order;.

6. 7. Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtor and the Creditors' Committee and the Sexual Abuse Claimant and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure;.

7. 8. Nothing in this Agreement precludes Recipient from petitioning the Bankruptcy Court in the Chapter 11 Case seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in the an Official Proof of Claim Form and/or Supplement filed by, or on behalf of, a Sexual Abuse Proofs of Claim Claimant; *provided, however*, that Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Bankruptcy Court and any other necessary parties and made under seal; and.

8. 9. This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Committee.

9. If there are any inconsistencies between this Agreement and the Bar Date Order, the terms of the Bar Date Order shall control.

AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT

**FOR THE DEBTOR:**

Dated: _____, 2023         By: _____
                                          Signature

                                          _____
                                          Print Name

**FOR THE COMMITTEE:**

Dated: _____, 2023         By: _____
                                          Signature

                                          _____
                                          Print Name

**FOR THE AUTHORIZED PARTY:**

Dated: _____, 2023         By: _____
                                          Signature

                                          _____
                                          Print Name

| Summary report: Litera® Change-Pro for Word 10.14.0.46 Document comparison done on 7/17/2023 6:18:10 PM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** nd://4866-9036-0170/1/RCBO - Bar Date Motion - Ex. 6 -- Confidentiality Agreement.docx ||
| **Modified DMS:** nd://4866-9036-0170/5/RCBO - Bar Date Motion - Ex. 6 -- Confidentiality Agreement.docx ||
| **Changes:** ||
| Add | 70 |
| Delete | 43 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 113 |