1  STEPHEN H. WARREN (S.B. #136895)
   TANCRED V. SCHIAVONI
2      (*pro hac vice*)
   KAREN RINEHART (S.B. #185996)
3  ADAM P. HABERKORN
       (*pro hac vice*)
4  **O'MELVENY & MYERS LLP**
   400 South Hope Street, 18th Floor
5  Los Angeles, California 90071
   Telephone:    (213) 430-6000
6  Facsimile:    (213) 430-6407
   Email: swarren@omm.com
7          tschiavoni@omm.com
           krinehart@omm.com
8          ahaberkorn@omm.com

9  *Attorneys for Pacific Indemnity Company, Century Indemnity Company, as successor to CCI Insurance*
10 *Company, as successor to Insurance Company of North America and Pacific Employers Insurance*
11 *Company*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND,<br><br>Debtor. | Case No. 23-40523-WJL<br><br>Chapter 11<br><br>**PACIFIC'S SUPPLEMENTAL NOTICE ADDRESSING PROPOSED MODIFICATIONS TO CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**<br><br>Date: July 19, 2023<br>Time: 1:30 p.m.<br>Place: United States Bankruptcy Court<br>        1300 Clay Street<br>        Courtroom 220<br>        Oakland, CA 94612<br>ECF No. 236 |

Pacific Employers Insurance Company ("Pacific") submits this supplemental notice to address several essential proposed modifications to the *Confidentiality Agreement and Stipulated Protective Order* (ECF No. 236) ("Proposed Order")[1] and respectfully requests that the proposed order attached in Exhibits A (redline) and B (clean copy) be entered in these Chapter 11 proceedings.[2] The changes sought are essential to protect privileged information generated in the defense and assessment of underlying abuse claims asserted against the Debtor.

*First*, Pacific and the other insurers are parties in interest who must be included as Receiving Parties under the Proposed Order to efficiently and appropriately assess the underlying abuse claims asserted against the Debtor. Excluding Pacific and the other insurers would only result in protracted and avoidable discovery disputes, resulting in delays in future mediation proceedings or settlement discussions among the parties and adjudication of discovery challenges, significantly increasing the cost to the estate.

*Second*, the Debtor's Proposed Order lacks basic protections designed to prevent disclosure of privileged information. In fact, certain provisions of Debtor's Proposed Order permit the Debtor to share any document or information with the Committee just by their mutual agreement. For example, section 10(d) of Debtor's Proposed Order permits broad disclosure of all Discovery Materials to "[a]ny Party, with the consent of the Producing Person, who has signed a [confidentiality] Declaration." Additionally, the Protective Order does not preclude the Debtor from sharing Pacific's or any other insurer's privileged information or privileged information that may be generated in a future underlying defense in the event the insurers participate in a joint

---

[1] Debtor and the Official Committee of Unsecured Creditors (the "Committee") filed the Proposed Order on July 14, 2023 without consultation of any other parties in interest, including Pacific and the other insurers. There was no opportunity for Pacific to provide input for the Proposed Order nor was there any notice or hearing scheduled for purposes of parties to file and argue objections to the Proposed Order.

[2] Pacific remains available for discussions with the Debtor, the Committee and other parties in interest regarding the matters set forth herein.

- 1 -

PACIFIC'S SUPPLEMENTAL NOTICE ADDRESSING MODIFICATIONS TO STIPULATED PROTECTIVE ORDER
Case: 23-40523    Doc# 255    Filed: 07/19/23    Entered: 07/19/23 12:01:43    Page 2 of 4

defense with the Debtor.  Not including such restrictions would eviscerate long-standing and established privilege doctrine in any such defense against abuse claimants.

*Lastly*, the Proposed Order eliminates conventional litigation protections by allowing a third party to control witness examination and preparation and requiring that parties effectively give advance notice to the Producing Party—who may be the opposing party in the litigation matter for which the witness is being prepared—of the documents being reviewed.  Section 11(d) requires that, for examination of an adverse witness, and Section 11(e) requires that, for witness preparation, not only must the witness must sign the Declaration but consent of the producing party be obtained before the witness may be shown confidential material.  Allowing a third party to control whether and how a witness being prepared is objectively unreasonable.  Moreover, Section 11(e) would require giving notice to at least one third party of certain documents that the witness is reviewing, thereby undermining trial preparation.

As Debtor's Proposed Order does not include these protections, Pacific respectfully requests that the Court instead enter an order containing the modifications indicated in the blacklined version attached hereto as Exhibit A, a clean form of which is provided as Exhibit B hereto.

Dated: July 19, 2023

Respectfully Submitted,

/s/ Karen Rinehart

O'MELVENY & MYERS LLP
Stephen Warren (State Bar No. 136895)
Karen Rinehart (State Bar No. 185996)
Tancred Schiavoni (*pro hac vice*)
Adam Haberkorn (*pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: swarren@omm.com,
krinehart@omm.com,
tschiavoni@omm.com,
ahaberkorn@omm.com

*Attorneys for Pacific Indemnity Company, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Pacific Employers Insurance Company*

4861-4351-3201.3
07/19/23