

**The following constitutes the order of the Court.
Signed: July 25, 2023**

_____
**William J. Lafferty, III
U.S. Bankruptcy Judge**

**FOLEY & LARDNER LLP**
Jeffrey R. Blease (CA Bar. No. 134933)
Tel: (617) 226-3155; jblease@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
Tel: (415) 438-6404; smoses@foley.com
Emil P. Khatchatourian (CA Bar No. 265290)
Tel: (312) 832-5156; ekhatchatourian@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
Tel: (608) 258-4203; mdlee@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520

*Counsel for the Debtor
and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 23-40523 WJL |
| THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole, | Chapter 11 |
| Debtor. | **ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF** |
| | Judge: Hon. William J. Lafferty |
| | Date: July 24, 2023<br>Time: 1:00 p.m.<br>Place: United States Bankruptcy Court<br>1300 Clay Street<br>Courtroom 220<br>Oakland, CA 94612 |

Upon the *Motion of the Debtor for an Order Establishing Deadlines for Filing Proofs of Claim and Granting Related Relief* [Dkt. 181] (the "**Motion**")[1] of The Roman Catholic Bishop of Oakland, a California corporation sole, the debtor and debtor in possession (the "**Debtor**") in the above-captioned

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

-1-

chapter 11 bankruptcy case (the "**Chapter 11 Case**"), pursuant to Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 3003(c)(3), fixing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof; and the Official Committee of Unsecured Creditors (the "**Committee**") having filed a limited objection to the Motion [Dkt. 217] (the "**Committee Limited Objection**"); and certain of the Debtor's insurers (collectively, the "**Insurers**") having filed the *Limited Objection of Continental Casualty Company and Certain Other Insurers to Debtor's Motion to Establish Bar Dates and for Other Relief* [Dkt. 218] (the "**Insurers' Objection**"); and the Committee have filed a Reply to the Insurers' Objection [Dkt. 235] (the "**Committee's Reply**"); and the Committee Limited Objection having been resolved through the inclusion of language set forth herein; and it appearing that the relief granted by this Order is in the best interests of the Debtor, its estate and creditors; and hearings on the Motion having been held on July 18 and 19, 2023; and adequate notice of the Motion has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein. All other objections to the Motion not sustained herein are overruled.

2. Except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor which arose prior to the date of the filing of the Chapter 11 petition on May 8, 2023 (the "**Petition Date**"), including any claims asserting administrative priority pursuant to section 503(b)(9) of the Bankruptcy Code, shall file a proof of such claim in accordance with the procedures set forth herein so that it is received on or before **September 11, 2023 at 5:00 p.m. (prevailing Pacific Time)** (the "**General Bar Date**").

3. Notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed and received on or before **November 6, 2023 at 5:00 p.m. (prevailing Pacific Time)** (the "**Governmental Bar Date**").

4. Notwithstanding any other provision hereof, claimants must file proofs of claim with respect to any amendments or supplements to the Debtor's schedules of assets and liabilities on or before *the later of* (i) the General Bar Date or the Governmental Bar Date, as applicable and (ii) 5:00 p.m. (prevailing Pacific Time) on a date that is no later than thirty (30) days after the date on which the Debtor provides written notice of previously unfiled schedules of assets and liabilities or an amendment or supplement to the schedules of assets and liabilities (the "**Amended Schedules Bar Date**").

5. Notwithstanding any other provision hereof, any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before *the later of* (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (prevailing Pacific Time) on a date that is no later than thirty (30) days after entry of the order authorizing such rejection (the "**Rejection Bar Date**"). For the avoidance of doubt, a counterparty to an executory contract or unexpired lease is permitted to file a single proof of claim on account of its claims arising under the applicable contract or unexpired lease agreement (including claims for prepetition defaults and rejection damages) provided that such contract or lease agreement was rejected prior to the General Bar Date.

6. The forms of the following documents attached to the *Notice of Filing of Further Revised Exhibits to Bar Date Order* [Dkt. 285] (the "**Exhibit Notice**"):

 (i) *Notice of Deadlines Requiring Filing of Proofs of Claim* (the "**General Bar Date Notice**"), attached to the Exhibit Notice as **Exhibit 1**;

 (ii) *Notice of Deadline Requiring Filing of Proofs of Claim Arising Out of Sexual Abuse* (the "**Sexual Abuse Bar Date Notice**"), attached to the Exhibit Notice as **Exhibit 2**;

 (iii) *Official Form 410 Proof of Claim* (the "**Official Proof of Claim Form**"), attached to the Exhibit Notice as **Exhibit 3**;

 (iv) *Optional Supplement to Official Form 410 for Use by Sexual Abuse Claimants* (the "**Supplement**"), attached to the Exhibit Notice as **Exhibit 4**;

 (v) Letter from the Committee (the "**Committee Letter**") to holders of Sexual Abuse Claims ("**Sexual Abuse Claimants**" and their claims being "**Sexual Abuse Claims**"), attached to the Exhibit Notice as **Exhibit 5**;

 (vi) *Authorized Party Confidentiality Agreement* attached to the Exhibit Notice as **Exhibit 6**; and

 (vii) Notice of the General Bar Date to be published as required by this Order (the "**Publication Notice**"), attached to the Exhibit Notice as **Exhibit 7**;

are each approved in form and substance in all respects.

7. The manner of providing notice of the Bar Dates set forth herein is approved in all respects.

8. The following procedures for the filing of proofs of claim apply:

   (i) All creditors holding claims against the Debtor, ***including Sexual Abuse Claimants***, **must** complete the Official Proof of Claim Form attached to the Exhibit Notice as **Exhibit 3**;

   (ii) Sexual Abuse Claimants **may** complete the Supplement and attach it to the Official Proof of Claim Form when filing their claim.

   (iii) Proofs of claim must be filed:

   (a) electronically through the website for this Chapter 11 Case hosted by Kurtzman Carson Consultants, LLC (the "**Claims Agent**") at https://www.kccllc.net/rcbo by following the instructions for filing proofs of claim electronically set forth on that website;

   (b) by mail through the United States Postal Service to RCBO Claims Processing Center, 222 N. Pacific Coast Highway, Suite 300, c/o KCC, El Segundo, CA 90245; or

   (c) by overnight mail or hand-delivery to the Claims Agent at the following address: RCBO Claims Processing Center, 222 N. Pacific Coast Highway, Suite 300, c/o KCC, El Segundo, CA 90245.

   (iv) Proofs of claim will be deemed timely filed only when received by the Claims Agent on or before the applicable Bar Date;

   (v) Proofs of claim must (a) be signed by the claimant or his or her counsel, (b) include supporting documentation (if available to claimant, and if such documentation is voluminous, attach a summary); and (3) be in the English language; and

   (vi) Proofs of claim sent by facsimile, telecopy or electronic mail transmission will **not** be accepted.

9. The following persons or entities need **not** file a proof of claim on or prior to the General Bar Date:

   (i) any person or entity that already has filed a proof of claim against the Debtor in the form required by this Order;

   (ii) any person or entity whose claim is listed on the Schedules filed by the Debtor, provided that (a) the claim is not scheduled as "disputed", "contingent", or "unliquidated" and (b) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

   (iii) any holder of a claim that heretofore has been allowed by Order of this Court;

   (iv) any person or entity whose claim has been paid in full by the Debtor prior to the Bar Dates;

   (v) any holder of a claim for which specific deadlines have previously been fixed by this Court;

(vi) any officer, director, employee, or independent contractor of the Debtor who held such position as of the Petition Date and has a claim against the Debtor for indemnification, contribution, or reimbursement; *provided, however*, that any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to indemnification, contribution, or reimbursement will be required to file a proof of claim by the General Bar Date, unless another exception identified in this paragraph 9 applies; and

(vii) the United States Trustee regarding a claim for quarterly fees under 28 U.S.C. § 1930(a)(6).

10. Nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

11. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution. For the avoidance of doubt, nothing contained in this Order shall preclude a claimant from seeking relief from this Court to file a late-filed claim in accordance with Bankruptcy Rule 9006.

12. Notwithstanding anything to the contrary in this Order and subject to Bankruptcy Rule 9006, a Sexual Abuse Claimant, that as of the General Bar Date has not discovered or should not reasonably have discovered that psychological injury or illness occurring after the age of majority was caused by Sexual Abuse, is not subject to the provisions of paragraph 2 of this Order. All rights of all parties with respect to such Sexual Abuse Claim(s), if any, are expressly reserved.

13. The filing of a proof of claim by a Sexual Abuse Claimant shall not constitute a waiver of the claimant's right to a jury trial, if any.

14. Due to the highly sensitive nature of Official Proof of Claim Forms and/or Supplements filed by, or on behalf of, Sexual Abuse Claimants, and the information contained therein, the following confidentiality protocol (the "**Confidentiality Protocol**") shall apply to Official Proof of Claim Forms and/or Supplements filed by, or on behalf of, Sexual Abuse Claimants regarding Sexual Abuse Claims.

(i) <u>Intended Beneficiaries of the Confidentiality Protocol</u>. The Confidentiality Protocol and the Confidentiality Agreement (defined below) are for the sole and exclusive benefit and protection of Sexual Abuse Claimants.

(ii) <u>Confidentiality Maintained by the Claims Agent</u>. The Claims Agent shall assign to each Sexual Abuse Claimant filing an Official Proof of Claim Form and/ or a

Case: 23-40523    Doc# 293    Filed: 07/25/23    Entered: 07/25/23 09:33:38    Page 5 of 13

Supplement a unique identifier code and shall maintain a confidential list of the identities of the Sexual Abuse Claimants, their corresponding identifier code and their respective Official Proof of Claim Forms and/ or Supplement. The confidential list of the identities of Sexual Abuse Claimants shall be provided only to Authorized Parties (defined below) entitled to the personally identifying information of Sexual Abuse Claimants pursuant to this Order.

Official Proof of Claim Forms and/ or Supplement filed by, or on behalf of, a Sexual Abuse Claimant received by the Claim Agent, including any attachments thereto, shall not be made publicly available on the Debtor's case website and shall be redacted on the claims register. For the avoidance of doubt, only the claim number and claim amount (if any) will be made publicly available on the Debtor's case website and only such information will be included in the publicly available claims register.

(iii) <u>Who May Receive Copies of Official Proof of Claim Forms and/or Supplements Filed by, or on Behalf of, Sexual Abuse Claimants</u>. Official Proof of Claim Forms and/or the Supplement filed by, or on behalf of a Sexual Abuse Claimant, with the Claims Agent shall be held and be treated as strictly confidential and will be made available only to the following parties (the "**Authorized Parties**"):

(a) The Debtor, officers of the Debtor, and such other current or former employees of the Debtor who are necessary to assist the Debtor in verifying the facts contained in the Official Proof of Claim Form and/or the Supplement filed by, or on behalf of a Sexual Abuse Claimant; *provided, however*, that if the Debtor determines that the assistance of the alleged abuser is necessary to verify the facts contained in the Official Proof of Claim Form and/or the Supplement filed by, or on behalf of a Sexual Abuse Claimant, the Debtor shall redact and not otherwise share the Sexual Abuse Claimant's address or telephone number or any other personally identifiable information than is otherwise necessary to confirm the facts contained in the Official Proof of Claim Form and/or the Supplement;

(b) Counsel to the Debtor and the Committee retained pursuant to an order of this Court, including any experts retained by or on behalf of the Debtor and the Committee under an order of this Court;

(c) Members of the Committee and their counsel (after the Official Proof of Claim Form and/or the Supplement have been redacted to remove the Sexual Abuse Claimant's name, address, and any other personally identifiable information in the Official Proof of Claim Form and/or the Supplement);

(d) Any insurance company that issued insurance policies for the period of time during which the Official Proof of Claim Form and/or Supplement filed by a Sexual Abuse Claimant alleges the sexual abuse to have occurred (each an "**Insurer**"), together with their respective successors, regulators, reinsurers, administrators, and counsel (together, the "**Insurer Authorized Parties**") (after the Official Proof of Claim Form and/or the Supplement have been redacted to remove the Sexual Abuse Claimant's name, address, and any other personally identifiable information in the Official Proof of Claim Form and/or the Supplement, provided that all such personally identifiable information shall be provided to the Insurer Authorized Parties by use of a separate key or other security mechanism mutually agreed by the Debtor, the Committee, and the Insurer Authorized Parties);

(e) Any person appointed pursuant to an order of the Court to serve as a mediator, as a representative for unknown or future claimants, or as a special arbitrator/claims reviewer appointed to review and resolve Sexual Abuse Claims;

(f) Any trustee, or functional equivalent thereof, appointed to administer payments to Sexual Abuse Claimants, including pursuant to a plan of reorganization or a proposed plan of reorganization;

(g) Authorized representatives of a department of corrections, if a Sexual Abuse Claimant is incarcerated, but only with respect to any Official Proof of Claim Form and/or Supplement filed by such Sexual Abuse Claimant and only to the extent disclosure is required under applicable non-bankruptcy law;

(h) Any other person upon express written consent of the affected Sexual Abuse Claimant, *provided, however*, that if the Sexual Abuse Claimant filed his or her Sexual Abuse Claim *pro se*, then consent of the Sexual Abuse Claimant and counsel to the Committee shall be obtained before disclosing such Sexual Abuse Claimant's Official Proof of Claim Form and/ or the Supplement to any person;

(i) Any other person upon express written consent of the Debtor and the Committee, upon 10 business days' notice to the affected Sexual Abuse Claimant(s) and their attorney, if known. A Sexual Abuse Claimant may file an objection with this Court concerning the disclosure of the Sexual Abuse Claimant's Official Proof of Claim Form and/ or the Supplement within the notice period;

(j) Such other persons as this Court may, pursuant to subsequent order, authorize access to a Sexual Abuse Claimant's Official Proof of Claim Form and/ or the Supplement; *provided, however*, that any such determination shall be made on no less than 10 business days' notice to the affected Sexual Abuse Claimant(s) and their counsel of record, the Committee and the Debtor;

(k) Counsel of record to any Authorized Party upon execution of a Confidentiality Agreement by such counsel; and

(l) The Office of the United States Trustee.

(iv) <u>Execution of Confidentiality Agreement Required</u>. Notwithstanding the designation of Authorized Parties above, no person or entity may obtain copies of any Official Proof of Claim Form and/or Supplement filed by, or on behalf of, a Sexual Abuse Claimant prior to the execution of a confidentiality agreement substantially in the form attached to the Exhibit Notice(the "**Confidentiality Agreement**"); *provided however*, that the Office of the United States Trustee shall not be required to execute such Confidentiality Agreement. Counsel to the Debtor, the Committee, and the Insurer Authorized Parties shall only be required to execute a single Confidentiality Agreement on behalf of those entities and their respective clients, which shall be deemed binding on their entire firm and their respective clients. Access to the Official Proof of Claim Form and/or Supplement filed by, or on behalf of a Sexual Abuse Claimant, for all other Authorized Parties shall be restricted to the natural person who executes a Confidentiality Agreement and a separate Confidentiality Agreement must be signed by each natural person

seeking access to the Official Proof of Claim Form and/or the Supplement filed by, or on behalf of a Sexual Abuse Claimant, on behalf of an Authorized Party.

    (v)    <u>Scope of Confidentiality Afforded Sexual Abuse Claimants' Official Proof of Claim Form and/or the Supplement</u>. Authorized Parties receiving a copy of a Sexual Abuse Claimants' Official Proof of Claim Form and/or the Supplement shall keep the Sexual Abuse Claimants' Official Proof of Claim Form and/or the Supplement confidential and are only permitted to share the Sexual Abuse Claimants' Official Proof of Claim Form and/or the Supplement with an Authorized Party.

    (vi)    <u>Scope of Confidentiality Afforded Information Contained in Sexual Abuse Claimants' Official Proof of Claim Form and/or the Supplement</u>. Authorized Parties receiving a copy of a Sexual Abuse Claimants' Official Proof of Claim Form and/or the Supplement shall keep Confidential Information (defined in the Confidentiality Agreement) contained in the Sexual Abuse Claimants' Official Proof of Claim Form and/or the Supplement confidential and are only permitted to share the Confidential Information contained in a Sexual Abuse Claimants' Official Proof of Claim Form and/or the Supplement with an Authorized Party; *provided, however*, except as set forth in any order of this Court regarding the confidentiality, if any, of the names of those having been accused of having committed the abuse or having covered up the abuse, a Sexual Abuse Claimant may elect to disclose and/or disseminate information which is Confidential Information contained in his or her Official Proof of Claim Form and/or the Supplement (but not the Official Proof of Claim Form and/or the Supplement itself) and such disclosure or dissemination shall not constitute a waiver of confidentiality.

    (vii)    <u>Permitted Use</u>. An Authorized Party may only use a Sexual Abuse Claimants' Official Proof of Claim Form and/or the Supplement and any information contained therein as set forth in the Confidentiality Agreement.

    (viii)    <u>Relief from Confidentiality Protocols</u>. If an Authorized Party seeks to share a Sexual Abuse Claimants' Official Proof of Claim Form and/or the Supplement, or share the Confidential Information contained therein (after the Official Proof of Claim Form and/or the Supplement have been redacted to remove the Sexual Abuse Claimant's name, address, and any other personally identifiable information in the Official Proof of Claim Form and/or the Supplement), with a non-Authorized Party, such Authorized Party must provide fourteen (14) days' notice (the "**Notice Period**") to: (i) the Sexual Abuse Claimant, through his or her counsel, if known; (ii) counsel for the Debtor; and (iii) counsel for the Committee. If an objection is made within the Notice Period, no disclosure of such information shall be made unless and until a decision is rendered by this Court.

    (ix)    <u>Mandatory Reporting</u>. Notwithstanding the forgoing, information contained in an Official Proof of Claim Form and/or the Supplement filed by, or on behalf of Sexual Abuse Claimant, may be required to be disclosed to governmental authorities under mandatory reporting laws in many jurisdictions. If any such disclosures to governmental authorities are required to be made, Sexual Abuse Claimants and their counsel (if known) will be notified at the time of such disclosure.

15. Within five (5) business days following entry of this Order, the Debtor shall serve by United States mail, first-class postage prepaid: (i) a copy of this Order (without exhibits or schedules),

ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM
-8-

Case: 23-40523   Doc# 293   Filed: 07/25/23   Entered: 07/25/23 09:33:38   Page 8 of 13

4858-5160-6613.12

(ii) the General Bar Date Notice and (iii) the Official Proof of Claim Form (collectively, the "**General Bar Dates Notice Package**") on:

    (i)    the United States Trustee;

    (ii)    counsel to the Committee;

    (iii)    all persons or entities that have requested notice of the proceedings in this Chapter 11 Case;

    (iv)    all persons or entities that have filed claims;

    (v)    all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims, but not including holders of Sexual Abuse Claims;

    (vi)    all parties to executory contracts and unexpired leases of the Debtor;

    (vii)    all parties to litigation with the Debtor other than holders of Sexual Abuse Claims;

    (viii)    the Internal Revenue Service for the district in which the case is pending; and

    (ix)    such additional persons and entities as deemed appropriate by the Debtor.

16.    Within five (5) business days following entry of this Order, the Debtor shall serve by United States mail, first-class postage prepaid: (i) a copy of this Order (without exhibits or schedules), (ii) the Sexual Abuse Bar Date Notice, (iii) the Official Proof of Claim Form, (iv) the Supplement and (v) the Committee Letter (collectively, the "**Sexual Abuse Claim Notice Package**"), upon (1) the Office of the United States Trustee; (2) counsel to the Committee and any other committee appointed in this case and (3) each person who:

    (i)    is listed on that portion of the Debtor's Schedule F filed under seal, or

    (ii)    to the knowledge of the Debtor as determined after a review of the Debtor's books and records has:

(a) filed, or threatened to file, a lawsuit against the Debtor alleging that such Sexual Abuse Claimant was subjected to abuse by an individual for whom the Debtor was allegedly responsible;

(b) otherwise contacted the Debtor to report that they were subjected to abuse by an individual for whom the Debtor was allegedly responsible, whether or not that individual's claim was considered to be substantiated and whether or not the report was written or verbal, in either case where contact information for such person or his or her attorney is included in the Debtor's books and records; and

(c) been identified to the Debtor as an individual who was subjected to abuse by an individual for whom the Debtor was allegedly responsible to the extent contact information for such person or his or her attorney is included in the Debtor's books and records;

If any individual required to be served under paragraph 16 of this Order is represented by counsel, the Sexual Abuse Claim Notice Package shall be served solely on counsel to any such individual. If any such individual is not represented by counsel, the Sexual Abuse Claim Notice Package shall be served on such individual. Notwithstanding the foregoing, the Debtor shall not be required to send a Sexual Abuse Claim Notice Package to any person who has previously entered into a settlement with the Debtor regarding a claim based on sexual abuse if the Debtor has performed all of its obligations under the terms of such settlement.

17. The Claims Agent shall also mail a copy of the Sexual Abuse Claim Notice Package, including a copy of the Publication Notice, to the following, with a request from the Debtor that the party post the Publication Notice in a prominent place until the expiration of the Bar Date: (a) the Attorney General of the State of California and (b) for each of the counties of Alameda and Contra Costa, the district attorney's office, the sheriff's office, any county government center, at least one public health agency (if any), and at least one substance abuse agency or hospital (if any).

18. The Debtor shall file an affidavit of service certifying its compliance with its service obligations under paragraphs 15, 16 and 17 of this Order within three (3) business days of doing so.

19. Service of the General Bar Dates Notice Package and the Sexual Abuse Claim Notice Package in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Dates to all known claimants.

20. The Debtor shall take the following additional measures, and file a certification with this Court attesting to taking such measure, within three (3) business days of doing so, to disseminate information relating to the General Bar Date as soon as practicable following entry of this Order:

    (i)    Beginning within five (5) business days of the Bar Date Order and at least through the General Bar Date, the Debtor will cause prominent, one-click links to the Sexual Abuse Claim Notice Package to be posted on the case management website maintained by the Claims Agent.

    (ii)    The Debtor will establish and maintain, or cause the Claims Agent to establish and maintain, a telephone number which may be used by claimants to ask questions or to request copies of the Sexual Abuse Claim Notice Package, or parts thereof.

    (iii)    Beginning within five (5) business days of entry of this Order and at least through the General Bar Date, the Debtor will cause, to the Debtor's reasonable best efforts, links to the Sexual Abuse Claim Notice Package to be posted on the website homepage of (a) the Diocese and (b) each of the churches listed on **Exhibit 8** (collectively, the "**Churches**," and each, a "**Church**") to the Exhibit Notice.

    (iv)    Beginning within five (5) business days of entry of this Order and until the General Bar Date, the Debtor will cause links to the Sexual Abuse Claim Notice Package to be posted on its Facebook and Twitter account in a pinned posting, and, to such posting shall provide one-click links to the Sexual Abuse Proof of Claim Form. The Debtor's Facebook and Twitter accounts shall be updated every fifteen (15) days between now and the General Bar Date by posting one-click links to the Sexual Abuse Proof of Claim Form.

    (v)    Beginning within five (5) business days of entry of this Order and until the General Bar Date, the Debtor will cause, to the Debtor's reasonable best efforts, the Sexual Abuse Claim Notice Package to be posted on a Facebook or Twitter account maintained by any Church in a pinned posting and/or church bulletin.

    (vi)    The Debtor will mail a copy of the Sexual Abuse Claim Notice Package to each Church and ministry affiliated with the Debtor with a request to display versions of the Sexual Abuse Bar Date Notice written in English, Spanish, and Vietnamese in a prominent place until expiration of the General Bar Date.

    (vii)    The Debtor will place a copy of the Publication Notice in each edition of *The Catholic Voice* until the General Bar Date.

21. The Debtor and the Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

22. The entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file proofs of claim or be barred from doing so.

23. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

24. The Court has approved a process whereby information that is in many cases mandatory is being voluntarily provided. The Court reserves the right to monitor and possibly modify the claims allowance process, including, but not limited to, the information to be provided in the Supplement.

**END OF ORDER**

**COURT SERVICE LIST**

All ECF Recipients.

ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM
-13-