**FOLEY & LARDNER LLP**
Jeffrey R. Blease (CA Bar. No. 134933)
Tel: (617) 226-3155; jblease@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
Tel: (415) 438-6404; smoses@foley.com
Emil P. Khatchatourian (CA Bar No. 265290)
Tel: (312) 832-5156; ekhatchatourian@foley.com
Ann Marie Uetz (pro hac vice application pending)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (pro hac vice application pending)
Tel: (608) 258-4203; mdlee@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520

*Counsel for the Debtor
and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO BANKRUPTCY RULES 9006 AND 9027, ENLARGING THE PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452**<br><br>Judge: Hon. William J. Lafferty<br><br>Date: August 22, 2023<br>Time: 1:30 p.m.<br>Place: United States Bankruptcy Court<br>1300 Clay Street<br>Courtroom 220<br>Oakland, CA 94612 |

1    The Roman Catholic Bishop of Oakland, a California corporation sole, and the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case"), hereby files this motion (the "Motion"), for entry of an order, pursuant to Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Local Rules"), extending the period within which the Debtor may remove civil actions and proceedings pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 (the "Removal Period") from August 7, 2023, through and including February 5, 2024.

This Motion is based on the Memorandum of Points and Authorities set forth herein, the notice of hearing on the Motion, the *Declaration of Paul Bongiovanni in Support of Debtor's Motion for Entry of an Order, Pursuant to Bankruptcy Rules 9006 and 9027, Enlarging the Period Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452* (the "Bongiovanni Declaration"), filed concurrently herewith and incorporated herein by reference, and upon such oral and documentary evidence as may be presented at the hearing on the Motion. The Debtor's proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "Proposed Order").

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order No. 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

## BACKGROUND

2. On May 8, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for chapter 11 bankruptcy relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtor continues to operate its ministry and manage its properties as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case.

3. On May 23, 2023, the Office of the United States Trustee for Region 17 appointed an official Committee of Unsecured Creditors in this Chapter 11 Case. *See* Docket No. 66.

4. The Debtor is a corporation sole organized under the laws of the State of California. The Debtor conducts its civil affairs under the laws of the State of California and the United States of America and in accordance with the Code of Canon Law, the ecclesiastical law of the Roman Catholic Church. Additional information regarding the Debtor, its mission, ministries, and operations, and the events and circumstances preceding the Petition Date, is set forth in the *Declaration of Charles Moore, Managing Director of Alvarez & Marsal North America, LLC, Proposed Restructuring Advisor to the Roman Catholic Bishop of Oakland, in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 19] (the "First Day Declaration"), which is incorporated herein by reference.

## III.

## RELIEF REQUESTED

5. By this Motion, the Debtor seeks entry of the Proposed Order, extending the deadline by which the Debtor may file notices of removal under Bankruptcy Rule 9027(a), by approximately 180 days,

from the Debtor's current deadline of August 7, 2023 (the "Current Removal Deadline") through and including February 5, 2024, for all matters encompassed by Bankruptcy Rule 9027(a)(2) and (3).[1]

6. The relief requested herein is without prejudice to (a) any position the Debtor may take regarding whether section 362 of Bankruptcy Code applies to stay any given civil action pending against the Debtor and (b) the Debtor's right to seek from this Court further extensions of the Removal Period.

## IV.

## BASIS FOR RELIEF

7. Section 1452 of title 28 of the United States Code provides for the removal of pending claims in civil actions related to bankruptcy cases. Section 1452 provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

8. Bankruptcy Rule 9027 establishes the deadlines for filing notices of removal of claims or causes of action. Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

9. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or

---

[1] Pursuant to Bankruptcy Rule 9027(a)(2), the deadline for filing notices of removal is 90 days after the Petition Date, which is Sunday, August 6, 2023. By virtue of the time computation rules set forth in Bankruptcy Rule 9006(a)(1), when the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Therefore, the Current Removal Deadline is Monday, August 7, 2023. Likewise, 180 days after the Current Removal Deadline is Saturday, February 3, 2024. Therefore, the Debtor requests an extended Removal Period through and including Monday, February 5, 2024.

otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

10. Accordingly, the time within which the Debtor must file notices to remove any pending prepetition civil actions is currently set to expire on August 7, 2023.

11. Bankruptcy Rule 9006(b)(1), however, permits the Court to enlarge unexpired time periods, such as the Removal Period, without notice, upon a showing of cause:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

*Id.* 9006(b)(1). As provided by Bankruptcy Rule 9006(b)(1), a request to enlarge time made before the expiration of the applicable period is timely. *See* Bankruptcy Procedure Manual: Federal Rules of Bankruptcy Procedure Ann. § 9006:3 (2023 ed.) ("The court has broad discretion in allowing an extension, so long as the request therefore . . . is made before the expiration of the period originally prescribed . . . . Thus, it should not be necessary that the order itself actually be filed within such period.") (internal quotation marks omitted).

12. It is well-settled that this Court is authorized to extend, for cause, the removal period under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D.W. Va. 2000) (explaining that Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (finding that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (concluding that the period in which to file a notice of removal may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal.

1987) (providing that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

## V.

## CAUSE EXISTS TO ENLARGE THE REMOVAL PERIOD

13. As this Court is aware, the passage of AB 218 allowed certain individuals to bring what had been time-barred claims against individuals and entities for such claims through and including December 31, 2022. As of May 4, 2023, there were approximately 332 separate, active lawsuits (each, an "Action" and, collectively, the "Actions") and mediation demands pending against the Debtor filed by plaintiffs alleging sexual abuse by clergy or others associated with the Debtor. *See First Day Decl.*, at ¶ 84. The Debtor had neither the financial means nor the practical ability to litigate all of the Actions. The Debtor commenced this Bankruptcy Case to allow all of the sexual abuse claims to be asserted and adjudicated in a single forum – the Bankruptcy Court – and ensure that all meritorious abuse claims be paid on a fair and equitable basis pursuant to an approved chapter 11 plan. *Id.*

14. In addition to the Debtor's oversight of business operations and the Debtor's ministry, mission, and social service activities, the Debtor must address and resolve in the Chapter 11 Case the numerous sexual abuse claims that have already been asserted and will be asserted against them over the course of this Chapter 11 Case. *See* Bongiovanni Decl. ¶ 5. During the initial stages of this Chapter 11 Case, the Debtor's resources have been devoted to assuring a smooth transition into chapter 11 and minimizing the business disruptions normally attendant thereto, attending to diligence requests from the Committee, and establishing a collaborative working relationship with the U.S. Trustee, the Committee, and the Debtor's other economic stakeholders. *See id.*

15. The Debtor's primary focus has been on stabilizing its operations in chapter 11 and obtaining certain relief with respect to its cash management system, employee compensation and benefit programs, abuse survivors' assistance and safe environments programs, insurance programs, utility providers, and noticing and confidentiality procedures. *See id.* ¶ 6

16. In addition, in the less than three months following the Petition Date, the Debtor has filed its Schedules of Assets and Liabilities and Statement of Financial Affairs; filed a number of additional motions and applications seeking operational and other relief; addressed numerous confidentiality

protocol issues; and provided responses to requests for documents and other diligence requests. *See id.* ¶ 7. The Debtor is also in the midst of prosecuting an adversary proceeding against certain insurance carriers, seeking declaratory relief and breach of contract damages. *See id.* All of these tasks have taken significant time but are necessary to the effective administration of this Chapter 11 Case. *See id.* As a result, the Debtor has not yet had the opportunity to fully examine all of the Actions to determine the feasibility or benefit of removing any such Action. *See id.*

17. As set forth above, the Debtor is party to numerous Actions and related proceedings. *See id.* ¶ 3. Given the sheer number of pending Actions, the Debtor requires additional time to consider whether to file notices of removal of any of the Actions because the Debtor's key personnel must assess these numerous lawsuits while concurrently attending to the day-to-day demands of this Chapter 11 Case. *See id.*

18. The Debtor is continuing to review its records to determine whether it would benefit its estate in any way to remove any of the Actions. *See id.* ¶ 8. To date, however, the Debtor has not made a determination as to which, if any, of the Actions it may seek to remove in due course—if at all. *See id.* Therefore, the Debtor believes that it is prudent to seek an enlargement of the time prescribed by Bankruptcy Rule 9027(a), until February 5, 2024, to protect the Debtor's right to remove these Actions if it determines that removal would be appropriate. The enlargement of time sought will afford the Debtor a reasonable amount of time to determine whether to remove any pending Actions and will help to ensure that the Debtor does not forfeit valuable rights under 28 U.S.C. § 1452. An enlargement also would not prejudice the rights of the Debtor's adversaries because any party to an Action that is removed may seek to have the action remanded to state court pursuant to 28 U.S.C. § 1452(b). *See id.*

19. The Debtor further requests that the order approving this Motion be without prejudice to any position the Debtor may take regarding whether section 362 of the Bankruptcy Code applies to stay any given Action pending against the Debtor.

20. For the reasons set forth above, the Debtor submits that cause exists to enlarge the Removal Period through and including February 5, 2024, and granting the relief requested is necessary, prudent, and in the best interests of the Debtor, its estate, and creditors.

DEBTOR'S MOTION FOR ENLARGEMENT OF TIME TO REMOVE CIVIL ACTIONS
5
Case: 23-40523    Doc# 318    Filed: 08/01/23    Entered: 08/01/23 18:40:32    Page 7 of 8

## VI.
## RESERVATION OF RIGHTS

21. Nothing contained in this Motion is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a promise to pay any claim, (iii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute any claim, or (iv) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

## VII.
## NOTICE

22. Notice of this Motion is being provided to the Core Service List pursuant to the Court's *Final Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Docket No. 292] (the "Noticing Order"). Pursuant to the Noticing Order, no further notice is required.

23. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

## VIII.
## CONCLUSION

WHEREFORE, the Debtor requests that the Court enter an order, substantially in the form of the Proposed Order, granting (i) the relief requested herein for cause and (ii) such other and further relief as the Court may deem just and proper.

DATED: August 1, 2023

**FOLEY & LARDNER LLP**
Jeffrey R. Blease
Thomas F. Carlucci
Shane J. Moses
Emil P. Khatchatourian
Ann Marie Uetz
Matthew D. Lee

*/s/ Shane J. Moses*
Shane J. Moses

*Counsel for the Debtor
and Debtor in Possession*