**FOLEY & LARDNER LLP**
Jeffrey R. Blease (CA Bar. No. 134933)
Tel: (617) 226-3155; jblease@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
Tel: (415) 438-6404; smoses@foley.com
Emil P. Khatchatourian (CA Bar No. 265290)
Tel: (312) 832-5156; ekhatchatourian@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
Tel: (608) 258-4203; mdlee@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520

*Counsel for the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re: | Case No. 23-40523 WJL |
| THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole, | Chapter 11 |
| Debtor. | **DECLARATION OF PAUL BONGIOVANNI IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO BANKRUPTCY RULES 9006 AND 9027, ENLARGING THE PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452** |
| | Date: August 22, 2023<br>Time: 1:30 p.m.<br>Place: United States Bankruptcy Court<br>1300 Clay Street<br>Courtroom 220<br>Oakland, CA 94612 |

I, Paul Bongiovanni, hereby declare as follows:

1. I am the Chief Financial Officer of the Roman Catholic Bishop of Oakland ("the Debtor"). I make this declaration in support of the *Debtor's Motion for Entry of an Order, Pursuant to Bankruptcy Rules 9006 and 9027, Enlarging the Period Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452*, filed concurrently herewith (the "Motion").[1]

2. I am familiar with the Debtor's day-to-day operations, financial affairs, and books and records. Except as otherwise noted, all facts set forth in this Declaration are based upon my personal knowledge. If called upon to testify, I could and would testify competently to the facts set forth herein.

3. As part of my role as CFO, I am aware that the Debtor is party to numerous civil actions and proceedings. Given the sheer number of pending Actions, the Debtor requires additional time to consider whether to file notices of removal of the Actions because the Debtor's key personnel must assess these numerous lawsuits while concurrently attending to the day-to-day demands of this complex Chapter 11 Case.

4. I understand that under Bankruptcy Rule 9027, for cases commenced before the Petition Date, the Debtor has 90 days from the Petition Date to remove claims or causes of action from state court to federal court. I further understand that the Current Removal Deadline is August 7, 2023.

5. In addition to managing and operating the Debtor's complex business operations and the Debtor's ministry, mission, and social service activities, the Debtor must address and resolve in the Chapter 11 Case the numerous sexual abuse claims that have already been asserted and will be asserted against them over the course of this Chapter 11 Case. During the initial stages of this Chapter 11 Case, the Debtor's resources have been devoted to assuring a smooth transition into chapter 11 and minimizing the business disruptions normally attendant thereto, attending to diligence requests from the Committee, and establishing a collaborative working relationship with the U.S. Trustee, the Committee, and the Debtor's other economic stakeholders.

6. The Debtor's primary focus has been on stabilizing its operations in chapter 11 and obtaining certain relief with respect to its cash management system, employee compensation and benefit

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

DECLARATION OF P. BONGIOVANNI ISO MOTION TO ENLARGE REMOVAL PERIOD

2

programs, abuse survivors' assistance and safe environments programs, insurance programs, utility providers, and noticing and confidentiality procedures

7. In addition, in the less than three months following the Petition Date, the Debtor has filed its Schedules of Assets and Liabilities and Statement of Financial Affairs; filed a number of additional motions and applications seeking operational and other relief; addressed numerous confidentiality protocol issues; and provided responses to requests for documents and other diligence requests. The Debtor is also in the midst of prosecuting an adversary proceeding against certain insurance carriers, seeking declaratory relief and breach of contract damages. All of these tasks have taken significant time but are necessary to the effective administration of this Chapter 11 Case. As a result, the Debtor has not yet had the opportunity to fully examine all of the Actions to determine the feasibility or benefit of removing any such Action.

8. The Debtor is continuing to review its records to determine whether it would benefit its estate in any way to remove any of the Actions. To date, however, the Debtor has not made a determination as to which, if any, of the Actions it may seek to remove in due course—if at all. Therefore, I believe that it is prudent to seek an enlargement of the time prescribed by Bankruptcy Rule 9027(a), until February 5, 2024, to protect the Debtor's right to remove these Actions if it determines that removal would be appropriate. The enlargement of time sought will afford the Debtor a reasonable amount of time to determine whether to remove any pending Actions and will help to ensure that the Debtor does not forfeit valuable rights under 28 U.S.C. § 1452. An enlargement also would not prejudice the rights of the Debtor's adversaries because any party to an Action that is removed may seek to have the action remanded to state court pursuant to 28 U.S.C. § 1452(b).

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 1, 2023, at Oakland, California.

*/s/ Paul Bongiovanni*
Paul Bongiovanni