**LOWENSTEIN SANDLER LLP**
JEFFREY D. PROL (Admitted Pro Hac Vice)
jprol@lowenstein.com
MICHAEL A. KAPLAN (Admitted Pro Hac Vice)
mkaplan@lowenstein.com
BRENT WEISENBERG (Admitted Pro Hac Vice)
bweisenberg@lowenstein.com
COLLEEN M. RESTEL (Admitted Pro Hac Vice)
crestel@lowenstein.com
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
tkeller@kbkllp.com
JANE KIM (Cal. Bar No. 298192)
jkim@kbkllp.com
GABRIELLE L. ALBERT (Cal. Bar No. 190895)
galbert@kbkllp.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Counsel for the Official Committee of Unsecured Creditors*

**BURNS BAIR LLP**
TIMOTHY W. BURNS (Pro Hac Vice)
tburns@burnsbair.com
JESSE J. BAIR (Pro Hac Vice)
jbair@burnsbair.com
10 East Doty Street, Suite 600
Madison, Wisconsin 53703-3392
Telephone: (608) 286-2808

*Special Insurance Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523 WJL<br>Chapter 11<br>**CERTIFICATION OF COLLEEN M. RESTEL IN SUPPORT OF PROPOSED ORDER GRANTING COMMITTEE'S EX PARTE APPLICATION FOR FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 EXAMINATION OF INSURERS** |

I, Colleen M. Restel, hereby certify as follows:

1. I am counsel of the law firm of Lowenstein Sandler LLP, lead counsel to the Official Committee of Unsecured Creditors (the "Committee") of the Roman Catholic Bishop of Oakland (the "Debtor") in connection with the above-referenced chapter 11 case (the "Chapter 11 Case").

2. I submit this certification (this "Certification") in support of entry of the proposed order attached to the *Certification of Michael A. Kaplan in Support of Proposed Order Granting Committee's Ex Parte Application for Federal Rule of Bankruptcy Procedure 2004 Examination of Insurers* [Dkt. 678] (the "Kaplan Certification"),[1] and in opposition to the *Declaration of Mark D. Plevin in Response to Certification of Michael A. Kaplan (Dkt. No. 678)* [Dkt. 686] (the "Plevin Declaration").

3. I participated in a meet and confer with certain of the Insurers on December 7, 2023 (the "Meet and Confer"). I assisted in the drafting the Kaplan Certification and, contrary to the assertions in the Plevin Declaration, confirm the statements made in the Kaplan Certification are accurate.

4. Personal slights by counsel aside, the Plevin Declaration highlights the Insurers' intention, which was made clear at the Meet and Confer, to relitigate the Application and create further delay to avoid producing the documents the Court has already determined at the November 14, 2023 hearing (the "Hearing") were appropriate for the Committee to request, and the Insurers to produce, under Rule 2004.

5. Indeed, the Court heard argument from the parties at length at the Hearing regarding the Committee's proposed Requests, on a category-by-category basis, agreeing with the Committee's arguments on certain categories, and the Insurers' arguments with respect to other categories. The Court ultimately made a decision on which categories of documents fell within the scope of Rule 2004 and that the Insurers would be required to produce (without prejudice to the Committee's rights to request additional documents at a later date). The Court directed the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed in the Kaplan Certification.

Committee to confer with Mr. Plevin regarding three definitional issues to be addressed in the revised Subpoenas.

6. Despite the Court's prior ruling that the Committee need only confer with Mr. Plevin regarding certain definitions within the Subpoena, counsel discussed the entirety of the Subpoenas with the Insurers and welcomed Mr. Plevin to provide comments on the order attached to the Application, which was filed on the docket with the Application.

7. During the Meet and Confer, in addition to attempting to relitigate this Court's ruling with respect to the scope of the Requests, the Insurers raised new issues with the forms of the Subpoenas, which were not previously raised with the Court. For example, the Insurers objected to the standard instructional provision that the party responding to the Subpoena has a continuing obligation to produce additional responsive documents discovered or received. Instead, the Insurers indicated that the Committee should be required to periodically file motions under Rule 2004 to receive updated productions relating to the Requests. As the Committee could not agree to that limitation, the Committee agreed that the Insurers could preserve the right to raise those issues with the Court.

8. Although the Committee agreed that the Insurers reserved the right to object to the Subpoenas, those objections should be limited to prevent the Insurers from religating the narrow and specific document requests that this Court has already ruled on. To permit the Insurers to relitigate the entirety of the Subpoenas would render the discussion and the Court's decision at the Hearing meaningless. The Proposed Order attached to the Kaplan Certification accounts for that limitation; the Insurers' proposed language, however, makes clear the Insurers' intention to relitigate the Court's prior ruling.

9. Following the Meet and Confer, the Committee waited four days for Mr. Plevin's comments to the Proposed Order, but did not receive any. As a result, and to avoid further delay in (i) entry of the order, (ii) service of the Subpoenas, and (iii) ultimately receiving responsive documents, the Committee submitted the Kaplan Certification attaching the Proposed Order to the

Court.  This was an acknowledgement of the dispute with the Insurers; had there been no dispute, the Committee would have simply lodged the order without comment.

10. The Committee respectfully requests that the Court enter the Proposed Order attached to the Kaplan Certification.  If the Court requires further clarification or argument, the Committee requests that the Court hold a conference at its earliest convenience to address the issue.

Dated:  December 13, 2023

_____
Colleen M. Restel, Esq.