**O'MELVENY & MYERS LLP**
STEPHEN H. WARREN (S.B. #136895)
KAREN RINEHART (S.B. #185996)
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: swarren@omm.com
        krinehart@omm.com

TANCRED V. SCHIAVONI (*pro hac vice*)
ADAM P. HABERKORN (*pro hac vice*)
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Email: tschiavoni@omm.com
        ahaberkorn@omm.com

EMMA L. JONES(*pro hac vice*)
1701 N. Harwood St., Suite 1700
Dallas, TX 75201
Telephone: (972) 360-1900
Email: eljones@omm.com

*Attorneys for Pacific Indemnity Company, Insurance Company of North America, and Pacific Employers Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole<br><br>Debtor. | Case No. 23-40523-WJL<br><br>Chapter 11<br><br>**CERTIFICATION OF ADAM P. HABERKORN IN SUPPORT OF ORDER GRANTING INSURERS' MOTION FOR ENTRY OF AN ORDER PERMITTING INSURER EXPERTS AND/OR CONSULTANTS TO HAVE ACCESS TO PROOFS OF CLAIMS AND SUPPLEMENTS [DKT. 522]**<br><br>Judge: Hon. William J. Lafferty |

I, Adam P. Haberkorn, hereby certify as follows:

1. I submit this certification (this "Certification") in support of entry of (a) the proposed form of order attached hereto as **Exhibit 1** granting the (the "Proposed Experts Order") the Moving Insurers' *Motion For Entry of an Order Permitting Insurer Experts and/or Consultants to Have Access to Sexual Abuse Proofs of Claims and Supplements* [Dkt. No. 522] (the "Experts Motion") in part and denying it in without prejudice to the Moving Insurers filing a subsequent motion for access to information redacted from the proofs of claim.

2. On December 1, 2023, the Court held a hearing on Pacific's motion to permit Experts to review the proofs of claim. At the conclusion of that hearing, the Court granted the insurers experts/professionals access to Proofs of Claims in accordance, subject to the redaction of personal identifying information from the Proofs of Claims. Transcript of December 1, 2023 hearing at 19:2-6 (attached hereto at **Exhibit 2**) ("So to this extent, I am granting the insurance companies motion to the extent I'm suggesting today, that I think that information, other than what I'm loosely calling PII, should be shareable with the insurance companies, experts/professionals.").

3. The Court held that the parties were to replicate the redaction process to anonymize the Proofs of Claim set forth in the Bar Date Order so that "the name of the claimant or maybe the address of the claimant or something else that might reasonably identify the claimant as that person could be shielded from experts and professionals, then I think the other information I think is relevant to what experts do." Transcript of December 1, 2023 hearing at 15:16-25. The Court went on to explain that such other information goes directly to analyzing, for example, the kind of claim this is, how old the claimant is, what the circumstances of the claim are, and how often the abuse happened. *See* Transcript of December 1, 2023 hearing at 15:25-16:1-6.

4. In accordance with the Court's ruling, the proposed Order provides for the redaction of each claimant's name, address, email address, telephone number(s), Social Security Number,

- 1 -

Case: 23-40523    Doc# 781    Filed: 01/16/24    Entered: 01/16/24 15:52:36    Page 2 of 4

jail or prison number (if applicable), and month of birth (collectively, "PII") from the Proofs of Claims.

5. The parties exchanged drafts of the proposed order but have been unable to agreement with the Tort Committee which seeks open ended license to redact any information about a claimant rendering the proofs useless for any investigation and impossible for a consultant to ever determine whether a given claimant has filed a timely proof of claim in this case or multiple suits against multiple dioceses and non-diocese defendants..

6. The other point of dispute is whether the proposed Order should require that Debtor and/or Tort Committee to provide a service list of the plaintiff counsel that filed the proofs of claim so Pacific may serve the subsequent motion on notice seeking an order allowing experts and consultants to review the proofs of claim without redactions that the Court authorized the insurers to bring. Transcript of December 1, 2023 hearing at 15:16-25. The Tort Committee objected that the Expert Motion was not served on the plaintiff counsel. Denying the parties the service list will frustrate Pacific's effort to seek relief.

7. The Bar Date Orders entered in *In re Diocese of Santa Rosa, In re Diocese of San Francisco, In re Diocese of Camden* and a host of other bankruptcies all permit insurers' experts and consultants to review the proofs of claim without redaction or other restrictions on access which is essential to investigate the claims:

   a. *Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice, In re: The Roman Catholic Bishop of Santa Rosa*, No. 23-10113 (Bankr. N.D. Cal. July 25, 2023), Dkt. No. 327 at 8 ("Permitted Party List" includes "Insurers for the Debtor, together with their successors, administrators, retrocessionaires, reinsurers, reinsurance intermediaries, and their counsel **and other professionals**…") (emphasis added); and

   b. *Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidentiality Protocols; and (4) Approving Form and Manner of Notice, In re: The Roman Catholic Archbishop of San Francisco*, No. 23-30564 (Bankr. N.D. Cal. Nov. 21, 2023), Dkt. No. 337 at 9-10 ("Permitted Party List" includes

2

"Insurers for the Debtor, together with their successors, administrators, retrocessionaires, reinsurers, reinsurance intermediaries, and their counsel **and other professionals, including** partners, counsel, associates, **consultants, experts**, and employees of such professionals.") (emphasis added).

c. *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof, In re: The Diocese of Camden, New Jersey*, No. 20-21257 (Bankr. D.N.J. Feb. 11, 2021), Dkt. No. 409 at 10 (persons authorized to receive confidential information includes "[a]ny insurance company that provide insurance or reinsurance that may cover the claims described in any Survivor Proof of Claim, together with their respective…counsel, *experts and consultants*.") (emphasis added);

d. *Order Clarifying Bar Date Order And Claim Form*, *In re: Boy Scouts of America and Delaware BSA, LLC*, No. 20-10343 (Bankr. D. Del. Nov. 30, 2020), Dkt. No. 1752 at 2 (clarifying "[t]he phrase "certain insurers of the Debtors, including authorized claims administrators of such insurers and their reinsurers and their respective counsel" as used in paragraph 7(e)(9) of the Bar Date Order, and the reference to the insurers in the Claim Form, was intended to include, the *retained advisors of such insurer parties*.") (emphasis added);

8.  Further, no such redactions or similar restrictions on access to the Proofs of Claim are imposed on experts and consultants employed by the Debtor or the Committee which leaves their experts and consultants in a position to testify about the proofs of claim while denying the insurers experts and consultants this same ability to do so. *See Order Establishing Deadlines For Filing Proofs of Claim And Approving The Form And Manner of Notice Thereof*, Dkt. No. 293 at 6 ("Authorized Parties" includes "Counsel to the Debtor and the Committee retained pursuant to an order of this Court, including any experts retained by or on behalf of the Debtor and the Committee under an order of this Court.").

**WHEREFORE**, Pacific hereby respectfully requests that the Court enter the Proposed Experts Order, substantially in the form attached hereto as **Exhibit 1**.

Respectfully submitted,

Dated: January 16, 2024

By: */s/ Adam P. Haberkorn*
Adam P. Haberkorn