**O'MELVENY & MYERS LLP**
STEPHEN H. WARREN (S.B. #136895)
KAREN RINEHART (S.B. #185996)
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: swarren@omm.com
 krinehart@omm.com

TANCRED V. SCHIAVONI (*pro hac vice*)
ADAM P. HABERKORN (*pro hac vice*)
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Email: tschiavoni@omm.com
 ahaberkorn@omm.com

EMMA L. JONES(*pro hac vice*)
1701 N. Harwood St., Suite 1700
Dallas, TX 75201
Telephone: (972) 360-1900
Email: eljones@omm.com

*Attorneys for Pacific Indemnity Company, Insurance Company of North America, and Pacific Employers Insurance Company*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 23-40523-WJL |
| THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole | Chapter 11 |
| Debtor. | **CERTIFICATION OF ADAM P. HABERKORN IN SUPPORT OF ORDER GRANTING INSURERS' MOTION FOR ENTRY OF A CONFIDENTIALITY AND PROTECTIVE ORDER [DKT. 523]** |
| | Judge: Hon. William J. Lafferty |

I, Adam P. Haberkorn, hereby certify as follows:

1. I submit this certification (this "Certification") in support of entry of the proposed form of Confidentiality and Protective Order attached hereto at **Exhibit 1** (the "proposed Protective Order") granting the *Moving Insurers' Motion For Court's Approval of Confidentiality and Protective Order* [Dkt. No. 523] (the "Protective Order Motion").

2. On November 14, 2023, the Court held a hearing on the Protective Order Motion. During that hearing, the Court granted the Protective Order Motion subject to certain modifications to the proposed form of protective order.

3. The parties exchanged drafts of the proposed Protective Order and have come to agreement with the exception of two issues discussed in paragraphs 5 and 6, below, and disagreement over the language in paragraph 7.3(c) excepting Experts (as defined in the proposed Protective Order) from producing a signed "Acknowledgement and Agreement to Be Bound" form to the Designating Party, but instead having the fact they signed the form be verified and the form be held by Counsel for the Receiving Party.

4. The Court heard argument on the whether the disclosure of testifying experts and non-testifying experts should be consistent with Federal Rules allowing counsel who retained the expert to hold the "Acknowledgement and Agreement to Be Bound" until disclosure of experts is required under the Federal Rules during the November 14, 2023, hearing. *See* Transcript of November 14, 2023 hearing at 33:1-12 and 126:14-24 (attached hereto at **Exhibit 2**). The Court's intent on this point cannot be discerned with certainty from the transcript. We propose that paragraph 7.3(c) track the Federal Rules as indicated in the attached proposed form of order and in the text below in bold; the Debtor proposes it does not.

> 7(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Chapter 11 Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **which such signed "Acknowledgement and Agreement to Be Bound" form is not required to be**

- 1 -

> produced to the Designating Party, but instead may be verified and held by Counsel for the Receiving Party;

5. The other issue in dispute is whether paragraph 7.2(b) should provide that "The Committee's professionals, members of the Committee, including their respective counsel" may receive all Confidential Information, which is acceptable to the insurers, or whether the word "counsel" should be replaced with the undefined term "agents", which is not used anywhere else, as the Debtor advocates.

6. One last issue in dispute is whether paragraph 7.2(d) should provide that "persons specified in Paragraph 7.3 on the respective applicable terms stated therein," for purposes of allowing persons permitted access to Highly Confidential Information to access Confidential Information on the same terms, or whether such persons permitted access to Highly Confidential Information, even those not required to sign an "Acknowledgement and Agreement to Be Bound," can only access Confidential Information "strictly on a need to know basis after they have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A." The former is acceptable to the insurers and the latter would require all persons, even the court and its personnel, to sign an "Acknowledgement and Agreement to Be Bound" even when they wouldn't otherwise be required to for access to Highly Confidential Information. Such additional requirements would make access to Confidential Information more restrictive than access to Highly Confidential Information, which should not be the case.

**WHEREFORE**, Pacific hereby respectfully requests that the Court enter the Proposed Experts Order, substantially in the form attached hereto as **Exhibit 1**.

Respectfully submitted,

Dated: January 16, 2024      By: */s/ Adam P. Haberkorn*
                                  Adam P. Haberkorn