# EXHIBIT 1

O'MELVENY & MYERS LLP
STEPHEN H. WARREN (S.B. #136895)
KAREN RINEHART (S.B. #185996)
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile:    (213) 430-6407
Email: swarren@omm.com
krinehart@omm.com

TANCRED SCHIAVONI (pro hac vice)
ADAM HABERKORN (pro hac vice) Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Email: tschiavoni@omm.com
ahaberkorn@omm.com

EMMA L. JONES (pro hac vice)
1701 N. Harwood St., Suite 1700
Dallas, TX 75201
Telephone: (972) 360-1900
Email: eljones@omm.com

*Attorneys for Insurance Company of North America, Pacific Indemnity Company and Pacific Employers Insurance Company*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 23-40523 WJL |
| THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole, | Chapter 11 |
| Debtor. | **CONFIDENTIALITY AND PROTECTIVE ORDER** |

This Confidentiality and Protective Order ("**Protective Order**") shall govern the production, review, disclosure, and handling of any Disclosure or Discovery Material (as defined herein) by any person or entity in connection with the above-captioned Chapter 11 case pending before the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"), Case No. 23-40523 (WJL) (the "Chapter 11 Case"), as well as Adversary Proceeding No. 23-04028 and

Adversary Proceeding No. 23-04037 (the "**Adversary Proceedings**"). All references to the Chapter 11 Case shall be deemed to include, where the circumstances require, the Adversary Proceedings and any other adversary proceeding commenced in the Chapter 11 Case.

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this Chapter 11 Case are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in connection with this Chapter 11 Case may be warranted. Accordingly, the court enters the following Order. This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 12.3, below, this Order does not entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 (applicable pursuant to Bankruptcy Local Rule 1001-2(a)) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

This Order does not affect, amend or modify any existing confidentiality agreements, intercreditor agreements, protective orders applicable to any Producing Person and/or Receiving Party, or any prior order of this Court entered in the Chapter 11 Case, including without limitation the Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Dkt. No. 293 in the Chapter 11 Case, and any subsequent amendments], except that the Revised Confidentiality Agreement and Stipulated Protective Order [Dkt. No. 288] and Order Approving Revised Confidentiality Agreement and Stipulated Protective Order [Dkt. No. 331] shall only apply to Disclosure or Discovery Material produced before the date hereof. This Order applies to all Disclosure or Discovery Material (as defined herein) produced by a Producing Party to a Receiving Party, formally or informally, on or after the date hereof.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.3     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.4     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5     Expert: a person with specialized knowledge or experience in a matter pertinent to this Chapter 11 Case who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Chapter 11 Case. For purposes of this Order, the Insurance Services Office or ISO, or any other such claims database provider, shall not be an "Expert."

2.6     House Counsel: attorneys who are employees of a Party in this Chapter 11 Case. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7     Non-Party: any natural person, partnership, corporation, association, or other legal entity that is not a Party in this Chapter 11 Case.

2.8     Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party in this Chapter 11 Case and have appeared in this Chapter 11 Case on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.9     Party: any party or party-in-interest in this Chapter 11 Case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.10    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Chapter 11 Case.

2.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" and is not excepted from the scope of Protected Material under Section 3 or any other applicable provision hereof.

2.13 <u>Receiving Party</u>: any of the following Parties that receives Disclosure or Discovery Material from a Producing Party:

    a.    The Debtor and its employees;

    b.    The defendant insurance companies in the Adversary Proceedings, including the California Insurance Guarantee Association, (each an "<u>Insurer</u>" and collectively the "<u>Insurers</u>") together with their respective successors, regulators, reinsurers, administrators, and counsel;

    c.    The Committee's professionals, members of the Committee, including their respective counsel who are assisting with or making decisions with respect to the Adversary Proceedings or the Chapter 11 Case, as to each strictly on a need to know basis after they sign <u>Exhibit A</u> hereto;

    d.    The U.S. Trustee;

    e.    Any other Party, with the consent of the Producing Person, who has signed <u>Exhibit A</u> hereto; and

    f.    Any other persons specified in Paragraph 11 below, as to each strictly on a need to know basis after they sign Exhibit A hereto.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover, and Protected Material shall not include, the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; (c) information that the Producing Party knows, at the time of disclosure, is in the possession of any entity who is not subject to this Order or to any confidentiality or nondisclosure agreement or other

legal restriction on disclosure with respect to such information; (d) information that is disclosed to a Receiving Party by, or acquired in the ordinary course of business and in good faith from, a third party who is not, to a Receiving Party's knowledge, information or belief, in violation of this Order or to any confidentiality or nondisclosure agreement or other legal restriction on disclosure with respect to such information; (e) information that is lawfully independently developed, discovered, or arrived at by a Party without violating this Order; or (f) any information which the Court orders not be protected as Confidential Information or as "trade secret or confidential research, development, or commercial information" under section 107(b)(1) of the Bankruptcy Code. For the avoidance of doubt, "public domain" information includes, without limitation, any information that may be obtained through a request under the federal Freedom of Information Act, the California Public Records Act, or any similar freedom of information or open records law of any state, territory, or municipality, as well as any information lodged in the publicly searchable or reviewable records of any court or other governmental agency. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this Chapter 11 Case, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) conversion or dismissal of this Chapter 11 Case; and (2) the closing of this Chapter 11 Case.

5. DESIGNATING PROTECTED MATERIAL

5.1 Confidential Material: A Producing Party or Designating Party may designate Disclosure or Discovery Material as "CONFIDENTIAL" if such Producing Party believes in good faith (or with respect to documents received from another person or entity, has been reasonably advised by such other person or entity) that: (i) such Disclosure or Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under 11 U.S.C. § 107(b)(1), Bankruptcy Rules 7026, 9014 or 9018, and/or Federal Rule of Civil Procedure 26(c); (B) constitutes or contains information that the court in this Chapter 11 Case has determined must be protected under 11 U.S.C. § 107(b)(2) or Bankruptcy Rule 9018; (C) is subject by law or by contract to a legally protected right of privacy; or (D) is information that is believed to

unreasonably invade the legally protectable privacy right of an individual; or (ii) the Producing Party (A) is under a preexisting obligation to a third-party to treat such Disclosure or Discovery Material as confidential; or (B) has in good faith been requested by a Designating Party to so designate such Disclosure or Discovery Material on the grounds that such other Party considers such Disclosure or Discovery Material to contain information that is confidential or proprietary to such Party of a nature that can be protected under 11 U.S.C. § 107(b)(1), Bankruptcy Rules 7026, 9014 or 9018, and/or Federal Rule of Civil Procedure 26(c).

      5.2    <u>Highly Confidential Material</u>: A Producing Party or Designating Party may designate Disclosure or Discovery Material as "HIGHLY CONFIDENTIAL" if such Producing Party believes in good faith (or with respect to documents received from another person or entity, has been reasonably advised by such other person or entity) that such Disclosure or Discovery Material constitutes or includes highly confidential Disclosure or Discovery Material that is of such a nature that a risk of competitive or other injury of a nature that can be protected under 11 U.S.C. § 107(b)(1), Bankruptcy Rules 7026, 9014 or 9018, and/or Federal Rule of Civil Procedure 26(c) would be created if such Discovery Material were disclosed to persons or entities other than those identified in Paragraph 7.3 of this Order. Any model that has been customized by a testifying expert or is not commercially available and is used by such expert in connection with preparing an opinion, may be produced as "HIGHLY CONFIDENTIAL."

      5.3    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.4     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in

7

which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.5     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Chapter 11 Case, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Bankruptcy Local Rules 9013 and 9014-1 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Chapter 11 Case solely in connection with this Chapter 11 Case, the Adversary Proceedings, or in any judicial or mediation proceeding that may result therefrom. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Chapter 11 Case and Adversary Proceedings have terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may receive information or items designated "CONFIDENTIAL" and may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Debtor and its employees;

(b)     The Committee's professionals, members of the Committee, including their respective counsel who are assisting with or making decisions with respect to the Chapter 11 Case, as to each strictly on a need to know basis after they sign the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c)     the U.S. Trustee; and

(d)     Any other persons specified in Paragraph 7.3 on the respective applicable terms stated therein.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Chapter 11 Case, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Chapter 11 Case, provided that a single natural person on behalf of each such Outside Counsel of Record has signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Chapter 11 Case, provided that a single natural person on behalf of each such Receiving Party has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Chapter 11 Case and who have signed the  "Acknowledgment and Agreement to Be

10

Bound" (Exhibit A), which such signed "Acknowledgement and Agreement to Be Bound" form is not required to be produced to the Designating Party, but instead may be verified and held by Counsel for the Receiving Party;

    (d)    the court and its personnel;

    (e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Chapter 11 Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f)    during their depositions, witnesses in the Chapter 11 Case to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order. For the avoidance of doubt, deposition witnesses may not retain any copies of documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" unless they sign Exhibit A.

    (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h)    any neutral mediator or arbitrator appointed by the Court or retained by agreement of the Parties in connection with the Chapter 11 Case, and such neutral mediator's or arbitrator's staff; and

    (i)    the U.S. Trustee.

For any such person or entity that must sign the "Acknowledgment and Agreement to be Bound (Exhibit A) ("**Acknowledgement**") in accordance with Sections 7.2 or 7.3, the Parties agree that each such entity or organization need only execute one such Acknowledgment, which written Acknowledgment shall apply to and bind all employees of that entity or organization.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Chapter 11 Case as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Chapter 11 Case as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Chapter 11 Case to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS CHAPTER 11 CASE AND/OR THE ADVERSARY PROCEEDING</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Chapter 11 Case and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this Chapter 11 Case is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Chapter 11 Case, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non- Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client

privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

    12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    12.2    Right to Assert Other Objections. Nothing in this Protective Order waives any right by a Party that it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Chapter 11 Case any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13. FINAL DISPOSITION

    Each Receiving Party must make best efforts to return all Protected Material to the Producing Party or destroy such material within 60 days after the final disposition of this Chapter 11 Case, as defined in paragraph 4, or after such time is needed by a Party to meet the requirements of its auditors, accountants, regulatory agencies, or reinsurers, whichever is longer. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether best efforts are taken to return or destroy the Protected Material, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the applicable deadline that (1) identifies (by category,

where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has made best efforts not to retain any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding the above requirements to return or destroy Protected Material, any applicable Receiving Party or Counsel may retain (i) such Discovery Material as it reasonably believes (and at all times continues to reasonably believe) are required in order to satisfy applicable law, ethical, or professional obligations, (ii) any analyses, abstracts, studies, summaries, or reports prepared by the Receiving Party or its Counsel based on, containing, or reflecting Protected Material; (iii) any portions of the Protected Material that are publicly available through no wrongful act or violation of this Protective Order on the part of the entity or the individual who caused the information to become generally available to the public through publication or otherwise, (iv) any Protected Material that is produced or stored in electronic format and that is not reasonably capable of being returned or destroyed, and such Protected Material shall remain confidential subject to the terms and restrictions contained in this Protective Order and shall be stored in such a fashion so as to prevent their disclosure. Nothing in this section shall require any party to destroy attorney work product or attorney-client communications that contain or reflect Protected Material.

Notwithstanding anything to the contrary, the Receiving Party or its Counsel may retain such Protected Material in accordance with this Protective Order, provided that they continue to treat all produced material in the manner provided in this Protective Order, and (iv) any portions of Protected Material that it reasonably believes cannot be practicably destroyed (such as oral communications, e-mail back-up records, bank-up server tapes, and any records of similar such automated record-keeping or other retention systems). Any retained Protected Material shall continue to be protected under this Protective Order.

**END OF ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address],

( ) am an authorized representative of _____ [name of entity], or

( ) am executing this agreement in my individual capacity,

and declare under penalty of perjury that I have read in its entirety and understand the Confidentiality and Protective Order that was issued by the United States Bankruptcy Court for the Northern District of California on [date] in the case of *In re The Roman Catholic Bishop of Oakland*, a California corporation sole, Case No. 23-40523 (WJL) (the "Order"). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Protective Order.

If I am agreeing to the Order in my capacity as the authorized representative of an entity, I agree that the entity will comply with and be bound by all the terms of the Order and will inform all of its employees that it reasonably anticipates will come in contact with Protected Material. I further understand and acknowledge that failure to so comply could expose the entity to sanctions and punishment in the nature of contempt.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Northern District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this Chapter 11 Case.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____