**EXHIBIT 1**

**FOLEY & LARDNER LLP**
Jeffrey R. Blease (CA Bar. No. 134933)
jblease@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
smoses@foley.com
Emil P. Khatchatourian (CA Bar No. 265290)
ekhatchatourian@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
mdlee@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone: (415) 434-4484
Facsimile: (415) 434-4507

*Counsel for the Debtor
and Debtor in Possession*

**LOWENSTEIN SANDLER LLP**
Jeffrey D. Prol (admitted *pro hac vice*)
jprol@Lowenstein.com
Brent Weisenberg (admitted *pro hac vice*)
bweisenberg@lowenstein.com
Colleen M. Restel (admitted *pro hac vice*)
crestel@lowenstein.com
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (CA Bar No. 151445)
tkeller@kbkllp.com
Jane Kim (CA Bar No. 298192)
jkim@kbkllp.com
Gabrielle L. Albert (CA Bar No. 190895)
galbert@kbkllp.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| *In re:* <br><br> THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole, <br><br> Debtor. | Case No. 23-40523 <br><br> Chapter 11 <br><br> **[PROPOSED] ORDER REFERRING PARTIES TO MEDIATION, APPOINTING MEDIATORS AND GRANTING RELATED RELIEF** <br><br> Judge: Hon. William J. Lafferty |

Upon the *Joint Motion for Entry of Order Referring Parties to Mediation, Appointing Mediators and Granting Related Relief* [Dkt. No. 705] (the "**Motion**") filed by (i) the Roman Catholic Bishop of Oakland, a California corporation sole, and the debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11 bankruptcy case (the "**Chapter 11 Case**") and (ii) the Official Committee of

Unsecured Creditors (the "**Committee**," and together with the Debtor, the "**Movants**") for entry of an order requiring mediation (the "**Mediation**") of the Mediation Matters (defined below) and appointing mediators; and upon *Pacific's Objection to Joint Motion for Entry of Order Referring Parties to Mediation and Granting Related Relief* [Dkt No. 748] (the "**Pacific Objection**") and to the joinders to the Pacific Objection filed by (i) Continental Casualty Company [Dkt. No. 751] and (ii) Travelers Casualty & Surety Company f/k/a Aetna Casualty & Surety Company [Docket No. 755] (collectively with the Pacific Objection, the "**Objection**"); and the Court having reviewed and considered the Motion, the reply to the Objection filed by the Movants [Dkt. No. 761], and the Objection, and the statements of counsel at the hearing held on the Motion on January 9, 2024; and the Court finding that it has jurisdiction over this matter, that venue in this Court is proper, and that notice of the Motion thereon was reasonable and sufficient under the circumstances; and the Court further finding that the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; and after due deliberation and good cause appearing,

**IT IS HEREBY ORDERED** as follows:

1) The Motion is GRANTED as set forth and modified below.

2) The Court authorizes and appoints Hon. Christopher Sontchi (Ret.), Jeff Krivis, Hon. Randall Newsome (Ret.) and Timothy V. P. Gallagher as mediators for the purpose of mediating the Mediation Matters described below ("Mediators").

3) The Mediators, as court appointed mediators, shall be immune from claims arising out of acts or omissions incident to the Mediators' services rendered in connection with the Mediation to the maximum extent permitted by law.

4) The Mediators shall apply for the payment of their fees and the reimbursement of their expenses in conformity with the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of this Court, provided that the Insurers (as defined below) shall pay fifty percent (50%) of the fees and expenses of former Judge Newsome and Mr. Gallagher when and as due according to the authorization

obtained pursuant to the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of this Court.

5) The participants in the mediation (the "**Mediation Parties**" and each a "**Mediation Party**"), through their respective counsel, are:

    A.     the Debtor;

    B.     the Committee; and,

    C.     The Debtor's insurers named as defendants in adversary proceedings *The Roman Catholic Bishop of Oakland v. Pacific Indemnity et al.*, Adv. Case No. 23-04028 and *The Roman Catholic Bishop of Oakland v. American Home Assurance Co. et al.*, Adv. Case No. 23-04037 (such adversary proceedings, the "**Adversary Proceedings**" and such insurer defendants, the "**Insurers**").

6) The following matters are hereby referred to mediation between all Mediation Parties (the "**Mediation Matters**"), all of which are within this Court's jurisdiction over the administration of this chapter 11 case:

    i.     Assessment of sexual abuse claims;

    ii.     The negotiation of material financial, injunctive, and other provisions of a plan of reorganization;

    iii.     The resolution of disputes related to the formation of a trust and the process for allowance of and distributions to holders of abuse claims;

    iv.     The resolution of disputes related to the process to resolve claims asserted by or against a church and certain other non-Debtor Catholic entities within the Diocese;

    v.     The resolution of any other issue necessary to reach agreement on the terms of a confirmable plan of reorganization;

vi. The claims and defenses asserted by the parties in the Adversary Proceeding, including issues related to indemnity, defense and insurance coverage of sexual abuse claims and the obligations of the Debtors and parishes; and

vii. Such other issues as may arise.

7) At any time following entry of this Order, one or more of the Mediation Parties may, individually or jointly, propose in writing that the Mediators address one or more particular Mediation Issues (each such proposal, a "**Mediation Proposal**") so long as such Mediation Party or Parties submits the Mediation Proposal by email to all of the Mediators and all of the Parties and describes, with specificity, the Mediation Issue(s) that are the subject of the Mediation Proposal. Upon receipt of a Mediation Proposal, the Mediators shall confer and determine, in their discretion, the allocation of responsibility amongst themselves with respect to the Mediation Issue(s) that are the subject of the Mediation Proposal. Notwithstanding anything to the contrary in this Order, and for the avoidance of doubt, no Mediation Party shall be required to participate in the mediation of any Mediation Issue(s).

8) The Mediators shall consult with the Mediation Parties on the matters concerning the Mediation, including, without limitation: (a) the structure and timing of Mediation procedures, including, without limitation, the attendance of specific Mediation Parties at particular Mediation sessions; and (b) the timing, general content, and manner of any submissions to the Mediators.

9) The results of the Mediation are non-binding and are without prejudice to any Mediation Party's rights, claims, or defenses, including with respect to any of the Mediation Matters, all of which are expressly preserved.

10) The Mediation shall take place on such date(s) and location(s) (either in-person or via electronic means), as the Mediators reasonably determine, which may include joint and private meetings between the Mediators and Mediation Parties during the course of the Mediation, including joint and separate meetings with any of the parties to the Mediation.

11) The Mediators shall have the authority to require a representative, with complete

-4-

authority to negotiate and settle all disputed issues and amounts, of each of the Mediation Parties to personally attend the Mediation meeting(s) either in person or via video conference.

12) The Mediators shall have authority to control all procedural aspects of the Mediation(s), including when the Mediation Parties will meet jointly and/or separately with the Mediator(s), and whether meetings shall be by telephone, video conference, or in person. The Mediators may require Mediation Parties to sign a mediation agreement as may be reasonably required to promote the Mediation, except that any such supplemental agreement shall be consistent with and subject in all respects to the terms of this Order. The Mediators may report to the Court any willful failure to attend or participate in good faith in the mediation process or mediation conference. Such failure may result in the imposition of sanctions by the Court.

13) Participation by the Mediation Parties in the Mediation will not prejudice their rights with respect to any disputed issue in the Chapter 11 Case, and all such rights, to the extent they existed prior to this Order, are preserved and may be exercised consistent with any order of the Court. This includes, without limitation, the Mediation Parties' rights (if any) to (a) seek a judicial determination from this Court with respect to any issue that may arise during the Mediation requiring judicial resolution; (b) contest the jurisdiction of the Bankruptcy Court; (c) contest the entry of final orders or judgments by the Bankruptcy Court; (d) withdraw the reference; or (e) demand arbitration or a trial by jury.

14) After the Mediation concludes, the Mediators will report to chambers staff whether the Mediation resulted in a settlement.

15) The provisions of Local Rule 9047-1 pertaining to the "Confidentiality" of the Bankruptcy Dispute Resolution Program shall govern the Mediation; provided, however, that if a Mediation Party puts at issue any good faith finding concerning the Mediation in any subsequent action concerning insurance coverage, the parties' right to seek discovery, if any, is preserved. However, nothing in this paragraph shall limit communications between the Mediators during the Mediation.

Further, nothing in this paragraph makes a document or other information confidential that was received or developed by a Mediation Party without an obligation of confidentiality that relates to the Mediation.

16) The Mediation Parties shall cooperate in pre-mediation discovery. In the event that a discovery dispute arises that cannot be resolved by negotiation among the Mediation Parties involved, a motion may be brought before this Court to resolve the dispute. The Court may hold hearings on short notice on any discovery dispute. The Court expects the Mediation Parties to obtain such information as they may deem reasonable to participate meaningfully in the Mediation.

17) Notwithstanding any provision of this Order to the contrary, (a) nothing contained in this Order shall authorize any Mediation Party to produce documents or information that are subject to attorney-client privilege, attorney work product, or any other legally recognized privilege; and (b) the Debtor shall not as part of the Mediation or otherwise provide the Committee or its counsel with any materials created or used in the defense and resolution of abuse claims that may be subject to an attorney client privilege, attorney work product privilege, common interest privilege or other rule of privilege or confidentiality, unless the Debtor first shares those materials with the Insurers and the Insurers consent to the disclosure of those materials.

18) Notwithstanding any provision of this Order to the contrary, no Mediation Party may disclose to any other Mediation Party, either in connection with the Mediation or any pre-mediation discovery, any information or documents which are protected by common interest privilege, without the prior written consent of all parties sharing in such common interest privilege.

19) Nothing in this Order shall relieve any of the Mediation Parties or any other party in interest from complying with applicable requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, such as requirements for obtaining court approval of any compromises of controversies, stipulated stay relief or adequate protection, or sales of property outside the ordinary course of business.

20) Any of the Mediation Parties may at any time file a motion with the Court to withdraw

Case: 23-40523    Doc# 784-1    Filed: 01/16/24    Entered: 01/16/24 19:50:34    Page 7 of 9

from, suspend, and/or terminate the Mediation for cause.

21) Neither this Order or any of its terms shall be construed as a stay or prohibition of any proceedings or issues in this Chapter 11 Case.

22) The Court retains discretion to modify this Order and retains exclusive jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Order.

*** END OF ORDER ***

# COURT SERVICE LIST

All ECF Recipients