**EXHIBIT 2**

**FOLEY & LARDNER LLP**
Jeffrey R. Blease (CA Bar. No. 134933)
jblease@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
smoses@foley.com
Emil P. Khatchatourian (CA Bar No. 265290)
ekhatchatourian@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
mdlee@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone: (415) 434-4484
Facsimile: (415) 434-4507

*Counsel for the Debtor
and Debtor in Possession*

**LOWENSTEIN SANDLER LLP**
Jeffrey D. Prol (admitted *pro hac vice*)
jprol@Lowenstein.com
Brent Weisenberg (admitted *pro hac vice*)
bweisenberg@lowenstein.com
Colleen M. Restel (admitted *pro hac vice*)
crestel@lowenstein.com
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (CA Bar No. 151445)
tkeller@kbkllp.com
Jane Kim (CA Bar No. 298192)
jkim@kbkllp.com
Gabrielle L. Albert (CA Bar No. 190895)
galbert@kbkllp.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| *In re:* <br><br> THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole, <br><br> Debtor. | Case No. 23-40523 <br><br> Chapter 11 <br><br> **[PROPOSED] ORDER REFERRING PARTIES TO MEDIATION, APPOINTING MEDIATORS AND GRANTING RELATED RELIEF** <br><br> Judge: Hon. William J. Lafferty |

Upon the *Joint Motion for Entry of Order Referring Parties to Mediation, Appointing Mediators and Granting Related Relief* [Dkt. No. 705] (the "**Motion**") filed by (i) the Roman Catholic Bishop of Oakland, a California corporation sole, and the debtor and debtor in possession (the "**Debtor**") in the

above-captioned chapter 11 bankruptcy case (the "**Chapter 11 Case**") and (ii) the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtor, the "**Movants**") for entry of an order requiring mediation (the "**Mediation**") of the Mediation Matters (defined below) and appointing mediators; and upon *Pacific's Objection to Joint Motion for Entry of Order Referring Parties to Mediation and Granting Related Relief* [Dkt No. 748] (the "**Pacific Objection**") and to the joinders to the Pacific Objection filed by (i) Continental Casualty Company [Dkt. No. 751] and (ii) Travelers Casualty & Surety Company f/k/a Aetna Casualty & Surety Company [Docket No. 755] (collectively with the Pacific Objection, the "**Objection**"); and the Court having reviewed and considered the Motion, the reply to the Objection filed by the Movants [Dkt. No. 761], and the Objection, and the statements of counsel at the hearing held on the Motion on January 9, 2024; and the Court finding that it has jurisdiction over this matter, that venue in this Court is proper, and that notice of the Motion thereon was reasonable and sufficient under the circumstances; and the Court further finding that the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; and after due deliberation and good cause appearing,

**IT IS HEREBY ORDERED** as follows:

1) The Motion is GRANTED as set forth and modified below.

2) The Court authorizes and appoints Hon. Christopher Sontchi (Ret.) ~~("**Judge Sontchi**")~~ ~~and~~, Jeff Krivis ~~("**Mr. Krivis**" and together with Judge Sontchi, the "**Committee Mediators**") for the purpose of mediating the Committee Mediation Matters (defined below). The Court authorizes and appoints~~, Hon. Randall Newsome (Ret.) ~~("**Judge Newsome**"), and _____ ("INS MED" and together with Judge Newsome, the "**Insurance Mediators**")~~ and Timothy V. P. Gallagher as mediators for the purpose of mediating the ~~Insurance~~ Mediation Matters ~~(defined below). The Committee Mediators and the Insurance Mediators are collectively referred to herein as the~~ described below ("Mediators~~."~~).

~~3) Notwithstanding the forgoing, the effectiveness of Judge Newsome's retention and INS~~

~~MED's retention is, respectively, subject to each filing a declaration with this Court attesting to his connections with the parties in interest in the Chapter 11 Case using the Schedule of Interested Parties used by the Committee Mediators. Parties in interest shall have 7 days after the filing of the declaration to object to the retention of either on the grounds he has disabling conflicts of interest. If no such objections are filed, Judge Newsome and/or INS MED, as the case may be, shall be deemed retained as a Mediator as of the date of this Order. If an objection is timely filed, the Court shall promptly schedule a hearing to resolve the underlying dispute. The filing of such objection and its resolution shall have no impact in any way on the retention of the other Mediators, who are authorized to immediately commence mediation on the Mediation Matters.~~

3) ~~4)~~ The Mediators, as court appointed mediators, shall be immune from claims arising out of acts or omissions incident to the Mediators' services rendered in connection with the Mediation to the maximum extent permitted by law.

4) ~~5)~~ The Mediators shall apply for the payment of their fees and the reimbursement of their expenses in conformity with the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of this Court, provided that the Insurers (as defined below) shall pay fifty percent (50%) of the fees and expenses of ~~the Insurance Mediators~~ former Judge Newsome and Mr. Gallagher when and as due according to the authorization obtained pursuant to the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of this Court.

5) ~~6)~~ The participants in the mediation (the "**Mediation Parties**" and each a "**Mediation Party**"), through their respective counsel, are:

    A.    the Debtor;

    B.    the Committee; and,

    C.    The Debtor's insurers named as defendants in adversary proceedings *The Roman Catholic Bishop of Oakland v. Pacific Indemnity et al.*, Adv. Case No. 23-04028 and *The Roman Catholic Bishop of Oakland v. American Home Assurance Co. et*

3

4882-8251-4845.1

*al.*, Adv. Case No. 23-04037 (such adversary proceedings, the "**Adversary Proceedings**" and such insurer defendants, the "**Insurers**").

6) ~~7)~~ The following matters are hereby referred to mediation between ~~the Committee and Debtor (the "Committee~~ all Mediation Parties (the "**Mediation Matters**"), all of which are within this Court's jurisdiction over the administration of this chapter 11 case:

    i. Assessment of sexual abuse claims ~~and the Debtor's potential legal liability for the sexual abuse claims~~;

    ii. The negotiation of material financial, injunctive, and other provisions of a plan of reorganization;

    iii. The resolution of ~~any~~ disputes related to the formation of a trust and the process for allowance of and distributions to holders of abuse claims;

    iv. The resolution of ~~any~~ disputes related to the process to resolve claims asserted by or against a church and certain other non-Debtor Catholic entities within the Diocese;

    v. The resolution of any other issue necessary to ~~determine the rights of the Movants to~~ reach agreement on the terms of a confirmable plan of reorganization ~~supported by the Movants; and,~~;

    ~~vi. Such other issues as may arise.~~

~~8) The following matters are hereby referred to mediation between the Debtor, the Committee and the Insurers (the "**Insurance Mediation Matters**"), all of which are within this Court's jurisdiction over the administration of this Chapter 11 case:~~

    ~~i.~~ vi. The claims and defenses asserted by the parties in the Adversary Proceeding, including issues related to indemnity, defense and insurance coverage of sexual abuse claims and the obligations of the Debtors and parishes; and

4882-8251-4845.1

~~ii. The resolution of any other issue necessary to determine the rights of the Insurers to reach agreement on the terms of a confirmable plan of reorganization supported by some or all of the Insurers; and,~~

~~iii.~~ vii.　　Such other issues as may arise.

7)　　At any time following entry of this Order, one or more of the Mediation Parties may, individually or jointly, propose in writing that the Mediators address one or more particular Mediation Issues (each such proposal, a "**Mediation Proposal**") so long as such Mediation Party or Parties submits the Mediation Proposal by email to all of the Mediators and all of the Parties and describes, with specificity, the Mediation Issue(s) that are the subject of the Mediation Proposal. Upon receipt of a Mediation Proposal, the Mediators shall confer and determine, in their discretion, the allocation of responsibility amongst themselves with respect to the Mediation Issue(s) that are the subject of the Mediation Proposal. Notwithstanding anything to the contrary in this Order, and for the avoidance of doubt, no Mediation Party shall be required to participate in the mediation of any Mediation Issue(s).

8)　　The Mediators shall consult with the Mediation Parties on the matters concerning the Mediation, including, without limitation: (a) the structure and timing of Mediation procedures, including, without limitation, the attendance of specific Mediation Parties at particular Mediation sessions; and (b) the timing, general content, and manner of any submissions to the Mediators.

9)　　The results of the Mediation are non-binding and are without prejudice to any Mediation Party's rights, claims, or defenses, including with respect to any of the Mediation Matters, all of which are expressly preserved.

10)　　The Mediation shall take place on such date(s) and location(s) (either in-person or via electronic means), as the Mediators reasonably determine, which may include joint and private meetings between the Mediators and Mediation Parties during the course of the Mediation, including joint and separate meetings with any of the parties to the ~~Committee~~ Mediation ~~Matters and the Insurance~~

4882-8251-4845.1

~~Mediation Matters~~.

11) The Mediators shall have the authority to require a representative, with complete authority to negotiate and settle all disputed issues and amounts, of each of the Mediation Parties to personally attend the Mediation meeting(s) either in person or via video conference.

12) The Mediators shall have authority to control all procedural aspects of the Mediation(s), including when the Mediation Parties will meet jointly and/or separately with the Mediator(s), and whether meetings shall be by telephone, video conference, or in person. The Mediators may require Mediation Parties to sign a mediation agreement as may be reasonably required to promote the Mediation, except that any such supplemental agreement shall be consistent with and subject in all respects to the terms of this Order. The Mediators may report to the Court any willful failure to attend or participate in good faith in the mediation process or mediation conference. Such failure may result in the imposition of sanctions by the Court.

13) Participation by the Mediation Parties in the Mediation will not prejudice their rights with respect to any disputed issue in the Chapter 11 Case, and all such rights, to the extent they existed prior to this Order, are preserved and may be exercised consistent with any order of the Court. This includes, without limitation, the Mediation Parties' rights (if any) to (a) seek a judicial determination from this Court with respect to any issue that may arise during the Mediation requiring judicial resolution; (b) contest the jurisdiction of the Bankruptcy Court; (c) contest the entry of final orders or judgments by the Bankruptcy Court; (d) withdraw the reference; or (e) demand arbitration or a trial by jury.

14) After the Mediation concludes, the Mediators will report to chambers staff whether the Mediation resulted in a settlement.

15) ~~There shall be absolute mediation privilege, and all communications during the Mediation shall be confidential, protected from disclosure and shall not constitute a waiver of any existing privileges and immunities, shall not be disclosed to any third party for any reason, and shall not~~

| | |
|---|---|
| 1 | ~~be used for any purpose other than Mediation. Submissions to the Mediators shall not be delivered to~~ |
| 2 | ~~anyone else without the consent of the submitting party. Any statements made by the Mediators, any of~~ |
| 3 | ~~the Mediation Parties, or other parties that participate in the mediation process shall not be divulged by~~ |
| 4 | ~~any of the participants in the Mediation (or their attorneys, representatives, or agents) or by the~~ |
| 5 | ~~Mediators to the Court or to any third party. Except for an executed settlement agreement, all records,~~ |
| 6 | ~~reports, or other documents received or made by the Mediators while serving such capacity shall be~~ |
| 7 | ~~confidential and shall not be provided to the Court. The Mediators and each participant or party to the~~ |
| 8 | ~~Mediation shall not be compelled to divulge any records, reports, or other documents shared in the~~ |
| 9 | ~~Mediation, and shall not be compelled to testify in regard to the Mediation in connection with any~~ |
| 10 | ~~arbitral, judicial or other proceeding, including any hearing held by this Court. Notwithstanding~~ |
| 11 | ~~anything in Federal Rule of Evidence 408 to the contrary, no person may rely on or introduce as~~ |
| 12 | ~~evidence in connection with any arbitral, judicial or other proceeding, including any hearing held by this~~ |
| 13 | ~~Court, any aspect of the Mediation effort, including but not limited to (a) views expressed or suggestions~~ |
| 14 | ~~made by any of the Mediation Parties, or the Mediators, with respect to a possible settlement of the~~ |
| 15 | ~~Dispute; (b) statements or admissions made by any of the Mediation Parties in the course of the~~ |
| 16 | ~~Meditation and (c) proposals made or views expressed by the Mediators, or any of the Mediation~~ |
| 17 | ~~Parties. Nothing in this paragraph, however, precludes a report to the Court by the Mediators of (i)~~ |
| 18 | ~~whether a settlement was reached or (ii) any material failure on the part of~~ one or more of the Mediation |
| 19 | Parties to comply with the party's obligations under this order. ~~Further~~<ins>The provisions of Local Rule</ins> |
| 20 | <ins>9047-1 pertaining to the "Confidentiality" of the Bankruptcy Dispute Resolution Program shall govern</ins> |
| 21 | <ins>the Mediation; provided, however, that if a Mediation Party puts at issue any good faith finding</ins> |
| 22 | <ins>concerning the Mediation in any subsequent action concerning insurance coverage, the parties' right to</ins> |
| 23 | <ins>seek discovery, if any, is preserved. However</ins>, nothing in this paragraph shall limit |
| 24 | ~~communication~~<ins>communications</ins> between the Mediators during the Mediation. Further, nothing in this |

4882-8251-4845.1

paragraph makes a document or other information confidential that was received or developed by a Mediation Party without an obligation of confidentiality that relates to the Mediation. ~~The Mediators and Mediation Parties may agree on confidentiality provisions in addition to those stated in this Order.~~

16) The Mediation Parties shall cooperate in pre-mediation discovery. In the event that a discovery dispute arises that cannot be resolved by negotiation among the Mediation Parties involved, a motion may be brought before this Court to resolve the dispute. The Court may hold hearings on short notice on any discovery dispute. The Court expects the Mediation Parties to obtain such information as they may deem reasonable to participate meaningfully in the Mediation.

17) Notwithstanding any provision of this Order to the contrary, <u>(a)</u> nothing contained in this Order shall ~~require~~<u>authorize</u> any Mediation Party to produce documents or information that are subject to attorney-client privilege, attorney work product, or any other legally recognized privilege~~.~~<u>; and (b) the Debtor shall not as part of the Mediation or otherwise provide the Committee or its counsel with any materials created or used in the defense and resolution of abuse claims that may be subject to an attorney client privilege, attorney work product privilege, common interest privilege or other rule of privilege or confidentiality, unless the Debtor first shares those materials with the Insurers and the Insurers consent to the disclosure of those materials.</u>

18) Notwithstanding any provision of this Order to the contrary, no Mediation Party may disclose to any other Mediation Party, either in connection with the Mediation or any pre-mediation discovery, any information or documents which are protected by common interest privilege, without the prior written consent of all parties sharing in such common interest privilege.

19) Nothing in this Order shall relieve any of the Mediation Parties or any other party in interest from complying with applicable requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, such as requirements for obtaining court approval of any compromises of controversies, stipulated stay relief or adequate protection, or sales of property outside the ordinary

course of business.

20) Any of the Mediation Parties may at any time file a motion with the Court to withdraw from, suspend, and/or terminate the Mediation for cause.

21) Neither this Order or any of its terms shall be construed as a stay or prohibition of any proceedings or issues in this Chapter 11 Case.

22) The Court retains discretion to modify this Order and retains exclusive jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Order.

*** END OF ORDER ***

**COURT SERVICE LIST**

All ECF Recipients

| Summary report: Litera Compare for Word 11.3.0.46 Document comparison done on 1/16/2024 4:53:01 PM ||
|---|---|
| **Style name:** OMM Standard ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** RCBO - Post Hearing Mediation Order_1-15-2024_Clean.docx ||
| **Modified filename:** Pacific Revisions - Post Hearing Mediation Order.docx ||
| **Changes:** ||
| Add | 28 |
| Delete | 41 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 2 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 73 |