MORGAN A. STEWART (State Bar No. 209852)
mstewart@manlystewart.com
SAUL E. WOLF (State Bar No. 244833)
swolf@manlystewart.com
CRISTINA J. NOLAN (State Bar No. 318495)
cnolan@manlystewart.com
**MANLY STEWART FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 252-9990
Facsimile: (949) 252-9991

Attorneys for MSF Claimants

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA,

## OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>FRANCISCAN FRIARS OF CALIFORNIA, INC,<br><br>    Debtor. | Case No. 23-40523 WJL<br>Chapter 11<br>Judge:   Hon. William J. Lafferty<br><br>**MOTION TO ALLOW FILING OF LATE PROOFS OF CLAIM**<br><br>Hearing Date: December 4, 2024<br>Hearing Time: 10:30am<br>Place:   United States Bankruptcy Court<br>          1300 Clay Street, Courtroom 220<br>          Oakland, CA 94612 |

      This Motion is brought on behalf of two claimants who are represented by the firm, Manly, Stewart & Finaldi (hereinafter, "MSF Claimants"), seeking an order allowing the filing of late proofs of claim based upon excusable neglect under the provisions of Federal Rule of Bankruptcy Procedure 105(a), 3003(c) and 9006(b)(1). In support thereof, MSF Claimants respectfully assert as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 USC § 157(b)(2). The statutory and legal foundations for the relief sought herein are § 105(a) of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure 3003(c) and 9006(b)(1) (hereafter "Bankruptcy Rules")

## MSF CLAIMANTS

MSF Claimants, John LA-70 Doe and John LA-140 Doe[1], are two individual moving parties who are sexual abuse claimants holding claims against the Franciscan Friars of California, Inc., the Debtor herein (hereinafter referred to as "Franciscans" or "Debtor"). Each of the sexual abuse claimants were represented prior to the filing of this bankruptcy case by the firm Manly, Stewart & Finaldi.

## STATEMENT OF FACTS

1. MSF Claimants each hold a claim against the Franciscans stemming from childhood sexual abuse.

2. MSF Claimants are represented by Manly, Stewart and Finaldi, located in Irvine, California. Manly, Stewart & Finaldi ("MSF") specializes in representing individuals sexually abused as children. Morgan A. Stewart, Saul E. Wolf and Cristina J. Nolan are actively involved and overseeing the instant matters.

3. Currently, MSF represents four (4) claimants who have claims against the Franciscans. Two claims were timely submitted prior to the Bar Claim Deadline. This Motion is only as to John LA-140 Doe and John LA-70 Doe. Declaration of Cristina Nolan ("Nolan Dec.") ¶3.

---

[1] Due to the highly sensitive, traumatic, and deeply personal nature of MSF Claimants' claims, they are being referred to in this filing by Doe pseudonyms to protect their privacy. The MSF Claimants have or will disclose their identity to Debtor counsel, UCC Committee counsel, and intervenor insurer counsel per the process established in this bankruptcy and subject to the protections afforded sexual abuse claimants along with the protocols that ensure their identity is kept out of the public record.

4. Prior to the filing of the bankruptcy case, MSF timely filed complaints in the Los Angeles Superior Court for MSF Claimants. Each of these cases were added onto the coordinating proceeding, JCCP 5101 Southern California clergy cases. The complaints were served on the Franciscans prior to the filing of the bankruptcy case. Nolan Dec. ¶¶5-6.

5. On December 31, 2023, the Debtor filed its chapter 11 case in this Court. Nolan Dec. ¶7.

6. Pursuant to the Court's ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF. The filing of the proofs of claim deadline was initially set to July 19, 2024. Nolan Dec. ¶8.

7. On July 11, 2024, the Court extended the claims bar date to August 30, 2024. Nolan Dec. ¶9.

8. Prior to the August 30, 2024 claims bar date, MSF filed what it believed to be proof of claims for all four claimants represented by MSF. Nolan Dec. ¶10.

9. On September 30, 2024, Gabrielle L. Albert of Keller Benvenutti Kim contacted Cristina J. Nolan, attorney at MSF, advising proof of claim forms had not been received by the Debtor. This was the first time MSF had been made aware that MSF Claimants' proof of claims had not been filed. Nolan Dec. ¶11.

10. Thereafter, on September 30, 2024, Ms. Nolan logged into MSF's server, and discovered for the first time, that the proof of claim forms had not been provided to MSF Claimants for review and signature. Nolan Dec. ¶¶12-19.

11. Through reviewing the file, and in discussion with Morgan Stewart, Partner at MSF, and MSF administrative staff, Ms. Nolan discovered a miscommunication as to filing amongst MSF staff resulted in MSF Claimants' proof of claim forms not being filed prior to August 30, 2024. Nolan Dec. ¶¶12-19.

12. MSF Claimants should not be held responsible for MSF's unintentional failure to timely file the proof of claims.

13. Upon becoming aware of the failure to file the two claims, Ms. Nolan immediately

sought to file the two remaining claims, and worked towards filing the instant motion as soon as practicable. Nolan Dec. ¶¶12-19.

**RELIEF REQUESTED**

MSF Claimants respectfully requests the entry of an Order consistent with § 105(a) of the Bankruptcy Code and Bankruptcy Rules 3003(c) and 9006(b)(1), authorizing the filing of a Proof of Claim and ordering the Debtor and its claims agent to accept that filing under the confidentiality protocols in place in this bankruptcy for child abuse survivor proofs of claim and voluntary supplements.

**ARGUMENT**

Bankruptcy courts are often asked to excuse the late filing of claims in chapter 11 cases for a variety or reasons. Federal Rule of Bankruptcy Procedure 3003 (c)(3) provides that a court in a chapter 11 case shall "… fix and for cause shown extend the time within which proofs of claim or interest may be filed." Federal Rule of Bankruptcy Procedure 9006 (b)(1) provides for the extension of a bar date once it has passed if failure to act is based on excusable neglect.

The United States Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.C.t. at 1489, 123 L.Ed. 2d 74 (1993*)* adopted a liberal standard for the filing of late file claims in chapter 11 cases holding that such extension should not be limited to situations in which the delay in filing is caused by circumstances beyond the control of the party filing the proof of claim. The Supreme Court stated in *Pioneer* that the concept of neglect "encompasses both simple, faultless omissions to act and more commonly, omissions caused by carelessness." *Pioneer*, 113 S.Ct. at 1495.

In addition the Supreme Court noted that bankruptcy courts are "necessarily entrusted with broad equitable powers to balance the interests of the effected parties, and that determination for the allowance of late claims due to excusable neglect entails a correspondingly equitable inquiry". *Pioneer*, 113 S.Ct. at 1495. The Supreme Court set out four criteria that bankruptcy courts should consider in determining whether neglect in filing a late claim is excusable and therefore the extension of a bar date or allowance of a late file claim appropriate. These factors are (1) whether granting the extension will prejudice the debtor; (2) the length of the delay and its impact on

efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; and (4) whether the creditor acted in good faith. *Pioneer*, 113 S.Ct. at 1498.

In considering each of these factors, the Ninth Circuit has instructed courts in this circuit to balance these various factors. No one factor is determinative. *See Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004), In re Zilog, Inc., 450 F.3d 996 (9th Cir. 2006). As will be shown below, each of the factors weighs in favor of the MSF Claimants and the allowance of their claims.

(a) No Prejudice to Debtor. The late filing of the MSF Claimants claims will have no negative impact upon the Debtor. The Debtor's chapter 11 case is in its very early stages and there has yet been a plan or a disclosure statement filed in this case. The Debtor will have adequate time to include the MSF Claimants within its plan and disclosure statement.

Further, the Debtor cannot argue that it was not aware of the claims of the MSF Claimants. Each of the underlying claims was filed with the Los Angeles Superior Court prior to the filing of the Debtor's bankruptcy case and prior to the extended statute of limitations imposed under California law for Childhood Sexual Abuse Claims which expired at the end of 2022. Further it is clear the Debtor was aware of the MSF Claimants since it listed them in its bankruptcy schedules.

Courts have routinely rejected the argument that the mere allowance of the filing of a late or amended claim to be prejudice when no plan or disclosure statement has been filed. As the Ninth Circuit BAP has stated, "We agree that prejudice requires more than simply having to litigate the merits of, or to pay, a claim. There must be some legal detriment to the party opposing." *In re JFSF Corp.,* 344 B. R. 94,102 (9th Cir. BAP, 2006); *aff. In re JSJF Corp.* 277 Fed. App. 718 (9th Cir. 2008)

(b) Length of Delay and Impact on Court Administration. Similarly, the allowance of the claims for the MSF Claimants will not hamper the court's administration of the case. The length of the delay in the filing of the claims was minimal as the claims were all filed within the following day after the bar date. As noted earlier no plan or disclosure statement has been filed in the case and there has been no distribution to creditors that would be affected by the filing and allowance of the MSF Claimants claims. Other bankruptcy courts have determined that the filing

of a claim prior to the solicitation of votes for a plan did not result in any prejudice to the debtor or adverse impact on court administration. *In re Broadmoor Country Club Apartment,* 158 B.R.146, 149 (Bankr. W.D.Mo. 1993).

(c) Reason for Delay. As noted in the recitation of facts, the reason for the delay was as a result of a series of circumstances within MSF which resulted in the late filing of the MSF Claimants' claims, as further detailed in the Declaration of Cristina J. Nolan. Nolan Decl. ¶¶12-19.

(d) Good Faith of MSF Claimants. Finally, there is nothing among the facts set forth herein that suggests that any of the MSF Claimants has acted in bad faith. The MSF Claimants have come forward in these cases and have filed their claims with the state court prior to the applicable statute of limitations and they have provided the information necessary for their proof of claims to their counsel in a timely manner to provide the information necessary to evaluate their sexual abuse claims. There is nothing herein that would indicate anything but good faith on the behalf of the MSF Claimants and the lack of any motivation to take advantage of the minimal delay in the filing of these proofs of claim.

## **CONCLUSION**

All the criteria set forth in the *Pioneer* case weigh in favor of the MSF Claimants claims being allowed as late filed claims. There is clearly no prejudice to the Debtor at this point in the bankruptcy process in dealing with these claims and any plan that may be proposed. There is no plan or disclosure statement filed and it is early in the negotiation process with respect to the sexual abuse claims that are the major component of this bankruptcy case. Further, the Debtor was aware of the MSF Claimants claims that were filed in state court prior to the filing of the bankruptcy case, since the MSF Claimants were included in the Debtor's schedules and statements of affairs. The delay in the filing of the claims was minimal and will not interfere with the administration of this case. The reason for the delay was based not upon anything the MSF Claimants did but due to the combination of factors within their counsel's firm which resulted in the missing of the claim filing deadline. Finally, it is clear that there is nothing that would indicate any lack of good faith on behalf of the MSF Claimants in this case.

It is the purpose of the bankruptcy code and in particular the chapter 11 process to provide

a mechanism for handling of all of the Debtor's claims. As a bankruptcy court in a similarly situated case found, in allowing a four month late filed claim of a sexual abuse survivor, "…a Chapter 11 restructuring intends to achieve twin aims of both reorganization of the debtor while avoiding forfeitures by creditors. Not permitting the belated proof of claim under these circumstances would undeniably result in a forfeiture by [claimant] contrary to one of the underlying goals of the reorganization process. *In re Roman Catholic Diocese of Syracuse, New York,* 638 B.R. 33, 40 (Bankr. N.D.N.Y., 2022).

WHEREFORE the MSF Claimants respectfully request that the Proofs of Claims filed on behalf of the MSF Claimants be allowed as timely filed claims in this case and for other orders as may be appropriate in the circumstances.

DATED: November 6, 2024         **MANLY STEWART FINALDI**

By: *Cristina J. Nolan*
MORGAN A. STEWART
SAUL E. WOLF
CRISTINA J. NOLAN
Attorneys for MSF Claimants

MORGAN A. STEWART (State Bar No. 209852)
mstewart@manlystewart.com
SAUL E. WOLF (State Bar No. 244833)
swolf@manlystewart.com
CRISTINA J. NOLAN (State Bar No. 318495)
cnolan@manlystewart.com
**MANLY STEWART FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 252-9990
Facsimile: (949) 252-9991

Attorneys for MSF Claimants

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA,

## OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>FRANCISCAN FRIARS OF CALIFORNIA, INC,<br><br>Debtor. | Case No. 23-40523 WJL<br>Chapter 11<br>Judge: Hon. William J. Lafferty<br><br>**DECLARATION OF CRISTINA J. NOLAN IN SUPPORT OF MOTION TO ALLOW FILING OF LATE PROOFS OF CLAIM**<br><br>Hearing Date: December 4, 2024<br>Hearing Time: 10:30am<br>Place:  United States Bankruptcy Court<br>           1300 Clay Street, Courtroom 220<br>           Oakland, CA 94612 |

**DECLARATION OF CRISTINA J .NOLAN IN SUPPORT OF MOTION TO ALLOW FILING OF LATE PROOFS OF CLAIM**

I, Cristina J. Nolan, declare under penalty of perjury as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am an attorney at Manly, Stewart & Finaldi ("MSF"), located in Irvine, California. My firm is counsel of record for Claimants John LA-140 Doe and John LA-70 Doe, as well as other claimants in the above-captioned Chapter 11 bankruptcy action. I am an adult California resident, competent to testify, and if called as a witness, my testimony under oath would be as follows:

2. I am generally familiar with the Chapter 11 case filed by the Franciscan Friars of California, Inc ("Franciscans" or "the Debtor"). I have reviewed the docket for the case, and to date, the Debtor has not filed any proposed Plan or proposed Disclosure Statement.

3. Currently, MSF represents four (4) claimants who have claims against the Franciscans. The instant Motion is only as to claims by John LA-140 Doe and John LA-70 Doe.

4. I have been working on the Franciscan Friars of California, Inc. bankruptcy along with two other attorneys from my firm, Morgan A. Stewart and Saul E. Wolf.

5. My firm was retained by John LA-70 Doe to file a lawsuit against several defendants, including the Debtor. A complaint was filed in the Los Angeles Superior Court on October 21, 2022.

6. My firm was retained by John LA-140 Doe to file a lawsuit against several defendants, including the Debtor. A complaint was filed in the Los Angeles Superior Court on October 21, 2022.

7. On December 31, 2023, the Debtor filed its chapter 11 case in this Court.

8. Pursuant to the Court's ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF. The filing of the proofs of claim deadline was initially set to July 19, 2024.

9. On July 11, 2024, the Court extended the claims bar date to August 30, 2024.

10. Prior to the August 30, 2024 claims bar date, MSF filed what it believed to be proof of claims for all four claimants represented by MSF.

11. On September 30, 2024, Gabrielle L. Albert of Keller Benvenutti Kim contacted Cristina J. Nolan, attorney at MSF, advising proof of claim forms had not been received by the Debtor. This was the first time MSF had been made aware that MSF Claimants' proof of claims had not been filed.

12. On September 30, 2024, I logged into MSF's server and discovered for the first time, that the proof of claim forms had not been provided to MSF Claimants for review and signature.

13. During the period of time between May 2024 and August 2024, my calendar had

been inordinately impacted. The greatest investment of my time had been in connection with a four-week jury trial in San Diego County that began on April 26, 2024 and resulted in a favorable verdict being reached on or around May 22, 2024. That case was *Jane SL Doe, et al. v. Clews Horse Ranch*.

14. After my return from trial in May 2024, two attorneys left MSF, and I along with several other attorneys of MSF absorbed the cases from the two attorneys who left, which significantly increased my caseload. Additionally, I was thrown into another matter ramping up for trial in November 2024. Over 35 full-day depositions had been set in the matter ranging from July 2024 to September 2024. That case was *Jane BHJ Doe, et al. v. Doe 1, et al*. in the Alameda Superior Court. The matter settled in September 20204.

15. During this time period of May 2024 to July 2024, I worked on assisting our claimants with filling in and completing the proof of claim forms and supplemental forms. As a result of my impacted schedule, I tasked MSF's administrative staff with ensuring the proof of claim forms were reviewed and signed by our claimants.

16. Through my discussion with our MSF administrative staff, Kathy Frederickson, in or around August 29, 2024, I had understood all proof of claims were filed prior to the August 30, 2024 deadline. As I discovered on September 30, 2024, only two of the four claimants' claims were timely filed.

17. As a result of my brief discussion with Ms. Albert on September 30, 2024, through reviewing the file, and in discussion with Morgan Stewart, Partner at MSF, and MSF administrative staff, I discovered a miscommunication as to filing amongst MSF staff resulted in two MSF Claimants' proof of claim forms not being filed prior to August 30, 2024—namely that Mr. Stewart, Saul Wolf and our MSF administrative staff had believed I would be obtaining the remaining signatures required for John LA-140 Doe and John LA-70 Doe's proof of claim forms.

18. Given my impacted schedule, and the miscommunication amongst MSF staff, the error in failing to timely file the proof of claim forms for John LA-140 Doe and John LA-70 Doe was clearly unintentional. MSF Claimants should not be held responsible for MSF's unintentional failure to timely file the proof of claims.

3
DECLARATION OF CRISTINA J. NOLAN IN SUPPORT OF MOTION ALLOWING FILING OF LATE PROOFS OF CLAIM

19. Upon becoming aware of the failure to file the two claims, I immediately sought to file the two remaining claims, and worked towards filing the instant motion as soon as practicable.

20. My review of the docket as of October 1, 2024 did not reveal any other motions to accept a late filed proof of claim.

The foregoing is true and correct, and I make this Declaration under penalty of perjury under the laws of the United States and State of California.

Dated: November 6, 2024

*Cristina J. Nolan*
Cristina J. Nolan

MORGAN A. STEWART (State Bar No. 209852)
mstewart@manlystewart.com
SAUL E. WOLF (State Bar No. 244833)
swolf@manlystewart.com
CRISTINA J. NOLAN (State Bar No. 318495)
cnolan@manlystewart.com
**MANLY STEWART FINALDI**
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 252-9990
Facsimile: (949) 252-9991

Attorneys for MSF Claimants

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA,

## OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>FRANCISCAN FRIARS OF CALIFORNIA, INC,<br><br>Debtor. | Case No. 23-40523 WJL<br>Chapter 11<br>Judge: Hon. William J. Lafferty<br><br>**CERTIFICATE OF SERVICE**<br><br>Hearing Date: December 4, 2024<br>Hearing Time: 10:30am<br>Place: United States Bankruptcy Court<br>1300 Clay Street, Courtroom 220<br>Oakland, CA 94612 |

## CERTIFICATE OF SERVICE BY MAIL

I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 19100 Von Karman Ave., Suite 800, Irvine, CA 92612.

On November 6, 2024, I served the following documents to be filed via the Court's Electronic Case Filing System:

- **MOTION TO ALLOW FILING OF LATE PROOFS OF CLAIM**

- **DECLARATION OF CRISTINA J. NOLAN IN SUPPORT OF MOTION TO**

**ALLOW FILING OF LATE PROOFS OF CLAIM**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Date: November 6, 2024

_Nimsi De La Cruz_
Nimsi De La Cruz