# **Exhibit 7**

# Exhibit D

```
                   UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF NEW YORK


 IN RE:                       .    Case No. 23-10244
                              .
 THE ROMAN CATHOLIC           .
 DIOCESE OF ALBANY,           .    James T. Foley U.S. Courthouse
 NEW YORK                     .    445 Broadway
                              .    Albany, NY 12207
           Debtor.            .
                              .    March 12, 2025
 . . . . . . . . . . . . . .       10:40 a.m.


       TRANSCRIPT OF MOTION FOR RELIEF FROM STAY BY SURVIVOR
  CLAIMANT M.F. (DOC. NO. 1349); MOTION FOR RELIEF FROM STAY BY
   SURVIVOR CLAIMANT #27 (DOC. NO. 1343); MOTION FOR RELIEF FROM
    STAY BY SURVIVOR CLAIMANT (DOC. NO. 1342); MOTION FOR RELIEF
        FROM STAY BY SURVIVOR CLAIMANT #48 (DOC. NO. 1345);
              MOTION FOR RELIEF FROM STAY BY SURVIVOR
   CLAIMANT #41 (DOC. NO. 1344); MOTION FOR RELIEF FROM STAY BY
     THE CLAIMANTS REPRESENTED BY THE MARSH LAW FIRM PLLC AND
  PFAU COCHRAN VERTETIS AMALA PLLC (DOC. NO. 1355) AND MOTION FOR
        RELIEF FROM STAY BY CLAIMANT #29 (DOC. NO. 1507)

              BEFORE HONORABLE ROBERT E. LITTLEFIELD, JR.
                 UNITED STATES BANKRUPTCY COURT JUDGE


 APPEARANCES:

 For the Debtor:              Whiteman Osterman & Hanna LLP
                              By:  FRANCIS J. BRENNAN, ESQ.
                              80 State Street, 11th Floor
                              Albany, NY 12207



 Audio Operator:              Theresa O'Connell


  Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.
```
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311      Fax No. (609) 587-3599**

```
APPEARANCES (Cont'd):

For the Official              Lemery Greisler LLC
Committee of Unsecured        By:  PAUL A. LEVINE, ESQ.
Creditors:                    677 Broadway, 8th Floor
                              Albany, NY 12207


TELEPHONIC APPEARANCES:

For the Official              Stinson LLP
Committee of Tort             By:  ROBERT T. KUGLER, ESQ.
Claimants:                    50 South Sixth Street, Suite 2600
                              Minneapolis, MN 55402

                              Burns Bair LLP
                              By:  JESSE J. BAIR, ESQ.
                              10 E. Doty Street, Suite 600
                              Madison, WI 53703

For Certain Personal          LaFave, Wein & Frament, PLLC
Injury Creditors:             By:  CYNTHIA S. LaFAVE, ESQ.
                              2400 Western Avenue
                              Guilderland, NY 12084

                              Jeff Anderson & Associates
                              By:  TAYLOR STIPPEL SLOAN, ESQ.
                                   JEFF ANDERSON, ESQ.
                              366 Jackson Street, Suite 100
                              St. Paul, MN 55101

For the Parish                Woods Oviatt Gilman LLP
Steering Committee:           By:  TIMOTHY PATRICK LYSTER, ESQ.
                              1900 Bausch & Lomb Place
                              Rochester, NY 14604

For London Market             Skarzynski Marick & Black LLP
Insurers:                     By:  TIMOTHY EVANSTON, ESQ.
                              633 West Fifth Street, 26th Floor
                              Los Angeles, CA 90071

                              Clyde & Co. LLP
                              By:  CATALINA J. SUGAYAN, ESQ.
                              30 S. Wacker Drive, Suite 2600
                              Chicago, IL 60606
```

```
TELEPHONIC APPEARANCES (Cont'd):

For Interstate Fire        Parker Hudson Rainer & Dobbs LLP
and Casualty Company:      By:  MATTHEW MICHAEL WEISS, ESQ.
                           303 Peachtree Street, N.E.
                           Suite 3600
                           Atlanta, GA 30308

For Hartford Accident      Ruggeri Parks Weinberg LLP
and Indemnity Company:     By:  JOSHUA D. WEINBERG, ESQ.
                           1875 K Street, NW, Suite 600
                           Washington, DC 20006


                              - - -
```

4

```
 1              COURTROOM DEPUTY:  The next matter is the Roman
 2   Catholic Diocese of Albany, Case Number 23-10244.  And today we
 3   have six motions for relief from stay by various survivor
 4   claimants.  We do have an additional survivor claimant 362, but
 5   we're going to hold that one and go forward with the original
 6   six first.  Will the parties note their appearances for the
 7   record?
 8              MR. BRENNAN:  Yes.  Good morning, Your Honor.
 9              THE COURT:  Good morning.
10              MR. BRENNAN:  Frank Brennan, Whiteman Osterman and
11   Hanna, counsel for the debtor.
12              MR. LEVINE:  Morning, Judge, Paul Levine, Lemery
13   Greisler, for the Official Committee of Unsecured Creditors.
14              THE COURT:  Do we have other appearances?
15              MR. KUGLER:  Good morning, Your Honor, Robert Kugler
16   on behalf of the Tort Claimants Committee.  Also present with
17   me on the phone today is Committee member John Ciota
18   (phonetic), chairman of the Committee.
19              MS. LaFAVE:  Good morning, Your Honor, Cynthia
20   LaFave, LaFave, Wein & Frament.  I work with Jeff Anderson &
21   Associates, my firm does, and we represent a number of the
22   claimants and we are also bringing motions here.  Thank you.
23              MR. WEISS:  Good morning, Your Honor, this is Matt --
24              MS. STIPPEL SLOAN:  Good morning, Your Honor --
25              MR. WEISS:  Go ahead.
```

1        MS. STIPPEL SLOAN:  Thanks.  Good morning, Your
2   Honor, Taylor Stippel Sloan of Jeff Anderson & Associates
3   jointly representing certain survivors together with Cynthia
4   LaFave.  Thank you.
5        MR. WEISS:  Good morning, Your Honor, Matt Weiss.  Go
6   ahead.
7        MR. ANDERSON:  Good morning, this is Jeff Anderson
8   also appearing with Ms. Sloan and Ms. LaFave.
9        MR. WEISS:  All right.  Good morning, Your Honor,
10  Matt Weiss from Parker Hudson Reiner & Dobbs on behalf of
11  Interstate Fire and Casualty Company.
12       UNIDENTIFIED ATTORNEYS:  Good morning, Your Honor --
13       UNIDENTIFIED ATTORNEY:  Go ahead.
14       MR. WEINBERG:  Good morning, Your Honor, Josh
15  Weinberg on behalf of Hartford Accident and Indemnity Company.
16       MR. BAIR:  Good morning, Your Honor, Jesse Bair from
17  Burns Bair, special insurance counsel for the Tort Committee.
18       MS. SUGAYAN:  Good morning, Your Honor, Cathy Sugayan
19  from Clyde & Co. for London Market Insurers.
20       MR. LYSTER:  Good morning, Your Honor, Timothy
21  Lyster, Woods Oviatt Gilman, on behalf of the parishes.
22       THE COURT:  Do we have all the --
23       MR. EVANSTON:  And, good morning, Your Honor, Timothy
24  Evanston appearing on behalf of the London Market Insurers.
25       THE COURT:  Do we now have all the appearances?

6

```
 1                    (No audible response)
 2              THE COURT:  Counsels, I have a short decision on,
 3   oral decision on the six motions that are before me.  After I
 4   do that, we'll talk about the new one that's returnable this
 5   morning on a short notice.  Excuse me.
 6              Currently before the Court --
 7              MR. LYSTER:  If I may, Your Honor, Tim Lyster on
 8   behalf of the parishes.  Will Your Honor entertain just one
 9   point of clarification prior to entering --
10              THE COURT:  Absolutely.
11              MR. LYSTER:  -- oral decision?  Thank you, Your
12   Honor.  Again, for the record, Tim Lyster, Woods Oviatt Gilman,
13   on behalf of the parishes.
14              Just briefly, Your Honor, the parishes requested to
15   the extent that the stay is lifted that the claimants only be
16   permitted to obtain a verdict as to the parishes, but not to
17   enter a judgment, not to convert that verdict to a judgment
18   against the parishes because the judgment, you know, would
19   automatically become a lien upon, you know, real property, it
20   would be subject to further enforcement as a practical matter
21   causing the respective parish to file its own bankruptcy
22   proceeding.
23              I don't think that's the intent of the claimants and
24   how they're proceeding.  So we would ask that to the extent
25   that relief is granted, that it be limited as to the parishes
```

1  the entry of a verdict and not an actual judgment as to the
2  parishes.  Thank you, Your Honor.
3              THE COURT:  Counsel, that will be addressed.
4              MR. LYSTER:  Thank you, Your Honor, thank you.
5              THE COURT:  Currently before the Court are six
6  motions for relief from the automatic stay filed by various
7  tort claimants requesting they be allowed to continue State
8  Court proceedings against the Diocese and certain
9  co-defendants.  This Chapter 11 proceeding was commenced on
10 March 13, 2023 and until recently all State Court matters were
11 stayed per stipulation of the parties.  The motions for relief
12 were all filed on January 8, 2025 and were supported by the
13 Official Committee of Tort Claimants', quote, memorandum in
14 support of stay relief motions, closed quote.
15             On January 22, 2025, the debtor filed an omnibus
16 response to the motions which Hartford Accident and Indemnity
17 Company and London Market Insurers subsequently joined.  That
18 same day, opposition to the motions was also filed by the
19 Parish Steering Committee and Interstate Fire and Casualty
20 Company.  On January 24, 2025, certain replies were filed.  On
21 January 29, 2025, the Court held its first hearing on the
22 motions which was ultimately adjourned to February 25, 2025
23 when the Court placed the matter of the stay relief motions on
24 reserve.
25             The motions for relief share similar arguments in

8

support of their request.  They contend mediation has stalled and that a, quote, dual track, closed quote, of mediation and test case litigation would provide the catalyst necessary to restart meaningful discussions among the parties.  The claimants argue that the notion of test cases is not novel in Diocesan bankruptcies and that the <u>Sonnax</u> factors support granting requested relief.

On the other hand, the debtor, the parishes and insurance companies have averred that mediation is not in a stalemate and if the stay is lifted, it would have a negative effect on mediation.  The debtor further argues lifting the stay will interfere with the bankruptcy case and that the <u>Sonnax</u> factors support the stay remaining in place.  Finally, the debtor argues it will suffer serious harm if the stay is lifted.

The fundamental question before this Court is whether lifting the automatic stay will negatively effect the mediation process.  The debtor, the parishes and the insurance companies all indicate lifting the stay will complicate mediation and they ask this Court to allow some additional time for the process to continue.

Numerous Diocesan bankruptcy proceedings have been commenced prior to this case.  Thus, this Court can review determinations made by other bankruptcy judges when the same arguments were before them.  Recently, Chief Judge Carl L.

9

1  Bucki, Western District of New York, faced this exact issue and
2  found it was proper to lift the automatic stay; <u>In re Diocese</u>
3  <u>of Buffalo</u>, 665 B.R. 198 (Bankr. W.D.N.Y. 2024).
4        In his decision, Chief Judge Bucki reviewed the
5  <u>Sonnax</u> factors, finding, quote, the impact of the stay on the
6  parties and the balance of harms, closed quote, the 12th <u>Sonnax</u>
7  factor, to be controlling on this question; Id.  This Court
8  agrees with Chief Judge Bucki's analysis.
9        The first issue Chief Judge Bucki reviewed is the
10 prejudicial effect on the parties of further delay.  Exactly as
11 in <u>Buffalo</u>, here, each of the claims are unliquidated and
12 disputed.  Until such claims are quantified, there is no way
13 for the debtor to formulate a realistic plan.  Presently, as in
14 the <u>Buffalo</u> case, the alleged abuse occurred years ago and many
15 of the claimants are aging and dying.
16       As noted by Chief Judge Bucki, quote, if a claim is
17 not determined during the lifetime of the witnesses, the
18 ability to establish liability may be compromised or
19 eliminated.  Under these circumstances, further delay in making
20 that determination is unduly prejudicial to claimants, closed
21 quote; Id. at 201.
22       This Court, facing the same situation, agrees and
23 finds it unjust for the automatic stay to continue.  The State
24 Courts have been handling these claims for several years and
25 they have the benefit of regularly holding jury trials.  This

                                                                10

1  Court often lifts the automatic stay to allow the State Courts
2  overseeing the proceedings to determine liability and damages,
3  but not for judgment enforcement.  The opposition does not
4  raise any issue which would lead this Court to deviate from
5  these normal practices.
6           The next consideration is the diminishing
7  justification for further delay.  The current proceeding is
8  only, quote, two years into the process versus five years for
9  the Buffalo case.  However, the diminishing justification for
10 additional delay is the same.  Despite meetings overseen by
11 extremely experienced and practical mediators, no consensus has
12 been reached.
13          As noted by Chief Judge Bucki, quote, with each
14 passing day, the lack of settlement suggests the need to take a
15 different approach, closed quote; Id. at Page 202.  This Court
16 agrees.  It would prejudicial to all parties and fundamentally
17 unfair to the claimants if several more years elapse before
18 claim determination begins.
19          Finally, Chief Judge Bucki looked at the prejudice to
20 non-filing co-defendants and found, quote, unless we allow a
21 determination of liability, no one is positioned to establish
22 the need for adequate protection of claims against
23 co-defendants.  Delay may inhibit a plaintiff from tracing
24 assets of a co-defendant.  By causing a change in the financial
25 asset status quo of its co-defendants, the Diocese has created

 1  an additional justification for stay relief; Id.

 2          After balancing the interests of the parties and for
 3  the reasons stated, the requests for relief from the automatic
 4  stay are granted over the opposition of the debtor, parishes
 5  and the insurance companies to the extent of determining
 6  liability and damages.  No judgment in State Court would be
 7  allowable, so no lien will be created against assets of the
 8  debtor or the estate without further order of this Court.  The
 9  Court will prepare the orders.

10          Mr. Brennan, any questions?

11          MR. BRENNAN:  No, thank you, Your Honor.

12          THE COURT:  Any questions from any of the parties?

13          MS. LaFAVE:  Your Honor, may I just ask one question?
14  This is Cynthia LaFave.

15          THE COURT:  Absolutely.

16          MS. LaFAVE:  Under the C.P.L.R. in Supreme Court, the
17  clerk is instructed within 24 hours after a verdict to enter
18  judgment.  And I would assume that that would still occur, but
19  there would be no enforcement on the judgment?

20          THE COURT:  The judgment will be there, but it will
21  not be filed, it will not be enforced.  It's not to become a
22  lien on the debtor or assets of the debtor.

23          MR. LYSTER:  Well, and, Your Honor, if I may, Tim
24  Lyster for the parishes.  I'm not sure that that is the case as
25  a technical matter under New York Law.  I don't think that the

12

1  judgment, you know, can be entered. I would suggest that once
2  a verdict is entered, and I believe this tracks to Your Honor's
3  existing decision, you know, once a verdict is entered, the
4  claimant would need to return to Bankruptcy Court before any
5  judgment could be entered. I mean, I believe that's Your
6  Honor's ruling and it should be addressed at that time.
7              We, the parishes --
8              THE COURT: Counsel, I'll make sure --
9              MR. LYSTER: Yeah.
10             THE COURT: -- the order prepared, the orders
11 prepared by the Court will address that and take care of it.
12 It is my intent that no judgment be entered, that it go forward
13 at that point here back in the Bankruptcy Court and we'll see
14 what's appropriate at that time.
15             MR. LYSTER: Thank you, Your Honor.
16             THE COURT: Does anyone else have any questions?
17                    (No audible response)
18             THE COURT: Mr. Brennan, what's your position
19 regarding the seventh motion for 362 relief that's returnable
20 today?
21             MR. BRENNAN: Yes. Thank you, Your Honor. I filed a
22 relatively brief response yesterday afternoon to the motion,
23 essentially echoing the Court's decision on the pending cases.
24 While we don't believe that test cases have the ameliorative
25 effect in mediation as the plaintiffs do, we appreciated the

```
 1  Court's opportunity to discuss and have good faith discussions
 2  with the parties on trying to find cases that may be more
 3  representative of the larger number of cases.
 4           While I think we did that and this case that's the
 5  subject of this seventh motion is the result of those
 6  discussions, comparable to the Court's decision, it would be
 7  over our opposition and our overriding concern was what the
 8  Court just addressed which was the -- that no judgment should
 9  be entered in the event of adverse findings on liability and a
10  verdict.  So our opposition is consistent with Your Honor's
11  decision.
12           THE COURT:  And your opposition is consistent with
13  the opposition filed in the other cases?
14           MR. BRENNAN:  It is, Your Honor.
15           THE COURT:  Does anyone else have anything for the
16  record regarding the case that's returnable today?
17           MS. LaFAVE:  Your Honor, Cynthia LaFave, again.
18  Because there are restrictions on time frame for filing
19  judgments, if there is going to be no judgment filed, can the
20  order state that there will be a stay on filing the judgment so
21  that it does not become a nullity?
22           THE COURT:  We will take care of that in the order,
23  Ms. LaFave.
24           MS. LaFAVE:  Thank you.
25           THE COURT:  Does anyone else have any position, any
```

1  problems, any questions?

2  MR. WEINBERG: Your Honor?

3  THE COURT: Yes.

4  MR. WEINBERG: Your Honor, this is Josh Weinberg on
5  behalf of Hartford. I understand Your Honor's ruling, so I
6  won't rehash everything that's been said at multiple hearings
7  before. We would object to stay relief for this motion for the
8  same -- on the same basis that we objected previously, but I do
9  understand the Court's ruling. I just wanted to say that for
10 the record. Thank you.

11 THE COURT: Anybody else have anything for the
12 record?

13 MR. WEISS: Your Honor, this is Matt Weiss from
14 Interstate. We would also, like Mr. Weinberg, object for the
15 record, but we understand the Court's ruling.

16 MS. SUGAYAN: Your Honor, Cathy Sugayan on behalf of
17 London Market Insurers. We also join Mr. Weinberg and Mr.
18 Weiss. We would file the same objections to the current
19 motion, but we do understand the Court's ruling. Thank you.

20 THE COURT: Anybody else?

21 (No audible response)

22 THE COURT: If not, it's the Court's determination
23 that this latest case follows on the heels of the other six and
24 the 362 request is granted for the same reasons as the other
25 six. The oral decision applies to it, as well.

15

```
 1            COURTROOM DEPUTY:  Will the Court prepare that order
 2   as well, Judge?
 3            THE COURT:  The Court will prepare that order, as
 4   well.
 5            COURTROOM DEPUTY:  Thank you.
 6            THE COURT:  Does anyone else have anything for the
 7   record?
 8                    (No audible response)
 9            THE COURT:  Mr. Brennan, are we missing anything else
10   for today?
11            MR. BRENNAN:  No, Your Honor, thank you.
12            THE COURT:  Does anyone else have anything?
13                    (No audible response)
14            THE COURT:  If not, counselors, thank you, all, very
15   much.  All of you have a good day.
16            UNIDENTIFIED ATTORNEYS:  Thank you, Judge.
17            THE COURT:  Thank you.
18                         * * * * *
19
20
21
22
23
24
25
```

16

# C E R T I F I C A T I O N

     I, KELLI R. PHILBURN, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

/s/ Kelli R. Philburn

KELLI R. PHILBURN

J&J COURT TRANSCRIBERS, INC.    DATE:  March 17, 2025