Entered on Docket
July 26, 2025
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes the order of the Court.
Signed: July 25, 2025

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

**LOWENSTEIN SANDLER LLP**
JEFFREY D. PROL (*pro hac vice*)
jprol@lowenstein.com
BRENT WEISENBERG (*pro hac vice*)
bweisenberg@lowenstein.com
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
tkeller@kbkllp.com
JANE KIM (Cal. Bar No. 298192)
jkim@kbkllp.com
GABRIELLE L. ALBERT (Cal. Bar No. 190895)
galbert@kbkllp.com
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723

**BURNS BAIR LLP**
TIMOTHY W. BURNS (*pro hac vice*)
tburns@burnsbair.com
JESSE J. BAIR (*pro hac vice*)
jbair@burnsbair.com
10 East Doty Street, Suite 600
Madison, Wisconsin 53703-3392
Telephone: (608) 286-2808

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *In re*: | Case No. 23-40523 WJL |
| THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole, | Chapter 11 |
| Debtor. | **ORDER GRANTING RENEWED MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO LIFT THE AUTOMATIC STAY TO PERMIT CERTAIN PLAINTIFFS' PERSONAL INJURY CLAIMS TO PROCEED IN STATE COURT** |

Upon the *Renewed Motion of the Official Committee of Unsecured Creditors to Lift the Automatic Stay to Permit Certain Plaintiffs' Personal Injury Claims to Proceed in State Court* (the "**Motion**") [Dkt. No. 2093];[1] the Court having reviewed the objections to the Motion filed by (i) the Debtor [Dkt. No. 2112] (the "**Debtor Objection**"); (ii) Westport Insurance Corporation, formerly known as Employers Reinsurance Corporation, Continental Casualty Company and London Market Insurers ("**LMI**") [Dkt. No. 2115] (collectively, the "**Certain Insurers' Objection**") and (iii) Insurance Company of North America, Westchester Fire Insurance Company, Pacific Indemnity Company and Pacific Employers Insurance Company [Dkt. No. 2117] (the "**Pacific Objection**") and the joinder to the Pacific Objection filed by LMI [Dkt. No. 2120] (collectively with the Debtor Objection, the Certain Insurers' Objection and the Pacific Objection, the "**Objections**"); the Court having reviewed the Committee's reply to the Objections [Dkt. No. 2129] (the "**Reply**"); the Court having reviewed the Motion, the Objections and the Reply and having considered the statements of counsel and the evidence adduced regarding the Motion at a hearing before the Court on July 16, 2025 (the "**Hearing**"); the Court finding that (a) the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district under 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding under 28 U.S.C. § 157(b)(2), and (d) notice of the Motion and the Hearing was sufficient under the circumstances; and (e) the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED for the reasons set forth on the record at the Hearing.

2. The Objections are overruled.

3. The automatic stay is terminated to allow six State Court Actions to proceed, as directed by the State Court.

4. The automatic stay shall remain in full force and effect for all other purposes including with respect to the enforcement of any judgment against the Debtor that may be obtained because of the termination of the automatic stay as provided above; *provided* that nothing herein

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

shall prevent the entry of a judgment against the Debtor and/ or the initiation of proceedings consistent with California Insurance Code Section 11580(b)(2) once a judgment is entered.

5. Notwithstanding Bankruptcy Rule 4001(a)(4), or any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain exclusive jurisdiction over any matters arising from or related to the implementation, interpretation or enforcement of this Order.

***END OF ORDER**

**Court Service List**

*All ECF Participants*