# Exhibit 4

## Declaration of John Hogan

**FOLEY & LARDNER LLP**
Eileen R. Ridley (CA Bar No. 151735)
Tel: (415) 438-6469; eridley@foley.com
Shane J. Moses (CA Bar No. 250533)
Tel: (415) 438-6404; smoses@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
Tel: (608) 258-4203; mdlee@foley.com
Geoffrey S. Goodman (admitted *pro hac vice*)
Tel: (312) 832-4515; ggoodman@foley.com
David B. Goroff (admitted *pro hac vice)*
Tel: (312) 832-5160; dgoroff@foley.com
Mark C. Moore (admitted *pro hac vice*)
Tel: (214) 999-4150; mmoore@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520

*Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523 WJL<br><br>Chapter 11<br><br>**DECLARATION OF JOSHUA HOGAN, THE UNKNOWN ABUSE CLAIMS REPRESENTATIVE, IN SUPPORT OF CONFIRMATION OF DEBTOR'S MODIFIED FOURTH AMENDED PLAN OF REORGANIZATION**<br><br>Judge: Hon. William J. Lafferty<br><br>Date: June 15, 2026<br>Time: 9:00 a.m.<br>Place: United States Bankruptcy Court<br>1300 Clay Street, Courtroom 220<br>Oakland, CA 94612 |

I, Joshua Hogan, hereby declare as follows:

1. I am the court-appointed legal representative ("Unknown Abuse Claims Representative") for claimants (the "Unknown Abuse Claimants") that may have claims against the Debtor arising from sexual abuse occurring on or before the effective date of a plan of reorganization in this Chapter 11 Case, but, as a result of a valid legal justification, do not or did not timely submit a proof of claim against the Debtor in this Chapter 11 Case (the "Unknown Abuse Claims").

2. I have served as Unknown Abuse Claims Representative since March 11, 2026, when the bankruptcy court presiding over this chapter 11 case approved my retention as Unknown Abuse Claims Representative. I was appointed to succeed my father, Hon. Michael Hogan (Ret.), who served in this role from his appointment on December 20, 2024 through his death in November 2025.

3. My powers and duties as Unknown Abuse Claims Representative are described in the *Order Appointing Michael Hogan as Legal Representative for Unknown Abuse Claimants* [*see* Dkt. No. 1554], which order was expressly made applicable to me in the bankruptcy court's order appointing me as successor Unknown Abuse Claims Representative [Dkt. No. 2715 ¶ 2].

4. I am an attorney licensed to practice in the State of Oregon. I have been licensed in Oregon since 2009. I received my law degree (J.D.) and masters in business administration (M.B.A.) from the University of Oregon in 2009. I currently work at Hogan Mediation.

5. In addition to this matter, I am currently serving as the legal representative for unknown abuse claim holders in the chapter 11 cases styled *In re Roman Catholic Church of the Archdiocese of New Orleans*, No. 20-10846 (E.D. La.) and *In re Roman Catholic Bishop of Santa Rosa*, No. 23-10113 (Bankr. N.D. Cal.). Committee counsel in *In re Roman Catholic Archbishop of Baltimore*, No. 23-16969 (D. Md.) has sought approval for me to serve in that role, which approval remains pending.

6. I worked with Judge Hogan in his role as legal representative for unknown abuse claims the aforementioned chapter 11 cases and at least a dozen others.

7. I have reviewed the *Debtor's Modified Fourth Amended Plan of Reorganization Dated March 27, 2026* [Docket No. 2758] (the "Plan").

8. In connection with my review of the Plan, I negotiated the treatment of Unknown Abuse Claims in both the Plan and a separate, since-withdrawn plan proposed by the official committee of unsecured creditors (the "Committee"). I successfully negotiated an increase in the amount to be added to the Unknown Abuse Claims Reserve (as defined in the Plan) from $5 million to $7.7 million.

9. I have cast a ballot in support of the Plan on behalf of Unknown Abuse Claimants. I have based my vote on the Plan's treatment of Unknown Abuse Claimants as a whole, not the treatment of other Classes. In coming to this conclusion, and over the course of the chapter 11 case, I have:

a. Reviewed all Abuse Claims filed to date;

b. Compared statistics of the dates of abuse and the number of alleged perpetrators with 10 or more filed Abuse Claims with the generally expected percentages discussed in the John Jay College of Criminal Justice studies from 2004 and 2011;

c. Discussed the goals for treatment of Unknown Abuse Claims with Judge Hogan;

d. Interviewed lead counsel for the Debtor and Committee; and

e. Followed the court docket in the chapter 11 case and the positions of the parties as set forth in their filings and oral arguments.

10. The decisive factor that makes choosing the Plan better for Unknown Abuse Claimants is that the funds to pay their Claims are guaranteed. The Plan also leaves room for Unknown Abuse Claimants to pursue the Litigation Option (as defined in the Plan), limiting those particular Unknown Abuse Claimants' potential financial downside. I believe there is more risk for Unknown Abuse Claimants to go without compensation if the Plan is not confirmed and the case is dismissed with no resolution.

11. The amount of money being placed into the Unknown Abuse Claims Reserve is adequate. It is currently unknown whether any Unknown Abuse Claimants exist. However, if we assume, as I do, 15 unknown abuse claims, the $7.7 million contribution to the Unknown Abuse Claims Reserve would provide relatively equal treatment on a per-claim basis - $513,000 per claim – as Class 4 Abuse Claimants under the Plan. If the number of Unknown Abuse Claimants exceeds 15, I still expect them to receive a significant percentage of what other Abuse Claims receive, in relative terms.

12. I am also satisfied the Plan provides sufficient mechanisms for Unknown Abuse Claimants to assert Unknown Abuse Claims and seek compensation for those claims from the Unknown Abuse Claims Reserve should they so choose. The Plan places vastly easier demands on claimants to receive compensation through the Survivors' Trust compared to the court system.

13. I am also pleased with the Debtor's formalized commitment in the Plan to protect parishioners from sexual abuse. The protocols the Debtor plans to adopt are important and will be mandatory if the Plan is confirmed and becomes effective.

14. Confirmation of the Plan is not without drawbacks. If no Plan is approved, Unknown Abuse Claimants may have the option of coming forward in the future subject to the statutes of limitations governing their claims, and could choose to pursue suits against the Debtor and its insurers according to their own desires. Withdrawing that potential is no small factor.

15. Moreover, I respect the individual voters of Class 4 Abuse Claims, and their right to vote their own interests.

16. In my capacity as the Unknown Abuse Claims Representative, it is my determination that the best interests of Unknown Abuse Claimants will be served if the Plan is confirmed, for the reasons stated above. The Plan treats Unknown Abuse Claimants fairly and provides a certain pathway to meaningful compensation that is commensurate with other survivors of abuse asserting claims in this case.

[*signature block on the next page*]

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on June 5, 2026, at Eugene, Oregon.

Joshua Hogan
Unknown Abuse Claims Representative



Case: 23-40523 Doc# 3103-4 Filed: 06/05/26 Entered: 06/05/26 18:22:35 Page 6 of 6