# Exhibit 7

## Declaration of Andrew Currier

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523 WJL<br><br>Chapter 11<br><br>**DECLARATION OF ANDREW CURRIER IN SUPPORT OF CONFIRMATION OF DEBTOR'S MODIFIED FOURTH AMENDED PLAN OF REORGANIZATION**<br><br>Judge: Hon. William J. Lafferty<br><br>Date: June 15, 2026<br>Time: 9:00 a.m.<br>Place: United States Bankruptcy Court<br>1300 Clay Street, Courtroom 220<br>Oakland, CA 94612 |



Case: 23-40523 Doc# 3103-7 Filed: 06/05/26 Entered: 06/05/26 18:22:35 Page 2 of 9

I, Andrew Currier, hereby declare as follows:

1. I am the President of the Board of Directors of the Roman Catholic Welfare Corporation of Oakland ("RCWC"). I am authorized to submit this declaration on behalf of RCWC in support of confirmation of the Debtor's Modified Fourth Amended Plan (the "Plan"). Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan. I have read the Plan and understand its terms.

2. Except as otherwise indicated, I have personal knowledge of the matters set forth in this declaration, or knowledge based on my review of RCWC's books and records and on information provided to me by RCWC's officers, directors, and professionals in the ordinary course. If called as a witness, I could and would testify competently to the matters stated herein.

3. I submit this declaration to describe RCWC's RCWC's contribution in support of the Plan, RCWC's Board of Directors' review and approval of that contribution, the arm's-length nature of the negotiations over RCWC's contribution, and RCWC's ability and readiness to fund its obligations under the Plan.

**RCWC's Independence and Governance**

4. RCWC is a non-profit religious corporation organized under the laws of the State of California. It oversees 32 parochial elementary schools and two high schools within the Roman Catholic Diocese of Oakland. While RCWC and the Debtor share a common Catholic charitable mission and operate within the Diocese of Oakland's family of Catholic entities, they are legally distinct corporations with separate governance structures. As correctly defined in the Plan, RCWC is "a non-profit religious corporation, separate and distinct from RCBO." *See* Plan § 1.1.134. RCWC is not owned or controlled by the Debtor, and the Debtor does not direct or govern RCWC's day-to-day operations, finances, or management decisions. RCWC maintains its own bank accounts, its own financial controls, and its own books and records separate from those of the Debtor.

5. RCWC is governed by its own Board of Directors, which exercises independent fiduciary oversight over RCWC's management, finances, and operations. RCWC also maintains its own officers and administrative staff. RCWC's Board of Directors acts independently of the


Case: 23-40523 Doc# 3103-7 Filed: 06/05/26 Entered: 06/05/26 18:22:35 Page 3 of 9

Debtor's leadership and the Roman Catholic Bishop of Oakland.

6. RCWC's support of the Plan reflects a voluntary decision by RCWC's Board, made in the exercise of RCWC's independent business judgment and in furtherance of RCWC's own charitable mission—not as a result of Debtor direction or control.

**RCWC's Contribution in Support of the Plan**

7. Under the Plan, RCWC will contribute $30,000,000.00 (the "RCWC Cash Contribution") in cash to the RCWC Escrow on the schedule set forth in Section 9.3.2.1 of the Plan. Specifically:

(a) $7,700,000.00 (the "Initial RCWC Contribution") on the Effective Date;

(b) No less than $3,000,000 by the first anniversary of the Effective Date;

(c) No less than $6,000,000 by the second anniversary of the Effective Date; and

(d) The remaining balance, up to $13,300,000, by the date that is three years and six months after the Effective Date.

8. In addition, during the Plan Payment Period, RCWC shall pay into the RCWC Escrow the net proceeds (after closing costs and attorneys' fees) from any sale of unencumbered real estate titled in the name of RCWC, up to the total amount of the RCWC Cash Contribution. *See* Plan § 9.3.2.1.

9. Distributions from the RCWC Escrow are available only to Holders of Class 4 Abuse Claims whom the Abuse Claims Reviewer determines asserted a compensable claim against RCWC and who have executed a RCWC Release. *See* Plan § 9.3.2.2.

10. I understand that RCWC receives releases of Abuse Claims only from those RCWC Claimants who affirmatively execute and deliver an RCWC Release. No non-consensual release of any claim held by a person against RCWC is granted under the Plan.

11. In exchange for its contribution, RCWC, to the extent it holds a Class 7A Claim, will be deemed to have waived its Abuse Related Contribution Claim against the Debtor, the Reorganized Debtor, the Estate, the Survivors' Trust, and any Settling Insurer. *See* Plan § 9.3.2.

12. If any amount remains in the RCWC Escrow at the three and a half-year anniversary of the Effective Date on account of RCWC Claimants having failed to execute RCWC Releases,

such amount shall be returned to RCWC in accordance with Section 9.3.2.6 of the Plan.

13. RCWC's contribution to the Plan is voluntary. It was negotiated with the Debtor at arm's length and in good faith. RCWC is among the parties for whom the Confirmation Order will include a finding of fact that it acted in good faith . *See* Plan § 10.1.6. RCWC is also an Exculpated Party entitled to the benefit of the Plan's Exculpation Clause. *See* Plan § 13.6.

**Arm's Length Negotiations and Commercial Terms**

14. The terms of RCWC's contribution under the Plan constitute the byproduct of the business judgment of the RCWC Board of Directors. In connection with RCWC's negotiations with the Debtor concerning RCWC's contribution to the Plan, RCWC has been represented by independent legal counsel. RCWC's counsel and the Debtor's counsel engaged in multiple rounds of negotiation over an extended period to reach agreement on the structure, amount, payment schedule, and conditions of RCWC's contribution.

15. I oversaw these negotiations which were led by RCWC's legal counsel. The negotiations covered, among other things, the aggregate amount of the RCWC Contribution, the payment schedule and milestone dates, the conditions to payment, the escrow mechanics, the eligibility criteria for RCWC Claimants, the requirements for a valid RCWC Release, the disposition of unclaimed escrow funds, and the scope of the exculpation to be afforded to RCWC in connection with the Plan. RCWC at no point agreed to contribute funds unconditionally or without receiving a meaningful benefit in return. The terms that resulted from those negotiations, as reflected in the Plan, represent a genuine compromise that RCWC independently determined to be fair, reasonable, and consistent with its charitable mission.

16. These terms include, among others: (a) a third-party escrow mechanism ensuring RCWC funds are distributed only to eligible claimants who execute RCWC Releases; (b) a clear, phased payment schedule with defined milestones; (c) a limitation on distributions exclusively to Holders of Class 4 Abuse Claims the Abuse Claims Reviewer determines asserted compensable claims against RCWC; (d) a waiver of RCWC's Class 7A Claim in exchange for the contribution; and (e) the return of any unclaimed escrow funds to RCWC at the conclusion of the distribution period.

17. A central and non-negotiable requirement for RCWC's participation in the Plan is the RCWC Release mechanism. It ensures that RCWC Contribution funds are directed exclusively to persons with adjudicated, compensable claims against RCWC who, in exchange, provide RCWC the benefit of a binding release of those claims. Without this structure, RCWC would not have agreed to commit to a fixed multi-year contribution of $30 million. The return of unclaimed escrow funds to RCWC at the conclusion of the Plan Payment Period is an equally essential term. It ensures that RCWC's contribution is not an unconditional award to claimants who choose not to execute releases to RCWC.

**Ability and Readiness to Fund**

18. RCWC has carefully reviewed its ability to satisfy each payment milestone for the RCWC Contribution and believes it has sufficient financial resources and liquidity necessary to fulfill its payment obligations under the Plan. RCWC is able and ready to fund the RCWC Cash Contribution in accordance with the payment schedule set forth in Section 9.3.2.1 of the Plan, including the Initial RCWC Contribution of $7,700,000.00 due on the Effective Date.

19. RCWC's Contribution to the Plan will be funded by the disposition of targeted real estate dispositions owned by RCWC. A listing of the real estate that RCWC intends to liquidate to support its contribution to the Plan is attached hereto as Exhibit "A." RCWC is not aware of any lien, encumbrance, or restriction on disposition that would prevent RCWC from proceeding with the sales or other dispositions sufficient to fund the RCWC Contribution on the required schedule. To my knowledge, the anticipated net proceeds from the real estate dispositions are sufficient, based on current market estimates, to fund each of the payment milestones when due. As of the date of this Declaration, RCWC is not aware of any legal, financial, regulatory, or operational impediment to satisfying any payment milestone when due.

20. In addition, as provided in the Plan, RCWC will deposit into the RCWC Escrow the net proceeds of any other sales or dispositions of unencumbered RCWC real property occurring during the Plan Payment Period, up to the total amount of the RCWC Cash Contribution.

21. For the avoidance of doubt, RCWC will maintain sufficient financial resources to satisfy each subsequent payment obligation as it becomes due during the Plan Payment Period.

**Board Approval**

22. Other than the occurrence of the Effective Date and satisfaction of the conditions precedent set forth in the Plan, there are no conditions remaining that would prevent RCWC from funding its obligations under the Plan. RCWC has no pending internal approvals, no outstanding regulatory or governmental conditions, and is not aware of any material adverse change that has occurred or that is anticipated that would impair RCWC's ability to make the RCWC Cash Contribution as required by the Plan.

23. The Board of Directors of RCWC has reviewed the terms of RCWC's contribution under the Plan, including the terms summarized above, and has approved that contribution.

24. RCWC's contribution under the Plan has been duly authorized in accordance with RCWC's governing documents, including its charter and bylaws. I am not aware of any additional state, regulatory, or governmental approval for RCWC to make the RCWC Cash Contribution as contemplated by the Plan.

25. For the foregoing reasons, RCWC supports the Debtor's Fourth Amended Plan and respectfully requests that the Court confirm the Plan.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on June 5, 2026.

Andrew Currier
Andrew Currier (Jun 5, 2026 17:37:51 PDT)

ANDREW CURRIER

**Exhibit A**

List of Real Property



Case: 23-40523 Doc# 3103-7 Filed: 06/05/26 Entered: 06/05/26 18:22:35 Page 8 of 9

| | Site/Parish Name | City | Parcel #s from Legal Search | SITUS STREET ADDRESS | SITUS CITY | SITUS STATE | SITUS ZIP CODE |
|---|---|---|---|---|---|---|---|
| **Potential Whole Parish Site Property Disposition/Collateralization** | | | | | | | |
| 1 | St. Patrick | Oakland | 6-7-42 | 1630 10th St | Oakland | CA | 94607 |
| | St. Patrick | Oakland | 6-7-44-1 | 1630 10th St | Oakland | CA | 94607 |
| 2 | St. Augustine | Oakland | 16-1414-19 | 6423 Colby St | Oakland | CA | 94618 |
| | St. Augustine | Oakland | 16-1414-20-3 | 6411 Colby St | Oakland | CA | 94618 |
| | St. Augustine | Oakland | 16-1414-24-2 | Alcatraz Ave | Oakland | CA | 94608 |
| | St. Augustine | Oakland | 16-1414-25-3 | 6414 Dana St | Oakland | CA | 94609 |
| | St. Augustine | Oakland | 16-1414-26 | 6416 Dana St | Oakland | CA | 94609 |
| | St. Augustine | Oakland | 16-1415-41-2 | 431 65th St | Oakland | CA | 94609 |
| 3 | Our Lady of Lourdes | Oakland | 23-415-1 | Lake Shore Ave | Oakland | CA | 94608 |
| | Our Lady of Lourdes | Oakland | 23-419-1-2 | 2956 Lakeshore Ave | Oakland | CA | 94610 |
| | Our Lady of Lourdes | Oakland | 23-419-24-3 | 2800 Lakeshore Ave | Oakland | CA | 94610 |
| 4 | St. Paschal | Oakland | 43a-4675-5-21 | 3710 Dorisa Ave | Oakland | CA | 94605 |
| 5 | St. Barnabas | Alameda | 74-426-16-2 | 609 Central Ave | Alameda | CA | 94501 |
| 6 | Sacred Heart | Oakland | 12-1015-3-3 | 41st St | Oakland | CA | 94609 |
| | Sacred Heart | Oakland | 12-1015-4-2 | 710 40th St | Oakland | CA | 94609 |
| | Sacred Heart | Oakland | 12-1015-8 | 736 40th St | Oakland | CA | 94609 |
| 7 | St. Andrew Korean Pastoral Center | Oakland | 37a-2733-12-1 | 3211 63rd Ave | Oakland | CA | 94605 |
| | St. Andrew Korean Pastoral Center | Oakland | 37a-2733-14-3 | 62nd Ave | Oakland | CA | 94608 |
| | St. Andrew Korean Pastoral Center | Oakland | 37a-2733-14-5 | 62nd Ave | Oakland | CA | 94608 |


HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER