**FOLEY & LARDNER LLP**
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
Tel: (415) 438-6404; smoses@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
Tel: (608) 258-4203; mdlee@foley.com
Mark C. Moore (admitted *pro hac vice*)
Tel: (214) 999-4150; mmoore@foley.com
One Market Plaza
55 Spear Street Tower, Suite 1900
San Francisco, CA 94105

*Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523 WJL<br><br>Chapter 11<br><br>**DEBTOR'S APPLICATION FOR ORDER APPOINTING HON. DANIEL BUCKLEY (RET.) AS MEDIATOR**<br><br>Judge: Hon. William J. Lafferty<br><br>[No Hearing Required] |

## I. INTRODUCTION

The Roman Catholic Bishop of Oakland, a California corporation sole as debtor and debtor in possession (the "Debtor" or "RCBO") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby files this application (the "Application") for the entry of an order appointing the Honorable Daniel J. Buckley (Ret.) ("Judge Buckley") as mediator, and authorizing employment of Judge Buckley pursuant to section 327 of title 11 of the United States Code (the "Bankruptcy Code") and rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtor seeks appointment of Judge Buckley as a mediator pursuant to the terms of the Court's *Order Referring Parties to Mediation, Appointing Mediators, and Granting Related Relief* [Docket No. 810] (as amended by further orders of the Court, the "Mediation Order"). The Debtor is informed the Committee consents to the relief requested herein. The Debtor is seeking concurrence from the insurers to the Debtor, however in the interest of time the Debtor submits this Application without having first obtained concurrence from its insurers.

This Application is based on the Memorandum of Points and Authorities set forth herein and the Declaration of Judge Buckley (the "Buckley Declaration") filed concurrently herewith and incorporated by reference herein. A proposed form of order is attached hereto as **Exhibit A** (the "Proposed Order").

In further support of the Application, the Debtor respectfully states as follows:

## II. JURISDICTION

The United States Bankruptcy Court for the Northern District of California (this "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 327 of the Bankruptcy Code, and Bankruptcy Rule 2014.

## III. STATEMENT OF FACTS

### A. Background

On May 8, 2023, (the "Petition Date"), the Debtor filed its Chapter 11 Case in this Court. The Debtor continues to operate its ministry and manage its properties as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No request for appointment of a chapter 11 trustee has been made. On May 23, 2023, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") [Docket No. 58].

Further information regarding the Debtor may be found in the *Declaration of Charles Moore, Managing Director of Alvarez & Marsal North America, LLC, Proposed Restructuring Advisor to the Roman Catholic Bishop of Oakland, in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration") [Docket No. 19], filed on the Petition Date and fully incorporated herein by reference.

### B. Previous Mediation and the Mediation Order

On January 22, 2024, on the joint request of the Debtor and the Committee, the Court entered the Mediation Order, referring the Debtor, the Committee, and the Debtor's pre-petition insurers (the "Insurers") to mediation regarding the terms of a consensual plan of reorganization. The Mediation Order appointed as mediators the Honorable Christopher Sontchi (Ret.) ("Judge Sontchi"), the Honorable Randall Newsome (Ret.) ("Judge Newsome") and Timothy Gallagher ("Mr. Gallagher," and together with Judge Sontchi and Judge Newsome, the "Existing Mediators").[1] The Mediation Order provided for a multi-track mediation process, with Judge Sontchi primarily mediating disputes between the Debtor and Committee, and Judge Newsome and Mr. Gallagher primarily mediating disputes between the Debtor and the Insurers.

The Mediation Parties (as defined in the Mediation Order) engaged in extensive mediation over numerous in-person and remote mediation sessions between March 2024 and February 2026. As has been well-documented, the Debtor and Committee were unable to reach agreement on the terms of a consensual plan of reorganization during the previous mediation.

[1] The Mediation Order also appointed Jeff Krivis as mediator. Unfortunately Mr. Krivis subsequently passed away.

### C. Proposed Plan of Reorganization and Further Mediation

The Debtor subsequently sought confirmation of its *Debtor's Modified Fourth Amended Plan of Reorganization* [Docket No. 2758] (the "Fourth Amended Plan"), over the Committee's objection. Following a two-week trial in June 2026 and extensive briefing, the Court issued its *Memorandum Decision After Hearing on Confirmation of Debtor's Modified Fourth Amended Plan of Reorganization* [Docket No. 3548] on October 2, 2026, as amended to correct typographical and formatting issues on October 15, 2026, at Docket No. 3567 (the "Memorandum Decision"), denying confirmation of the Fourth Amended Plan without prejudice.[2]

Thus while the Debtor firmly maintains the Fourth Amended Plan is fair and equitable to all creditors, including survivors of childhood sexual abuse for whom it would have provided record-setting recoveries, the Debtor was not successful in obtaining confirmation. As the Debtor has stated throughout this case, the Debtor believes the best outcome for all parties in this case is a consensual plan of reorganization. The Debtor therefore is working to return to mediation, with the assistance of a new mediator working with the Existing Mediators.

### D. Selection and Qualifications of Judge Buckley

The Debtor and the Committee have agreed upon, and the Debtor respectfully requests, the appointment of Judge Buckley as an additional Mediator. Judge Buckley is a neutral affiliated with Signature Resolution, LLC, a California limited liability company ("Signature").

The Debtor is extremely appreciative of the dedicated efforts to date of the Existing Mediators. Nevertheless, mediation has not resulted in a consensual plan. The Debtor therefore believes renewed mediation should include a new mediator to provide a fresh approach and perspective. Judge Buckley has extensive experience resolving claims in cases with plaintiffs who allege sexual abuse related claims against schools, churches, and hospitals. He has worked as mediator in, among others, the Roman Catholic Archbishop of San Francisco, Roman Catholic Bishop of Fresno, and Roman Catholic Bishop of San Diego bankruptcy cases. Notably, Judge Buckley, working with Judge Sontchi and Mr. Gallagher, recently

---

[2] The Debtor has filed a motion seeking amended findings and/or reconsideration of certain findings in the Memorandum Decision, but in doing so is not seeking to reverse the result. The Debtor reserves all rights for purposes of appeal.

brokered a settlement agreement between the Roman Catholic Archbishop of San Francisco and its creditors' committee.

Judge Buckley's background and qualifications are set forth in his curriculum vitae attached as Exhibit A to the Buckley Declaration. Judge Buckley has served as a mediator since 2022 and has extensive experience conducting mediations in a wide range of case types. Additionally, Judge Buckley regularly mediates mass tort and clergy sexual abuse matters across the country. While a judge of the Superior Court of California, County of Los Angeles, he conducted numerous mandatory settlement conferences on behalf of his colleagues. Judge Buckley assisted in the settlement of a number of large, high-profile lawsuits, including Riot Games (a high profile class action case with allegations of equal pay violations) and mass tort lawsuits, including cases against (a) the University of Southern California and its Board of Trustees (allegations of assault, abuse, sexual harassment, and medical malpractice against Dr. George M. Tyndall while Dr. Tyndall was employed by USC), and (b) the Regents of the University of California (allegations of assault and abuse against Dr. James M. Heaps while Dr. Heaps was employed by UCLA). Judge Buckley has served as a mediator in the global mediation proceedings pending in connection with multiple state court actions alleging liability against the Roman Catholic Archbishop of Los Angeles, the Roman Catholic Bishop of Orange, the Diocese of Monterey, and Jesuits West Province. He is currently serving as a mediator for state court actions in the Diocese of San Jose, Diocese of Brooklyn, and Archdiocese of New York. A settlement was recently reached through mediation in the Archdiocese of New York. In addition, as described above, he is serving as mediator in the bankruptcy cases of the Roman Catholic Archbishop of San Francisco, the Roman Catholic Bishop of Fresno, and the Roman Catholic Bishop of San Diego. The Debtor has selected Judge Buckley and believes he is best suited to now assist in mediating this case to a successful resolution.

Earlier this year, the Debtor proposed Judge Buckley to serve as Abuse Claims Reviewer under the Fourth Amended Plan. The Committee stated it would not object to Judge Buckley's appointment. Judge Buckley was then identified as the proposed Abuse Claims Reviewer in the Debtor's Plan Supplement. [*See* Dkt. No. 3037.] Because the Fourth Amended Plan was not confirmed, Judge Buckley has not served in that role or received compensation from the Debtor's estate in any capacity. Judge

Buckley did not receive any non-public information about the Debtor, the Chapter 11 Case, or Abuse Claims against the Debtor in connection with being proposed as Abuse Claims Reviewer. The Debtor will not seek to appoint Judge Buckley as Abuse Claims Reviewer under any future plan of reorganization.

**E. Services to be Provided**

The Debtor proposes to appoint Judge Buckley as an additional mediator ("Mediator"), pursuant to the terms of the existing Mediation Order.

**F. Professional Compensation**

As Mediator, Judge Buckley will be compensated pursuant to paragraph 4 of the Mediation Order, which provides the Mediators shall apply for the payment of their fees and the reimbursement of their expenses in conformity with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the orders of this Court. For purposes of compensation, Judge Buckley will be treated as a Committee Mediator under the Mediation Order, meaning his fees and expenses will be payable solely by the Debtor's estate, and not divided with the Insurers.

The terms of employment agreed between Judge Buckley and the Debtor, subject to Court approval, are as follows: (i) no retainer will be paid; (ii) Judge Buckley has agreed to charge a rate of $2,000 per hour; and (iii) Judge Buckley will seek reimbursement of expenses at cost or as otherwise allowed by the Court. All hourly fees and expenses will be subject to approval by the Court, pursuant to the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the orders of this Court governing interim compensation of professionals.

The Debtor did not employ Judge Buckley at any time before the Petition Date, nor did Judge Buckley ever receive any pre-petition payments or retainers from the Debtor.

**G. Disinterestedness**

As further set forth in the Buckley Declaration, Judge Buckley is a disinterested person and eligible to be employed by the Debtor pursuant to Bankruptcy Code section 327(a).

In connection with his potential retention in the Chapter 11 Case, the Debtor provided Judge Buckley with (a) a confidential copy of the creditor mailing matrix filed under seal in this Chapter 11 Case; (b) a list of the Debtor's lnsurers, along with their counsel of record; and (c) a list of the Debtor's

and Committee's professionals employed and compensated by the Debtor's estate in this Chapter 11 Case (collectively, the "Interested Parties"). Based on his review, Judge Buckley has concluded neither he nor Signature has any conflicts with any of the Interested Parties. Judge Buckley does not hold or assert a prepetition claim against the Debtor and is not otherwise a creditor of the Debtor, nor does he represent any interest that is adverse to the Debtor, its estate, its creditors, or the Committee. To the best of the Debtor's and Judge Buckley's knowledge, other than as set forth in the Buckley Declaration, Judge Buckley and Signature do not have any connection with the Debtor, its creditors or other parties in interest or their respective attorneys or accountants, or the United States Trustee, or any of the Trial Attorneys in the Northern District of California offices of the United States Trustee, or any of the judges for the United States Bankruptcy Court for the Northern District of California.

A number of the Insurers in this case and/or their counsel are also involved in other cases Judge Buckley has mediated, including but not limited to the Roman Catholic Archbishop of San Francisco bankruptcy case. As mediator, Judge Buckley neither represented nor was adverse to any of the insurer parties in other cases.

Accordingly, the Debtor believes Judge Buckley is "disinterested" within the meaning of section 101(14) of the Bankruptcy Code.

In addition, as set forth in the Buckley Declaration, if any new material facts or relationships are discovered or arise, Judge Buckley will provide this Court with a supplemental declaration.

## IV. RELIEF REQUESTED

By this Application, the Debtor seeks entry of an order, substantially in the form of the Proposed Order attached hereto, appointing Judge Buckley as Mediator, and authorizing his employment in that capacity effective as of October 12, 2026.

## V. BASIS FOR RELIEF REQUESTED

The retention of Judge Buckley under the terms described herein is appropriate under section 327 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers the trustee, with this Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this

title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person who:

> (a) is not a creditor, an equity security holder, or an insider;
>
> (b) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14). Bankruptcy Rule 2014(a) requires that an application for retention include:

> "[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

Fed. R. Bankr. P. 2014(a).

There can be no doubt that if a mediated, consensual resolution is possible in this case, it is in the best interests of the Debtor, the Survivors, and all other creditors. Indeed, in its Memorandum Decision, the Court implored the parties to seek resolution through continued dialogue. The Debtor believes the best chance to achieve this result is through renewed mediation, with the fresh perspective of a new Mediator working with the existing Mediators. The Debtor further believes Judge Buckley is the best person to serve in that capacity. The Debtor is also informed that the Committee supports appointment of Judge Buckley as Mediator.

As set forth above, Judge Buckley is a disinterested party and does not hold any interest adverse to the Debtor's estate.

The Debtor seeks to employ Judge Buckley effective as of October 12, 2026, which is the first date on which the Debtor engaged in discussions with Judge Buckley regarding potential service as Mediator.

## VI. NOTICE

This Application is being served on the parties listed on the Core Service List, pursuant to the *Final Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Docket No. 292]. The Debtor submits that in light of the nature of the relief requested, no further notice is required.

## VII. CONCLUSION

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto, authorizing the employment of Judge Buckley pursuant to 11 U.S.C. § 327, and granting such other and further relief as the Court may deem just and proper.

DATED: November 6, 2026

**FOLEY & LARDNER LLP**
Thomas F. Carlucci
Shane J. Moses
Ann Marie Uetz
Matthew D. Lee
Mark C. Moore

*/s/ Shane J. Moses*
SHANE J. MOSES

*Counsel for the Debtor*
*and Debtor in Possession*