**FOLEY & LARDNER LLP**
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Shane J. Moses (CA Bar No. 250533)
Tel: (415) 438-6404; smoses@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
Tel: (608) 258-4203; mdlee@foley.com
Mark C. Moore (admitted *pro hac vice*)
Tel: (214) 999-4150; mmoore@foley.com
One Market Plaza
55 Spear Street Tower, Suite 1900
San Francisco, CA 94105

*Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>Debtor. | Case No. 23-40523 WJL<br><br>Chapter 11<br><br>**DECLARATION OF DANIEL J. BUCKLEY IN SUPPORT OF DEBTOR'S APPLICATION FOR ORDER APPOINTING HON. DANIEL BUCKLEY (RET.) AS MEDIATOR**<br><br>Judge: Hon. William J. Lafferty<br><br>[No Hearing Required] |

I, Daniel J. Buckley, hereby declare as follows:

1. I am an attorney, duly admitted and in good standing in the State of California. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. This declaration (this "Declaration") is made in support of the *Debtor's Application for Order Appointing Hon. Daniel Buckley (Ret.) as Mediator* (the "Application") filed concurrently herewith by the Roman Catholic Bishop of Oakland, a California corporation sole as debtor and debtor in possession (the "Debtor" or "RCBO") in the above-captioned chapter 11 case (the "Chapter 11 Case" or the "Bankruptcy Case").[1]

3. I am a retired judge of the Superior Court of California, County of Los Angeles ("California Superior Court"), where I served from 2002 until 2022. I served as the Presiding Judge of that court from 2017 to 2018, as well as Supervising Judge of Civil and Supervising Judge of the East District. In my capacity as judge for the California Superior Court, I handled a wide range of case types, including business and commercial, catastrophic injury, class action, construction, entertainment, insurance, intellectual property, mass tort, real estate, and many others. During my last three years on the bench, I served in the Complex Civil Department.

4. Currently, I am a neutral at Signature Resolution, LLC, a California limited liability company ("Signature"). Through Signature, parties engage me to serve as a neutral in mediation and arbitration proceedings, among other roles. A copy of my curriculum vitae setting forth my background and qualifications to serve as a Mediator in this Chapter 11 Case is attached as **Exhibit A** to this Declaration.

5. The Debtor has requested, and I have agreed, subject to Court approval, to be engaged and serve as a Mediator in the above-captioned Chapter 11 Case, pursuant to the terms of the Court's previous *Order Referring Parties to Mediation, Appointing Mediators, and Granting Related Relief* [Docket No. 810] (as amended by further orders of the Court, the "Mediation Order").

[1] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Application.



Case: 23-40523 Doc# 3616 Filed: 11/06/26 Entered: 11/06/26 08:11:50 Page 2 of 8

6. I have extensive experience in conducting mediations. While I was a judge of the California Superior Court, I attended the renowned program at the Strauss Institute at Pepperdine Law School, "Mediating the Litigated Case." While serving as a judge, I conducted numerous mandatory settlement conferences on behalf of my colleagues. Notably, I assisted in the settlement of a number of large, high-profile lawsuits, including Riot Games (a high profile class action case with allegations of equal pay violations) and mass tort lawsuits, including cases against (a) the University of Southern California and its Board of Trustees (allegations of assault, abuse, sexual harassment, and medical malpractice against Dr. George M. Tyndall while Dr. Tyndall was employed by USC), and (b) the Regents of the University of California (allegations of assault and abuse against Dr. James M. Heaps while Dr. Heaps was employed by UCLA). I have served as a mediator in the global mediation proceedings pending in connection with multiple state court actions alleging liability against the Roman Catholic Archbishop of Los Angeles, the Roman Catholic Bishop of Orange, the Diocese of Monterey, and Jesuits West Province for assault, sexual abuse, and harassment. I have conducted many mediations in cases with one to five plaintiffs who allege sexual abuse claims against schools, churches, and hospitals. I am currently serving as a mediator for state court actions in the Diocese of San Jose, Diocese of Brooklyn, and Archdiocese of New York. A settlement was recently reached through mediation in the Archdiocese of New York. I also am serving as mediator in the bankruptcy cases of the Roman Catholic Archbishop of San Francisco, the Roman Catholic Archbishop Bishop of Fresno, and the Roman Catholic Bishop of San Diego.

7. In connection with my proposed retention as Mediator, the Debtor provided me with (a) a confidential copy of the creditor mailing matrix filed under seal in this Chapter 11 Case; (b) a list of the Debtor's lnsurers, along with their counsel of record; and (c) a list of the Debtor's and Committee's professionals employed and compensated by the Debtor's estate in this Chapter 11 Case (collectively, the "<u>Interested Parties</u>"). Based on my review, I have concluded neither I nor Signature have any conflicts with any of the Interested Parties. I do not hold or assert a prepetition claim against the Debtor and am not otherwise a creditor of the Debtor, nor do I represent any interest that is adverse to the Debtor, its estate, its creditors, or the Committee. To the best of my knowledge, other than as set forth expressly herein, neither I nor Signature have any connection with the Debtor, its creditors or other parties in interest or

their respective attorneys or accountants, or the United States Trustee, or any of the Trial Attorneys in the Northern District of California offices of the United States Trustee, or any of the judges for the United States Bankruptcy Court for the Northern District of California.

8. I was identified as the proposed Abuse Claims Reviewer for the Debtor's Fourth Amended Plan, and agreed to serve in that role if the Fourth Amended Plan was confirmed. Because the Fourth Amended Plan was not confirmed, I never served and never received any compensation from the estate or otherwise in connection with potential service as Abuse Claims Reviewer. I did not receive any non-public information about the Debtor, the Chapter 11 Case, or Abuse Claims against the Debtor in connection with being proposed as Abuse Claims Reviewer.

9. To the best of my knowledge and information available, other than as set forth above, I have no connection with the Debtor or any other party in interest in this Chapter 11 Case; provided, however, that, in my capacity as judge for the California Superior Court, I may have encountered bankruptcy and non-bankruptcy advisors and attorneys, some of whom may represent entities listed on the Schedule of Interested Parties in matters unrelated to this Chapter 11 Case. While a complete listing of those connections is not feasible, I do not believe any such connection impairs my disinterestedness in his matter.

10. Additionally, in the interest of full disclosure, I have conducted mediations which involve many of the same Insurers connected to the Chapter 11 Case as well as their counsel, including but not limited to the Archbishop of San Francisco bankruptcy case, but have no financial or personal relationship with them. I also understand that certain of the committee's professionals in the Roman Catholic Archbishop of San Francisco case, including Burns Bair LLP and Berkeley Research Group, LLC, are employed as professionals for the Committee in this case. I am unaware of any connection between my other mediation cases and this Chapter 11 Case and do not believe my involvement in other mediations impairs my disinterestedness in connection with my proposed role as Mediator in this Chapter 11 Case.

11. Except for my role as a mediator in the mediations mentioned above, I have not been for at least two years involved in any mediations with any other parties or entities listed as Interested Parties.

Similarly, I have not been retained or employed by any Interested Parties to perform any other role, including, but not limited to, that of trustee, claims reviewer, or future claims representative.

12. To the best of my knowledge, I do not represent any interest adverse to the Debtor or any party in interest in the matters upon which I am to be engaged.

13. I have not received any transfer, assignment, or pledge of property of the Debtor's estate or any of the holders of abuse claims as of the date of this Declaration.

14. I have not shared or agreed to share with any other person, other than with members of Signature, any compensation to be paid with respect to this Chapter 11 Case. These members of Signature are the Hon. Louis M. Meisinger (Ret.), Hon. Richard A. Stone (Ret.), Hon. Michael A. Latin (Ret.), and Dario Higuchi. Judges Meisinger, Stone and Latin, as well as Mr. Higuchi, have reviewed the Interested Parties list provided by the Debtor, and investigated their respective conflicts and connections to them and their respective disinterestedness in this matter. I confirm that the members of Signature and I do not have any conflicts or connections to the Debtor's creditors or the Interested Parties.

15. The terms of employment agreed to with the Debtor, subject to Court approval, are as follows: (i) no retainer will be paid to me; (ii) I have agreed to charge a rate of $2,000 per hour; and (iii) I will seek reimbursement of expenses at cost or as otherwise allowed by the Court. I understand that all pre-confirmation hourly rates, fees and expenses are subject to approval by the Court.

16. As of the commencement of this Chapter 11 Case, the Debtor did not owe me or Signature for prepetition services rendered to the Debtor.

17. I will conduct further inquiries regarding my retention by any creditors of the Debtor as necessary, and upon conclusion of such inquiry, or at any time during the period of my employment, if I should discover any facts bearing on the matters described herein, I will supplement the information contained in this Declaration.

18. I will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. I also intend to make every reasonable effort to

comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "Revised UST Guidelines"), both in connection with this Application and the interim and final fee applications to be filed by me in this Chapter 11 Case.

19. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

20. **Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: No.

21. **Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: No.

22. **Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: Not applicable. I was not retained by the Debtor pre-petition.

23. **Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response: Not applicable to service as Mediator.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on November 5, 2026

*/s/ Daniel J. Buckley*
Daniel J. Buckley

# EXHIBIT A

*DANIEL J. BUCKLEY*

(626) 644-9099
633 West 5th Street
Los Angeles, California 90071
dbuckley@signatureresolution.org

## PROFESSIONAL EXPERIENCE

**Signature Resolution**
Mediator, Arbitrator. 2022 – present.

**Judge, Superior Court of the County of Los Angeles**
Complex Civil Department, 2019-2022
Presiding Judge, 2017-2018; Assistant Presiding Judge, 2015-2016
Supervising Judge, Civil, 2013-2014; Assistant Supervising Judge, 2011-2012
General Civil Court, 2010 - 2012
Supervising Judge, East District, 2009-2010; Assistant Supervising Judge, 2007 - 2008
Probate Court, 2009-2010; Felony Trial Court, Pomona, 2006 - 2008; General Civil Court, Pomona, 2003 – 2005; Misdemeanor Calendar Court, West Covina, 2002 - 2003

**Breidenbach, Buckley, Huchting & Hamblet**
Los Angeles, California; 1980 - 2002; Handled lawsuits in all areas of civil litigation (tried 24 Superior Court cases); President of firm 1994 – 2000, responsible for management of the law firm.

## EDUCATION

**University of Notre Dame**, **J.D.,** 1980; Recipient, William J. Barrett Award for Trial Advocacy; Member, National Moot Court Trial Team
**University of Notre Dame**, **B.A. (with honors), Economics,** 1977

## PROFESSIONAL ACTIVITIES AND MEMBERSHIPS

**Los Angeles County Superior Court**: Member, Executive Committee (2008, 2011-12, Vice Chair 2015-2016, Chair 2017-2018); Budget Committee (2009-10; 2013-2022); Technology Committee (2003 – 2016; Chair 2007 - 2016); Civil & Small Claims Committee, Vice-Chair (2011-2012, Chair 2013); Bench/Bar Committee (2006-2016); Instructor of various continuing education classes.

**Judicial Council:** Member (2014-2017); Judicial Council Executive & Planning Committee; Judicial Council Technology Committee (2014-2017; Vice-Chair 2015-2017); Trial Court Budget Advisory Committee (2017-2022), Co-Chair of Funding Methodology Subcommittee; Information Technology Advisory Committee (2011-2014); Financial Accountability and Efficiency for the Judicial Branch Advisory Committee (2011-2014); Court Technology Advisory Committee (2011-2014);

**Judicial Education:** Instructor at New Judges Orientation (2007-2022); Instructor of Qualifying Ethics classes (2006-2022); Team leader and Instructor on evidence class for CJER (2006 - 2022)

**California Judges Association:** Member; Ethics Committee (2006-2009)

**University of Notre Dame**, instructor since 2008; now Adjunct Professor, Intensive Trial Advocacy
**Loyola Law School**, 2006-2022, Adjunct Professor, Trial Advocacy
**University of Southern California School of Law**, 2011-2022, Adjunct Professor

**American Board of Trial Advocates**, Associate since 2002