# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Courtroom No. 2<br>824 North Market Street<br>Wilmington, Delaware 19801<br><br>Tuesday, December 7, 2021<br>2:02 p.m. |

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor: Andrew Remming, Esquire
Derek C. Abbott, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, 16th Floor
Wilmington, Delaware 19899

- and -

Jessica C. Lauria, Esquire
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020

Audio Operator: Brandon J. McCarthy

Transcription Company: Reliable
1007 N. Orange Street
Wilmington, Delaware 19801
(302)654-8080
Email: gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

APPEARANCES (Cont'd):

| | |
|---|---|
| For Marc J. Bern & Partners: | William Sullivan, Esquire<br>SULLIVAN HAZELTINE ALLINSON LLC<br>919 North Market Street<br>Wilmington, Delaware 19801 |
| For Century: | Tancred Schiavoni, Esquire<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, New York 10036 |
| For the Coalition of Abused Scouts for Justice: | Cameron Moxley, Esquire<br>BROWN RUDNICK LLP<br>7 Times Square<br>New York, New York 10036 |
| For Krause & Kinsman: | Bernard Conaway, Esquire<br>CAMPBELL & LEVINE, LLC<br>222 Delaware Avenue, Suite 1620<br>Wilmington, Delaware 19801 |
| For Kosnoff Law: | David Wilks, Esquire<br>WILKS LAW, LLC<br>4250 Lancaster Pike, Suite 200<br>Wilmington, Delaware 19805 |
| For Verus LLC: | Michael Kaplan, Esquire<br>LOWENSTEIN SANDLER |
| For Various Law Firms: | Raeann Warner, Esquire<br>JACOBS & CRUMPLAR P.A.<br>750 Shipyard Drive, Suite 200<br>Wilmington, Delaware 19801<br><br>- and -<br><br>Jonathan Hilton, Esquire<br>HILTON PARKER LLC<br>7544 Slate Ridge Boulevard<br>Reynoldsburg, Ohio 43068 |

APPEARANCES (Cont'd):

| | |
|---|---|
| For Great American: | Bruce McCullough, Esquire<br>BODELL BOVE, LLC<br>1225 North King Street, Suite 1000<br>Wilmington, Delaware 19801<br><br>- and -<br><br>David Christian, Esquire<br>DAVID CHRISTIAN ATTORNEYS LLC<br>105 W. Madison Street, Suite 1400<br>Chicago, Illinois 60602 |
| For Zalkin and Pfau Cochran: | Sasha Gurvitz, Esquire<br>Thomas Patterson, Esquire<br>KTBS LAW LLP<br>1801 Century Park East, 26th Floor<br>Los Angeles, California 90067 |
| For the United Methodist and Roman Catholic Ad Hoc Committee: | Jeremy Ryan, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, Delaware 19801 |
| For Tort Claimants: | David M. Klauder, Esquire<br>BIELLI & KLAUDER, LLC<br>1204 N. King Street<br>Wilmington, Delaware 19801 |
| For AVA Law: | Joseph Grey, Esquire<br>CROSS & SIMON LLC<br>1105 North Market Street, Suite 901<br>Wilmington, Delaware 19801 |
| Appearing Pro Se: | Guy Taylor<br>Jason Turner |

MATTERS GOING FORWARD:

1. Letter to the Honorable Chief Judge Laurie Selber Silverstein from Bruce D. Celebrezze Regarding Certain Insurers' Seeking an Order Compelling the Coalition's Rule 30(b)(6) Deposition (D.I. 7471, filed 11/29/21)

**Court's Ruling: Ruling Deferred**

2. Letter to the Honorable Chief Judge Laurie Selber Silverstein from Daniel K. Hogan on behalf of Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C. Regarding a Protective Order for Discovery Responses Produced by Timothy Kosnoff (D.I. 7480, filed 11/29/21)

**Court's Ruling: 5**

3. Motion for Entry of an Order Authorizing the Law Firms to File Under Seal Portions of the Opposition Letter and Certain Exhibits (D.I. 7534, filed 12/01/21)

**Court's Ruling: 12**

4. Notice of Filing of Plan Supplement to Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC (D.I. 7515, filed 11/30/21)

**Court's Ruling: 13**

(Proceedings commence at 2:02 p.m.)

THE COURT: Good afternoon, Counsel. This is Judge Silverstein. We're here in the Boy Scouts of America Bankruptcy Case 20-10343.

And, first, let me apologize. I did not gauge my time well, so I do not have my ruling yet on the first matter, the Coalition matter. So I will have that promptly and will inform you when I have it. My apologies for those who may not needed to get on this call.

The second matter I am prepared to rule on, and so let me do that.

This was the motion filed by Eisenberg, Rothweiler, pursuant to Rule 7026(c) and 37(a)(5) for a protective order regarding discovery disputes in materials produced by Mr. Kosnoff in response to a subpoena served on him by Century Indemnity Company.

Eisenberg, Rothweiler, joined by AVA Law Group, seeks the following relief, an order authorizing Abused In Scouting; Eisenberg, Rothweiler; AVA Law Group; and Kosnoff Law to withhold or redact where appropriate and claw back on the basis of privilege the following categories of documents, and not to testify about those matters: meeting notes or presentations to the clients of AIS where those meeting notes or presentations reveal attorney-client communications, attorney work product, or communications made or information

Your Honor, the next item on the agenda was just the motion to seal some portions of the opposition with respect to that matter. I don't know if the Court is prepared to rule on those as well.

THE COURT: I think it follows from my ruling, and I'd like the parties to talk and see if they can agree upon a form of order based on my ruling. Maybe some things should be sealed, but some things shouldn't be, and I actually don't know. So I'm going to ask the parties to confer on that.

As for these documents, they do not need to be filed under seal.

MS. GURVITZ: Thank you, Your Honor.

MR. ABBOTT: Thank you, Your Honor.

That moves us to Agenda Item 4, Your Honor, which was the Court's request to discuss plan supplement matters.

THE COURT: Thank you.

So, as I indicated yesterday, I need to raise an issue with respect -- that I see from the plan supplement that was filed on November 30th. Exhibit I identifies the initial special reviewer. I will confess, I had to go find out what that was, as it's not something that's really been the subject of any discussion at any hearings, but it is a position established under the trust that has been filed, the trust documents, which of course is part of the plan that's been proposed by the debtors.

The initial special reviewer has been identified as Kevin J. Carey, who was one of the mediators, the current mediator. That is a nonstarter; I will not be approving that selection

More importantly, I'm now concerned about the neutrality of the mediation, particularly with Mr. Carey continuing as a mediator. To put it simply, Mr. Carey now has a stake in the outcome of the mediation.

I went back and looked at the transcript of the hearing at which I appointed Mr. Carey. And, as I'm sure the parties recall, I appointed Mr. Carey in lieu of approving the selection of Mr. Green. And in that context, I said that when you -- that a mediator is judged under Section 455 of Title 28, and I said, "When you look at Section 455 of Title 28, the statute that deals with recusal of judges, which our local rule on mediators refers to, it says that judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. In other words, a Judge must recuse himself if there's a showing of an appearance of bias sufficient to permit the average citizen reasonably to question a judge's impartiality."

With the selection of Mr. Carey as the initial special reviewer, I do not -- I believe there's a reason to question his impartiality.

I thought about terminating the mediation, but

there's still one mediator who is not interested in any way in the outcome of the mediation and has no stake in the future confirmation hearing, and that's Mr. Gallagher, and I will permit him to continue with the mediation. And, of course, the parties can continue to have settlement discussions whether there's a mediation or not, but Mr. Carey is no longer a mediator.

I recognize this is happening at a sensitive time in this mediation when I'm being told that progress is being made, but having given this some significant and considered thought, I see no alternative.

So I will be entering an order today modifying the mediation order, excluding Mr. Carey from being a mediator, and it will be effective immediately.

And that concludes the hearing.

COUNSEL: Thank you, Your Honor.

THE COURT: Thank you. We're adjourned.

(Proceedings concluded at 2:21 p.m.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/ Tracey J. Williams December 7, 2021
Tracey J. Williams, CET-914